UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR. | * * * | NO. 2020-CV-980 |
| Plaintiffs | * | |
| VERSUS | * * | JUDGE VITTER |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual capacity | * * * * * * * * * * | MAGISTRATE WILKINSON JURY DEMAND |
| Defendants | * | |

**********************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**MAY IT PLEASE THE COURT:**

**NOW COMES** Defendant, St. Tammany Parish Sheriff's Office, appearing herein through undersigned counsel, and respectfully submits this memorandum in support of its motion to dismiss pursuant to Rule 12(b)(6) and avers as follows:

### I.  PROCEDURAL HISTORY AND ALLEGATIONS

Plaintiffs, Ahmed Baqer, Klabert J. Guillot, Jr. and Klabert J. Guillot, Sr., filed the instant action on March 22, 2020 (R. Doc. 1). Plaintiffs apparently seeks redress under 42 U.S.C. § 1983 for among other things deprivation of "the minimum civilized measure of life's necessities" (R. Doc. 1, ¶ 119).

It is clear Plaintiffs' allegations against St. Tammany Parish Sheriff's Office fail to state a claim upon which relief can be granted. Therefore, the complaint against St. Tammany Parish Sheriff Office should be dismissed, with prejudice.

## II. LAW AND ARGUMENT

### A. Plaintiffs' Conclusory Allegations Are Insufficient to Withstand a 12(b)(6) Motion

To withstand a rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Covington County Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to meet the facial plausibility standard, a court must be able "to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court's consideration of facial plausibility must be context-specific and requires resort to judicial experience and common sense. *Ashcroft*, 556 U.S. at 679. Thus, even if the allegations in the complaint are true, if they cannot support a claim to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216 at 233–34). Even more, to survive as 12(b)(6) motion, a plaintiff needs to provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements." *Id*. at 555 (citation omitted). Put another way, a plaintiff cannot simply submit "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citation omitted).

Additionally, a plaintiff seeking redress under 42 U.S.C. § 1983, must "establish that [she] was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40 (1999). Plaintiffs' complaint fails to establish any

plausible claim for relief under 42 U.S.C. § 1983 against Defendant, St. Tammany Parish Sheriff's Office.

### B. *A Sheriff's Office is not a legal entity capable of being sued.*

Plaintiffs named as a Defendant "St. Tammany Parish Sheriff's Office." Plaintiffs also names as Defendants the Sheriff, Randy Smith, in both his personal and official capacity, along with other entities and individuals. "It is well settled in the lower courts that a Sheriff's Department is not a legal entity capable of being sued [citations omitted]….It is the elected Sheriff, not the 'Parish Sheriff's Office,' that is the constitutionally designated chief law enforcement officer of the Parish [citations omitted]….The law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff. *Valentine v. Bonneville Ins. Co.*, 691 So. 2d 665, 668 (La. Mar. 17, 1997). Accordingly, Plaintiffs' claims against the non-existent entity "St. Tammany Parish Sheriff's Office" must be dismissed with prejudice.

### C. *Any State Law Claims Asserted by Plaintiffs Should Be Dismissed*

Defendant, St. Tammany Parish Sheriff's Office, notes 28 U.S.C. § 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Thus, while St. Tammany Parish Sheriff Office asserts that there are numerous grounds to dismiss all claims outright, with prejudice, any state law claims against the St. Tammany Parish Sheriff's Office are also subject to dismissal under 28 U.S.C. § 1367.

## III. CONCLUSION

For the foregoing reasons, Defendant, St. Tammany Parish Sheriff's Office, respectfully requests that this Honorable Court dismiss all claims against it with prejudice.

90948/464744

Respectfully submitted,

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*
_____
**Chadwick W. Collings, T.A.　　　　# 25373**
**Cody J. Acosta　　　　　　　　　# 37005**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:　(985) 292-2000**
**Facsimile:　(985) 292-2001**
**E-mail:　cccollings@millinglaw.com**
*Counsel for St. Tammany Parish Sheriff Office*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on April 4, 2020, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**

90948/464744