# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | **NO. 2020-CV-980** |
| **Plaintiffs** | * | |
| **VERSUS** | * | **JUDGE VITTER** |
| | * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual capacity** | * * * * * * * * * * | **MAGISTRATE WILKINSON** **JURY DEMAND** |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER OF SHERIFF RANDY SMITH AND MAJOR LACEY KELLY

**NOW INTO COURT,** through undersigned counsel, come Sheriff Randy Smith, in his individual and official capacity as Sheriff of St. Tammany Parish, and Major Lacey Kelly, in her individual and official capacity, (collectively "Defendants") who in response to Plaintiffs' Complaint [R. Doc. 1] respectfully represent as follows:

## FIRST AFFIRMATIVE DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of this case.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

Page 1 of 26

90948/465568

### THIRD AFFIRMATIVE DEFENSE

At all relevant times, Defendants, as well as any and all individuals for whose behavior they are or may be legally responsible, acted in a reasonable and proper manner, and fully complied with any and all applicable legal duties and standards of care imposed by law and applicable to them.

### FOURTH AFFIRMATIVE DEFENSE

The actions, if any, of Defendants, as well as any individuals for whose behavior they are or may be legally responsible, were within their legal authority as law enforcement officers and were taken in good faith, without malice, with reasonable cause, with a sincere belief that said actions were legal under laws believed to be constitutional in nature, and without any intention whatsoever to harm Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Defendants specifically aver that, at all relevant times, their conduct and actions were reasonable, justified, and legally permissible under the circumstances.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' allegations, even if proven, do not adequately disclose the deprivation of a protected federal constitutional right.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiffs' damages, if any, were caused or contributed to by the fault of a person or persons over whom they exercised no authority, jurisdiction or control, and for whose actions and/or conduct they are not legally responsible, including, but not limited to, Plaintiff.

90948/465568

## EIGTH AFFIRMATIVE DEFENSE

Defendants specifically deny both the extent and measure of damages alleged by Plaintiff in this proceeding, and specifically deny that they are in any manner legally liable for any of that amount.

## NINTH AFFIRMATIVE DEFENSE

To the extent the Complaint may be determined to set out a cause of action in negligence, Plaintiffs, by virtue of their own actions and conduct, were guilty of negligence, contributory negligence, intentional misconduct and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate any damages that they may have suffered despite a legal duty to do so.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants deny that they could be liable to Plaintiffs in any way other than in their official capacities, as opposed to their status as private individuals.

## TWELVTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of qualified immunity and asserts that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course and scope of their official duties, and that said defense should be resolved prior to this matter going to trial.

90948/465568

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants hereby invoke all relevant and applicable provisions of the Louisiana Governmental Claims Act (La. R.S. § 13:5101, *et seq*.), including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitations of liability, costs, and interest available to them under the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants invoke all relevant and applicable provisions of La. R.S. § 9:2798.1 and the limitation of liability contained therein.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs failed to exhaust all administrative remedies available to them regarding the subject matter of this complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants invoke all relevant and applicable provisions of La. R.S. § 15:1181 *et seq.* :and the limitation of liability contained therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are without merit and Defendants are entitled to be awarded the attorney's fees and costs incurred in defense of this matter.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because there is no ascertainable class.

90948/465568

## NINETEENTH AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because the class is not so numerous that joinder of all members is impracticable.

## TWENTIETH AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because there is no well-defined community of interest in or commonality between the questions of law and fact involved in this putative class action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because Plaintiffs' claims are not typical of the claims of other members of the asserted putative class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because a class action is not superior to other methods for fairly and efficiently adjudicating this controversy

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because neither Plaintiffs nor their counsel is able to fairly and adequately protect the interest of all members of the alleged putative class.

90948/465568

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The putative class asserted in the Complaint is inappropriate for class certification because Defendants have not acted or refused to act on grounds that apply generally to the class, and neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the class a whole.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are seeking injunctive relief, such relief is barred because Plaintiffs and/or members of the asserted putative class have not suffered irreparable harm and/or there is no real or immediate threat of injury.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek a mandatory injunction to enforce Louisiana law, such relief is barred because state officials are immune from suit in federal court for equitable relief based on state law because the eleventh amendment denies federal courts the jurisdiction to issue such injunctions against state officials.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action

**AND NOW,** further answering the Complaint, Defendants answers the individual allegations as follows:

1.

The allegations contained in paragraph 1 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

90948/465568

2.

The allegations contained in paragraph 2 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein. The allegations are further denied as legal conclusions.

3.

The allegations contained in paragraph 3 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph 4 of Plaintiffs' Complaint are denied as written. .

5.

The allegations contained in paragraph 5 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

6.

The allegations contained in paragraph 6 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

8

The allegations contained in paragraph 8 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

90948/465568

9.

The allegations contained in paragraph 9 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

10

The allegations contained in paragraph 10 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

11.

The allegations contained in paragraph 11 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph 12 of Plaintiffs' Complaint are denied as written.

13.

The allegations contained in paragraph 13 of Plaintiffs' Complaint are denied as written except to admit the St. Tammany Parish Jail is located at 1200 Champagne Street, Covington, Louisiana.

14.

The allegations contained in paragraph 14 of Plaintiffs' Complaint are denied as written.

15.

The allegations contained in paragraph 15 of Plaintiffs' Complaint are denied as written except to admit Sheriff Smith assumed office on July 1, 2016 and that he is the keeper of the parish jail.

90948/465568

16.

The allegations contained in paragraph 16 of Plaintiffs' Complaint are admitted.

17.

The allegations contained in paragraph 17 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph 18 of Plaintiffs' Complaint are denied as written except to admit Jack Strain formerly served as Sheriff of St. Tammany Parish from 1996 until July 1, 2016.

19.

The allegations contained in paragraph 19 of Plaintiffs' Complaint are admitted.

20.

The allegations contained in paragraph 20 of Plaintiffs' Complaint are denied as written.

21.

The allegations contained in paragraph 21 of Plaintiffs' Complaint are denied as written.

22.

The allegations contained in paragraph 22 of Plaintiffs' Complaint are denied as written. Major Kelly began her tenure as warden of the St. Tammany jail on April 9, 2018.

23.

The allegations contained in paragraph 23 of Plaintiffs' Complaint are denied as written.

90948/465568

24.

The allegations contained in paragraph 24 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

25.

The allegations contained in paragraph 25 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

26.

The allegations contained in paragraph 26 of Plaintiffs' Complaint are denied.

27.

The allegations contained in paragraph 27 of Plaintiffs' Complaint are denied.

28.

The allegations contained in paragraph 28 of Plaintiffs' Complaint are denied.

29.

The allegations contained in paragraph 29 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph 30 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

31.

The allegations contained in paragraph 31 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

90948/465568

32.

The allegations contained in paragraph 32 of Plaintiffs' Complaint are denied.

33.

The allegations contained in paragraph 33 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

34.

The allegations contained in paragraph 34 of Plaintiffs' Complaint are denied.

35.

The allegations contained in paragraph 35 of Plaintiffs' Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

36.

The allegations contained in paragraph 36 of Plaintiffs' Complaint are denied.

37.

The allegations contained in paragraph 37 are legal conclusions to which no response is required. The allegations are further denied.

38.

The allegations contained in paragraph 38 are legal conclusions to which no response is required. The allegations are further denied.

39.

The allegations contained in paragraph 39 are legal conclusions to which no response is required. The allegations are further denied.

90948/465568

40.

The allegations contained in paragraph 40 are legal conclusions to which no response is required. The allegations are further denied.

41.

The allegations contained in paragraph 41 are legal conclusions to which no response is required. The allegations are further denied.

42.

The allegations contained in paragraph 42 are legal conclusions to which no response is required. The allegations are further denied.

43.

The allegations contained in paragraph 43 are legal conclusions to which no response is required. The allegations are further denied.

44.

The allegations contained in paragraph 44 are legal conclusions to which no response is required. The allegations are further denied.

45.

The allegations contained in paragraph 45 are legal conclusions to which no response is required. The allegations are further denied.

46.

The allegations contained in paragraph 46 are legal conclusions to which no response is required. The allegations are further denied.

47.

The allegations contained in paragraph 47 are legal conclusions to which no response is required. The allegations are further denied.

48.

The allegations contained in paragraph 48 are legal conclusions to which no response is required. The allegations are further denied.

49.

The allegations contained in paragraph 49 are legal conclusions to which no response is required. The allegations are further denied.

50.

The allegations contained in paragraph 50 are legal conclusions to which no response is required. The allegations are further denied.

51.

The allegations contained in paragraph 51 are legal conclusions to which no response is required. The allegations are further denied.

52.

The allegations contained in paragraph 52 are denied as written. The jail is designed to house more than 1200 among four buildings.

53.

The allegations contained in paragraph 53 are denied as written. Defendants have contracts with DOC and the U.S. Marshal's Office to house prisoners for each of these entities.

90948/465568

54.

The allegations contained in paragraph 54 are denied as written. As of May 26, 2020, the St. Tammany Jail houses 381 pre-trial detainees, 300 Louisiana Department of Corrections offenders, and 80 federal inmates.

55.

The allegations contained in paragraph 55 are admitted.

56.

The allegations contained in paragraph 56 are denied.

57.

The allegations contained in paragraph 57 are denied.

58.

The allegations contained in paragraph 58 are denied as written.

59.

The allegations contained in paragraph 59 are denied as written.

60.

The allegations contained in paragraph 60 are denied as written.

61.

The allegations contained in paragraph 61 are denied as written.

62.

The allegations contained in paragraph 62 are denied as written.

90948/465568

63.

The allegations contained in paragraph 63 are denied as written. Beds are not "available" if they are located in closed housing tiers, which the jail is unable to operate due to inadequate staffing and budgetary constraints.

64.

The allegations contained in paragraph 64 are denied as written.

65.

The allegations contained in paragraph 65 are denied as written.

66.

The allegations contained in paragraph 66 are denied as written.

67.

The allegations contained in paragraph 67 are denied as written.

68.

The allegations contained in paragraph 68 are admitted.

69.

The allegations contained in paragraph 69 are denied as written.

70.

The allegations contained in paragraph 70 are denied as written.

71.

The allegations contained in paragraph 71 are denied as written.

72.

The allegations contained in paragraph 72 are denied as written.

90948/465568

73.

The allegations contained in paragraph 73 are denied as written.

74.

The allegations contained in paragraph 74 are denied as written. Beds are not "available" if they are located in closed housing tier, which the jail is unable to operate due to inadequate staffing and budgetary constraints.'

75.

The allegations contained in paragraph 75 are denied as written.

76.

The allegations contained in paragraph 76 are denied as written.

77.

The allegations contained in paragraph 77 are denied as written.

78.

The allegations contained in paragraph 78 are denied as written.

79.

The allegations contained in paragraph 79 are denied as written.

80.

The allegations contained in paragraph 80 are denied as written.

81.

The allegations contained in paragraph 81 are denied as written.

82.

The allegations contained in paragraph 82 are denied as written.

90948/465568

83.

The allegations contained in paragraph 83 are denied.

84.

The allegations contained in paragraph 84 are denied as written.

85.

The allegations contained in paragraph 85 admitted.

86.

The allegations contained in paragraph 86 are admitted.

87.

The allegations contained in paragraph 87 are admitted.

88.

The allegations contained in paragraph 88 are denied as written.

89.

The allegations contained in paragraph 89 are denied as written.

90.

The allegations contained in paragraph 90 are denied as written.

91.

The allegations contained in paragraph 91 are denied as written.

92.

The allegations contained in paragraph 92 are denied as written.

93.

The allegations contained in paragraph 93 are denied as written.

90948/465568

94.

The allegations contained in paragraph 94 are denied as written. Mr. Guillot, Jr. was charged with one misdemeanor count of resisting an officer (La. R.S. 14:108.A), as well as felony counts of aggravated flight from an officer (La. R.S. 14:108.1), aggravated assault on a peace officer with a motor vehicle (La. R.S. 14:37.6), and possession of a schedule II controlled dangerous substance less than two grams (La. R.S. 40:967.C(1).

95.

The allegations contained in paragraph 95 are denied. Resisting an officer, aggravated flight and aggravated assault are all violent by their very nature.

96.

The allegations contained in paragraph 96 are denied as written.

97.

The allegations contained in paragraph 97 are denied. Mr. Guillot, Jr. was pulled over by Deputies Don Powers and Sean Lamb of the STPSO on December 3, 2019 at approximately 12:38 a.m. after the deputies observed Mr. Guillot, Jr.'s vehicle to be operating in a suspicious manner. The deputies then conducted a traffic stop and observed Mr. Guillot, Jr. as the driver of the suspicious vehicle as well as two other occupants. While conducting a field interview of Mr. Guillot, Jr., Dy. Powers asked Mr. Guillot, Jr. if there were any weapons located inside of the vehicle; however, Mr. Guillot, Jr. did not respond to this question. Due to officer safety reasons for not answering Dy. Powers' question regarding potential weapons, Dy. Powers then issued a loud verbal command for Mr. Guillot, Jr. to exit the vehicle; however, he failed to comply with this command and instead put the vehicle into drive and quickly accelerated the vehicle, nearly striking Dy. Powers with the car.

The deputies then pursued Mr. Guillot, Jr.'s vehicle throughout St. Tammany Parish and later into the State of Mississippi, where he was eventually apprehended..

98.

The allegations contained in paragraph 98 are denied. Mr. Guillot, Jr. was pulled over by Deputies Don Powers and Sean Lamb of the STPSO on December 3, 2019 at approximately 12:38 a.m. after the deputies observed Mr. Guillot, Jr.'s vehicle to be operating in a suspicious manner. The deputies then conducted a traffic stop and observed Mr. Guillot, Jr. as the driver of the suspicious vehicle as well as two other occupants. While conducting a field interview of Mr. Guillot, Jr., Dy. Powers asked Mr. Guillot, Jr. if there were any weapons located inside of the vehicle; however, Mr. Guillot, Jr. did not respond to this question. Due to officer safety reasons for not answering Dy. Powers' question regarding potential weapons, Dy. Powers then issued a loud verbal command for Mr. Guillot, Jr. to exit the vehicle; however, he failed to comply with this command and instead put the vehicle into drive and quickly accelerated the vehicle, nearly striking Dy. Powers with the car. The deputies then pursued Mr. Guillot, Jr.'s vehicle throughout St. Tammany Parish and later into the State of Mississippi, where he was eventually apprehended..

99.

The allegations contained in paragraph 99 are admitted.

100.

The allegations contained in paragraph 100 are admitted.

101.

The allegations contained in paragraph 101 are denied for lack of information.

102.

The allegations contained in paragraph 102 are denied as written.

103.

The allegations contained in paragraph 103 are denied as written.

104.

The allegations contained in paragraph 104 are denied as written.

105.

The allegations contained in paragraph 105 are denied as written.

106.

The allegations contained in paragraph 106 are denied as written.

107.

The allegations contained in paragraph 107 are denied as written.

108.

The allegations contained in paragraph 108 are denied as written.

109.

The allegations contained in paragraph 109 are denied as written.

110.

The allegations contained in paragraph 110 are denied as written

111.

The allegations contained in paragraph 111 are denied for lack of information

112.

The allegations contained in paragraph 112 are denied as written

90948/465568

113.

The allegations contained in paragraph 113 are denied as written.

114.

The allegations contained in paragraph 114 are denied as written

115.

The allegations contained in paragraph 115 are denied as written

116.

The allegations contained in paragraph 116 are denied as written

117.

There are no allegations of fact within paragraph 117; however, in an exercise of caution, Defendants deny all statements within paragraph 117 as written.

118.

The allegations contained in paragraph 118 are denied.

119.

The allegations contained in paragraph 119 are denied.

120.

The allegations contained in paragraph 120 are denied.

121.

The allegations contained in paragraph 121 are denied.

122.

The allegations contained in paragraph 122 are denied.

90948/465568

123.

The allegations contained in paragraph 123 are denied as written.

124

The allegations contained in paragraph 124 are denied as written.

125.

The allegations contained in paragraph 125 are denied as written.

126.

The allegations contained in paragraph 126 are denied as written.

127.

The allegations contained in paragraph 127 are denied.

128.

The allegations contained in paragraph 128 are denied as written.

129.

The allegations contained in paragraph 129 are denied as written.

130.

There are no allegations of fact within paragraph 130; however, in an exercise of caution,
Defendants deny all statements within paragraph 130 as written.

131.

The allegations contained in paragraph 131 are legal conclusions to which no response is
required.

132.

The allegations contained in paragraph 132 are denied.

133.

The allegations contained in paragraph 133 are denied.

134.

The allegations contained in paragraph 134 are denied.

135.

The allegations contained in paragraph 135 are denied.

136.

The allegations contained in paragraph 136 are denied as written.

137.

The allegations contained in paragraph 137 are denied as written.

138.

The allegations contained in paragraph 138 are denied as written.

139.

The allegations contained in paragraph 139 are denied.

140.

The allegations contained in paragraph 140 are denied.

141.

The allegations contained in paragraph 141 are denied as written.

142.

There are no allegations of fact within paragraph 142; however, in an exercise of caution, Defendants deny all statements within paragraph 142 as written.

90948/465568

143.

The allegations contained in paragraph 143 are legal conclusions to which no response is required. These allegations are additionally denied as written.

144.

The allegations contained in paragraph 144 are legal conclusions to which no response is required. These allegations are additionally denied as written.

145.

The allegations contained in paragraph 145 are denied as written.

146.

The allegations contained in paragraph 146 are denied as written.

147.

The allegations contained in paragraph 147, including all subparts, are denied.

148.

There are no allegations of fact within paragraph 148; however, in an exercise of caution, Defendants deny all statements within paragraph 148 as written.

149.

The allegations contained in paragraph 149 are denied.

150.

The allegations contained in paragraph 150 are denied as written.

151.

The allegations contained in paragraph 151 are denied.

152.

There are no allegations of fact within paragraph 152; however, in an exercise of caution, Defendants deny all statements within paragraph 152 as written.

153.

The allegations contained in paragraph 153 are legal conclusions to which no response is required. Such allegations are additionally denied..

154.

The allegations contained in paragraph 154 are denied.

155.

The allegations contained in paragraph 155 are denied.

156.

The allegations contained in paragraph 156 are denied.

157.

The allegations contained in any and all unnumbered paragraphs, including but not limited to the prayer for relief, are denied as written.

158.

Defendants request a trial by jury herein as to all matters properly tried thereby.

**WHEREFORE,** Defendants, Sheriff Randy Smith, in his individual and official capacity as Sheriff of St. Tammany Parish, and Major Lacey Kelly, in her individual and official capacity, pray that after all due proceedings have been had, that there be judgment rendered in their favor dismissing Plaintiffs' Complaint, with prejudice and at Plaintiffs' cost. Defendants further pray that Plaintiffs' case be declared frivolous, and pray for all general and equitable relief to which they may

90948/465568

be entitled under law and equity, including, but not limited to, an award of attorney's fees and costs incurred in defense of this case.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

/s/ Chadwick W. Collings
CHADWICK W. COLLINGS, T.A. (#25373)
CODY J. ACOSTA (#37005)
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone:     (985) 292-2000
Facsimile:      (985) 292-2001
**ccollings@millinglaw.com**
**cacosta@millinglaw.com**
*Attorneys for Sheriff Smith and Major Kelly*

Dated: May 26, 2020

90948/465568