**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR., | * | |
| Plaintiffs; | * | **CIVIL ACTION NO.: 20-980-WBV-JCW** |
| v. | * | JUDGE VITTER |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity; | * | MAGISTRATE JUDGE PHILLIPS CURRAULT<br><br>JURY TRIAL |
| Defendants. | * | |

*************************************************************************

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO CONDUCT DISCOVERY ON CLASS CERTIFICATION**

NOW COME the Plaintiffs, AHMED BAQER; KLABERT JOSEPH GUILLOT, JR; and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record ROMANUCCI & BLANDIN, LLC; JACOB LITIGATION, INC.; and the GLORIOSO LAW FIRM, and in support of their Motion for Leave to Conduct Discovery on Class Certification, state as follows:

## I. FACTUAL BACKGROUND

1. On March 22, 2020, Plaintiffs filed their Complaint at Law, seeking relief for Defendants' violation of their rights, privileges, and immunities secured by 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana. [Dkt. No. 1]

2. Pursuant to Local Rule 23.1, Plaintiffs' Motion for Class Certification is due on June 21, 2020.

3. Plaintiffs have moved for an extension of time to file their motion for class certification until September 22, 2020 under separate cover so that discovery may be conducted. [Dkt 49].

II. **<u>ARGUMENT</u>**

**a. Discovery on the issue of class certification is encouraged in by the Fifth Circuit and the Federal Rules of Civil Procedure and should be allowed.**

4. "Courts are 'encouraged' to allow discovery on class certification matters." *Ictech-Bendeck v. Progressive Waste Solutions of LA, Inc.*, No. 18-7889 c/w 18-8071, 18-8218, 18-9312, 2019 WL 4111681, at *6 (E.D. La., Aug. 29, 2019); *citing Gene & Gene, LLC v. BioPay, LLC*, 624 F.3d 698, 703 (5th Cir. 2010). "It is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis." *Gene & Gene, LLC*, 624 F.3d at 703 fn. 3; *quoting* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Notes to 2003 Amendment. "Plaintiffs are not required in pleadings to prove a class is 'currently and readily ascertainable based on objective criteria,' but 'need only demonstrate—at some stage of the proceeding—that the class is adequately defined and clearly ascertainable.'" *Ictech-Bendeck*, 2019 WL 4111681, at *6.

5. Discovery is allowed over "any matter, not privileged, which is relevant to the subject matter involved in the pending action." *David v. Signal Intern., LLC*, 257 F.R.D. 114, 121-22 (E.D. La 2009); *citing* Fed. R. Civ. P. 26(b) (allowing and limiting pre-certification discovery to issues relevant to class certification); *see also Woolen v.*

*Surtran Taxicabs, Inc.*, 801 F.2d 159, 166 (5th Cir. 1986) (discovery on class certification allowed eight months prior to class certification hearing).

6. Consistent with Rule 23 and Fifth Circuit precedent, Plaintiffs seek leave to conduct limited discovery only on the issues relevant to class certification. As in any class action, Plaintiffs must prove ascertainability, numerosity, commonality, typicality, adequacy, and at least one of the requirements of Rule 23(b). Rule 23 sets forth more than a mere pleadings standard: "a party seeking class certification must *affirmatively demonstrate* his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc. *Flecha v. Medicredit, Incorporated,* 946 F.3d 762, 766-67 (5th Cir. 2020) (emphases original). Evidence in support of these factors is uniquely in the possession of Defendants, who upon information and belief, maintain records in the ordinary course of operating a Parish jail, including without limitation: policies and practices of the St. Tammany Parish Jail relating to length of holding in pretrial holding cells, rosters of inmates and the amount of time individual inmates are kept in pretrial holding cells, and the treatment of said inmates during that time.

7. Pursuant to Local Rule 23.1(B), a plaintiff is required to move for class certification under Federal Rule of Civil Procedure 23(c)(1) within 91 days of filing a complaint in a class action, or in this case, June 21, 2020. Plaintiffs have moved for an extension of time to file their motion for class certification until September 22, 2020 under separate cover so that discovery may be conducted. [Dkt 49].

8. Leave to issue conduct discovery and an extension of time are appropriate so that the parties may conduct discovery related to the issues of class certification.

## III. PRAYER FOR RELIEF

9. Plaintiffs respectfully request leave to conduct discovery related to class certification.

10. Counsel for Defendants have indicated no opposition to the proposed discovery. (See Exhibit A).

11. This motion is made in good faith, and is not intended to delay adjudication of this matter.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court grant Plaintiff Leave to Conduct Discovery on Class Certification, and for any further relief this Court deems appropriate and just.

**Dated: June 8, 2020**

Respectfully Submitted,

By: *__/s/ Maria B. Glorioso___________*
Attorney for Plaintiffs

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

By: *__/s/ Ian P. Fallon___________*
Attorney for Plaintiffs

Antonio M. Romanucci (*pro hac vice*)

Bhavani K. Raveendran (*pro hac vice*)
Nicolette A. Ward (*pro hac vice*)
Ian P. Fallon (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
nward@rblaw.net, ifallon@rblaw.net