UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH | * | NO. 2020-CV-980 |
| GUILLOT, JR., and KLABERT JOSEPH | * | |
| GUILLOT, SR. | * | |
| **Plaintiffs** | * | |
| VERSUS | * | JUDGE VITTER |
| | * | |
| ST. TAMMANY PARISH GOVERNMENT, | * | |
| a/k/a ST. TAMMANY PARISH COUNCIL, | * | |
| ST. TAMMANY PARISH SHERIFF'S | * | MAGISTRATE WILKINSON |
| OFFICE, RANDY SMITH, in his official | * | |
| and individual capacity, RODNEY J. | * | |
| STRAIN, in his official and individual | * | |
| capacity, GREG LONGINO, in his official | * | JURY DEMAND |
| and individual capacity, and LACEY | * | |
| KELLY, in her official and individual | * | |
| capacity | * | |
| **Defendants** | * | |

*************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF MOTION**
**TO DISMISS PURSUANT TO RULE 12(b)(6)**

**MAY IT PLEASE THE COURT:**

**NOW COMES** Defendants, Rodney J. Strain, in his official and individual capacity, and Greg Longino, in his official and individual capacity, appearing herein through undersigned counsel, and respectfully submit this reply memorandum in further support of their motion to dismiss pursuant to Rule 12(b)(6).

At what point may a former elected official or retired government employee rest easy knowing they will not be subject to a cause of action pursuant 42 U.S.C. 1983 when an alleged injury has occurred <u>following</u> their retirement? According to the Plaintiffs, the answer is "never." Under the Plaintiffs' theory, so long as an employee or elected official had some role in promulgating a policy that allegedly continued through the current administration and resulted in

90948/465896

damages, those former elected officials and employees must remain ever vigilant against potential personal liability despite the fact that they no longer serve in government in any position that would allow them to potentially correct an allegedly unconstitutional policy so that no further damages would occur.

In the course of preparing their original memorandum in support of this motion, Defendants Strain and Longino were unable to locate any authority that would support continued supervisory liability for damages occurring following a defendant's exit from government, and the Plaintiffs have not cited to any case, whether from the Fifth Circuit, another circuit, or any other U.S. District Court, that would support such a holding. Because Mr. Strain and Mr. Longino were no longer in any policy-making position at the time of the alleged constitutional injuries of the Plaintiffs, the Plaintiffs have failed to state a cause of action against them, and all such claims must be dismissed.

I.      **The Plaintiffs have failed to state a claim against Mr. Strain or Mr. Longino regarding alleged conditions of confinement**

Within their opposition, the Plaintiffs argue that Mr. Strain and Mr. Longino are responsible not only for the alleged jail policy of keeping pre-trial detainees in holding for longer than forty-eight hours, but also for alleged policies related to the physical design and characteristics of the holding cells (i.e., that the cells lack showers, beds and toilets with privacy), a policy denying pre-trial detainees from participating in "any recreational activity," a policy placing violent and non-violent arrestees in the same holding cells,[1] a policy alleging STPSO personnel fail to intervene in altercations,[2] a policy of failing to "promptly" clean the

---

[1] The Plaintiffs have failed to allege any of them were actually in holding with "violent offenders." Furthermore, even if such an allegation were present, the Plaintiffs have failed to identify any actual injury that they suffered based upon their alleged sharing of a holding cell with a "violent offender."
[2] The Plaintiffs have failed to allege that they were actually involved in any altercation that STPSO deputies allegedly failed to intervene in.

90948/465896

holding cells after individuals vomit onto the floors, and a policy of withholding hygiene items, blankets and medication[3] from pre-trial detainees. *See* R. Doc. 51-1, p. 5.

However, the Plaintiffs' allegations do not support the existence of any cause of action related to these other alleged conditions of confinement against Mr. Strain or Mr. Longino. First, the Plaintiffs have not alleged any cause of action against Mr. Strain or Mr. Longino related to the lay-out of the St. Tammany Jail's holding cells as there is no independent constitutional right of pre-trial detainees in holding cells to use the bathroom in privacy. *See Allen v. St.. Tammany Parish*, 2018 U.S. Dist. LEXIS 12254 (holding no constitutional violation related to the layout of the holding cells at issue here despite the Plaintiff's testifying there was only one toilet/sink combo for each holding cell  as "the physical conditions at the jail alleged by plaintiff, while unpleasant, concern nothing more than *de minimis* inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations.") (Van Meerveld, M.J.).

Second, the Plaintiffs' argument that they have sufficiently alleged causes of action against Mr. Strain or Mr. Longino related to other conditions of pre-trial holding (separate from the length stayed in holding or the physical design of the cells) is without merit. There is no genuine dispute that Mr. Strain and Mr. Longino previously held supervisory positions over the St. Tammany Jail prior to their removal from office or employment; however, the Plaintiffs complaint has failed to sufficiently allege any *policy-making* acts against Mr. Strain or Mr. Longino related to these other alleged conditions of confinement.

The Fifth Circuit has repeatedly held that "a supervisor is liable under section 1983 if "(1) [s]he affirmatively participates in the acts that cause the constitutional deprivation, or (2) [s]he implements unconstitutional policies that causally result in the constitutional injury. *Romero v.*

---

[3] The Plaintiffs have not alleged that they were actually denied any medical care during their stay in one of the four jail holding cells.

90948/465896

*Brown*, 937 F.3d 514, 523 (5ᵗʰ Cir. 2019) (internal citations and quotations omitted). However, the Plaintiffs' allegations related to these other alleged conditions of confinement are framed as conditions that resulted from the acts or omissions of STPSO employees, not pursuant to some policy implemented by Mr. Strain or Mr. Longino. For example, in paragraphs 78-83, the Plaintiffs allege certain conditions of confinement against the "Defendants, **by and through the agents and employees** of the ST. TAMMANY SHERIFF . . . ." R. Doc. 1, pp. 14-15 (emphasis added). Because the Plaintiffs have failed to allege that Mr. Strain or Mr. Longino were either personally involved in their pre-trial detentions nor did they implement policies related to these other conditions of confinement, the Plaintiffs have again failed to state a claim for relief against these retired individuals.

## II.     The Fifth Circuit's *Cozzo* opinion controls

The Fifth Circuit Court of Appeal has held that supervisory officials may be personally liable under section 1983 absent personal participation if that official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 289 (5ᵗʰ Cir. 2002) (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). Within their opposition, the Plaintiffs take issue with *Cozzo's* holding that the challenged policy must be "so deficient" that it is a repudiation of constitutional rights as they contend the Fifth Circuit's subsequent opinion in *Romero* provides a broader framework of recovery. R. Doc. 51-1, p.5 ("First, this standard taken from *Cozzo* is substantially narrower than *Romero*, above which allows for recovery against those who implement unconstitutional policies."). However, to the extent the Plaintiffs argue that *Romero* has overruled the holdings of *Cozzo* and *Thompkins* by implication, that reliance is misplaced as the Fifth Circuit's own rule of orderliness mandates adherence to the earlier panel's

interpretation of the law. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court. Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void.") (internal citation omitted).

None of the alleged "policies" attributable to Mr. Strain or Mr. Longino satisfy the *Cozzo* test for policy-making liability for supervisors. There is no independent constitutional right of pre-trial detainees to be released from holding following forty-eight hours. *See Hill v. Smith*, 2020 U.S. Dist. LEXIS 81559, *5 (E.D. La. 04/01/2020) (Eighteen days in holding is insufficient to rise to the level of constitutional violation), *adopted* at 2020 U.S. Dist. LEXIS 80409 (E.D. La. 04/07/2020) (Lemmon, J.); *Allen v. St. Tammany Parish*, 2018 U.S. Dist. LEXIS 12254, *3-5 (E.D. La. 01/02/2018) (finding that detainee's fifteen-day confinement in the St. Tammany Parish Jail's holding cells was too brief a period to support a constitutional claim), *adopted*, 2018 U.S. Dist. LEXIS 11337 (E.D. La. Jan. 24, 2018) (Africk, J.).

Nor is there an independent constitutional right of pre-trial detainees to have access to daily showers while incarcerated. The Supreme Court in *Bell v. Wolfish* acknowledged that "there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned," *Bell v. Wolfish*, 441 U.S. 520, 539, n. 21 (1979), and the Fifth Circuit has previously held that preventing a detainee from showering over a three-day period does not give rise to a constitutional claim as it is a *de minimis* imposition. *Hamilton v. Lyons*, 74 F.3d 99, 107 (5th Cir. 1996). Furthermore, there is no independent constitutional right that guarantees pre-trial detainees the right to participate in recreation activities while in temporary holding. *See Laue v.*

*Gusman*, 2014 U.S. Dist. LEXIS 101752, *24 (E.D. La. 2014) (holding pre-trial inmates do not have a "protected liberty interest in specific recreational opportunities and the deprivation of exercise is not a per se constitutional violation.") (internal quotations and citations omitted). Additionally, "the confinement of pretrial detainees with convicted prisoners is not per se unconstitutional." *Hamil v. Scott*, 2013 U.S. Dist. LEXIS 78651, *15 (E.D. La. 2013) (citing *Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir. 1981)).

Finally, the Plaintiffs' allegations that the conditions of the holding cells were "unsanitary" does not satisfy *Cozzo's* requirement that the challenged policy itself be a repudiation of constitutional rights. In particular, the Plaintiffs have alleged that individuals would vomit on the floor of the holding cell, and that vomit would not be "promptly" cleaned by STPSO personnel. R. Doc. 1, p. 15. Although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." *Tate v. Gusman*, 2015 U.S. Dist. LEXIS 146809, *5 (E.D. La. 2015) (*quoting McAllister v. Strain*, 2009 U.S. Dist. LEXIS 120101, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009).

"[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (*citing Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). None of the plaintiffs' allegations about the conditions at the holding cells establish constitutional violations, especially since the Plaintiffs have alleged these unsanitary conditions were ultimately cleaned up. *See Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (no constitutional injury when plaintiff was confined in "filthy" cell for three days) (*citing Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no constitutional violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell)); *Davis v.*

*St. Charles Parish Corr. Ctr.*, 2010 U.S. Dist. LEXIS 20651, *9 (E.D. La. Mar. 8, 2010) (Inmate who complained of "unsanitary practice[s]," including inadequate ventilation, unsanitary water fountains, inmates using one ice cooler, rest room four feet from the dining area, toilets leaking water and unsanitized living quarters, failed to state a claim.).

### III.    The Plaintiffs have failed to allege any act by Mr. Strain or Mr. Longino that was the moving force behind their alleged injuries

By the time the Plaintiffs arrived at the St. Tammany Parish Jail, neither Mr. Strain nor Mr. Longino exercised any authority, policy-making or otherwise, over that facility or any other facet of the St. Tammany Parish Sheriff's Office. These defendants were, therefore, private actors at all times relevant to the Plaintiff's alleged causes of action.

Within their original memorandum in support of this motion, Mr. Strain and Mr. Longino submitted that the Plaintiffs had failed to state a claim for relief against them in their individual capacities because they took no action that was the <u>moving force</u> of the Plaintiffs' alleged constitutional injuries. *Cozzo*, 279 F.3d at 289. Mr. Strain had been a private citizen for nearly three and half years before any of these Plaintiffs arrived at the St. Tammany Jail, and Mr. Longino's employment with the STPSO had been terminated for nearly two months prior to any of these plaintiffs' pre-trial detentions.

Within their opposition, the Plaintiffs have not cited to any authority to support their position that former elected officials or government employees may be personally liable for constitutional injuries that occur following their exit from office; instead, the Plaintiffs' summarily claim that "[it] is difficult to imagine a scenario more fittingly described as "moving force" than these two defendants who implemented and maintained policies so deeply ingrained in the St. Tammany Parish Jail that they remain in the present time after their respective tenures have expired." R. Doc. 51-1, pp. 6-7.

90948/465896

The Plaintiffs have alleged the existence of supervisory and policy-making officials at the St. Tammany Parish Jail for all time periods relevant to their respective pre-trial detentions. These officials, Sheriff Smith and Warden Kelly, were the alleged policy-makers for the St. Tammany Parish Jail, not Mr. Strain nor Mr. Longino. Whatever decisions or policies that Mr. Strain promulgated during his term of office, those decisions and policies became the decisions or policies of Sheriff Smith once he entered office, assuming Sheriff Smith made the decision to continue to enforce those alleged policies, which is the case here. The same rationale applies with equal force to the claims raised against Mr. Longino.

The Plaintiffs complaint fails to provide any factual allegations to support an inference that Mr. Strain or Mr. Longino committed any act that was the <u>moving force</u> behind the alleged constitutional injuries of these Plaintiffs. In fact, the Plaintiffs allegations that Sheriff Smith and Warden Kelly continued the challenged policies operate as a circuit breaker against any potential liability for Mr. Strain or Mr. Longino; those alleged decisions to *continue* the alleged policies are the moving force behind these claimed violations, not decisions made eight to nine years ago. As a result, the Plaintiffs have failed to allege any facts that would support a finding that Mr. Strain or Mr. Longino committed any action that was the moving force behind any of the Plaintiffs' alleged constitutional injuries. For these reasons, all claims against Mr. Strain and Mr. Longino must be dismissed.

## IV. Mr. Strain and Mr. Longino are entitled to qualified immunity

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012). Here, the Plaintiffs have failed to demonstrate the inapplicability of this defense; instead, the Plaintiffs' opposition memorandum does nothing more than cite to general

90948/465896

statements of law related to challenges of pre-trial conditions in the abstract. The Plaintiffs have failed to cite to any controlling authority that would clearly establish that any of the challenged policies at issue here were unconstitutional *per se* as required by *Cozzo*; instead, the Plaintiffs have cited to an out-of-district opinion from the U.S. District Court for the Western District of Louisiana to overcome this "clearly-established" hurdle. R. Doc. 51-1, p. 10 (citing *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 637 (W.D. La. 2000). Not only does that opinion fail to clearly establish any right as it is not precedential, but several sections of this very court have specifically examined that opinion and found it unconvincing for the holdings the Plaintiffs rely upon. *See Pearson v. Strain*, 2006 U.S. Dist. LEXIS 94626 (E.D. La. 2006); *Hines v. Cain*, 2007 U.S. Dist. LEXIS 98715 (E.D. La. 2007); *Desroche v. Strain*, 507 F. Supp. 2d 571 (E.D. La. 2007); *Magee v. Crowe*, 2009 U.S. Dist. LEXIS 125152 (E.D. La. 2009); *Davis v. Gusman*, 2010 U.S. Dist. LEXIS 41550.

Here, the Plaintiffs have failed to cite to any existing authority that would support a conclusion that any alleged policy at issue is itself unconstitutional. Furthermore, Mr. Strain and Mr. Longino are additionally entitled to qualified immunity to the extent the Plaintiffs seek to impose liability upon them for conditions of the jail that existed after their exit from government, following which time they would have had no policy-making authority.

## V. CONCLUSION

For the reasons expressed within their original memorandum and supra, all federal claims against Mr. Strain and Mr. Longino, in their official and individual capacities, should be dismissed with prejudice, and this Court should decline to exercise supplemental jurisdiction over any remaining state law claims against these Defendants.

90948/465896

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

*s/ Chadwick W. Collings*

| | |
|---|---|
| **Chadwick W. Collings, T.A.** | **# 25373** |
| **Cody J. Acosta** | **# 37005** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:     (985) 292-2000**
**Facsimile:     (985) 292-2001**
**E-mail:         cccollings@millinglaw.com**
*Attorneys for Rodney J. Strain and Greg Longino*

Dated: June 15, 2020

90948/465896