## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR., <br>     Plaintiffs <br><br> versus <br><br> ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity, <br>     Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> CIVIL ACTION <br><br> NO. 2:20-cv-00980 <br><br> JUDGE WENDY B. VITTER <br><br> MAG. DONNA PHILLIPS CURRAULT |

### DEFENDANT ST. TAMMANY PARISH GOVERNMENT'S <br> MEMORANDUM IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THIS HONORABLE COURT:**

    The instant memorandum is submitted in support of the Rule 12(b)(6) Motion to Dismiss filed on behalf of Defendant, ST. TAMMANY PARISH GOVERNMENT, incorrectly referred to as "St. Tammany Parish Council" in the Complaint (Rec. Doc. 1). Undersigned counsel respectfully maintains that, for the reasons more fully set forth herein, the Complaint at Law filed by Plaintiffs, AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR., fails to state a cause of action under federal or state law upon which relief can be granted against St. Tammany Parish Government (hereinafter, "STPG"). Accordingly, this Court should dismiss Plaintiffs' claims adverse to STPG with prejudice and at Plaintiffs' cost.

## I. RESERVATION OF DEFENSES

In filing this pre-answer motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, St. Tammany Parish Government hereby reserves all other defenses it may have in this matter until such time as STPG may be required to formally file an answer in this proceeding.

## II. SUMMARY OF THE CASE

Plaintiffs, Ahmed Baqer, Klabert Joseph Guillot, Jr., and Klabert Joseph Guillot, Sr., individually and representing a putative class, filed a Complaint at Law adverse to St. Tammany Parish Government a/k/a St. Tammany Parish Council[1], St. Tammany Parish Sheriff's Office, Randy Smith, in his official and individual capacity; Rodney J. Strain, in his official and individual capacity; Greg Longino, in his official and individual capacity; and, Lacey Kelly, in her official and individual capacity. Plaintiffs allege violation of their rights under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana. More specifically, Plaintiffs allege that they were held as pre-trial detainees in cramped holding cells at St. Tammany Parish Jail for "days to weeks" without access to beds, private toilet facilities, showers, and hygienic products. (Rec. Doc. 1, ¶ 2). Plaintiffs assert that their constitutional rights were violated by being deprived of reasonable safety, adequate hygiene, and adequate medical care. (Rec. Doc. 1, ¶ 121).

As to St. Tammany Parish Government, referred to in the Complaint as St. Tammany Parish Council, Plaintiffs make three unfounded and unsupported allegations:

---

[1] "St. Tammany Parish Council" is not a juridical person with the capacity to be sued. The St. Tammany Parish Home Rule Charter, Sections 1-01 and 1-02 establish a "president-council" form of government through which St. Tammany Parish Government is authorized to exercise all general and special powers of the parish.

1) That St. Tammany Parish Council is a public entity responsible for the operation and maintenance of the St. Tammany Parish Sheriff's Office. (Rec. Doc. 1, ¶ 12);

2) That St. Tammany Parish Council operated a detention facility known as the St. Tammany Parish Jail, located at 1200 Champagne Street, City of Covington, State of Louisiana. (Rec. Doc. 1, ¶ 13); and,

3) That St. Tammany Parish Council is liable for the actions delegated to its final policymaker, the Office of Sheriff of St. Tammany and its Sheriffs. (Rec. Doc. 1, ¶ 14).

As set forth below, St. Tammany Parish Government is a distinct political subdivision under Louisiana law with no authority over the operation or maintenance of the jail, the sheriff, or the sheriff's employees. Further, the doctrines of *respondeat superior* and/or vicarious liability are insufficient to state a claim of municipal liability. Thus, none of the claims against STPG establish a cause of action upon which relief can be granted against it.

### III. LAW AND ARGUMENT

Plaintiffs' Complaint at Law (Rec. Doc. 1) fails to state any federal or state law claim upon which relief can be granted against STPG. Therefore, based on the allegations in the pleadings alone, STPG should be dismissed from this lawsuit for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).

**A.   Legal Standard for Review of Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted**

A motion to dismiss of failure to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In order to survive a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, *supra,* 550 U.S. at 570; *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

However, although required to accept all "well-pleaded facts" as true on a motion to dismiss, a court is not required to accept legal conclusions as true. *Iqbal*, *supra,* 556 U.S. at 677-78. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

"[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, *supra,* 556 U.S. at 678.

There must be enough factual matter from the face of the complaint to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims. *DeCossas v. St. Tammany Parish Sch. Bd.*, No. 16-3786, 2017 U.S. Dist. LEXIS 44186, p. 12-13, 2017 WL 1133114 (E.D. La. March 27, 2017), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

"If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an 'insuperable' bar to relief, the claim must be dismissed." *DeCossas*, *supra*, at p. 13, citing *Moore v. Metro. Human Serv. Dep't*,

4

No. 09-6470, 2010 U.S. Dist. LEXIS 34808, 2010 WL 1462224 (E.D. La. Apr. 8, 2010), citing *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007)

### B.  Federal Claims against St. Tammany Parish Government

Plaintiffs' claims against STPG pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution are premised on their unsupported and incorrect conclusion that STPG is responsible for the operation and maintenance of the parish jail, that STPG operated the jail, and that STPG is liable for the actions of the sheriff and his employees. Well established case law from this District Court firmly states that sheriffs are the final policymakers with respect to the management and operation of jails under Louisiana law. *Broussard v. Foti*, No. 00-2318, 2001 WL 258055 (E.D. La. 3/14/2001), citing *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D. La. 5/8/1998). Accordingly, local governments can never be liable under § 1983 for the acts of those whom the local government has no authority to control. *Cousin v. St. Tammany Parish Jail*, No. 14-1514, 2015 WL 5017113 (E.D. La. 8/19/15), citing *McMillan v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996), cert denied, 520 U.S. 781 (1997).

STPG and the St. Tammany Parish Sheriff are separate and district legal entities under Louisiana law. STPG is a local political subdivision operating under a Home Rule Charter organized in accordance with the Louisiana Constitution of 1974. STPG is precluded by Article VI, § 5 of the Louisiana Constitution from having in its home rule charter any provision affecting the sheriff which is inconsistent with this constitution or law. Article V, § 27 of the Louisiana Constitution creates the office of sheriff of each parish as a separate and distinct entity established under state, not local, law.

5

Importantly to the issues herein, Louisiana Revised Statute § 15:704 explicitly states: "**Each sheriff shall be the keeper of the public jail of his parish**, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders." (Emphasis added.)  Louisiana Revised Statute § 13:55399(C) reiterates that sheriff is the keeper of the public jail of his parish. In relation to parish jails, the obligation of the local governing authority is limited to financing and the physical maintenance of parish jails. See La. R.S. §§ 15:304, 15:702, and 33:4715.

Federal and state courts tasked with interpreting the legislative division of responsibilities between local governing authorities and sheriffs have repeatedly held that while the governing authority is responsible for the *expenses* of the jail, "the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed." *Griffin v. Foti*, 523 So.2d 935, 938 (La. App. 4 Cir. 4/12/1988), citing *Amiss v. Dumas*, 411 So.2d 1137, 1141 (La. App. 1 Cir. 1982).  See also *Broussard v. Foti*, *supra*; *Jones v. St. Tammany Parish Jail, supra*; *Fairley v. Stalder*, 294 Fed. App'x 805, 812 (5th Cir. 2008).

Sheriffs are the final policy makers with respect to management of the jail in Louisiana, and the sheriff's policy-making authority is not the result of a delegation from the Parish or any other local governmental entity. It is the Louisiana Constitution, not the parish, from which the sheriff's authority is derived. *Jones v. St. Tammany Parish Jail*, *supra,* 4 F.Supp. 2d at 613, citing La. Const. art. V, § 27.

"Under Louisiana law, it is the Sheriff's office that has the obligation to provide medical care for the prisoners. The Sheriff's office also controls the inmates of the jail, the employees of the jail, and the daily operation of the jail."  *Id.*, citing La. R.S. § 33:1435; 15:704; *O'Quinn v. Manuel*, 773 F.2d 605, 609 (5th Cir. 1985) (quoting *Amiss v. Dumas*, *supra*, 411 So.2d at 1141).

The Eastern District Court in *Jones* further found that "the deputies are the employees of the Sheriff," and that the Parish government "has no authority to manage the Sheriff's employees." *Jones v. St. Tammany Parish Jail*, *supra,* 4 F.Supp. 2d at 613

Citing *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 670 (La. 1981), the court in *Jones* affirmed that the Parish's fiscal responsibility for the jail does not constitute authority to control how the Sheriff fulfills his duties. *Id.* Finding that the sheriff's policy making decisions and day-to-day decisions regarding the operation of the jail cannot be imputed to the Parish as it related to treatment of inmates, the *Jones* court determined that dismissal of the § 1983 claims against the Parish was proper. *Id.*

Plaintiffs have not identified any duty allegedly breached by STPG. Plaintiffs have not, and cannot, show a breach of STPG's financial duty to fund the jail. Absent any claims that the jail was physically deficient or insufficiently funded, the § 1983 claims against the local governing authority must be dismissed. See *Broussard v. Foti*, *supra*, 2001 WL 258055. See also *Courteaux v. Larpenter*, No. 19-13173, 2020 WL 2771755, 2020 U.S. Dist. LEXIS 94134, p. 19-20 (E.D. La. 4/27/2020), wherein the court held that the parish's obligation to "maintain" the jail is an obligation merely to fund and not actually provide any needed maintenance, and that allegations against the parish of jail operations unrelated to funding should be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

### C. State Law Claims against St. Tammany Parish Government

Similar to the federal law claims above, Plaintiffs allege that STPG violated their rights under Article I, § 20 of the Louisiana Constitution by keeping them in holding cells for prolonged periods of time which presented a substantial risk of serious harm. (Rec. Doc. 1, ¶¶ 131-132).

An identical analysis of the distinct responsibilities of the local governing authority and sheriff is in order to determine the viability of Plaintiffs' claims under the state constitution. As such, STPG incorporates and adopts its arguments above maintaining that it has no authority or control over the operations of the St. Tammany Parish Jail, and therefore cannot be liable for the acts of those over which is has no authority to control. STPG's only obligation to maintain the jail is a financial obligation, but it has no authority or control over the operations of the jail, the sheriff, or the sheriff's employees. See *Cousin v. St. Tammany Parish Jail*, *supra*, 2015 WL 5017113, 2015 U.S. Dist. LEXIS 110309, p. 10-11.

In order to establish a cause of action against STPG, Plaintiffs would have to show that it had authority to control how the sheriff fulfills his duty. "It would be unreasonable to require the local governing body to maintain its own personnel inside the prison walls subject to its authority, where, by law, the sheriff is responsible for the prison." *Griffin v. Foti*, *supra*, 523 So.2d at 938.

Plaintiffs' Complaint at Law is devoid of any allegations regarding STPG's fiscal duty to fund the parish jail. Therefore, Plaintiffs have failed to state a viable claim against STPG for violation of their state constitutional rights.

Plaintiffs do not make any state law claims against STPG under the theory of negligence; however, Plaintiffs incorrectly allege that STPG is responsible for the purported negligent acts of Defendants Smith, Strain, Longino, and Kelly "undertaken within the scope of their employment by the St. Tammany Parish Council and the St. Tammany Parish Sheriff's Office." (Rec. Doc. 1, ¶ 150.)

As a matter of law, **STPG is not the employer of the sheriff or his deputies and employees**. La. Const. Art. V, § 27; La. R.S. art. 13:5537(A)(1). See also *Jones v. St. Tammany*

8

*Parish Jail*, *supra,* 4 F.Supp. 2d at 613, citing *Jenkins v. Jefferson Parish Sheriff's Office*, *supra*, 402 So.2d at 670.

Even assuming, for argument only, that St. Tammany Parish Government did employ the sheriff and his deputies, the doctrines of *respondeat superior* and/or vicarious liability are insufficient to state a claim of municipal liability, which must be based on factual allegations that demonstrate the existence of a policy, custom or practice of the governmental entity that caused the alleged constitutional deprivation. See *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978).

In *Bush v. LaFourche Parish Council*, No. 09-3436, 2012 WL 258591 (E.D. La. Jan. 26, 2012), the Court squarely addressed all of the issues pertaining to STPG as set forth in this case, including the doctrine of *respondeat superior*. In dismissing the complaint with prejudice against the LaFourche Parish Council and President of LaFourche Parish Council Charlotte Randolf, the Court found that the defendants were entitled to judgment as a matter of law. In reaching that decision, the Court presented the following Law & Analysis: "To establish liability on the part of a local governmental entity like LaFourche Parish, the plaintiffs must demonstrate a policy or custom of the Parish which caused the alleged constitutional deprivation. See *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690–91 (1978) (municipality cannot be held liable for violation of civil rights solely because an employee is a tortfeasor). Local governments can never be liable under section 1983 for the acts of those whom the local government has no authority to control. *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (citing *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir.1996), cert. denied, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997))."

In determining the liability of local government official, the court must determine whether the named defendant is a "final decision maker" because only those possessing final policy making authority represent official policy. *Causey v. Parish of Tangipahoa*, 167 F. Supp. 898, 907 (E.D. La. Apr. 12, 2001), citing *Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 791, 109 S.Ct. 2702, 105 L. Ed. 2d. 598 (1989).

It is state law that determines whether a particular individual is a parish or municipal final decision maker with respect to a certain sphere of activity. *Causey*, *supra*, 167 F. Supp. at 907, citing *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Under Louisiana law, "the sheriff in his official capacity is the appropriate governmental entity responsible for any constitutional violations committed by his office." *Causey*, *supra*, 167 F. Supp. at 907, citing *Jones v. St. Tammany Parish Jail*, *supra*, 4 F. Supp. 2d. 606 at 614; see also, *Burge v. Parish of St. Tammany*, 187 F.3d 452, 470 (5th Cir. 1999) ("the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff"); *Thomas v. Frederick*, 766 F. Supp. 540 (W.D. La. 1991); *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669 (La. 1981); *Nall v. Parish of Iberville*, 542 So.2d 145 (La. 1st Cir. 1989).

The Louisiana Constitution, Revised Statutes, and above cited case law clearly establish that STPG does not employ or exercise any control over the sheriff or his deputies. Accordingly, STPG cannot be liable for the alleged acts or omissions of the other Defendants to this lawsuit.

Plaintiffs have not set forth any viable claims against STPG for violations of the Louisiana Constitution or under the theory of *respondeat superior*, and dismissal of Plaintiffs' state law claims against STPG is warranted.

## IV.   CONCLUSION

For the reasons set forth above, St. Tammany Parish Government respectfully requests that this Court grant its Rule 12(b)(6) Motion to Dismiss and dismiss all claims against it in Plaintiffs' Complaint at Law.  As demonstrated above, Plaintiffs have failed to state a cause of action against St. Tammany Parish Government upon which relief can be granted.  Accordingly, any claims against St. Tammany Parish Government should be dismissed with prejudice at Plaintiffs' cost.

Respectfully submitted,

s/Emily G. Couvillon_____
**EMILY G. COUVILLON (LA BAR ROLL #31114)**
**CARY J. MENARD (LA BAR ROLL #09426)**
Assistant District Attorneys – 22nd Judicial District
Civil Division
21454 Koop Drive, Suite 2G, Mandeville, LA 70471
Telephone :   (985) 898-3427
Email :       ecouvillon@22da.com
              cmenard@22da.com
*Counsel for St. Tammany Parish Government*

## **CERTIFICATE**

This is to certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system this 23rd day of July, 2020.

s/Emily G. Couvillon_____
**EMILY G. COUVILLON**