**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| AHMED BAQER, et al., | CIVIL ACTION |
| Plaintiffs, | Case No. 2:20-cv-00980-WBV-DPC |
| v. | DISTRICT JUDGE: |
| ST. TAMMANY PARISH GOVERNMENT, et al., | WENDY B. VITTER SECTION "D" |
| Defendants. | MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT DIVISION "2" |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**
**DEFENDANT ST. TAMMANY PARISH GOVERNMENT'S MOTION TO DISMISS**

### I.    RELEVANT PROCEDURAL HISTORY

On March 22, 2020, Plaintiffs filed a Complaint (Doc. 1). On April 15, 2020, the Court issued an Order (Doc. 43) granting a Stipulation of Dismissal (Doc. 42) at to Defendant St. Tammany Parish Sheriff's Office only. On the same date, Defendants, Greg Longino and Rodney J. Strain filed a Motion to Dismiss (Doc. 45), which is pending and ripe for disposition. On May 26, 2020, Defendants, Lacey Kelly and Randy Smith filed an Answer (Doc. 46). On July 23, 2020, Defendant, St. Tammany Parish Government, filed a Motion to Dismiss (Doc. 69). This Brief is filed in opposition to the Defendant, St. Tammany Parish Government's, Motion to Dismiss.

### II.    STATEMENT OF FACTS

For a complete recitation of the material facts, Plaintiffs respectfully refer the Court to the Complaint (Doc. 1)

1

III.   **ISSUES PRESENTED**

1. Should the Court dismiss the Complaint against Defendant, St. Tammany Parish Government, for a failure to state a federal claim upon which relief may be granted?

2. Should the Court dismiss the Complaint against Defendant, St. Tammany Parish Government, for a failure to state a state law claim upon which relief may be granted?

IV.   **ARGUMENT**

**PLAINTIFFS STATED A FEDERAL CLAIM AGAINST DEFENDANT, ST. TAMMANY PARISH GOVERNMENT, UPON WHICH RELIEF MAY BE GRANTED.**

Defendant, St. Tammany Parish Government, presents a "Summary of the Case" in which the Defendant paraphrases Plaintiffs' Complaint and presents a couple of the allegations stated within. Doc. 69-1, at pp. 2-3. The Defendant then argues the "facts" from its perspective ("As to St. Tammany Parish Government, referred to in the Complaint as St. Tammany Parish Council, Plaintiffs make three unfounded and unsupported allegations"). Specifically, the Defendant argues, "Plaintiffs' claims against STPG pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution are premised on their unsupported and incorrect conclusion that STPG is responsible for the operation and maintenance of the parish jail, that STPG operated the jail, and that STPG is liable for the actions of the sheriff and his employees." Doc. 69-1, at p.5.

As Defendant St. Tammany Parish Government should know, however, the Defendant's statement of facts, interpretation of facts, or opinions regarding facts, are simply not relevant at this juncture. *See e.g., Wilson v. EZ Exit Now, LLC*, Civil Action H-18-3673 (S.D.TX May 13, 2019) ("Defendant seeks too much at the pleading stage. Its version of the facts is irrelevant.")  As such, the Defendant's version of the facts should be disregarded by this Court. Moreover, since the Defendant's argument is based on its own version or interpretation of the facts, this should be the end of the inquiry, and the motion denied.

Regardless, addressing the merits of Defendant, St. Tammany Parish Government's argument, a Complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8. It need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, if asked to do so, Plaintiffs will replead their claims against said Defendant to provide clarity. We know from the Complaint that the following occurred:

63. STPC and Defendant STRAIN indicated that pre-trial detainees were housed in this manner due to "overcrowding" in the jail[.].

64. As early as July 12, 2012, not only were Defendants on notice that such practices existed but that the Department of Justice had concerns regarding the constitutionality of such practices.

65. At all relevant times, Defendants, ST. TAMMANY PARISH COUNCIL, SMITH, STRAIN, LONGINO, and KELLEY maintained individual intake holding cells that measured approximately twenty (20) feet in length by ten (10) feet in width.

66. At all relevant times, Defendants ST. TAMMANY PARISH COUNCIL, SMITH, STRAIN, LONGINO, and KELLEY, maintained individual intake holding cells that had no showers, no beds, and a toilet without any privacy.

68. At all relevant times, Defendants maintained in the St. Tammany County Jail four (4) individual intake holding cells.

70. At all relevant times, new arrivals were forced to sleep on concrete floors within the individual intake holding cells due to as many as twenty-four (24) pre-trial detainees who were held in the individual intake holding cells for as long as eighteen (18) days.

77. In January 2020, the St. Tammany Parish Jail housed as many as ninety-eight (98) male inmates in its four (4) 10 feet by 20 feet holding cells.

78. At all relevant times, the Defendants, by and through the agents and employees of the ST. TAMMANY SHERIFF, allowed new inmates to shower only once every three days.

79. At all relevant times, the Defendants, by and through the agents and employees of the ST. TAMMANY SHERIFF, denied new inmates the ability to participate in any recreational activity.

80. At all relevant times, the Defendants, by and through the agents and employees of the ST. TAMMANY SHERIFF, placed violent and non-violent offenders in the same holding cells, placing non-violent offenders in unnecessary danger.

81. At all relevant times, the Defendants, by and through the agents and employees of the ST. TAMMANY SHERIFF, failed to intervene in altercations that would occur between detainees in the crowded cells, placing detainees in danger.

82. At all relevant times, the Defendants, by and through the agents and employees of the ST. TAMMANY SHERIFF, housed new inmate arrivals in unsanitary holding cells by allowing inmates to vomit on the floor of the holding cells and failing to promptly clean the holding cells.

Defendant, St. Tammany Parish Government, argues that St. Tammany Parish Government has "no authority over the operation or maintenance of the jail, the sheriff, or the sheriff's employees," doc. 69-1, at p.3. This "fact," however, is not exactly correct. Rather, the Parish has a statutory duty to properly finance and physically maintain the jail. See La. R.S. §§ 15:304, 15:702, and 33:4715.

Moreover, Rule 8(a) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556. *See, e.g., Colbert v. City of Baton Rouge/Parish of East Baton Rouge*, 2018 WL 344933 (M.D. La. 2018) (parish government could be held liable with respect to management and operation of jail based on theories that jail facility was deficient and underfunded, which was the moving force that caused constitutional injuries); *Courteaux v. Larpenter*, No. 19-13173, 2020 WL 2771755, 2020 U.S. Dist. LEXIS 94134, p. 19-20 (E.D. La. 4/27/2020) (parish's obligation to "maintain" the jail is an obligation to fund)

Thus, while the "probability" of recovery against St. Tammany Parish Government may be low in light of its limited duty in this instance, it is plausible that discovery will reveal that St. Tammany Parish Government's failure to properly fund the sheriff's office and/or failure to properly maintain the jail facility was a moving force that caused the Sheriff Defendants to cram detainees

into small cells in inhumane living conditions for weeks at a time. In fact, it is more than plausible that the Sheriff Defendants will argue that underfunding and an inadequate facility, as opposed to sheer malice, is what caused them to treat detainees in such a barbaric manner. Further, Plaintiff has pled that St. Tammany Parish Council maintained the jail and certain policies and procedures. Discovery may reveal that such policies determined the day-to-day operations of jail management.

In *Colbert v. City of Baton Rouge/Parish of East Baton Rouge*, 2018 WL 344933 (M.D. La. 2018), the court held a parish government *could be* held liable with respect to the management and operations of the jail. The *Colbert* court found that plaintiffs had adequately alleged both constitutional and state law claims against the local government, and that plaintiffs had plausibly pleaded that the local parish government breached its duty to fund and maintain the jail, that the jail was physically deficient and underfunded, and that the local parish government had knowledge of such inadequacies. *Id.* Further, the *Colbert* court noted that these violations were the "moving force of constitutional harm to Plaintiffs because had the prison been adequately funded and staffed with health care and security professionals, it is plausible that [inmate] would not have suffered from his medical and mental health issues…" *Id.*

In *Colbert*, the plaintiff pleaded with specificity that the local government possessed knowledge regarding numerous medical-care related problems within the premises, such as medical equipment shortages and insufficient compensation for medical professionals within the jail. *Id.* Also, the plaintiff in *Colbert* referenced a study conducted by Health Management Associates that revealed the jail provided an "inadequate physical environment," and there was a lack of mental health programming due to inadequate staffing. *Id.* The plaintiff in *Colbert* used these deficiencies to advance the argument that the local government violated the inmate's Fourteenth Amendment rights by providing unconstitutional confinement conditions. *Id.* As

such, the plaintiff in *Colbert* properly alleged a constitutional injury. *Id.* Similarly, Plaintiff here properly alleged a constitutional injury– especially where the Parish was informed of certain deficiencies by the investigation of the United States Department of Justice, similar to the study in *Colbert* conducted by Health Management Associates.

As such, in light of Defendant, St. Tammany Parish Government, having a statutory duty related to funding and maintenance of the jail, that if breached, could have caused Plaintiffs' constitutional injuries, the Defendant's motion to dismiss should be denied. In the alternative, the claims against the Defendant should be dismissed *without prejudice* with leave granted to Plaintiffs to amend.

## PLAINTIFFS STATED A STATE LAW CLAIM AGAINST DEFENDANT, ST. TAMMANY PARISH GOVERNMENT, UPON WHICH RELIEF MAY BE GRANTED.

Defendant, St. Tammany Parish Government, asserts a similar argument with respect to the state law claims. As such, Plaintiffs' argument stated above is incorporated herein by reference.

The Defendant's theme is similar, if not the same, i.e., that it has no control over employees employed by the Sheriff's Office and no control over how the Sheriff operates the facility. Again, however, the Defendant's argument reaches a bit too far in that the Defendant Parish does have certain duties pursuant to state law related to finance and the physical maintain of the jail, and is the final policymaker with respect to same. See La. R.S. §§ 15:304, 15:702, and 33:4715. As previously argued, it is more than plausible that a failure of the Defendant to properly exercise its state law duties is what required the Sheriff Defendants to engage in the conduct that violated the State's Constitution.

Local parish governments are "responsible for the expenses of establishing, maintaining and operating the jail and for all expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed, and clothed." *Amiss v. Dumas*, 411 So.2d 1137 (App. Ct. La. 1982). Further, as a result of the parish's failure to provide adequate funding, claims regarding

unsatisfactory confinement conditions may be brought. *See Arce v. Louisiana*, 226 F.Supp.3d 643, 649-50 (E.D. La. 2016) (if allegations of jail deficiencies implicate a parish's responsibility to finance and physically maintain the jail, then the parish is a proper defendant).

As such, in light of Defendant, St. Tammany Parish Government, having a statutory duty related to funding and maintenance of the jail, that if breached, could have caused Plaintiffs' constitutional injuries, the Defendant's motion to dismiss should be denied. In the alternative, the claims against the Defendant should be dismissed *without prejudice* with leave granted to Plaintiffs to amend.

## V.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Defendant, St. Tammany Parish Government's, motion to dismiss.

                                        Respectfully Submitted,


Date: August 3, 2020                     /s/   *Bhavani K. Raveendran*_____
                                        **Attorney for Plaintiffs**

                                        Antonio M. Romanucci (*pro hac vice*)
                                        Bhavani K. Raveendran (*pro hac vice*)
                                        Nicolette A. Ward (*pro hac vice*)
                                        Ian P. Fallon (*pro hac vice*)
                                        ROMANUCCI & BLANDIN, LLC
                                        321 N. Clark Street, Suite 900
                                        Chicago, IL 60654
                                        Tel: (312) 458-1000
                                        Fax: (312) 458-1004
                                        aromanucci@rblaw.net
                                        b.raveendran@rblaw.net
                                        nward@rblaw.net
                                        ifallon@rblaw.net

                                        Devon M. Jacob (*pro hac vice*)
                                        JACOB LITIGATION, INC.

P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system this 3rd day of August 2020.

**Date: August 3, 2020**                    <u>  /s/    *Bhavani K. Raveendran*          </u>