# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR., <br>     Plaintiffs <br><br> versus <br><br> ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity, <br>     Defendants | CIVIL ACTION <br><br> NO. 2:20-cv-00980 <br><br> JUDGE WENDY B. VITTER <br><br> MAG. DONNA PHILLIPS CURRAULT |

### DEFENDANT ST. TAMMANY PARISH GOVERNMENT'S REPLY MEMORANDUM IN SUPPORT OF ITS 12(b)(6) MOTION TO DISMISS

**MAY IT PLEASE THIS HONORABLE COURT:**

This reply memorandum is respectfully submitted on behalf of Defendant, St. Tammany Parish Government, in further support of its Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 69), and in response to the Memorandum in Opposition to Defendant St. Tammany Parish Government's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 73). For the following reasons, and for those set forth in the original Memorandum in Support of the Motion to Dismiss, St. Tammany Parish Government (hereinafter, "STPG"), urges this Honorable Court to dismiss the claims against it with prejudice as Plaintiffs have failed to set forth any viable federal or state law claims against

STPG, and dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state claim upon which relief can be granted.

As STPG has acknowledged in its original Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 69-1), the court must accept all "well-pleaded facts" in a complaint as true on a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). However, mere conclusory statements by the complainant are not sufficient to support a cause of action. *Id*.

If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent for the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d. 929 (2007).

This District Court has consistently and very recently dismissed claims against parish and local governing authorities for threadbare claims that such governing authorities are liable for conditions at a jail operated by the parish sheriff or for the conduct of deputy sheriffs. See *Courteaux v. Larpenter*, No. 19-13173, 2020 WL 2771755, 2020 U.S. Dist. LEXIS 94134, p. 19-20 (E.D. La. 4/27/2020); *Cousin v. St. Tammany Parish Jail*, No. 14-1514, 2015 WL 5017113, 2015 U.S. Dist. LEXIS 110309 (E.D. La. 8/19/15); *Broussard v. Foti*, No. 00-2318, 2001 WL 258055, 2001 U.S. Dist. LEXIS 258055 (E.D. La. 3/14/2001); *Salvagio v. Doe*, No. 13-5182, 2013 WL 6623921, 2013 U.S. Dist. LEXIS 175973 (E.D. La. 12/16/13).

In their Opposition brief, Plaintiffs repeatedly state that STPG has an obligation to fund and maintain the parish jail (Rec. Doc. 73, p. 4, 6, 7). STPG does not deny its obligation to fund the jail under state statutory law.[1] However, Plaintiff's Complaint at Law (Rec. Doc. 1) is **entirely**

---

[1] [1] With respect to maintenance of the jail, the parish's obligation is one merely to fund, not actually provide any physical maintenance. "Actual provision of maintenance is the parish sheriff's responsibility." See *Courteaux v.*

2

**devoid** of any allegations related to the funding or maintenance of the jail by STPG. Plaintiffs' attempt to raise claims in their opposition brief that STPG may have failed to properly exercise its duty to fund the jail[2] does not create a viable cause of action against STPG and cannot defeat the Motion to Dismiss.

As discussed at length in the original Memorandum in Support, a parish or local governing authority is responsible for the expenses of the jail, but the sheriff is responsible for day-to-day operations of the jail and care of inmates. See *Griffin v. Foti*, 523 So.2d 935, 938 (La. App. 4 Cir. 4/12/1988), citing *Amiss v. Dumas*, 411 So.2d 1137, 1141 (La. App. 1 Cir. 1982). See also *Fairley v. Stalder*, 294 Fed. App'x 805, 812 (5th Cir. 2008). Accordingly, § 1983 claims against a parish or local governing authority must be dismissed when a complaint fails to allege that the jail was physically deficient or insufficiently funded. See *Broussard v. Foti*, *supra*, 2001 WL 258055; *Courteaux v. Larpenter*, *supra*, 2020 WL 2771755.

The alleged unconstitutional conduct of keeping inmates in holding cells for excessive periods of time is not an allegation of insufficient funding or maintenance of the jail. In fact, although also not directly related to funding or maintenance, Plaintiffs state in their Complaint at Law that "[a]t all relevant times, when as many as twenty-four (24) inmates were being held in twenty (20) feet by ten (10) feet individual intake holding cells and being forced to sleep on concrete, ST. TAMMANY PARISH and ST. TAMMANY PARISH SHERIFF had numerous open beds." (Rec. Doc. 1, ¶ 73).

---

*Larpenter*, *supra*, 2020 U.S. Dist. LEXIS 94134, p. 18, citing *Rue v. Gusman*, No. 09-6480, 2010 WL 1930936, p. 4, 2010 U.S. Dist. LEXIS 46162 (E.D. La. 5/11/10); *Griffin v. Foti*, 523 So.2d 935, 938-39 (La. App. 4th Cir. 4/12/1988), writ denied, 531 So.2d 272 (La. 1988).

[2] Allegations of insufficient funding of the St. Tammany Parish Jail raised in Plaintiffs' opposition brief are unfounded and expressly denied by STPG.

The Middle District of Louisiana case cited by Plaintiffs in an attempt to defeat the instant Motion to Dismiss is easily distinguished from the case at hand. In *Colbert v. City of Baton Rouge*, No. 17-00028, 2018 WL 344966, 2018 U.S. Dist. LEXIS 4069, which involved the death of a 17-year-old inmate, plaintiffs "**expressly pleaded** that [City of Baton Rouge/Parish of East Baton Rouge] violated its duty to fund and physically maintain the prison." *Id*, 2018 U.S. Dist. LEXIS 4069, p. 15 (emphasis added).  In contrast, Plaintiffs here have not made any allegations against STPG related to the funding or maintenance of the jail. The *Colbert* plaintiffs also alleged that the inmate's death was caused in part by inadequate provision of mental health services, which it related to the parish's alleged failure to properly fund the prison's health care program. Here, there is no allegation of insufficient funding, much less any alleged connection between STPG's obligation to fund the jail and the alleged decision to keep inmates in holding cells.

STPG's sole obligation under the law is to fund the parish jail, including sufficient funds for the maintenance of the physical structure. See La. R.S. §§ 15:304, 15:702, and 33:4715. Plaintiff's Complaint at Law fails to raise any claims related to STPG's funding obligation to support its federal and state law claims against STPG. Accordingly, as supported by the case law cited herein and in the original Memorandum in Support, STPG's Rule 12(b)(6) Motion to Dismiss should be granted and the claims against it should be dismissed with prejudice.

                Respectfully submitted,

                s/Emily G. Couvillon
                **EMILY G. COUVILLON (LA BAR ROLL #31114)**
                **CARY J. MENARD (LA BAR ROLL #09426)**
                Assistant District Attorneys – 22nd Judicial District
                Civil Division
                21454 Koop Drive, Suite 2G, Mandeville, LA 70471
                Telephone :   (985) 898-3427
                Email :        ecouvillon@22da.com
                              cmenard@22da.com
                *Counsel for St. Tammany Parish Government*

## **CERTIFICATE**

This is to certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system this 6th day of August, 2020.

                                              s/Emily G. Couvillon
                                              **EMILY G. COUVILLON**