IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED BAQER, et al., | ) ) ) CIVIL ACTION ) |
| Plaintiffs, | ) ) Case No. 2:20-cv-00980-WBV-DPC |
| v. | ) ) |
| ST. TAMMANY PARISH GOVERNMENT, et al., | ) DISTRICT JUDGE: ) WENDY B. VITTER ) SECTION "D" ) |
| Defendants. | ) MAGISTRATE JUDGE: ) DONNA PHILLIPS CURRAULT ) DIVISION "2" ) |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL CLASS DISCOVERY**

Plaintiffs' Motion to Compel should be granted. The Certificate of Conference filed alongside Plaintiffs' motion to compel is proof that the requirements of Rule 37 have been met, and that Plaintiffs have sought conferral in good faith prior to the filing of the instant motion to compel.[1] Defendants notably do not deny that Defense Counsel verbally represented to Plaintiffs' Counsel on the June 25 conference that all propounded class discovery requests would be objected to, that a motion for protective order would be filed, and that specific conferral on requests or limitations would not be fruitful. Following that conversation, Defendants' filed a motion seeking a protective order wherein Defendants put these verbal objections to paper.

---

[1] This reply brief only addresses law and argument raised for the first time in Defendants' response to the instant motion to compel, that Plaintiffs have failed to comply with Rule 37's certificate of conference requirement. Plaintiff stands on all other arguments made in their motion to compel and in Response to Defendant's Motion for Protective Order (ECF Doc. No. 70) in response to all other arguments.

Thereafter, Defendants served responses to Plaintiffs' class discovery, reiterating these objections. At no time did Defense Counsel withdraw their representation that further attempts at conference would be fruitless. Further, Plaintiffs' Counsel represented the parties' agreement that the parties would bring ongoing disputes over discovery before the Court. Defendants' present contention that Plaintiffs have failed to confer in accordance with the mandate of Rule 37 strikes a markedly more cooperative tone that Defense Counsel's prior representations to Plaintiffs' Counsel. Perhaps this openness to conferral at an earlier date would have abdicated the need for the instant motion to compel.

The lone case cited by Defendants' in support of their contention that Plaintiffs' have not complied with Rule 37 should not lead this court to deny the pending Motion to Compel. In that case it was "unclear from the certification whether an actual conversation between counsel took place with regard to the discovery dispute." *Goins v. Ill. Nat. Ins. Co.*, No.: 18-302-SDD-RLB, 2018 WL 31896960, at *2 (M.D. La. June 28, 2018). Defendants misrepresent the holding from *Goins.* It does not instruct that "discussions held prior to the challenged discovery being due is insufficient to satisfy the requirements of Rule 37(a)." ECF Doc. No. 81, at 2. There, the certificate of conference contained no representation that a discussion had been held regarding the at issue discovery. By contrast, Defense Counsel reviewed Plaintiffs' propounded class discovery, indicated he would have an objection to all requests, and that further conferral would be unavailing. Thereafter, Counsel filed a motion for protective order reiterating those objections and ultimately filed responses to Plaintiffs' class discovery with the same objections.

Here, Plaintiffs' Certificate of conference adheres to the requirements of Rule 37 and this Court's standing order. This Court has previously found that Rule 37's conference requirement is met where continuing objections were repeatedly made by the defendant and Plaintiff

represented that Court intervention would be sought to resolve ongoing discovery disputes. *Harrell v. Orkin, LLC*, No.: CV 11-1886, 2012 WL 13202484, at *3 (E.D. La. May 24, 2012); *Stewart v. Am. Family Mut. Ins. Co.*, No.: CIV.A. 06-09884, 2008 WO 440331, at *4 (E.D. La. Feb. 12, 2008) (Granting plaintiff's motion to quash defendant's subpoena where the parties conferred telephonically and discussed the issues and law giving rise to the motion to quash and noting any procedural defect in failing to attach a Rule 37 certificate was cured where conferral and impasse were established in subsequent briefing).

It is not credibly disputed that Plaintiffs are entitled to conduct class discovery. Nevertheless, Defendants again submit before the Court that Plaintiffs have run afoul of Docket Entry 61, which instructed the parties to confer and form a discovery plan that addresses discovery parameters related to class certification and that Plaintiffs then seek authorization to conduct class discovery anew thereafter. As set forth in Plaintiffs' response in opposition to defendants' motion for protective order, Plaintiffs have filed the instant motion to compel, attaching the proposed class discovery and defendants' responses in compliance with this Court's order and to resolve class discovery disputes in the most expedient manner.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the Plaintiffs' motion to compel class discovery.

**Respectfully Submitted,**

**Date: August 14, 2020**          /s/   *Ian Fallon*  _
                                   **Attorney for Plaintiffs**

                                   Antonio M. Romanucci (*pro hac vice*)
                                   Bhavani K. Raveendran (*pro hac vice*)
                                   Nicolette A. Ward (*pro hac vice*)
                                   Ian P. Fallon (*pro hac vice*)

ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
b.raveendran@rblaw.net
nward@rblaw.net
ifallon@rblaw.net

Devon M. Jacob (*pro hac vice*)
JACOB LITIGATION, INC.
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com