UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | \* \* \* | **NO. 2020-CV-980** |
| **Plaintiffs** | \* | |
| **VERSUS** | \* \* | **JUDGE VITTER** |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual capacity** | \* \* \* \* \* \* \* \* \* \* | **MAGISTRATE CURRAULT** |
| | | **JURY DEMAND** |
| **Defendants** | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

NOW COME, through undersigned counsel, Defendants, Sheriff Randy Smith, Warden Lacey Kelly, Mr. Rodney J. Strain, and Mr. Greg Longino, each in their official and individual capacities, who respectfully submit the following Supplemental Memorandum in Support of their Motion for Protective Order.[1]

### I. THE DEFENDANTS HAVE SUPPLEMENTED THEIR PRODUCTION TO INCLUDE ALL INMATE MOVEMENT REPORTS AND GRIEVANCES RELATED TO THE HOLDING CELLS

The Plaintiffs have propounded an interrogatory seeking information regarding the amount of individuals held in each holding cell for each particular day from 2018 through the present.

---

[1] This supplemental memorandum is also applicable to the Defendants' opposition to the Plaintiffs' pending motion to compel.

Although the STPSO does not maintain reports containing the exact information requested, the STPSO discovered that it is able to generate inmate movement reports for all inmate movements in one single report. This reporting capability was previously unknown to the defendants and jail administration and only recently discovered by STPSO Information Services ("IS") after receiving requests from STPSO's in-house paralegal for assistance in obtaining additional information to assist the Court's decision-making for these motions.

Defendants have now supplemented their responses to the Plaintiffs' discovery requests and produced copies of all inmate movement reports from March 2019 through the present. In response to the Plaintiffs' interrogatories regarding the amount of individuals in holding on any particular date, the Defendants have directed the Plaintiffs' attention to these records as the burden associated with ascertaining an answer to these interrogatories is substantially the same for both parties. Defendants have also confirmed with their IS department that software used by the jail to log this information is not able to create a report for each individual holding cell. Furthermore, although the Defendants maintain that the Plaintiffs' requests for the production of all grievances made by inmates while in holding is overly broad, the Defendants have nevertheless identified and produced all grievance materials related to the holding cells from March 2019 through the present.

## II. THE PLAINTIFFS' REQUESTS FOR THE PRODUCTION OF VIDEOS AND GRIEVANCES ARE NOT PROPORTIONAL TO THE NEEDS OF THIS CASE

During the hearing on these discovery motions, the Court directed the Defendants to provide additional information related to the burdens associated with fully responding to the Plaintiffs' requests for the production of videos depicting the holding cells at issue as well as all grievances filed by inmates while in holding. As noted above, the Defendants have now identified and produced all grievances related to the holding cells from March 2019 through the present, and

the Defendants would therefore withdraw any objection to the production of such materials as unduly burdensome.

The video-surveillance system in the jail provides for continuous video-monitoring of the entire facility twenty-four hours per day, seven days per week; however, as with all video-monitoring systems, this system's storage capacity is limited. Generally, recordings remain stored on STPSO servers for approximately two weeks before they are written-over and no longer available for copying purposes; however, this two-week period can occasionally lessen based upon the day-to-day activity levels and capture rates throughout the facility.

There is no central housing location or listing of all videos that have been copied and preserved by the jail. If an incident or unusual occurrence takes place within the facility, Shift personnel will copy the video data surrounding the incident onto a disk for record, disciplinary purposes, criminal investigation/prosecution, internal affairs investigations, or any other type of investigation necessary. The copied video footage is stored in physical boxes within jail administration or the facility's disciplinary office, categorized by year and incident type. The disk is labelled by Shift personnel and includes the date of incident and inmate name. Therefore, in order to identify video coverage specific to the facility's holding cells, with more than 10 occupants, for the time frame requested, Defendants would be required to review each and every video. There are approximately 450 disks located in jail administration and several hundred maintained in the disciplinary office of the facility for the time period of March 2019 through the present.

The Defendants respectfully submit that such an order of production is not proportional to the needs of the case at this time; the parties focus at this juncture should be fully directed towards the class-certification issues, not extensive review of video footage that likely has no bearing on

the class certification decision. In addition, even if the videos were produced, it is difficult to imagine what value they would add for class certification considering the Plaintiffs have been provided all jail log books and inmate movement reports for the holding cells at issue from March 1, 2019 through the present. The log books and inmate movement reports (more than 12,000 pages) constitute the best evidence of all inmate movements and recorded activities within the holding cells during the time periods at issue, and requiring the Defendants to conduct the onerous reviews required to fully comply with the video requests is plainly not proportionate to the needs of this case.

### III. THE DEFENDANTS HAVE PRODUCED THE JAIL MEDICAL FILES OF EACH NAMED PLAINTIFF

The Defendants previously produced copies of each named plaintiffs' jail files, including medicals, in conjunction with their initial disclosures for this matter. Considering Mr. Baqer and Mr. Guillot, Sr. are no longer detained at the jail, the jail files previously produced to each of them are complete and final; however, Mr. Guillot, Jr., remains detained pending trial. In conjunction with their previously referenced supplemental productions, the Defendants have additionally produced to Mr. Guillot, Jr. an updated copy of his jail medical file as August 27, 2020.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*
**Chadwick W. Collings, T.A.** # 25373
**Cody J. Acosta** # 37005
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:** **(985) 292-2000**
**Facsimile:** **(985) 292-2001**
**E-mail:** cccollings@millinglaw.com
*Attorneys for Sheriff Jack Strain, Warden Lacey Kelly, Rodney J. Strain and Greg Longino*

**Dated:** August 28, 2020