UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 20-980 |
| ST. TAMMANY PARISH GOVERNMENT, ET AL | * | SECTION "D" (2) |

## ORDER AND REASONS ON MOTION

Before me are two discovery motions: (1) Motion for Protective Order filed by Defendants Sheriff Randy Smith, Major Lacey Kelly, Rodney Strain, and Greg Logino ("Defendants"), seeking an order relieving Defendants from responding to certain class discovery propounded by Plaintiffs on behalf of the putative class because the discovery requests are not limited to class certification issues (ECF No. 68) and (2) Plaintiffs' Motion to Compel Class Discovery (ECF No. 71) seeking responses to discovery served on Defendants on June 8, 2020.   Defendants were granted leave to file, and filed, a reply memorandum. ECF Nos. 77 and 86.

Plaintiffs oppose Defendants' Motion for Protective Order, arguing that Plaintiffs are entitled to "controlled discovery into the merits of [their] claim[s] so that the court may rule on certification on an informed basis." ECF No. 70, at 1.  Defendants oppose Plaintiffs' Motion to Compel Class Discovery for failure to comply with Federal Rule of Civil Procedure 37(a) and on the grounds set forth in Defendants' Motion for Protective Order. ECF No. 81.  The deadline for Plaintiffs to file a motion for certification is September 22, 2020. ECF No. 52.

I heard oral argument on these motions on Wednesday, August 19, 2020. During argument, I reiterated that discovery at this time must be focused on the class certification issue. I also noted that there's no justification for discovery seeking information *pre-dating* March 22, 2019, given the one-year statute of limitations applicable to Plaintiffs' claims. At the close of oral argument, I

requested supplemental briefing on certain matters. Defendant filed a supplemental memorandum on August 28, 2020. ECF No. 88. Plaintiffs filed a supplemental memorandum on August 31, 2020. ECF No. 90. In their supplemental memorandum, Defendants withdrew their proportionality objection as it relates to the production of holding cell grievances from March 2019 to the present, and produced such grievances. ECF No. 88, at 2-3.

Having considered the record, the oral arguments and written submissions of counsel, and the applicable law, **IT IS ORDERED** that Defendants' motion for protective order is GRANTED IN PART AND DENIED IN PART and that Plaintiffs' motion to compel is DENIED, for the reasons that follow.

## I.      BACKGROUND

This is a putative class action for declaratory, injunctive and compensatory relief regarding the conditions of pretrial detention in the four holding cells at St. Tammany Parish Jail. ECF No. 1. Plaintiffs allege violation of their civil rights pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana. ECF No. 1, ¶ 1. Plaintiffs allege that there is an established policy or practice at the St. Tammany Jail to keep pretrial detainees in holding longer than 48 hours, and that this policy or practice has resulted in overcrowded conditions within the holding cells. ECF No. 1, ¶¶ 56-57. Plaintiffs allege that the holding cells are not adequately cleaned, that individuals in holding are denied basic hygiene, that individuals in holding are denied recreation opportunities, that individuals in holding are denied adequate medical care, that individuals in holding engage in physical altercations, and that individuals arrested for non-violent offenses are placed into holding alongside allegedly violent arrestees. ECF No. 1, ¶¶ 2, 62-83.

2

Plaintiffs claim that these conditions of confinement present a substantial risk of material harm to pretrial detainees, demonstrate deliberate indifference to the resulting harm and risk of harm, and that injunctive relief is required to bring the conditions of confinement into compliance with the United States Constitution and state law. ECF No. 1, ¶ 29. Plaintiffs Ahmed Baqer, Klabert Guillot, Sr. and Klabert Guillot, Jr. allege specific facts supporting a finding of the alleged violations, and seek to represent a class of similarly situated pretrial detainees for purposes of obtaining the relief sought. ECF No. 1, ¶¶ 24-35.

On June 8, 2020, Plaintiffs filed a Motion for Leave to Conduct Discovery Related to Class Certification. ECF No. 50. In their memorandum in support of their motion, Plaintiffs stated that they were seeking "leave to conduct limited discovery only on the issues relevant to class certification," but they did not attach the proposed written discovery. ECF No. 50-1, at 3. The motion did not indicate consultation with opposing counsel, and when contacted, Defendants indicated that they had no objection to the Plaintiffs' request so long as the discovery was limited to class certification issues. ECF No. 68-1, at 2. On June 17, 2020, this Court held a status conference to discuss Plaintiffs' motion with the parties, after which I entered an Order denying Plaintiffs' motion without prejudice and directed the parties "to confer by telephone pursuant to Fed. R. Civ. P. 26(f) and form a discovery plan that addresses discovery parameters tailored to the class certification issue." ECF No. 61. The Court further directed Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agreed to the plan or on a contradictory basis should the parties not agree, as necessary." ECF No. 61.

It is clear from the pending motions that counsel did not agree to a discovery plan.  Also evident from the filings is that Plaintiffs did not comply with this Court's Order to file a

3

contradictory motion regarding their desire for class discovery, if disagreements remained. Instead, Plaintiffs issued discovery and filed a motion to compel Defendants to respond to that discovery served on June 24, 2020.   Defendants represent that they issued initial disclosures and produced documents including "all jail records related to the three named plaintiffs, the policies and procedures of the St. Tammany Parish Jail, spreadsheets containing the total number of individuals in holding at the jail for each day from January 1, 2019 through July 7, 2020, design documents related to the holding cells at issue, and fire marshal reports for inspections made at St. Tammany Jail." ECF No. 68-1, at 4. Defendants also delivered written responses and objections to Plaintiffs' discovery, and they advise that they have produced more than 12,000 pages of information related to the holding cells at issue. *See* ECF. No. 81, at 4.   Defendants seek a protective order with regard to any further response to Plaintiffs' June 24, 2020 discovery requests as same go into the merits and beyond that related to the class certification issues.

Defendants' Motion for Protective Order and Plaintiffs' Motion to Compel implicate the same issues and many of the arguments overlap. Defendants claim that Plaintiffs are entitled only to discovery related to class certification, while Plaintiffs maintain that they are entitled to broader discovery on the merits of their claims.

## II.   <u>LAW AND ANALYSIS</u>

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.[1] Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to

---

[1] Fed. R. Civ. P. 26(b)(1).

be discovered." Rule 26(b)(1) also specifics that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[2]

Rule 26(c) governs the issuances of protective orders in discovery.   A court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c) (1). The rule offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that the discovery not be had or be had on specified terms. *Id.*   The court enjoys wide discretion in setting the parameters of a protective order.[3]

Defendants seek a protective order asking that they not be required to respond to Plaintiffs' discovery unless and until Plaintiffs file a written motion for leave to conduct class discovery in compliance with my Minute Entry dated June 17, 2020 (ECF No. 61). ECF No. 68-1, at 4. Alternatively, Defendants request that a protective order limiting the scope of discovery that Plaintiffs may take at this time, prohibiting discovery that is overly broad and not reasonably calculated to assist in the determination of whether a class may be certified, bifurcating certification and merits-based discovery and/or staying merits-based discovery until the court rules on the motion for class certification.

---

[2] *Id.*
[3] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a **protective order** is appropriate and what degree of protection is required.").

Plaintiffs first filed their "Motion for Leave to Conduct Discovery Related to Class Certification" on June 8, 2020. ECF No. 50-1, at 3. Plaintiffs did not attach proposed written discovery to that motion.   By that point, the parties had not conducted their Rule 26(f) conference to discuss a discovery plan.   During the June 17, 2020, status conference, I advised counsel for the parties that discovery would be limited to information related to the motion for class certification and directed counsel "to confer by telephone and form a discovery plan that addresses discovery parameters **tailored to the class certification issue**." ECF No. 61 (emphasis added). I further advised, "Thereafter, counsel **may refile a motion for discovery**, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." ECF No. 61 (emphasis added).

Rather than comply with my instructions, Plaintiffs issued discovery including merits-based requests.   Plaintiff then filed this motion to compel responses to that discovery, which goes beyond that necessary for determining whether a class should be certified.

Rule 23 requires that the court determine, "as soon as practicable" after an action brought on behalf of a class is commenced, whether the suit meets the class certification requirements such that the case should proceed as a class.[4] Rule 23(a) sets forth four threshold requirements which must be met in every type of class action case.[5] Rule 23(a) requires that a class: (1) be so numerous that joinder of all members is impractical [numerosity]; (2) have common questions of fact or law [commonality]; (3) have representative parties with typical claims or defenses [typicality]; and (4) have representative parties and counsel that will fairly and adequately protect the interests of the

---

[4]  *See* Fed. R. Civ. P. 23(c)(1); *Castano v. American Tobacco Company*, 84 F. 3d 734, 741 (5th Cir. 1996).
[5]  *See James v. City of Dallas*, 254 F. 3d 551, 569 (5th Cir. 2001), *cert denied*, 534 U.S. 1113 (2002).

proposed class [adequacy of representation].[6] The first two requirements focus on the characteristics of the class; the second two focus on the desired characteristics of the class representatives. The rule is designed "to assure that courts will identify the common interests of class members and evaluate the named plaintiffs' and counsel's ability to fairly and adequately represent class interests.[7] If the Rule 23(a) criteria are satisfied, the plaintiffs must show that class treatment is appropriate under one of three alternative class categories prescribed by Rule 23(b).[8]

The party who chooses to seek certification has the burden of proving by a preponderance of the evidence that the requirements for class certification are satisfied.[9]  In some cases there will be a need for early discovery on the Rule 23 prerequisites, and whether such discovery will be allowed lies within the court's discretion.[10]  Courts have held that "there is a danger in delving too far into the merits of a case prior to a class action determination."[11]  For that reason, courts may deny certain merits-based discovery before a class certification hearing.[12]  As the Fifth Circuit has noted:

> In light of the mandate of Rule 23(c)(1) that a certification determination be made "as soon as practicable after the commencement of [the] action," we think it imperative that the district court be permitted to **limit** pre-certification discovery to evidence that, in its sound judgment, would be "**necessary or helpful**" to the certification decision. Our prior decisions make it clear, however, that in most cases

---

[6]  *See* Fed. R. Civ. P. 23(a); *Flecha v. Medicredit, Inc.*, 946 F. 3d 762, 766 (5th Cir. 2020).

[7]  *In re Oil Lease Antitrust Litigation*, 186 F.R.D. 403, 419 (S.D. Tex.1999) (citing *In re General Motors Corp. Pick-Up Truck Fuel Tank Litigation*, 55 F.3d 768, 799 (3rd Cir. 1995).

[8]  *See* Fed. R. Civ. P. 23(b).

[9]  *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) (plaintiff seeking class certification must "prove – not simply plead" that proposed class satisfies relevant elements of Rule 23.)

[10]  *See, e.g., Gene & Gene, L.L.C. v. Biopay, L.L.C.*, 624 F.3d 698, 699 (5th Cir. 2010) (upholding district court's limitation of discovery to certification-related issues); *Stewart v. Winter*, 699 F.2d 328, 331 (5th Cir. 1982)

[11]  *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 500 (N.D. Ill. 1977).

[12]  *See, e.g., B & B Advisory Servs., L.L.C. v. Bombardier Aerospace Corp.*, No. Civ. A. 02-2695, 2003 WL 22383575 (E.D. La. Oct. 9, 2003) (denying merits-based discovery before class certification hearing).

"a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action."[13]

As I made clear during the June 17, 2020 status conference, Plaintiffs are entitled to discovery related to the <u>class certification issues</u>: numerosity, commonality, adequacy, and typicality, and predominance, which may include some controlled merits-based discovery. However, as I also made clear during that conference, at this stage, I will not allow unlimited merits-based class-wide discovery or discovery that is not necessary or helpful to the Rule 23 certification decision.[14] The class action device is intended to achieve efficiencies in complex litigation, and the court's role is to ensure that discovery is narrowly tailored and limited to information needed at each stage of the process.   And contrary to Plaintiffs' argument, a determination of whether common issues of fact or law predominate over individual issues does not require the merits-based discovery sought here.[15]  ECF No. 70, at 6.

Defendants' motion for protective order (ECF No. 68) and Plaintiffs' motion to compel (ECF No. 70) relate to the following categories of information sought by Plaintiffs:

    a.  all grievances filed by inmates in holding from March 1, 2018 to the present;[16]

    b.  why inmates in holding were not transferred to the general population when "empty cells were available;"[17]

---

[13] *Stewart*, 699 F.2d at 331 (citing *Pittman v. E.I. DuPont de Nemours & Co*., 552 F.2d 149, 150 (5th Cir. 1977) (emphasis added).

[14] *See Blank v. Tomorrow PCS, L.L.C*., 2018 WL 10772661 *3 (E.D. La. April 20, 2018) (setting time, geographic, and subject matter limitations on discovery related to Rule 23(a) requirements); *Gridley v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 9810994 *7 (E.D. La. April 11, 2007) (finding certain areas of plaintiffs' discovery "far afield" of the class certification issue); *Payne v. Don Bohn Ford, Inc.,* 1997 WL 469963, *1 (E.D. La. Aug. 13, 1997) (restricting discovery to issues of class certification and sustaining certain objections to discovery beyond the scope of the limitation).

[15] *Stewart*, 699 F. 2d at 331.

[16] See ECF No. 68-3, Int. No. 2, RFP Nos. 2, 18, 19.

[17] *Id.*, Int. No. 3.

c.  the "policies, laws, guidelines, customs, or General Orders" in effect at the jail related to the holding cells and new pre-trial detainees, housing assignments for inmates or detainees, transfers, maximum or minimum number of detainees per cell, provision of bedding, medications, medical care, sanitary items, hygiene/showers, recreational activity;[18]

d.  the number of inmates in holding from March 1, 2019 through the present; [19]

e.  whether there was a "punitive purpose" for keeping inmates in holding;[20]

f.  all videos, photos, sound recordings, etc. from the holding cells from March 1, 2018 through the present;[21]

g.  all files related to any lawsuits, internal or external investigations related to the jail holding cells jail conditions, health concerns of inmates, conditions of confinement, concerns with housing units, or length of stay for a detainee/inmates" from 2012 through the present;[22]

h.  all training materials related in any way to inmates in holding or in the general populations;[23]

i.  all materials related to altercations between inmates in holding or the use of force upon inmates by jail deputies from March 1, 2018 through the present;[24]

j.  all documents evidencing the number of "available beds in general populations cells on each day between March 1, 2018" through the present.[25]

Many of these discovery requests go beyond what is necessary or helpful in determining whether the criteria of Rule 23(a)—numerosity, typicality, commonality and adequacy of representation—are satisfied. While, as Plaintiffs note, Rule 23(b) does require the court to

---

[18]  *Id.*, Int. Nos. 4, 6-10; RFP Nos. 7-9, 14-17, 21.
[19]  *Id.*, Int. No. 5, RFP No. 13.
[20]  *Id.*, Int. No. 6.
[21]  *Id.*, RFP No. 1.
[22]  *Id.*, RFP Nos. 4, 10, 22.
[23]  *Id.*, RFP Nos. 3, 7, 8, 9.
[24]  *Id.*, RFP Nos. 19, 20.
[25]  *Id.*, RFP No. 24.

consider the predominance of common issues over individual questions, the mere nature of that analysis does not, at this time, justify the broad discovery sought by Plaintiffs. The cases cited by Plaintiffs do not state otherwise, nor have Plaintiffs demonstrated why the predominance issue requires greater merits-based discovery beyond that necessary to address the initial class certification issues.

After review of the discovery requests and responses, oral argument on August 19, 2020, and review of the parties' supplemental memoranda, the Court finds as follows with respect to the categories of discovery listed above:

a. <u>Discovery regarding all grievances filed by inmates in holding from March 1, 2018 to the present</u>

This request is overly broad and seeks information that is not only beyond what is necessary for the class certification hearing, but also seeks information that is not relevant to the claims or defenses asserted in this case. Only grievances by pretrial detainees related to allegedly *inadequate conditions of confinement of pretrial detainees in holding cells* from *March 22, 2019 to the present* are relevant to the class certification decision.

Following the August 19, 2020 hearing, Defendants supplemented their responses to produce all grievances related to the holding cells from March 2019 through the present. *See* ECF No. 88, at 2-3. Defendants also supplemented their response to requests for production to provide updated medical records for Plaintiff Guillot, Sr. Plaintiffs have acknowledged that Defendants' production of grievances and medical information is sufficient. ECF No. 90, at 1, 3. The motions are moot with respect to this category of discovery.

      b.   <u>Discovery seeking information for why inmates in holding were not transferred to the general population when "empty cells were available"</u>

This discovery goes well beyond that necessary or helpful for purposes of determining whether a class action should be certified.   It is generalized merits discovery that would require the defendant to analyze all of the facts and circumstances relating to each particular pretrial detainee.   Defendants need not respond to Interrogatory No. 3 at this time.

      c.   <u>Discovery regarding the "policies, laws, guidelines, customs, or General Orders" in effect at the jail related to the holding cells and new pre-trial detainees</u>

Defendants have identified and produced a number of policies, procedures and guidelines. Defendants have also responded that there is no policy, law, guideline, custom or general order issued by the Sheriff or his designee that sets a maximum or minimum number of occupancy of holding cells, and that the State Fire Marshal's Office determines the capacity of each holding cell. During oral argument, Plaintiffs indicated that they are satisfied with Defendants' responses on these items, and accordingly, the motions are moot with respect to this category of discovery.

      d.   <u>Discovery regarding the number of inmates held in holding from March 1, 2019 through the present</u>

Defendants have supplemented their production to include all inmate movement reports for March 2019 through the present, which reports identify the specific holding cell in which specific inmates were held. The motions are thus now moot with respect to this request.

      e.   <u>Interrogatory asking whether there was a "punitive purpose" for keeping inmates in holding</u>

This discovery goes to the merits of plaintiffs' claims, and it is not necessary or helpful for purposes of determining whether a class should be certified. Defendants need not respond to Interrogatory No. 6 at this time.

11

    f.  <u>Production of videos, photos, sound recordings, etc. from the holding cells from March 18, 2018 through the present</u>

To the extent that this discovery bears on the numerosity element of the class certification inquiry, the jail log books and inmate movement reports produced by Defendants provide that information, rendering this request duplicative and unnecessary.

Moreover, this request is overly broad because it seeks information for a period of time outside the statute of limitations for Plaintiffs' claims. Defendants have advised that the video-surveillance system in the jail provides for continuous video-monitoring of the entire facility twenty-four hours per day, seven days per week. Because storage capacity is limited, after two weeks, video footage is copied onto disks and stored in physical boxes in the administrative or disciplinary office, categorized by year and incident type. There are over 500 disks for the time period of March 2019 through the present. In order to identify video coverage specific to the jail's holding cells, Defendants would have to review each and every video. Even for the period of March 2019 to the present, the information sought is not proportional to the needs of the case at this juncture. Defendants' motion for protective order is granted as to this category of discovery.

    g.  <u>Production of all files related to any lawsuits, internal or external investigations related to the jail holding cells jail conditions, health concerns of inmates, conditions of confinement, concerns with housing units, or length of stay for a detainee/inmates" from 2012 through the present</u>

This request is overly broad to the extent that it seeks information unrelated to holding cells and to the extent that it seeks information for the years prior to March 2019. Further, lawsuits are public record and therefore are as readily accessible to Plaintiffs as to Defendants. As such, Defendants need not respond to the request for lawsuits. During the hearing, Defendants advised they are not aware of any current investigation by the Department of Justice or any other agency,

related to the holding cells. I find Defendants' response sufficient and the motions moot with respect to this category of discovery.

    h. <u>Production of all training materials related in any way to inmates in holding or in the general populations</u>

Defendants have produced a number of policies, procedures and guidelines for the jail. During oral argument, Plaintiffs indicated that they are satisfied with Defendants' responses on these items, and accordingly, the motions are moot with respect to this category of discovery.

    i. <u>Production of all materials related to altercations between inmates in holding or the use of force upon inmates by jail deputies from March 1, 2018 through the present</u>

Plaintiffs have not asserted any claim related to altercations between inmates in holding cells or the use of force on inmates in the holding cells. Accordingly, this request seeks information that is neither relevant to any claim or defense in this matter nor necessary or helpful in determining whether to certify a class in this matter. Defendant need not produce the materials sought.

    j. <u>Production of all documents evidencing the number of "available beds in general populations cells on each day between March 1, 2018" through the present</u>

Defendants have provided the jail logs, movement reports, and fire marshal facility information from which Plaintiffs should be able to determine the number of available beds in general population cells.   Pursuant to Rule 33(d), Defendants have satisfied this request and need not respond further as the information sought may be obtained by reviewing the documents produced by Defendants.

III.   **<u>CONCLUSION</u>**

Accordingly, for the foregoing reasons and based on good cause,

IT IS ORDERED that Defendants' Motion for Protective Order (ECF No. 68) is
GRANTED IN PART.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel (ECF No. 71) is DENIED.

New Orleans, Louisiana, this 10th day of September, 2020.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE