**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.,<br><br>Plaintiffs;<br><br>v.<br><br>ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity;<br><br>Defendants. | * * * * * * * * * * * * * * * * * * | **CIVIL ACTION NO.: 20-00980-WBV-JCW**<br><br>JUDGE VITTER<br><br>MAGISTRATE JUDGE PHILLIPS CURRAULT<br><br>JURY TRIAL |

*****************************************************************************

**<u>PLAINTIFFS' MOTION TO SEVER AND CONSOLIDATE</u>**

NOW COME the Plaintiffs, AHMED BAQER; KLABERT JOSEPH GUILLOT, JR.; and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record ROMANUCCI & BLANDIN, LLC; JACOB LITIGATION, INC.; and the GLORIOSO LAW FIRM, and pursuant to Rules 21 and 42 of the Federal Rules of Civil Procedure, Plaintiffs respectfully submit this memorandum of law jointly in support of their Motion to Sever and Consolidate and state:

**<u>FACTS</u>**

On March 22, 2020, Plaintiffs filed the instant action, bringing claims individually and as representatives of a proposed class arising out of the conditions of confinement at the St. Tammany Parish Jail. Plaintiffs' allegations included that they and their proposed class of pre-trial detainees were confined for extended periods in unsanitary ten-by-twenty foot holding cells crammed with other

detainees well past reasonable capacity, that they were forced to sleep on the concrete floor without adequate bedding, and that they were deprived of hygienic materials and showers.

Plaintiffs brought counts pursuant to 42 U.S.C. §1983 for violations of the Fourteenth Amendment (Count I, against all Defendants), for violations of the Louisiana state constitution (Count II, against all Defendants), for negligence (Count III, against Smith, Strain, Longino, and Kelly), for *respondeat superior* liability (Count IV, against the St. Tammany Parish Council), and requesting preliminary and permanent injunctive relief (Count V, against all Defendants). Plaintiffs requested certification of a proposed class of detainees pursuant to F.R.C.P. 23(b)(2) and (b)(3) including:

> All detainees who have been or will be placed into the custody of the St. Tammany Parish Jail and were detained for at least two consecutive days in holding cells. The class period commences when this practice began, including but not limited to the time period commencing on March 22, 2019, and extends to the date on which St. Tammany Parish is enjoined from, or otherwise ceases, enforcing its policy, practice and custom of refusing to abide by appropriate detention and housing standards to all pre-trial detainees admitted to the St. Tammany Parish Jail and held in the intake and/or holding cell area. Specifically excluded from the class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.

On June 29th, 2020, Plaintiffs Kevin Louviere, Terry Matthew Hall, Jr., and Floyd Williams filed their complaint at law in the U.S. District Court of the Eastern District of Louisiana in the matter styled *Louviere v. St Tammany Parish Government*, Case No. 2:20-cv-0184. *See Ex. A, Louviere Complaint at Law*. The *Louviere* Complaint names Defendants identical to those named in the instant matter- the St. Tammany Parish Government, Randy Smith, Rodney J. Strain, Greg Longino, and Lacy Kelley. The *Louviere* Plaintiffs also allege they were subjected to unconstitutional conditions of confinement in the holding cells of the St. Tammany Parish Jail in 2019, including days or weeks of detainment in significantly overcrowded cells, inadequate bedding, and the denial of sanitary items and showers. The *Louviere* Complaint likewise seeks individual and class-wide relief, bringing claims pursuant to 42 U.S.C. §1983 for violations of the

Fourteenth Amendment (Count I, against all Defendants), for violations of the Louisiana state constitution (Count II, against all Defendants), for negligence (Count III, against Smith, Strain, Longino, and Kelly), for *respondeat superior* liability (Count IV, against the St. Tammany Parish Council), and requesting preliminary and permanent injunctive relief (Count V, against all Defendants) and requesting certification pursuant to Rule 23(b)(2) and (b)(3) for the following class:

> All detainees who have been or will be placed into the custody of the St. Tammany Parish Jail and were detained for at least two consecutive days in holding cells. The class period commences when this practice began, including but not limited to the time period commencing on June 29, 2019, and extends to the date on which St. Tammany Parish is enjoined from, or otherwise ceases, enforcing its policy, practice and custom of refusing to abide by appropriate detention and housing standards to all pre-trial detainees admitted to the St. Tammany Parish Jail and held in the intake and/or holding cell area. Specifically excluded from the class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.

On July 6th, 2020, this Court, noting that the subject matter of the *Louviere* complaint "related to that" of the instant matter, transferred the *Louviere* case to Section D(2) of this Court. *See Ex. B, July 6th 2020 Order*.

At the time of the filing of the respective Complaints, Plaintiff Klabert Guillot, Jr. was the only named Plaintiff in either case to remain in St. Tammany Parish custody.

## LEGAL STANDARD

Federal Rule of Civil Procedure 21 states that "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The Court has broad discretion in making this determination. *In re Rolls Royce Corp*., 775 F.3d 671, 680 (5th Cir. 2014). A Court may sever claims even where the requirements of Rule 20(a) for permissive joinder have been satisfied. *See E. Cornell Malone Corp. v. Sisters of the Holy Family*, 922 F. Supp. 2d 550, 561 (E. Dist. La. 2013).

Federal Rule of Civil Procedure 42(a) provides that where actions before the Court involve a common question of law or fact, the Court may join for hearing or trial any matters at issue in the actions, consolidate the actions, or issue any other orders "to avoid unnecessary cost or delay." Rule 42(a) should be used to expedite trial and eliminate unnecessary repetition and confusion. *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir.1977) (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir.1973)) "The trial court's managerial power is especially strong and flexible in matters of consolidation," and will be disturbed only for abuse of discretion. *Id.*

## ARGUMENT

### I. Plaintiffs' Motion to Sever

Severance of Plaintiff Guillot, Jr.'s claims is appropriate in the instant matter. Mr. Guillot, Jr. was incarcerated at the time of the filing of the instant Complaint. In ruling on the *Baqer* Plaintiffs' motion for a preliminary injunction in the instant matter, the Court noted that Plaintiff Guillot, Jr., as a person presently incarcerated, did not have standing to seek the injunctive relief requested by himself and his co-Plaintiffs[1].

This Court has previously held that a named representative of a putative class may voluntarily sever his claims from the claims of his co-Plaintiffs, just as he would have the right to opt out of a class action in the event of certification. *See Washington v. CSC Credit Servs.*, 194 F.R.D. 244, 247 (E. Dist. La. 2000). This is particularly true where the claims of a putative class representative are "factually distinct" from the common claims of the other Plaintiffs, and are therefore not "typical of the claims or defenses of the class." *Id.*, citing *Aguirre v. Bustos*, 89 F.R.D. 645, 648 (D.N.M. 1981) (severing one proposed class representative where he was differently situated from and his interests were thus partially at odds with the other proposed representatives). *See also Greene v. Mobil Oil Corp.*, 66 F.

[1] Counsel for Defendants Smith, Longino, Kelly, and Strain have indicated during conferral that these Defendants intend to object to Plaintiffs' request for severance.

Supp. 2d 822, 823 (E.D. Tex. 1999) (severing original representative plaintiffs from later added plaintiffs in order to guard against delay and prejudice in complex action); 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1689 (1986). As in the instant matter, the putative class in *Washington* was not yet certified[2]; the Eastern District of Louisiana held that Rule 21 therefore governed the propriety of severance.

Like the severed Plaintiff in *Washington*, Mr. Guillot, Jr.'s interests and potential relief are factually distinct from that of his co-Plaintiffs. Severance will permit him to pursue this distinct relief separately, and will allow for resolution of his individual claims without the burden of motion practice and discovery relating to broader class concerns or injunctive relief. See *Washington*, 194 F.R.D. at 249 (noting severance was appropriate for the individual action "to avoid undue delay in adjudicating her factually distinct individual claim.") Plaintiff respectfully submits that it would be appropriate for the Court to exercise the discretion granted it under Rule 21 to allow Mr. Guillot, Jr. to sever his claims and proceed individually.

## II. Plaintiffs' Motion to Consolidate

The claims raised in the *Louviere* case and those in the instant matter present significant overlaps of law and fact- namely, the conditions present in the St. Tammany Parish Jail holding cells in 2019, whether those conditions rise to the level of a constitutional violation, and whether resolution through the certification of a class is appropriate. The Court itself has recognized this similarity, transferring the *Louviere* matter to the section before which this matter is pending.

Rule 42(a) should be used to speed litigation and eliminate duplicative efforts and confusion. *See In re Air Crash Disaster*, 549 F.2d at 1013. Consolidation in the instant matter will serve several efficacious purposes for the Court and the parties. It will hasten the completion of

[2] The *Washington* class had been previously certified, but vacated by the Fifth Circuit. The distinction between a vacated class and a putative class awaiting certification was not germane to the Court's holding regarding severance.

discovery, and will eliminate the need for the parties to issue and respond to nearly identical sets of written discovery. The parties will be able to complete pertinent depositions more quickly. Perhaps most importantly, the Court will not be required to consider separate class certification motions, nor oversee two distinct streams of class discovery. The conservation of Court resources represented by consolidations is not outweighed by prejudice to any party; identical Defendants are named in each case, and identical claims are brought against them[3].

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their motion in its entirety, and thereby:

1) Sever the claims of Plaintiff Klabert Joseph Guillot, Jr. from the instant action;
2) Consolidate this matter with the case *Louviere et. al. v. St. Tammany Parish Government*, 2:20-cv-01840-WBV-DPC; and
3) For any other relief this Court deems just and proper.

Respectfully Submitted,

By: *__/s/ Nicolette A. Ward*___________
Attorney for Plaintiffs

**Dated: September 16, 2020**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

[3]Counsel for Defendants Smith, Longino, Kelly, and Strain have indicated during conferral that these Defendants have no objection to Plaintiffs' request for consolidation.

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Nicolette A. Ward (*pro hac vice*)
Ian P. Fallon (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
nward@rblaw.net, ifallon@rblaw.net

**CERTIFICATE OF SERVICE**

This is to certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system this 17th day of September 2020.

**Date: September 17th, 2020** **/s/ *Nicolette A. Ward***