**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.,<br><br>Plaintiffs;<br><br>v.<br><br>ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity;<br><br>Defendants. | * * * * * * * * * * * * * * * * * * | **CIVIL ACTION NO.: 20-00980-WBV-JCW**<br><br>JUDGE VITTER<br><br>MAGISTRATE JUDGE PHILLIPS CURRAULT<br><br>JURY TRIAL |

******************************************************************************

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

NOW COME the Plaintiffs, AHMED BAQER; KLABERT JOSEPH GUILLOT, JR.; and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record ROMANUCCI & BLANDIN, LLC; JACOB LITIGATION, INC.; and the GLORIOSO LAW FIRM, and Pursuant to Rule and 23(b)(3) and 23(c)(4) of the Federal Rules of Civil Procedure, Plaintiffs file their Motion for Class Certification. In support thereof, Plaintiffs rely on the arguments and authority discussed in the accompanying memorandum and exhibits.

1. Plaintiffs represent a class of more than 5,000 men who were detainees held in the holding cells at St. Tammany Jail from March 22, 2019 until the present.
2. As detainees, in the holding cells at St. Tammany Jail, detainees were held in deplorable conditions and experienced egregious, severe and demeaning violations of their constitutional rights.

3. Plaintiffs filed claims alleging violations of their 14th Amendment Rights under Section 1983 of the Civil Rights Act.

4. Plaintiffs respectfully move for class certification on their Section 1983, 14th Amendment Claims based on the facts and authorities set forth in the accompanying Memorandum of Law and Exhibits thereof.

5. Plaintiffs propose the following class definition:

   All detainees who have been or will be placed into the custody of the St. Tammany Parish Jail and were detained for at least two consecutive days in holding cells. The class period commences when this practice began, including but not limited to the time period commencing on March 22, 2019, and extends to the date on which St. Tammany Parish is enjoined from, or otherwise ceases, enforcing its policy, practice and custom of refusing to abide by appropriate detention and housing standards to all pre-trial detainees admitted to the St. Tammany Parish Jail and held in the intake and/or holding cell area. Specifically excluded from the class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.

6. Plaintiffs also move that the Court appoint one or more of them to be as Class Representatives, and for the appointment of Jacob Litigation, the Glorioso Law Firm, and Romanucci & Blandin, LLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

7. "[E]fficiency and economy of litigation" is "a principal purpose of the [Rule 23] procedure." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553, 94 S. Ct. 756, 766 (1974).

8. "Rule 23 of the Federal Rules of Civil Procedure provides for class actions that may enhance the efficacy of private actions by permitting citizens to combine their limited resources to achieve a more powerful litigation posture." *Hawaii v. Standard Oil*, 405 U.S. 251, 266, 92 S. Ct. 885 (1972).

9. Fed. R. Civ. P. 23(a)'s requirements are: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. Fed. R. Civ. P. 23(a).

10. As described further in the Memorandum of Law, in this case, the members of the class are so numerous that joinder is impracticable. There are questions of law and fact common to both plaintiffs and the class. The plaintiffs' claims are typical of other plaintiffs' claims and to those of the class. Finally, the named plaintiffs and their counsel will fairly and adequately represent the class.
11. In addition, the parties seeking class certification must show that the action is maintainable under Rule 23(b). *See*, *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012).
12. Under Rule 23(b)(3), a class should be certified if common questions predominate and a class action is superior to other methods for resolving the controversy. Fed. R. Civ. P. 23(b)(3).
13. There are many common issues amongst the class members, including the conditions endured, the policies in place relevant to those conditions, and the relationship of those conditions to punitive intent.
14. A class action before the Federal District Court is superior to other methods for resolving the controversy due to highly increased efficiency and preservation of Court resources.
15. Because plaintiffs have satisfied the requirements of Rule 23(a) as well as (b)(3), plaintiffs' Motion for Class Certification should be granted.
16. For the foregoing reasons, and as explained in greater detail in Plaintiffs' Memorandum in Support of this Motion, Plaintiffs respectfully pray that this Court grant Plaintiffs' Motion for Class Certification in its entirety, and certify this case to proceed as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, or in the alternative, Rule (c)(4).

WHEREFORE, Plaintiffs respectfully request that this Court grant their motion in its entirety, and certify this case to proceed as a class action pursuant to Rules 23(a) and 23(b)(3), or in the alternative, Rule (c)(4).

Respectfully Submitted,

By: __*/s/ Ian P. Fallon*___________
Attorney for Plaintiffs

**Dated: September 22, 2020**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Nicolette A. Ward (*pro hac vice*)
Ian P. Fallon (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
nward@rblaw.net, ifallon@rblaw.net