UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH | * | NO. 2020-CV-980 |
| GUILLOT, JR., and KLABERT JOSEPH | * | |
| GUILLOT, SR. | * | |
| **Plaintiffs** | * | |
| VERSUS | * | JUDGE VITTER |
| | * | |
| ST. TAMMANY PARISH GOVERNMENT, | * | |
| a/k/a ST. TAMMANY PARISH COUNCIL, | * | |
| ST. TAMMANY PARISH SHERIFF'S | * | MAGISTRATE CURRAULT |
| OFFICE, RANDY SMITH, in his official | * | |
| and individual capacity, RODNEY J. | * | |
| STRAIN, in his official and individual | * | |
| capacity, GREG LONGINO, in his official | * | JURY DEMAND |
| and individual capacity, and LACEY | * | |
| KELLY, in her official and individual | * | |
| capacity | * | |
| **Defendants** | * | |

*********************************************************************************

DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

NOW COME, Defendants, Sheriff Randy Smith, Lacey Kelly, Rodney J. Strain, and

Greg Longino, each in their official and individual capacities, and respectfully submit this

memorandum in support of their motion for summary judgment, and respectfully aver as follows:

I.      RELEVANT BACKGROUND AND FACTS

Plaintiff, Klabert J. Guillot, Jr., filed the instant action on March 22, 2020 (R. Doc. 1).

Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983, the Fourteenth

Amendment to the United States Constitution, and the laws of the State of Louisiana. (R. Doc. 1,

¶ 1). Plaintiff's complaint challenges the conditions of his pre-trial detainment at the St. Tammany

Parish Jail, and in particular, Plaintiff has alleged that there is an established policy or practice at

the St. Tammany Jail to keep pre-trial detainees in holding longer than 48 hours, and that this policy or practice has resulted in overcrowded conditions within the holding cells. Plaintiff claims that the holding cells are not adequately cleaned, that individuals in holding are denied recreation opportunities, that individuals are denied adequate medical care while in holding, that individuals are not provided adequate showering opportunity while in holding, and that individuals arrested for non-violent offenses are placed into holding alongside allegedly violent arrestees. Plaintiff alleges all of these conditions have been put into place for the purpose of punishing pre-trial detainees. Plaintiff has named as defendants not only the current Sheriff of St. Tammany, Sheriff Randy Smith, and the warden of the St. Tammany Parish Jail, Lacey Kelly, both of whom were in office at all times relevant to their detentions, but also Sheriff Smith's predecessor-in-office, Rodney Strain, as well as Lacey Kelly's predecessor, Mr. Greg Longino.[1]

Thereafter, Plaintiff filed a Motion for Preliminary Injunction, and on April 10, 2020, this Court held a hearing on Plaintiff's Motion for Preliminary Injunction (R. Doc. 38). During that hearing, Plaintiff testified that he had never begun or exhausted his administrative remedies at St. Tammany Parish Jail prior to filing this suit (R. Doc 40 at p. 25; Rec. Doc. 44 pages 83-84). Furthermore, Defendant, Lacey J. Kelly, has confirmed that Plaintiff never initiated any administrative remedies regarding any conditions of confinement at all prior to filing this litigation (R. Doc. 37-1 at p. 4).

## II.    LAW AND ARGUMENT

### A.  Standard for Granting Summary Judgment

Federal Rule of Civil Procedure 56 governs the motion for summary judgment in federal court. The rule mandates that a granting of summary judgment is appropriate "if the movant

---

[1] The Plaintiffs' claims against Rodney J. Strain and Greg Longino are the subject of a Motion to Dismiss currently under submission before this Honorable Court (Rec. Doc. 45).

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]

As a general rule, the moving party has the initial burden to establish that there are no issues of material fact and that the mover is entitled to judgment in its favor as a matter of law.[3] Only disputed facts that might affect the outcome of the lawsuit under governing law will preclude summary judgment.[4] If the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, then no genuine issue of material fact exists.[5] A fact is material only when it might affect the outcome of the suit under the governing law.[6] In other words, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion.

In practice, the Fifth Circuit requires the nonmoving party to tender what it has called "significant" and "probative" evidence to rebut a properly-supported summary judgment motion.[7] This burden placed on the non-mover to offer countervailing evidence is a heavy one. In fact, one court has expressed, in rather blunt terms, that summary judgment is the stage of the proceedings for parties "to put up or shut up."[8]

---

[2] Fed. R. Civ. P. 56(a); *See also*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *Poole v City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).
[3] *Breen v. Texas A&M University*, 485 F.3d 325, 331 (5th Cir. 2007); *Rivera v. Houston Independent School District*, 349 F.3d 244, 246-47 (5th Cir. 2003).
[4] *Condiff v. R.D. Werner Company, Inc.*, 2003 WL 21977167, *1 (E.D. La. 2003).
[5] *New Orleans Assets v. Woodward*, 278 F. Supp. 2d 776, 780 (E.D. La 2003).
[6] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006); *see also Thomas v. Barton Lodge II, Ltd.,* 174 F.3d 636, 644 (5th Cir. 1999) "There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . . . If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."
[7] *Whitt v. Stephens County*, 529 F.3d 278, 283 n. 8 (5th Cir. 2008).
[8] *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2nd Cir. 2000); *see also, Ankum v. White Consolidated Industries*, 1992 WL 236961, *5 (E.D. La. 1992) (Sear, J.) ("The party moving for summary judgment need not negate an element necessary for the other's case; he simply can ask the other party to 'put up for shut up.' The opposing party then must go beyond the pleadings and offer proof of his claim.") (emphasis added).

B. *Plaintiff Must Exhaust All Available Administrative Remedies Prior to Suit*

"No action shall be brought with respect to prison conditions… or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[9] This requirement that a prisoner exhaust all administrative remedies prior to suit is both mandatory and non-discretionary.[10] This limitation is an attempt to eliminate federal-court interference in the running of the administration of prisons and allow the prisons to have an opportunity to deal with complaints themselves before they proceed to court.[11] Simply put, "no unexhausted claim may be considered."[12]

Plaintiff has already testified in this Court that he had not initiated any administrative complaint with the St. Tammany Parish Jail prior to suit (R. Doc 40 at p. 25; Rec. Doc. 44 pages 83-84). Furthermore, the warden of the St. Tammany Parish Jail confirmed this, stating via affidavit that she has no record of Plaintiff ever making any complaint with the jail regarding the conditions of his confinement or for any other reason at all. (R. Doc. 37-1 at p. 4). No trier of fact, after having reviewed the testimony from the Plaintiff and the warden, could find a genuine dispute as to any material facts regarding the lack of pursuance of any administrative remedies by Plaintiff, Klabert Jospeh Guillot, Jr.  Both people best situated to know, the Plaintiff and the warden, deny that any such administrative remedy had ever been sought prior to suit. Accordingly, the facts and the law are both clear and undisputed and Plaintiff's claims must be dismissed.

---

[9] 42 U.S.C.S. § 1997e(a) (LexisNexis 2020).
[10] *Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012).
[11] *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) *citing Porter v. Nussle,* 534 U.S. 516, 525 (2002).
[12] *Jones v. Bock,* 549 U.S. 199, 219-20 (2007).

### III.    CONCLUSION

For those reasons set forth above, and as evidenced in the accompanying statement of uncontested material facts and the cited record materials, no genuine issue of material fact exists regarding Plaintiff, Klabert Jospeh Guillot, Jr.'s failure to exhaust his pre-suit administrative remedies, and Defendants are therefore entitled to a judgment as a matter of law.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/Chadwick W. Collings*
**Chadwick W. Collings, T.A.**                     **# 25373**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
*Attorneys for Sheriff Jack Strain, Lacey Kelly, Rodney J. Strain and Greg Longino*

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on October 7, 2020, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/Chadwick W. Collings*
Chadwick W. Collings