UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR. | * * * | NO. 2020-CV-980 |
| **Plaintiffs** | * | |
| VERSUS | * | JUDGE VITTER |
| | * | |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual capacity | * * * * * * * * * * | MAGISTRATE CURRAULT  JURY DEMAND |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SEVER

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sheriff Randy Smith, Lacey Kelly, Rodney J. Strain, and Greg Longino, each in their official and individual capacities, and herewith provide the following opposition to the Plaintiffs' Motion to Sever the claims of Klabert Joseph Guillot, Jr. (Rec. Doc. # 94):

## BACKGROUND

Plaintiffs filed the instant action on March 22, 2020 in which Plaintiffs allege violations of their civil rights pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana. Plaintiffs' complaint challenges the conditions of their pre-trial detainment at the St. Tammany Parish Jail, and in particular, Plaintiffs have alleged that there is an established policy or practice at the St. Tammany Jail to

keep pre-trial detainees in holding longer than 48 hours, and that this policy or practice has resulted in overcrowded conditions within the holding cells (Rec. Doc. 1). Plaintiffs have named as defendants not only the current Sheriff of St. Tammany, Sheriff Randy Smith, and the warden of the St. Tammany Parish Jail, Lacey Kelly, both of whom were in office at all times relevant to their detentions, but also Sheriff Smith's predecessor-in-office, Rodney Strain, as well as Major Kelly's predecessor, Greg Longino. Thereafter, Plaintiffs filed a motion to sever Plaintiff, Klabert Guillot, Jr.'s claims from the instant action.

## **LAW AND ARGUMENT**

Plaintiff, Klabert Guillot, Jr., chose the timing and venue for this civil action. He chose to file his claims with two (2) other plaintiffs asserting similar claims against Sheriff Smith and the other defendants. He chose to file this action knowing that, as the plaintiff, he has the burden of proof. He chose to file this action knowing that he would be required to give sworn testimony and otherwise participate in discovery and trial. He chose to file this action with a reasonable assurance that Sheriff Smith and the other defendants would present a defense to his claims.

Plaintiff, Klabert Guillot, Jr., does not assert that his voluntary association with the other plaintiffs in this action is a form of "misjoinder of parties" under FRCP 21 (and Sheriff Smith along with the other defendants deny such). Similarly, he does not explain how severance of his claims for separate trial would be convenient, avoid prejudice to Sheriff Smith and the other defendants, or expedite or economize the action under FRCP 42.

The issue of severing an action is one that the district court has discretion over if the action is misjoined or might otherwise cause delay or prejudice.[1] While the Fifth Circuit has not

---

[1] *Applewhite v. Reichhold Chems.,* 67 F. 3d 571 (5th Cir. 1995) *citing Mosley v. General Motors Corporation,* 497 F. 2d 1330, 1332-33 (8th Cir. 1974).

formally adopted a test for severance, it has noted that the district courts in this circuit have settled on a standard that parallels what is used in other circuits. This standard asks

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether the settlement of the claims or judicial economy would be facilitated; (4) whether the prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.[2]

In the instant case, all of the claims made by Plaintiffs arise out of the same occurrence, that is the alleged conditions of their confinement, and these claims all present the same questions of law and fact, that is if the nature of these alleged conditions rise to the level of constitutional violations. Furthermore, the claims presented by Plaintiffs all rely on the same witnesses and testimony regarding the conditions of their confinement, therefore settlement and judicial economy would be best facilitated through common discovery and management by the same court. In addition, Plaintiffs do not assert they would be prejudiced if severance were not granted, they merely assert that because Plaintiff Klabert Guillot, Jr. was not able to show standing regarding a preliminary injunction that he requested, that his claims should therefore be severed. Plaintiffs assert that Plaintiff Klabert Guillot, Jr.'s interests and potential relief are now factually distinct, but Plaintiffs fail to give any sort of explanation about how those facts and the potential relief are different now as compared to the other plaintiffs. Plaintiffs correctly note that Plaintiff Klabert Guillot, Jr., is the only named plaintiff still in St. Tammany Parish custody but again fail to explain how that makes a difference regarding the facts of the case or potential relief.

---

[2] *In re: Rolls Royce Corp.,* 775 F. 3d 671, 680 (5th Cir. 2014).

The fact that Plaintiff, Klabert Guillot, Jr., is currently still incarcerated at the St. Tammany Parish Jail does, however, have a dispositive impact on his ability to maintain his cause of action. Specifically, Defendants have filed a motion for summary judgment against Plaintiff Klabert Guillot, Jr. regarding all of his claims in this matter, and this motion is presently pending before this Court (R. Doc. 111). Severance at this point would only cause delay in the hearing of that motion without any discernable benefit to the adjudication of the claims of the parties. The crux of Defendants' motion for summary judgment is that Plaintiff Klabert Guillot, Jr. has failed to exhaust the administrative remedies available to him prior to filing suit, and that this failure to exhaust requires dismissal of all of his claims. This Court has already ruled that Plaintiff Klabert Guillot, Jr. failed to exhaust the administrative remedies available to him at the St. Tammany Parish Jail prior to filing suit (R. Doc. 40 at p. 25), and for this reason, Defendants respectfully aver that severance would provide no benefit, and that this Court may hear argument on that issue without prejudice for a second time.

It would be a substantial burden on Sherriff Smith if Klabert Guillot, Jr.'s claims were severed and stayed. Sheriff Smith along with the other defendants would have to defend and potentially go to trial on two cases, incurring substantial expense in doing so and having two trials further risks affecting witness testimony and availability and would increase defense costs. Similarly, this Court would be burdened with overseeing two cases, and the public interest in seeing actions against governmental entities resolved expeditiously would be thwarted. Put another way, If this Court were to grant the severance that Plaintiffs are requesting, it would create a second, parallel case with the same facts, witnesses and evidence to no advantage for either Plaintiff Klabert Guillot, Jr., the defendants or the other plaintiffs. Furthermore, it would

Case 2:20-cv-00980-WBV-DPC Document 112 Filed 10/09/20 Page 5 of 5


be a poor use of judicial resources and avoid no prejudice to any of the parties. For all these reasons outlined above, Defendants oppose Plaintiffs' Motion to Sever.

In sum, there are simply no "special circumstances" in this action which warrant the extraordinary relief requested by the Plaintiffs in severing the claims of Klabert Guillot, Jr., as civil plaintiffs in this action. *See SEC v. First Financial Group, Inc.*, 659 F. 2d 660, 668 (5th Cir. 1981). Should Klabert Guillot, Jr., wish to rid himself of the burdens inherent in civil litigation, he can easily do so by dismissing his case. In either event, Defendants respectfully request that Plaintiffs' Motion to Sever the claims of Klabert Guillot, Jr., be denied.

       **Respectfully submitted,**

       **MILLING BENSON WOODWARD L.L.P.**

       *s/ Chadwick W. Collings*

       **CHADWICK W. COLLINGS, T.A.**   **# 25373**
       **LAUREN A. WILLIAMS**   **# 37917**
       **68031 Capital Trace Row**
       **Mandeville, Louisiana 70471**
       **Telephone:  (985) 292-2000**
       **Facsimile:  (985) 292-2001**
       ccollings@millinglaw.com
       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on October 9, 2020, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

       *s/ Chadwick W. Collings*
       **Chadwick W. Collings**