IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AHMED BAQER, et al.,** | CIVIL ACTION |
| Plaintiffs, | Case No. 2:20-cv-00980-WBV-DPC |
| v. | DISTRICT JUDGE: |
| **ST. TAMMANY PARISH GOVERNMENT, et al.,** | WENDY B. VITTER SECTION "D" |
| Defendants. | MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT DIVISION "2" |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SEVER AND CONSOLIDATE**

Plaintiffs' Motion to Sever and Consolidate should be granted. At the outset, it should be noted that Plaintiffs' motion seeking consolidation of the instant action with *Louviere et. al. v. St. Tammany Parish Government, et. al.*, 2:20-cv-01840-WBV-DPC is unopposed by Defendants. *See* ECF Doc. No. 112, at 1-5.

Defendants do, however, oppose Plaintiffs' motion to sever the claims of Plaintiff Klabert Guillot, Jr. Defendants suggest that this Court is vested with the discretion to sever a claim only where there is an allegation of misjoinder, or to avoid delay or prejudice. ECF Doc. No. 112, at 2; *citing Applewhite v. Reichhold Chems.*, 67 F.3d 571 (5th Cir. 1995) (internal citation omitted). Defendants fail to acknowledge the authority from this Court finding that a plaintiff may sever his own claim voluntarily where the claims of the plaintiff seeking severance are distinct from the common claims and are not typical of the claims or defenses of the class. *Washington v. CSC Credit Servs.*, 194 F.R.D. 244, 247 (E.D. La. 2000).

1

While *Rolls Royce* does identify a five-part inquiry into the question of severance in the traditional case, it was not decided in the context of a class action brought under Rule 23. 775 F.3d 671, 680 fn. 6 (5th Cir. 2014). There, a single plaintiff and owner of a helicopter sued three companies that either manufactured, designed, or repaired the helicopter prior to a crash. *Id.* at 674. Later, a defendant manufacturer/designer sought to sever the plaintiff's claim against it and to transfer based upon a forum selection clause. *Id.* at 675. The District Court found and the Fifth Circuit affirmed, that as a result of weighing certain factors "there was no basis for *transfer*" in accordance with the forum selection clause. *Id.* (emphasis added). *Rolls Royce* simply does not apply to the narrow circumstances of a class plaintiff seeking severance to litigate his claims in an individual action.

By contrast, *Washington*, expressly allowed severance of a plaintiff's claims where that plaintiff was an originally named plaintiff to a putative class action. *Washington*, 194 F.R.D. at 247. "When a plaintiff who attempts to maintain a class action as a representative also states a sufficient individual claim against [a] defendant [or multiple defendants], the … [individual] claim may be severed and proceeded with separately, even though the class action may have to be dismissed." *Id.* at 248-49. This right to proceed individually mirrors the right to opt out of a class action, which is grounded in Due Process. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 fn. 4 (5th Cir. 1998). Clearly the analysis in *Washington* controls over *Rolls Royce*.

Here, it is not a defendant's request for transfer to another jurisdiction or a forum selection clause that is at issue. Fundamentally, Mr. Guillot Jr.'s interests and potential relief are factually distinct from his co-plaintiffs, as he is the lone Plaintiff still incarcerated[1] at the St.

---

[1] Defendants further note that they have filed a pending motion for summary judgment against Mr. Guillot, Jr. in arguing that severance should not be granted. It is improper to argue the merits of that motion at this time. The adjudication of summary judgment against Mr. Guillot, Jr. will be litigated according to the briefing schedule set by the court.

Tammany Parish Jail. Further, Plaintiff would suffer prejudice from the denial of his right, grounded in Due Process, to proceed as a plaintiff in an individual action. Due to his distinct station, he has an interest in litigating his case separately as an individual action apart from the unwieldy and complex putative class actions.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the Plaintiffs' motion to sever and consolidate.

**Respectfully Submitted,**

**Date: October 13, 2020**         /s/   *Ian Fallon*    
**Attorney for Plaintiffs**

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Nicolette A. Ward (*pro hac vice*)
Ian P. Fallon (*pro hac vice*)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
b.raveendran@rblaw.net
nward@rblaw.net
ifallon@rblaw.net

Devon M. Jacob (*pro hac vice*)
JACOB LITIGATION, INC.
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairie, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com