UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH** | * | **NO. 2020-CV-980** |
| **GUILLOT, JR., and KLABERT JOSEPH** | * | |
| **GUILLOT, SR.** | * | |
| **Plaintiffs** | * | |
| **VERSUS** | * | **JUDGE VITTER** |
| | * | |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | |
| a/k/a **ST. TAMMANY PARISH COUNCIL,** | * | |
| **ST. TAMMANY PARISH SHERIFF'S** | * | **MAGISTRATE CURRAULT** |
| **OFFICE, RANDY SMITH,** in his official | * | |
| and individual capacity, **RODNEY J.** | * | |
| **STRAIN,** in his official and individual | * | |
| capacity, **GREG LONGINO,** in his official | * | **JURY DEMAND** |
| and individual capacity, and **LACEY** | * | |
| **KELLY,** in her official and individual | * | |
| capacity | * | |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### REPLY MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendants, Sheriff Randy Smith, Warden Lacey Kelly, Mr. Rodney J. Strain, and Mr. Greg Longino, each in their official and individual capacities, respectfully submit this Reply Memorandum in Support of Defendants' Motion for Summary Judgment. As demonstrated herein, and in Defendants' Memorandum in Support of Motion for Summary Judgment (R. Doc. 111-2).

**Defendants are entitled to summary judgment because the administrative procedure was available to Plaintiff**

A grievance procedure is not unavailable to a prisoner merely because that prisoner did not know about the grievance process provided that the prisoner has a "fair, reasonable"

opportunity to learn about the existence of the grievance process.[1] In *Davis*, the grievance procedures were published in the inmate handbook and explained on jail television. The Court ruled that absent any other evidence about availability, there was no basis to find that the grievance procedures were unavailable. "Ignorance is not an excuse as no exceptions have been read into § 1997e(a)."[2] In fact, this Circuit has ruled in a number of unpublished opinions that ignorance of the law does not relieve a prisoner of the obligation to exhaust all available administrative remedies prior to suit.[3] In another unpublished opinion in this Circuit, a grievance procedure was found to be available where an inmate could have discovered about its details.[4]

In the instant case, the grievance procedures of the St. Tammany Parish Jail were available to Plaintiff. The procedures are contained in the Inmate Handbook, which is available to all inmates through kiosks or tablet computers (R. Doc. 37-1, ¶ 14). Plaintiff has put forward no evidence that the kiosks and/or tablet computers either did not contain the Inmate Handbook, nor that the kiosks/tablet computers were not functioning properly. In fact, Plaintiff readily admits that he had access to a working computer during his incarceration, and that he knew how to use it (R. Doc. 117-2, ¶ 12). Plaintiff had full access to all of the information that he needed to learn about the grievance process, and therefore the grievance process was available to him.

Plaintiff was booked into the St. Tammany Parish Jail on December 18, 2019 (R. Doc. 1, ¶ 100) and filed the Complaint for this matter on March 22, 2020 (R. Doc. 1). This represents a 95-day gap between when he was first booked into the jail and when he filed his Complaint in this Court. Plaintiff alleges in his Complaint jail conditions of overcrowding, denial of recreational activity, denial of proper hygiene, lack of proper bedding, being held in intake in

---

[1] *Davis v. Hernandez,* 798 F.3d 290, 295 (5th Cir. 2015).
[2] *Thomas v. Fed. Bureau of Prisons,* 2006 U.S. Dist. LEXIS 94730, 2006 WL 3861962.
[3] See *Castro v. Crawfoot*, 102 Fed. Appx. 852, 2004 U.S. App. LEXIS 12523; *Gonzalez v. Crawford*, 419 Fed. Appx. 522, 2011 U.S. App. LEXIS 6025.
[4] *Huff v. Neal*, 555 Fed. Appx. 289, 2014 U.S. App. LEXIS 1535, 2014 WL 274500.

excess of 48 hours and unsanitary conditions among other allegations (R. Doc. 1, ¶¶ 52-83, ¶¶ 94-107). Plaintiff had 90 days from the date of any incident to file a grievance with the jail (R. Doc. 37-1, ¶ 17), which means there was at most a five-day window between the last day when Plaintiff could have filed a grievance with the jail and when he filed his suit in this Court. Allegations by Plaintiff regarding proper hygiene, proper bedding, being held in intake in excess of 48 hours and recreation would not have been apparent until at least a few days into Plaintiff's time at the jail. Unless Plaintiff retained counsel a mere two to three days prior to filing his Compliant in this Court, he would have had the benefit of counsel inside of the 90-day time period within which to file his grievance to advise him about any such administrative procedures. It is also worth noting that co-Plaintiff Klabert Jospeh Guillot, Sr., Plaintiff's father, initiated and completed the grievance process at the jail. Accordingly, the grievance procedure of the jail was available to Plaintiff.

**Plaintiff's affidavit is based on unsubstantiated assertions and conclusory evidence and is therefore not competent summary judgment evidence**

"Conclusory statements, … and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment."[5] "Unsupported allegations of bad faith will not suffice to enable a party to survive summary judgment, especially in a case in which there is evidence that the defendant acted in good faith."[6] In fact, where "[a party] produced sufficient evidence to satisfy its summary judgment burden, the burden shifted to [the nonmovant] to 'set forth facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of the adverse party's pleading.'"[7]

---

[5] *Voyles v. Strain*, 2008 U.S. Dist. LEXIS 3148.
[6] *Krim v. BancTexas Group,* 989 F.2d 1435, 1449 (5th Cir. 1993) (citations omitted).
[7] *United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001).

In the instant case, Plaintiff readily admits that he had access to a working computer that he knew how to operate while he was in jail (R. Doc. 117-2, ¶ 12). Plaintiff never asserts in his declaration that his dormitory computer did not contain the Inmate Handbook or that the dormitory computer did not work during the 90 days within which he needed to file his grievance. All evidence in the record points to the fact that the dormitory computer contained the Inmate Handbook, and that it was available to Plaintiff. The statements in Defendant's declaration regarding his lack of knowledge about the grievance procedure amount to an unsupported denial and should not be relied upon to defeat summary judgment.

**District Courts have no discretion regarding a prisoner's failure to exhaust all of the administrative remedies prior to suit**

The Fifth Circuit has been consistent in its policy regarding a prisoner's failure to exhaust all administrative remedies prior to filing suit in court. "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint … the case must be dismissed if available administrative remedies were not exhausted."[8] This requirement applies to suits regarding all matters of prison life.[9] Exhaustion requires an inmate "to take complete advantage of (legal remedies)" through the conclusion of the administrative remedy procedure.[10] This requirement was put into the statute by Congress to protect the federal courts from frivolous and premature litigation by inmates.[11] In the instant case, Plaintiff did not even attempt to initiate the grievance process with the Court, and therefore, his suit is barred.

---

[8] *Ates v. St. Tammany Parish,* 2014 U.S. Dist. LEXIS 51865 *citing Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir. 2012).
[9] *Voyles v. Strain,* 2008 U.S. Dist. LEXIS 3148 2008 WL 152111 *citing Porter v. Nussle,* 534 U.S. 516, 524 (2002).
[10] *Holmes v. St. Tammany Parish Sheriff's Office*, 2013 U.S. Dist. LEXIS 144778 *citing Underwood v. Wilson,* 151 F.3d 292, 294 (5th Cir. 1998).
[11] *Wetzel v. Strain,* 2010 U.S. Dist. LEXIS 93185 *citing Wendell v. Asher,* 162 F.3d 887, 890 (5th Cir. 1998).

## CONCLUSION

The grievance process was available to Plaintiff during his incarceration, and Plaintiff failed to even initiate a grievance with the jail. A plaintiff must first exhaust all available grievance procedures prior to filing suit, and there are no exceptions to the law. Plaintiff's unsupported declarations regarding his knowledge of the grievance process cannot be relied upon to defeat summary judgment. Accordingly, summary judgment in this matter against Plaintiff should be granted.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*
**CHADWICK W. COLLINGS, T.A.     # 25373**
**LAUREN A. WILLIAMS                      # 37917**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:   (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on November 2, 2020, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**