**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.,

Plaintiffs;

v.

ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity;

Defendants.

**CIVIL ACTION NO.: 20-00980-WBV-JCW**

JUDGE VITTER

MAGISTRATE JUDGE PHILLIPS CURRAULT

JURY TRIAL

*****************************************************************************

**MOTION FOR LEAVE TO FILE UNDER SEAL**

NOW COME the Plaintiffs, AHMED BAQER; KLABERT JOSEPH GUILLOT, JR.; and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record ROMANUCCI & BLANDIN, LLC; JACOB LITIGATION, INC.; and the GLORIOSO LAW FIRM, and pursuant to L.R. 5.6 and in support of their Motion for Leave to File Under Seal, state as follows:

1. Local Rule 5.6 provides that a document may be prospectively filed under seal if it is accompanied, in part, by a non-confidential supporting memorandum that provides: (1)A non-confidential description of what is to be sealed; (2) A statement as to why sealing is necessary; (3) Reference to governing case law, and; (4) A statement of the period of time the

party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing

2. In support of Plaintiffs' Motion for Class Certification, Plaintiffs wish to file certain reports produced by Defendant St. Tammany Parish Sheriff's Office in the course of discovery. These reports set out the movements of individual inmates within the St. Tammany Parish Jail, including booking dates, dates of transfer, and locations of transfer.

3. Based on representations by Defendants regarding jailhouse procedure during previous discovery in this matter and in prior motion practice (See ECF Doc. 35], Plaintiffs believe these reports implicate jail security protocol

4. The Eastern District of Louisiana has noted:

> Courts recognize a common law right to access judicial records and proceedings, but the right is not absolute. Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. It follows then that the district court's discretion to seal [*9] the record of judicial proceedings is to be exercised charily. Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption. The decision as to access is left to the discretion of the trial court, but any doubt must be construed in favor of disclosure.

*Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, 2005 U.S. Dist. LEXIS 10368, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005) (citations and quotations omitted).

5. To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. *Shell Offshore, Inc. v. Eni Petro. US LLC*, No. 16-15537, 2017 U.S. Dist. LEXIS 229720, at *4-5 (E.D. La. Aug. 28, 2017)

6. Plaintiffs request that the document remain under seal on the Court's electronic docket through this Court's resolution of Plaintiffs' Motion for Class Certification.

7. Defendants do not oppose the instant motion.

8. Should the Court deny the instant Motion, Plaintiffs respectfully request that the Court grant them leave to file the proposed Exhibit into the record in support of their motion for class certification.

WHEREFORE, Plaintiffs respectfully request that this Court grant leave to file the inmate movement reports of the St. Tammany Parish Jail under seal as Exhibit A to their Reply in Further Support of Motion for Class Certification, or, should this Court deny the instant motion, for leave to file the proposed exhibit to the docket.

Respectfully Submitted,

By: __*/s/ Nicolette A. Ward*___________
Attorney for Plaintiffs

**Dated: December 1, 2020**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Nicolette A. Ward (*pro hac vice*)

Ian P. Fallon (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
nward@rblaw.net, ifallon@rblaw.net