**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.,** | * | |
| **Plaintiffs** | * | |
| **versus** | * | **CIVIL ACTION** |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity,** | * | **NO. 2:20-cv-00980** <br> **JUDGE WENDY B. VITTER** <br> **MAG. DONNA PHILLIPS CURRAULT** |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT ST. TAMMANY PARISH GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA TO ISSUED TO KELLY RABALAIS**

On January 11, 2021, Plaintiffs' counsel mailed a subpoena to St. Tammany Parish Government seeking to compel former Assistant District Attorney for the 22nd Judicial District, Kelly Rabalais, to be deposed via zoom conference scheduled for February 10, 2021. St. Tammany Parish Government, (hereinafter "STPG"), submits that this Court should quash the subpoena because Plaintiffs did not comply with the *personal service* requirements in Federal Rule of Civil Procedure 45(b).[1]

[1] STPG reserves its right to seek a Protective Order limiting the scope of Ms. Rabalais' deposition to matters not protected by the attorney-client privilege.

**SUMMARY OF THE CASE**

Plaintiffs, Ahmed Baqer, Klabert Joseph Guillot, Jr., and Klabert Joseph Guillot, Sr., filed a class action complaint on March 22, 2020. Plaintiffs seek redress under 42 U.S.C. § 1983 and state law for alleged violation of their constitutional rights, and rights established under the laws of the State of Louisiana. Plaintiffs allege that they were held as pre-trial detainees in cramped holding cells at St. Tammany Parish Jail for "days to weeks" without access to beds, private toilet facilities, showers, hygienic products and adequate medical care. (Rec. Doc. 1, ¶ 2).

Plaintiffs' claims against STPG rely on the flawed legal theory that STPG can be held vicariously liable for the alleged acts or omissions upon which Plaintiffs base their 42 U.S.C. § 1983 and state law claims. Vicarious liability is not, however, a viable legal theory in the context of 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 664, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978). See also, *Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (citing *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir.1996), cert. denied, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 898, 907 (E.D. La. Apr. 12, 2001) (citing *Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 791, 109 S.Ct. 2702, 105 L. Ed. 2d. 598 (1989)); *Thomas v. Frederick*, 766 F. Supp. 540 (W.D. La. 1991); *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669 (La. 1981); *Nall v. Parish of Iberville*, 542 So.2d 145 (La. 1st Cir. 1989); *Abbott v. Town of Livingston,* No. CV 16-00188-BAJ-EWD, 2016 WL 4134565, (M.D. La. July 29, 2016).

---

STPG reserves its right to seek a Protective Order limiting the scope of Ms. Rabalais' deposition to matters not protected by the attorney client privilege.

For the sake of completeness, the moving party also directs the Court's attention to the companion case, *Keith Louviere, et al., v. St. Tammany Parish Government,* et. al., 2:20 -cv-01840-WBV-DPC, filed on June 29, 2020, wherein essentially the same allegations are made against the same defendants. There are presently pending before the court, dispositive motions, a motion to certify the class, and a motion to consolidate the *Baqer* and *Louviere* matters.

**1. FEDERAL RULE OF CIVIL PROCEDURE 45(b) REQUIRES PERSONAL SERVICE OF A SUBPOENA TO APPEAR AT A DEPOSITION.**

On November 13, 2020, in response to Plaintiffs Counsel's request for deposition dates for nineteen (19) witnesses, Counsel for STPG, Assistant District Attorney Emily Couvillon notified Plaintiffs Counsel that STPG no longer employed potential witness, Kelly Rabalais. (Exhibit "A"). Notwithstanding, on January 11, 2021, counsel for Plaintiffs mailed a subpoena issued to Kelly Rabalais to the St. Tammany Parish Government administration building at 214900 Koop Drive in Mandeville, Louisiana. (Exhibit "B") The Subpoena purports to compel Ms. Rabalais to testify at a deposition via zoom video conference on February 10, 2021. The method of service of the subpoena is identified as *certified and regular mail* addressed to "Kelly Rabalais, at 21490 Koop Dr., Mandeville, La 70471."

Ms. Rabalais did not receive the mailed subpoena. And, she was not personally served with the subpoena.

Federal Rule of Civil Procedure 45 provides specific instructions for service:

(b) Service.

> (1) By Whom and How; Tendering Fees. Any person who is at least 18 years old and not a party may serve a subpoena. *Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.* Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

Fed. R. Civ. P. 45, (emphasis added).

Without exception, the District Courts in the Fifth Circuit have strictly enforced Rule 45(b)'s personal service requirement. In *Lexington Ins. Co. v. Harvia Oy,* No. 4:13-CV-713-O, 2013 WL 12330197, at *2 (N.D. Tex. Nov. 14, 2013) after providing a comprehensive review of the case law in the Fifth Circuit on the issue the court granted the motion to quash a deposition subpoena due to lack of personal service. The court found:

> In the Fifth Circuit, personal service of a subpoena is required under Rule 45(b). See *In re Dennis,* 330 F.3d 696, 704 (5th Cir. 2003) (stating Rule 45 "indicates that proper service requires ... personal delivery of the subpoena"); *Bradley v. Keymarket of New Orleans, Inc*., 26 F.3d 1119, at *1 (5th Cir. 1994) (upholding district court decision to quash subpoenas because record showed that employees were not personally served); see also *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (noting Fifth Circuit has interpreted the language of Rule 45 "literally to require nothing short of personal service"); *Boze Mem'l, Inc. v. Travelers Lloyds Ins. Co*., No. 3:12-cv-669-P, 2013 WL 5299278, at *4 (N.D. Tex. Sept. 20, 2013) (noting that until the technical requirements of Rule 45(b)(1) are satisfied the court cannot force a party's compliance with a subpoena); *Plata v. Triton Diving Servs., L.L.C.,* No. 12-1793, 2013 WL 3199720, at *3 (E.D. La. June 21, 2013) (finding service upon registered agent by certified mail violated Rule 45(b)'s personal service requirement); *Bland v. Fairfax Cnty., Va*., 275 F.R.D. 466, 470 (E.D. Va. 2011) (noting Fifth Circuit requires personal service under Rule 45(b)); *Nunn v. State Farm Mut. Auto. Ins. Co*., No. 3:08-cv-1486-D, 2010 WL 4258859, at *1 (N.D. Tex. Oct. 21, 2010) (stating district court cannot exercise contempt power under Rule 45(e) absent proper personal service of the subpoena); *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.,* No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) (finding Rule 45(b)(1) not satisfied when corporation received subpoena after it was propounded upon the Louisiana Secretary of State and then forwarded to corporation via mail); *Weiss v. Allstate Ins. Co*., 512 F. Supp. 2d 463, 466 (E.D. La. 2007) (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)) ("Under the plain language of ... [Rule 45], as well as Fifth Circuit precedent, service is improper if the person himself is not served with a copy of the subpoena."); Wright & Miller, 91 Fed. Pac. & Proc. Civ. § 2454 (3d ed. 2013) (noting the "longstanding interpretation" of Rule 45 that personal service is required).

*Lexington Ins. Co. v. Harvia Oy supra*. at 2. See also, *Bonnecaze v. Ezra & Sons, LLC*, No. CV 14-1774, 2016 WL 1268339, at *3 (E.D. La. Mar. 31, 2016); *Whitley v. Pinnacle Entm't, Inc.,* No. CV 15-595-BAJ-RLB, 2016 WL 6154938, at *2 (M.D. La. Oct. 21, 2016);

*Bergeron v. Great W. Cas. Co.*, No. CIV.A. 14-13, 2015 WL 5307685, at *3 (E.D. La. Sept. 10, 2015).

In *Ferrara v. 4JLJ, LLC,* No. 2:15-CV-182, 2016 WL 4800891(S.D. Tex. Sept. 14, 2016), the court clarified that Federal Rule of Civil Procedure 45's personal service requirement is not subject to liberal interpretation.

> The Court declines to stretch the words "delivering a copy to the named person" to mean anything other than personal delivery of a copy of the subpoena to witness Morales. Elsewhere in the Federal Rules of Civil Procedure, service under state law and other types of service are allowed. See Fed. R. Civ. P. 4(e). To date, neither the Rules Committee nor Congress has deemed it appropriate to place similar language in Rule 45.

Id. at 2.

Because Plaintiffs failed to deliver a copy of the subpoena in question to Ms. Rabalais Plaintiffs cannot compel her appearance at a deposition that Plaintiffs unilaterally scheduled for February 10, 2021.

**WHEREFORE,** for the reasons set forth above St. Tammany Parish Government prays that the Court grant its Motion to Quash.

Respectfully submitted,

s/ James J. Bolner, Jr.
**EMILY G. COUVILLON (LA BAR ROLL #31114)**
**CARY J. MENARD (LA BAR ROLL #09426)**
**JAMES J. BOLNER, JR. (LA BAR ROLL #21485)**
Assistant District Attorneys – 22nd Judicial District
Civil Division
21454 Koop Drive, Suite 2G, Mandeville, LA 70471
Telephone : (985) 898-3427
Email : ecouvillon@22da.com
cmenard@22da.com
jjbolner@22da.com

*Counsel for St. Tammany Parish Government*

**CERTIFICATE**

This is to certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system this 25th day of January, 2021.

s/ James J. Bolner, Jr.
**JAMES J. BOLNER JR.**