UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AHMED BAQER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-980-WBV-DPC** |
| **ST. TAMMANY PARISH GOVERNMENT, ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is Defendant St. Tammany Parish Government's Rule 12(b) 6 Motion to Dismiss.[1] Plaintiffs oppose the Motion,[2] and St. Tammany Parish Government has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

This is an action for declaratory, injunctive and compensatory relief regarding the conditions of pre-trial detention in the four holding cells at St. Tammany Parish Jail. On March 22, 2020, Ahmed Baqer, Klabert Joseph Guillot, Jr. and Klabert Joseph Guillot, Sr. (collectively, "Plaintiffs"), filed a Complaint seeking damages under 42 U.S.C. § 1983, asserting that they were forced to endure prolonged pre-trial detainment in dirty, cramped holding cells in St. Tammany Parish Jail (the "jail") in violation of their constitutional rights under the Fourteenth Amendment.[5] Named

---

[1] R. Doc. 69.
[2] R. Doc. 73.
[3] R. Doc. 80.
[4] Much of the Factual and Background is from the Court's April 11, 202 Order and Reasons denying Plaintiffs' Motion for Preliminary Injunction. *See,* R. Doc. 40.
[5] R. Doc. 1 at ¶¶ 2, 118-129.

as defendants in the Complaint are: (1) St. Tammany Parish Government a/k/a St. Tammany Parish Council; (2) St. Tammany Parish Sheriff's Office ("STPSO"); (3) Randy Smith, in his individual and official capacity as the Sheriff of St. Tammany Parish from July 1, 2016 to the present ("Smith"); (4) Rodney J. Strain, in his individual and official capacity as Sheriff of St. Tammany Parish from 1996 until 2016 ("Strain"); (5) Greg Longino, in his individual and official capacity as Warden of the St. Tammany Parish Jail from "all relevant times and until October 11, 2019" ("Longino"); and (6) Lacey Kelly, in her individual and official capacity as Warden of the St. Tammany Parish Jail "[a]t all relevant times" ("Kelly")[6] (collectively, "Defendants").[7]

Plaintiffs allege that the conditions of the holding cells presented a substantial risk of serious harm to pre-trial detainees, in violation of the Louisiana Constitution, and assert state law claims for negligence and *respondeat superior*.[8]  Specifically, Plaintiffs allege that pre-trial detainees were forced to endure detainment with as many as 24 detainees confined within a ten-foot by twenty-foot space for as long as 18 days.[9]  Plaintiffs assert that, as late as March 3, 2020, the number of detainees held in each holding cell ranged from 17 to 21.[10]  Plaintiffs further allege that pre-trial detainees were forced to sleep on the concrete floor, forced to urinate and

---

[6] *Id*. at ¶¶ 12-23.
[7] *Id*. at Introductory Paragraph.
[8] *Id*. at ¶¶ 130-151.
[9] *Id*. at ¶¶ 2, 67, 69.  The Court notes that Klabert Guillot, Jr.'s testimony at a hearing in this matter held on April 10, 2020 regarding length of confinement differed from the allegations in the Complaint and that the length of pre-trial detention may have been a maximum of 16 days.  The testimony does not affect the analysis of this Motion to Dismiss.
[10] *Id*. at ¶ 71.

defecate in front of each other in a toilet visible to all other detainees within the holding cell, deprived of hygienic products and denied access to showers for days at a time.[11] Plaintiffs assert that Defendants maintained a custom, practice, and *de facto* policy of housing new inmates in individual intake holding cells in excess of 48 hours without classifying and transferring new arrivals to the appropriate housing area.[12] Plaintiffs allege that, upon information and belief, this custom, practice, and *de facto* policy was put in place as early as April 2011 when defendant, Rodney J. Strain, was St. Tammany Parish Sheriff.[13] Plaintiffs further assert that the United States Department of Justice (the "DOJ"), conducted an investigation in 2012, which resulted in a report notifying St. Tammany Parish and defendant, former St. Tammany Parish Sheriff Rodney J. Strain, that as many as 30 prisoners were held in holding cells designed to hold 20 prisoners, and that prisoners were sleeping on floors and benches in holding cells with little or no bedding.[14] Plaintiffs assert that the DOJ also found that prisoners were required to remain in the holding cells for days, if not weeks, before they were assigned to housing units.[15]

    With respect to the three named plaintiffs, Plaintiffs assert that Ahmed Baqer was detained in a holding cell with 19 other pre-trial detainees at St. Tammany Parish Jail for 17 days in December 2019, before being moved to the general population and, shortly thereafter, released.[16] Plaintiffs assert that Klabert Guillot,

---

[11] *Id.* at ¶ 2.
[12] *Id.* at ¶ 56.
[13] *Id.* at ¶ 57.
[14] *Id.* at ¶¶ 58-60.
[15] *Id.* at ¶ 61.
[16] *Id.* at ¶¶ 87, 90, 92, 93.

Jr. was detained in a holding cell for 18 days between December 18, 2019 and January 5, 2020, along with 19 other pre-trial detainees, before being moved to the general population.[17] Plaintiffs claim that during those 18 days, the guards stripped inmates and performed cavity searches of the pre-trial detainees within the holding cell.[18] Plaintiffs also assert that Klabert Guillot, Sr. was detained in a holding cell for 13 days between December 22, 2019 and January 4, 2020, along with 19 other detainees, before being moved to the general population.[19]

Plaintiffs allege that they were all forced to sleep on the bare concrete floor of their respective holding cells for the duration of their detainment, despite the availability of "cell space" and beds within the prison.[20] Plaintiffs argue that Defendants failed to provide the minimum standards for the operation and management of Louisiana jails, set forth in Title 22, Part III, Subpart 2 of the Louisiana Administrative Code ("LAC").[21] Plaintiffs contend that Title 22 of the LAC requires prisons to provide inmates with clean linen and bedding upon admission and at least once a week thereafter, disinfection of inmates' mattresses, pillows and mattress covers, daily access to showers, and to classify and transfer new inmates to an appropriate housing area no later than 48 hours after placing them in individual intake holding cells.[22]

---

[17] *Id.* at ¶¶ 100, 102, 104, 107. *See, supra,* note 9.
[18] R. Doc. 1 at ¶ 106.
[19] *Id.* at ¶¶ 109, 112, 114, 116.
[20] *Id.* at ¶¶ 91, 105, 115.
[21] *Id.*
[22] *Id.* at ¶¶ 36-51.

Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiffs bring this action on behalf of themselves and a putative class of similarly situated individuals, defined as follows:

> All detainees who have been or will be placed into the custody of the St. Tammany Parish Jail and were detained for at least two consecutive days in holding cells. The class period commences when this practice began, including but not limited to the time period commencing on March 22, 2019, and extends to the date on which St. Tammany Parish is enjoined from, or otherwise ceases, enforcing its policy, practice and custom of refusing to abide by appropriate detention and housing standards to all pre-trial detainees admitted to the St. Tammany Parish Jail and held in the intake and/or holding cell area. Specifically excluded from the class are Defendant and any and all of its respective affiliates, legal representatives, heirs, successors, employees or assignees.[23]

Plaintiffs seek a class-wide judgment declaring that the policies, practices and/or customs described above violate the Fourteenth Amendment to the United States Constitution, a class-wide injunction enjoining Defendants from continuing such policies, practices and/or customs, and an award of compensatory and punitive damages on behalf of the class, as well as attorney's fees and costs.[24]

Plaintiffs filed a Motion for Preliminary Injunction on April 3, 2020, and requested expedited consideration thereof in light of COVID-19 and "the deadly threat that worsens by the hour."[25] On April 11, 2020, after an evidentiary hearing by the Court, the Court denied Plaintiffs' Motion for Preliminary Injunction.[26]

---

[23] *Id.* at ¶ 24.
[24] *Id.* at ¶¶ 3, 128-129, 153-156.
[25] R. Doc. 12 at p. 1. The Court granted expedited consideration on April 3, 2020. (R. Doc. 16).
[26] R. Doc. 40.

On July 23, 2020, St. Tammany Parish Government ("STPG") filed the instant Motion to Dismiss, seeking to dismiss all of Plaintiffs' claims against it for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[27] Addressing Plaintiffs' federal claims against STPG under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, STPG asserts that Plaintiffs' claims are premised on three unsupported and incorrect conclusions: (1) that STPG is responsible for the operation and maintenance of the St. Tammany Parish Sheriff's Office; (2) that STPG operated the St. Tammany Parish Jail; and (3) that STPG is liable for the actions of its final policy maker, the sheriff and his employees.[28] STPG asserts that it is a distinct political subdivision with no authority over the operation or maintenance of the jail, the St. Tammany Parish Sheriff (the "Sheriff"), or the Sheriff's employees, and that the doctrines of *respondeat superior* and/or vicarious liability are insufficient to state a claim of municipal liability.[29] STPG contends that "[w]ell established case law" from this Court establishes that sheriffs are the final policymakers with respect to the management and operation of jails under Louisiana law and, as such, local governments can never be held liable under 42 U.S.C. § 1983 for the acts of those whom the local government has no authority to control.[30] STPG points out that La. R.S.15:704 explicitly states "**Each sheriff shall be the keeper of the public jail of his parish**, and shall by all lawful means preserve the peace and apprehend all

---

[27] R. Doc. 69.
[28] R. Doc. 69-1 at pp. 2-3 & 5.
[29] *Id.* at p. 3.
[30] *Id.* at p. 5 (citing *Broussard v. Foti*, Case No. 00-2318, 2001 WL 258055 (E.D. La. Mar. 14, 2001); *Cousin v. St. Tammany Parish Jail*, Case No. 14-1514, 2015 WL 5017113 (E.D. La. Aug. 19 , 2015)).

disturbers thereof, and other public offenders."[31]  STPG notes that La. R.S. 13:55399(C) reiterates that the sheriff is the keeper of the public jail of the parish and that the obligation of the local governing authority is limited to financing and physically maintaining parish jails.[32]

STPG asserts that state and federal courts have repeatedly held that while the governing authority is responsible for the expenses of the jail, "the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed."[33] STPG explains that a sheriff's policy-making authority is not the result of a delegation from parish, as it derives from the Louisiana Constitution.[34] STPG reiterates that the Sheriff has ultimate responsibility for policy making and day-to-day decisions regarding the operation of the jail.  STPG further avers that the deputies are the employees of the Sheriff and that STPG "has no authority to manage the Sheriff's employees."[35]  STPG asserts that Plaintiffs have not alleged any breach of STPG's financial obligation to fund the jail and absent any claims that the jail was physically deficient or insufficiently funded, the § 1983 claims against STPG must be dismissed.[36]

STPG further asserts that Plaintiffs' state law claims must also be dismissed for the same reasons, namely that STPG has no authority or control over the

---

[31] R. Doc. 69-1 at p. 6 (*quoting* La. R.S. 15:704) (emphasis added by Defendants).
[32] R. Doc. 69-1 at p. 6 (*citing* La. R.S. 15:304, 15:702 & 33:4715).
[33] R. Doc. 69-1 at p. 6 (citing *Griffin v. Foti,* 523 So.2d 935, 938 (La. App. 4 Cir. 4/12/88)).
[34] R. Doc. 69-1 at p. 6 (citing *Jones v. St. Tammany Parish Jail*, 4 Supp. 2d 606, 613 (E.D. La. 1998); La. Const. Art. V, § 27).
[35] R. Doc. 69-1 at p. 7 (citing *Jones*, 4 F. Supp. 2d at 613).
[36] R. Doc. 69-1 at p. 7 (citing *Broussard v. Foti*, Case No. 00-2318, 2001 WL 258055 (E.D. La. Mar. 14, 2001); *Courteaux v. Larpenter*, Case No. 19-13173, 2020 WL 2771755, at *6 (E.D. La. Apr. 27, 2020)).

operations of the jail and, therefore, cannot be liable for the acts of those over which it has no authority or control.[37] STPG asserts that Plaintiffs incorrectly allege that STPG is responsible for the purported negligent acts of defendants, Smith, Strain, Longino, and Kelly "undertaken within the scope of their employment by the St. Tammany Parish Council and the St. Tammany Parish Sheriff's Office."[38] STPG maintains that it is not the employer of the Sheriff or his deputies and employees under Louisiana law.[39] Even assuming that STPG did employ the Sheriff and his deputies, STPG argues that the doctrines of *respondeat superior* and/or vicarious liability are insufficient to state a claim of municipal liability, which must be based on factual allegations that demonstrate the existence of a policy, custom or practice of the governmental entity that caused the alleged constitutional deprivation.[40] STPG asserts that under Louisiana law, "the sheriff in his official capacity is the appropriate governmental entity responsible for any constitutional violations committed by his office."[41] STPG argues that the foregoing legal authority clearly establishes that it does not employ or exercise any control of the Sheriff or his deputies. As such, STPG contends that it cannot be liable for the alleged acts or omissions of the other defendants in this case and Plaintiffs' claims should be dismissed.

---

[37] R. Doc. 69-1 at pp. 7-8.
[38] *Id.* at p. 8 (*quoting* R. Doc. 1 at ¶ 150) (internal quotation marks omitted).
[39] R. Doc. 69-1 at p. 8 *(citing* La. Const. Art. V, § 27; La. R.S. 13:5537(A)(1); *Jones,* 4 Supp. 2d at 613).
[40] R. Doc. 69-1 at p. 9 (citing *Monell v. Dept. of Soc. Servs of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).
[41] R. Doc. 69-1 at p. 10 (quoting *Causey v. Parish of Tangipahoa,* 167 F. Supp. 898, 907 (E.D. La. Apr. 12, 2001)) (internal quotation marks omitted).

Plaintiffs oppose the Motion, contesting STPG's recitation of the facts without identifying which facts are purportedly incorrect, asserting only that, "since the Defendant's argument is based on its own version or interpretation of the facts, this should be the end of the inquiry, and the motion denied."[42]  After enumerating the claims made against STPG in their Complaint, Plaintiffs contend that they have met the pleading requirements set forth in Fed. R. Civ. P. 8(a).  Plaintiffs assert that STPG's argument that it "has 'no authority over the operation or maintenance of the jail, the sheriff, or the sheriff's employees,'" is "not exactly correct."[43]  Plaintiffs claim that STPG "has a statutory duty to properly finance and physically maintain the jail."[44]  Plaintiffs argue that while the probability of their recovery against STPG may be low in light of its limited duty in this case, "it is plausible that discovery will reveal that St. Tammany Parish Government's failure to properly fund the sheriff's office and/or failure to properly maintain the jail facility was a moving force" behind placing detainees in small, unsanitary cells.[45]

Plaintiffs then cite a decision from the Middle District of Louisiana, wherein the court held that a parish government could be held liable where the plaintiffs had plausibly pleaded that the local parish government breached its duty to fund and maintain the jail, that the jail was physically deficient and underfunded, and that the local parish government had knowledge of such inadequacies.[46]  Plaintiffs claim

---

[42] R. Doc. 73 at p. 2.
[43] *Id.* at p. 4 (*quoting* R. Doc. 69-1 at p. 3).
[44] R. Doc. 73 at p. 4 (*citing* La. R.S. 15:304, 15:702 & 33:4715).
[45] R. Doc. 73 at pp. 4-5.
[46] R. Doc. 73 at p. 5 (citing *Colbert v. City of Baton Rouge/Parish of East Baton Rouge,* Case No. 17-00028-BAJ-RLB, 2018 WL 344966 (M.D. La. Jan. 9, 2018)).

that they have similarly alleged a constitutional injury, especially where STPG was informed of certain deficiencies by the DOJ's investigation.[47] Plaintiffs argue because STPG has a statutory duty to fund and maintain the jail that, if breached, could have caused Plaintiffs' constitutional injuries, the Motion to Dismiss should be denied.[48] With respect to their state law claims, Plaintiffs "incorporate by reference" their previous arguments, and maintain that STPG's failure to provide adequate funding could have caused plaintiffs' injuries.[49]

In response, STPG again acknowledges its duty to fund the jail, but asserts that the Complaint "is **entirely devoid** of any allegations related to the funding or maintenance of the jail by STPG."[50] STPG argues that Plaintiffs' attempt to assert in their Opposition brief that STPG may have failed to properly exercise its duty to fund the jail does not create a viable cause of action against STPG. Referring back to its Memorandum in Support of its Motion, STPG maintains that the Sheriff, not STPG, is responsible for the day-to-day operation of the jail and the care of inmates.[51] STPG argues that the alleged unconstitutional conduct of keeping inmates in holding cells for excessive periods of time is not an allegation of insufficient funding or maintenance of the jail.[52] Finally, STPG distinguishes the *Colbert* case cited by Plaintiffs by noting that the plaintiffs in that case had expressly pleaded that the local government violated its duty to fund and physically maintain the jail in their

---

[47] R. Doc. 73 at p. 6.
[48] *Id.*
[49] *Id.* at pp. 6-7.
[50] R. Doc. 80 at pp. 2-3 (emphasis in original).
[51] *Id.* at p. 3 (citations omitted).
[52] *Id.*

complaint.[53] STPG reiterates that its sole obligation under the law is to fund the jail and Plaintiffs have not made any allegations related to STPG's failure to fund or maintain the jail.[54]

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[55] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[56] No matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[57] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[58] However, the factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[59] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[60] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the

---

[53] *Id.* at p. 4 (quoting *Colbert v. City of Baton Rouge/Parish of East Baton Rouge,* Case No. 17-00028-BAJ-RLB, 2018 WL 344966, at *5 (M.D. La. Jan. 9, 2018)) (internal quotation marks omitted).
[54] R. Doc. 80 at p. 4.
[55] *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).
[56] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).
[57] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (per curiam).
[58] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[59] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[60] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).

complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[61] The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[62]

### B. Liability Under 42 U.S.C. § 1983

According to the Fifth Circuit, "It is well established that a city is not liable under [42 U.S.C.] § 1983 on the theory of respondeat superior."[63] Instead, a plaintiff asserting a claim against a municipality under 42 U.S.C. § 1983 must allege: (1) the existence of an official policy or custom; (2) a policymaker's actual or constructive knowledge of the policy or custom; and (3) a constitutional violation where the policy or custom is the "moving force."[64] An "official policy or custom" can be shown through evidence of "an actual policy, regulation or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority."[65] This Court has previously held that under the Louisiana Constitution, sheriffs are final policy makers with respect to the management of jails.[66] The Fifth Circuit has further held that in Louisiana, the administration of jails is the province of the sheriff.[67]

---

[61] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).
[62] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).
[63] *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell v. Dept. of Soc. Servs of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).
[64] *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018).
[65] *Valle,* 613 F.3d at 542 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003)).
[66] *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998) (*citing* La. Const. Art. 5, § 27).
[67] *O'Quinn v. Manuel,* 773 F.2d 605 (5th Cir. 1985) (*citing* La. R.S. 15:702).

Under Louisiana law, "Each sheriff shall be keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders."[68] Thus, in Louisiana, "the parish governing authority 'is responsible for the expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed.'"[69] This Court has previously explained that, "The Sheriff's office also controls the inmates of the jail, the employees of the jail, and the daily operation of the jail,"[70] and that, "The Parish's responsibility to the jail is limited to the funding of the jail."[71] "The Parish has no authority to manage the Sheriff's employees. The Parish exercises no power or discretion in the functioning of the Sheriff's office or the jail."[72] As this Court explained more recently, "Simply put, local governments can never be liable under Section 1983 for the acts of those whom the local government has no authority to control."[73]

---

[68] La. R.S. 15:704; *See,* La. R.S. 13:5539 ("Each sheriff shall be keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders.").
[69] *Serigny v. Lafourche Parish Government ex rel. Charlotte Randolph Parish President*, Case No. 10-3205, 2012 WL 3548029, at *3 (E.D. La. Aug. 16, 2012) (quoting *O'Quinn,* 773 F.2d at 609).
[70] *Jones*, 4 F. Supp. 2d at 613 (*citing* La. R.S. 33:1435, 15:704; *O'Quinn,* 773 F.2d at 609).
[71] *Jones*, 4 F. Supp. 2d at 613 (*citing* La. R.S. 15:702; *Amiss v. Dumas*, 411 So.2d 1137, 1141 (La. App. 1 Cir. 1982)).
[72] *Jones*, 4 Supp. 2d at 613.
[73] *Cousin v. St. Tammany Parish Jail,* Case No., 2015 WL 5017113, at *3 (E.D. La. Aug. 19, 2015) (citing *McMillian v. Johnson,* 88 F.3d 1573, 1577 (11th Cir. 1996)).

### III. ANALYSIS

**A. Dismissal is Warranted.**

Plaintiffs have not alleged any breach of STPG's duty to fund or maintain the jail in the Complaint. Instead, the Complaint focuses on the acts and policies of the Sheriff and/or his personnel in running the jail. The Complaint alleges constitutional violations regarding pretrial detainment, specifically alleging overcrowded and dirty cells, and failure to provide hygiene products and showers.[74] Regarding Plaintiffs' allegation of overcrowding, the Complaint provides that, "upon information and belief, beds were available for pre-trial detainees."[75] In fact, Plaintiffs contend that, "At all relevant times . . . ST. TAMMANY PARISH and ST. TAMMANY PARISH SHERIFF had numerous open beds," and that in January 2020, the jail had as many as 137 open beds.[76] The Complaint fails to include any claim that STPG has failed in its obligation to fund the jail.

Plaintiffs have also failed to identify any policy or custom that STPG either promulgated or was aware of which was the moving force for any alleged constitutional violation, as required to establish liability under 42 U.S.C. § 1983.[77] In the Opposition brief, Plaintiffs list the specific paragraphs of the Complaint containing their allegations against STPG (incorrectly referred to as either "St. Tammany Parish Council" or "STPC").[78] Those allegations include "maintaining"

---

[74] R. Doc. 1 at ¶¶ 1-3.
[75] *Id.* at ¶ 63.
[76] *Id.* at ¶¶ 73, 74.
[77] *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citing *Monell v. Dept. of Soc. Servs of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).
[78] R. Doc. 73.

individual intake holding cells, "housing" inmates in holding cells, "allowing" new inmates only sporadic showers, "denying" inmates recreational activity, and "placing" violent and non-violent inmates in the same holding cells.[79] The Court notes that several of the allegations noted by Plaintiffs refer only to actions taken by the Sheriff.[80] The Court finds that Plaintiffs' Complaint fails to allege sufficient facts to state a § 1983 claim against STPG. Plaintiffs' allegations relate to the administration of the jail. According to Louisiana jurisprudence, the sheriff, and not the state or parish, hires and fires deputies, exercises direct and indirect supervision and control over them, fixes their time and place of work, generally allocates their responsibility and assigns their duties.[81] Neither the state nor the parish exercises any significant control over sheriff's deputies.[82]

For many of the same reasons, Plaintiffs' state law claims against STPG also fail to state a claim under Rule 12(b)(6). Plaintiffs allege that "Defendants" were responsible for the negligent acts of the Sheriff or his employees.[83] Plaintiffs further allege that STPG is responsible for those acts under a theory of *respondeat superior* as the employer of the Sheriff and his employees.[84] As succinctly stated by another Section of this Court:

> In Louisiana, the legislative scheme dictates that the [governmental entity] bears the obligation of satisfying the expenses of housing prisoners, while the sheriff has the duty of operating the facility. The [governmental entity] has no authority over the operations of the jail or

---

[79] R. Doc. 73 at pp. 3-4 (*quoting* R. Doc. 1 at ¶¶ 63-68, 70, 77-82).
[80] R. Doc. 73 at pp. 3-4 (*quoting* R. Doc. 1 at ¶¶ 78-82).
[81] *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d. 669 (La. 1981).
[82] *Id.*
[83] R. Doc. 1, ¶¶ 142-147.
[84] *Id.* at ¶¶ 148-151.

>the management of the sheriff's employees. In other words, the [governmental entity's] financial obligations do not constitute authority to control how the sheriff fulfills his duties.[85]

In the instant case, Plaintiffs simply have not identified any duty that STPG has breached. Therefore, Plaintiffs' state and federal claims against STPG must be dismissed.

### B. Leave to Amend is Denied.

In their Opposition brief, Plaintiffs assert that the Motion to Dismiss should be denied or, alternatively, that Plaintiffs' claims should be dismissed without prejudice with leave granted to Plaintiffs to amend.[86] While the Court will "freely give leave [to amend] when justice so requires,"[87] leave to amend "is by no means automatic."[88] In exercising its discretion, this Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[89] However, "i[t] is within the district court's discretion to deny a motion to amend if it is futile."[90] The Fifth Circuit has stated that while it has not specifically defined "futility" in this context, "we join our sister circuits that have interpreted it

---

[85] *Broussard v. Foti*, Case No. 00-2318, 2001 WL 258055 (E.D. La. Mar. 14, 2001) (citing *O'Quinn v. Manuel*, 773 F.2d 605, 613 (5th Cir. 1985)) (internal citations omitted).
[86] R. Doc. 73 at pp. 6, 7.
[87] Fed. R. Civ. P. 15(a).
[88] *Halbert v. City of Sherman, Tex.*, 33 F.3d 526, 529 (5th Cir. 1994) (citation omitted).
[89] *Nolan v. M/V SANTE FE*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)).
[90] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

to mean that the amended complaint would fail to state a claim upon which relief could be granted."[91]

The Court finds that there is no indication of bad faith or dilatory motive on Plaintiffs' part in requesting leave to amend its Complaint. The Court further finds that this is not a situation in which Plaintiffs have repeatedly failed to cure deficiencies in their Complaint through amendments previously allowed. Nonetheless, the Court questions the futility of any amendment in this case.

As an initial matter, Plaintiffs are silent as to what additional facts they could or would plead to assert a plausible claim under 42 U.S.C. § 1983. The Court has already determined that the Complaint contains conclusory allegations that are completely devoid of any suggestion that STPG breached its obligation to fund or maintain the jail. Instead, Plaintiffs allege that STPG "was a public entity responsible for the operation and maintenance of a law enforcement agency known as the ST. TAMMANY PARISH SHERIFF'S OFFICE."[92] Plaintiffs further allege that STPG "operated a detention facility known as the St. Tammany Parish Jail," and that STPG is, "liable for the actions delegated to its final policymaker, the Office of Sheriff of St. Tammany Parish and its Sheriffs."[93] Finally, Plaintiffs allege that the individually named defendants were acting "within the scope of their employment" with STPG and the St. Tammany Parish Sheriff's Office.[94]

---

[91] *Id.*
[92] R. Doc. 1 at ¶ 12.
[93] *Id.* at ¶¶ 13-14.
[94] *Id.* at ¶150.

The Court has already recognized La. R.S. 15:704, which provides that, "Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders."[95] The Court has also recognized the relevant case law, which establishes that STPG was neither responsible for the operation of the jail nor the employer of the Sheriff or the Sheriff's employees. Importantly, Plaintiffs agree in their Opposition brief that STPG's obligation was to "finance and physically maintain the jail."[96] Plaintiffs, however, further assert that, "it is plausible that discovery may reveal that [the Government]'s failure to properly fund the Sheriff's office and/or failure to properly maintain the jail facility was a moving force" that caused the unconstitutional conditions.[97] Plaintiffs provide no support for this statement. The Court finds that Plaintiffs' assertion is nothing more than speculation. It is well established that allegations in a complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[98] As such, any amendment based on this speculative statement would likely be futile.

Further, Plaintiffs' reliance on *Colbert v. City of Baton Rouge/Parish of East Baton Rouge* is misplaced.[99] While the *Colbert* court allowed the plaintiffs in that case to proceed with constitutional claims against the city government, the Court also

---

[95] LA. R.S. 15:704.
[96] R. Doc. 73 at p. 4 (*citing* La. R.S. 15:304, 15:702, and 33:4715).
[97] R. Doc. 73 at p. 4.
[98] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
[99] R. Doc. 73 at p. 5 (citing *Colbert v. City of Baton Rouge/Parish of East Baton Rouge,* Case No. 17-00028-BAJ-RLB, 2018 WL 344966 (M.D. La. Jan. 9, 2018)).

recognized that the plaintiffs had "expressly pleaded that [the city government] violated its duty to fund and physically maintain the prison" by alleging that the city government "failed to provide sufficient funding and oversight to all Defendants, resulting in unconstitutional conditions of confinement at the [jail]."[100] The plaintiffs in *Colbert* had also alleged that the city government's "explicit policy of not sufficiently funding and overseeing [the jail] caused defects in physical design and manner of operation."[101] As STPG correctly points out, no such claims have been made by Plaintiffs in this case. Indeed, Plaintiffs make clear in their Complaint that the jail had numerous open beds and "had as many as one hundred and thirty-seven (137) open beds" at the time of Plaintiffs' detention.[102]

Finally, the Court notes that Plaintiffs have been on notice of the basis for STPG's Motion to Dismiss since July 2020, when the Motion was filed, and have failed to move to amend their Complaint. More importantly, however, Plaintiffs have failed to address the substantive arguments raised by STPG in its Motion to Dismiss, namely, that STPG is not responsible for the day-to-day operation and policy-making decisions of the Sheriff for the jail. Plaintiffs' Complaint is also silent as to any allegation whatsoever regarding STPG's failure of its obligation to fund the jail. Again, Plaintiffs allege that the jail "had numerous open beds," and had as many as 137 open beds at the time Plaintiffs were detained.[103] The Complaint alleges, without

---

[100] *Colbert*, Case No. 17-00028-BAJ-RLB, 2018 WL 344966 at *5 (internal quotation marks and citation omitted).
[101] *Id.* (internal quotation marks and citation omitted).
[102] R. Doc. 1 at ¶ 74.
[103] *Id.* at ¶¶ 73-74.

any factual support, that STPG "was responsible for the operation and maintenance of a law enforcement agency known as the ST. TAMMANY PARISH SHERIFF'S OFFICE," and that STPG, "through the ST. TAMMANY PARISH SHERIFF'S OFFICE, operated a detention facility known as the St. Tammany Parish Jail . . . ."[104] The Court has already determined that Plaintiffs' assertions in this regard are not supported by legal authority. Thus, the Court finds that granting Plaintiffs leave to amend their Complaint would be futile in this case. Further, such an exercise of this Court's discretion would, ultimately, cause undue delay in this matter, which has been pending since March 2020. Exercising the discretion afforded under Fed. R. Civ. P. 15 and the pertinent jurisprudence, the Court finds that granting Plaintiffs' leave to amend their Complaint would be futile in this case and would fail to cure the deficiencies raised by STPG's Motion to Dismiss.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant St. Tammany Parish Government's Rule 12(b)(6) Motion to Dismiss[105] is **GRANTED** and all of Plaintiffs' claims against St. Tammany Parish Government are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, March 22, 2021.

*WENDY B. VITTER*
**United States District Judge**

---

[104] *Id.* at ¶¶ 12-13.
[105] R. Doc. 69.