**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * * * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE VITTER** |
| **VERSUS** | * * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S** | * * * | **MAGISTRATE CURRAULT** |
| **OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual** | * * * | **JURY DEMAND** |
| **capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual** | * * * * * | **COMBINED WITH *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC*** |
| **capacity** | * | **ALL CASES** |
| **Defendants** | * | |

**************************************************************************

**<u>MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER</u>**

**MAY IT PLEASE THE COURT:**

**NOW COMES** Defendants, Sheriff Randy Smith and Lacey Kelly, who respectfully submit the following Memorandum in Support of their Motion for Protective Order.

## I. FACTUAL BACKGROUND

Plaintiffs filed the instant action on March 22, 2020, in which Plaintiffs allege violations of their civil rights pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana.[1] Plaintiffs' complaint challenges the conditions of their pre-trial detainment at the St. Tammany Parish Jail, and in particular, Plaintiffs have alleged that there is an established policy or practice at the St. Tammany Jail to keep pre-trial

[1] *See* Complaint (R. Doc. 1).

detainees in holding longer than 48 hours, and that this policy or practice has resulted in overcrowded and unsanitary conditions within the holding cells.[2] Plaintiffs have named as Defendants not only the current Sheriff of St. Tammany Parish, Sheriff Randy Smith, and the warden of the St. Tammany Parish Jail at all times relevant to their detentions, Lacey Kelly, but also Sheriff Smith's predecessor-in-office, Rodney Strain, as well as Major Kelly's predecessor, Mr. Greg Longino.[3] On April 26, 2021, this matter was consolidated with *Louviere v. St. Tammany Parish Government, et al.*, No. 2:20-cv-1840-WBV-DPC, and Plaintiffs' original motions to certify class, which were filed in both the instant matter and in Louviere, were denied without prejudice.[4]

On October 18, 2022, Plaintiffs' counsel provided counsel for Defendants with their proposed Notice of 30(b)(6) Deposition, containing Plaintiffs' proposed 'Topics of Examination'.[5] On October 18, 2022, counsel for Defendants notified Plaintiffs' counsel, seeking to schedule a Rule 37 Conference with regards to Plaintiffs' proposed notice of 30(b)(6) deposition for the STPSO.[6] On October 20, 2022, counsel for Defendants informed Plaintiffs' counsel that the scope of Plaintiffs' 30(b)(6) notice was far too broad, and therefore "…not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[7] The parties further

[2] *Id.*
[3] *Id.*
[4] *See* Order (R. Doc. 152).
[5] *See* email correspondence between Plaintiffs' counsel and Defendants' counsel, dated October 18 – November 14, 2022, attached herein as Exhibit "1"; *See also*, Plaintiffs' 30(b)(6) Notice of Deposition to Randy Smith, attached herein as Exhibit "1-A"; *See also*, Plaintiffs' Attachment A to Notice of Deposition, attached herein as Exhibit "1-B".
[6] *See* Exhibit 1.
[7] *Id.*

agreed to conduct a Rule 37 telephone conference on October 25, 2022, in order to discuss the scope of Plaintiffs' 30(b)(6) Deposition.[8]

On October 20, 2022, counsel for Plaintiffs further requested counsel for Defendants provide a detailed explanation regarding Defendants objections to the scope of Plaintiffs' 30(b)(6) deposition.[9]

On October 24, 2022, counsel for Defendants explained to Plaintiffs' counsel that the topics of examination included in Exhibit A of the 30(b)(6) notice of deposition were overly broad, not relevant, and not proportional to the needs of the case, as they sought the following information far outside of the time period relevant to the Plaintiffs' claims:

> "1. From 2015 through the present, the job descriptions for the employment positions held by RANDY SMITH, GREG LONGINO, and LACEY KELLEY, with respect to their employment by ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and/or ST. TAMMANY PARISH JAIL.
>
> 2. From 2015 through the present, whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY had policymaking authority with respect to conditions of confinement at the ST. TAMMANY PARISH JAIL, and the scope of such policymaking authority.
>
> …..
>
> 15. From 2015 through the present date, identification of any complaints or concerns from any source (including but not limited to guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials), regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells."[10]

After being provided with this response, Plaintiffs' counsel agreed to limit the scope of topics number one (1) and (2) to the years of 2019 and 2020, the time period relevant to Plaintiffs'

---

[8] *Id.*
[9] *Id.*
[10] *See* Exhibit 1-B.

claims. Counsel for Plaintiffs', however, declined to limit the scope of topic number fifteen (15), to the time period relevant to Plaintiffs' claims, the years of 2019 and 2020.

On November 10, 2022, counsel for Defendants notified Plaintiffs' counsel that they would move forward with the filing of this Motion for Protective Order.[11] Counsel for Defendants circulated a copy of this Motion for Protective Order to Plaintiffs' counsel on November 14, 2022.[12]

## II. LAW AND ARGUMENT

### 1. Federal Rule of Civil Procedure 26

Federal Rules of Civil Procedure Rule 26 provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party. Fed. R. Civ. P. 26(b). Regarding relevancy, this Circuit has held that "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[13] To that point, Rule 26 further instructs that:

> "Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;…"[14]

[11] *See* Exhibit 1.
[12] *Id.*
[13] *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011)
[14] Fed. R. Civ. P. 26(c).

**2. Federal Rule of Civil Procedure 30(b)(6)**

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination."[15] In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[16] "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."[17] The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous.[18]

**3. The topics covered under Plaintiffs' Rule 30(b)(6) notice are overly broad**

Plaintiffs' Rule 30(b)(6) notice seeks the following information, covering the years of 2015 through present:

"1. From 2015 through the present, the job descriptions for the employment positions held by RANDY SMITH, GREG LONGINO, and LACEY KELLEY, with respect to their employment by ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and/or ST. TAMMANY PARISH JAIL.

2. From 2015 through the present, whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY had policymaking authority with respect to conditions of confinement at the ST. TAMMANY PARISH JAIL, and the scope of such policymaking authority.

---

[15] Fed. R. Civ. P. 30(b)(6)
[16] *Id.*
[17] *See Wash. St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*, 2019 U.S. Dist. LEXIS 69489 (M.D. La. 2019), citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).
[18] *See*, *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 U.S. Dist. LEXIS 120825, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 U.S. Dist. LEXIS 97410, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous).

> …..
>
> 15. From 2015 through the present date, identification of any complaints or concerns from any source (including but not limited to guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials), regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells."[19]

In this case, Plaintiffs were each held in holding cells between the period of June 17, 2019 – January 4, 2020. Defendants assert that the only time periods relevant to Plaintiffs' claims are 2019 and 2020. Defendants therefore believe that the proper scope of a 30(b)(6), as it relates to Plaintiffs' claims regarding the conditions of confinement within the holding cells, should cover only the years of 2019 and 2020. Defendants assert that there is nothing germane, relevant or proportional to the needs of Plaintiffs' case with regard to the years of 2015, 2016, 2017, 2018, 2021 or 2022. Accordingly, Defendants have offered to testify as to these matters for the years of 2019 and 2020, the timeframe relevant to Plaintiffs' claims. Plaintiffs have declined, however, to limit the scope of their 30(b)(6) deposition to this relevant timeframe, and instead intend to depose Defendants regarding matters wholly irrelevant to Plaintiffs' claims. Accordingly, Defendants respectfully request that an Order be issued, protecting Defendants from responding to questions with regard to the aforementioned irrelevant timeframe of 2015, 2016, 2017, 2018, 2021 or 2022, and limiting Plaintiffs' questions to the years of 2019 and 2020, the timeframe relevant to Plaintiffs' claims.

**4. Plaintiffs seek to conduct a Fishing Expedition**

As previously noted, the scope of Plaintiffs' 30(b)(6) notice is extremely broad and unduly burdensome. Defendant is in charge of the St. Tammany Parish Jail, which houses hundreds of individuals. Throughout the course of a single year, inmates make hundreds of complaints, with

[19] *See* Exhibit 1-B.

the overwhelming majority of such complaints being completely unwarranted. The idea that Defendants should be forced to ferret through **over seven (7) year's worth** of records relating to any "complaints or concerns from any source" is unduly burdensome, and in no way relates to the claims of these Plaintiffs.

Further, Plaintiffs request, designating Defendants provide records of any "complaints or concerns from any source", in and of itself, is an extremely broad designation. This designation, coupled with the completely unrelated period of time Plaintiffs have requested Defendants provide records for constitutes nothing more than a fishing expedition, which the Fifth Circuit has cautioned against.[20]

Additionally, the request for any such information, covering over seven (7) years, is not proportional to the needs of the case. Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case. As previously noted, Plaintiffs' Motion for Class Certification was denied on April 26, 2021.[21] Plaintiffs' attempt to depose Defendants with regard to the aforementioned irrelevant timeframes amount to nothing more than a fishing expedition, in which Plaintiffs hope to find other similarly situated individuals in the hope of expanding their claims, despite this Court's denial of their Motion for Class Certification. Accordingly, there is no need for Defendants to help Plaintiffs locate additional potential complainants, because they are not plaintiffs in the current matter at issue.

**5. Plaintiffs have Failed to Allege any Actionable Claims**

Plaintiffs have come forward with claims regarding the overcrowding of inmates being held in holding cells, as well as the length of time in which they were held within these cells. Such

[20] *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011)(holding that "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.")
[21] *See* R. Doc. 152.

conditions of confinement as alleged by Plaintiffs, however, are not unconstitutional, and the Courts have consistently provided that overcrowding of holding cells does not present a legally cognizable claim.[22] This was further noted by the District Court in its denial of Plaintiffs' Motion for Preliminary Injunction, wherein Judge Vitter provided that: "It has been repeatedly held that, absent some indication of punitive intent, the mere overcrowding of a jail does not violate the Fourteenth Amendment."[23] Judge Vitter went on to further provide that after reviewing the record as a whole, no evidence of any such punitive intent could be found.[24] Accordingly, because Plaintiffs have failed to allege any actionable claims, Defendants respectfully request that an Order be issued, protecting Defendants from responding to questions regarding the irrelevant timeframes of 2015, 2016, 2017, 2018, 2021 or 2022, and limiting Plaintiffs' questions to the timeframe relevant to Plaintiffs' claims, namely the years of 2019 and 2020.

[22] *See Rhodes v. Chapman*, 452 U.S. 337, 347-50, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981); *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004); *Chavera v. Allison*, 2009 U.S. Dist. LEXIS 32177 (S.D. Miss. 4/15/09); *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004); *Crook v. McGee*, 2008 U.S. Dist. LEXIS 122, 2008 WL 53269, *2 (S.D. Miss. 2008); *Robertson v. Coahoma County, Miss.*, 2008 U.S. Dist. LEXIS 61160, 2008 WL 3334091, *5 (N.D. Miss. 2008).
[23] *See* Order and Reasons (R. Doc. 40, pg. 31).
[24] *See* R. Doc. 40, pg. 32.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

**s/ Chadwick W. Collings**
**CHADWICK W. COLLINGS, T.A. # 25373**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**ccollings@millinglaw.com**
***Counsel for defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Tuesday, November 15, 2022, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

**s/ Chadwick W. Collings**
**Chadwick W. Collings**