**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, et al.,** | * | |
| **Plaintiffs;** | * | |
| | * | **DEMAND FOR JURY** |
| **v.** | * | |
| | * | **No.: 2:20-cv-00980-WBV-DPC** |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | **DISTRICT JUDGE:** |
| **et al.,** | * | **WENDY B. VITTER** |
| **Defendants.** | * | **SECTION "D"** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **DONNA PHILLIPS CURRAULT** |
| | * | **SECTION "2"** |
| | * | |

**************************************************************************

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KEVIN LOUVIERE, et al.,** | * | |
| **Plaintiffs;** | * | |
| | * | **DEMAND FOR JURY** |
| **v.** | * | |
| | * | **No.: 2:20-cv-01840-WBV-DPC** |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | **DISTRICT JUDGE:** |
| **et al.,** | * | **WENDY B. VITTER** |
| **Defendants.** | * | **SECTION "D"** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **DONNA PHILLIPS CURRAULT** |
| | * | **SECTION "2"** |
| | * | |

**************************************************************************

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

**************************************************************************

**AND NOW** come the Plaintiffs, AHMED BAQER; KLABERT JOSEPH GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS; by and through their counsel, THE GLORIOSO LAW FIRM; JACOB LITIGATION, INC.; and ROMANUCCI & BLANDIN, LLC; to respond to the Defendants' Motion for Protective Order (Doc. 187), as follows:

Plaintiff served Defendant, St. Tammany Parish Sheriff's Office, with a Notice of Deposition pursuant to FED.R.CIV.P. 30(b)(6) that in accordance with Rule 30, included a specific list of "Topics for Examination."[1] The Defendants advised undersigned counsel that they objected to the Notice of Deposition.

Undersigned counsel asked the Defendants to specifically identify the topics of examination to which they objected and to state *specific* objections. In response, the Defendants stated that they only objected to three (out of 20) topics: numbers 1, 2, and 15. Moreover, the only objection to the three topics was that the Defendants believed that the topics should be limited to the years 2019 and 2020, instead of to the years 2015 to the present. See (Doc. 187-3, at p. 7) ("We therefore believe that the proper scope of a 30(b)(6) on conditions of confinement within the holding cells should be 2019 and 2020.")

With respect to topics 1 and 2, undersigned counsel was persuaded by the Defendants' argument and agreed to limit the topics accordingly. See (Doc. 187-3, at p. 6) ("Regarding 1 and

[1] The Defendants refer to both the Notice of Deposition and the Topics for Examination as "proposed," based on the mistaken belief that Plaintiffs require the Defendants' concurrence in the topics for examination before Plaintiffs are permitted to conduct the deposition. See (Doc. 187-3, at p. 11) ("I would suggest that we get a notice of 30(b)(6) that all the parties can agree to, get that deposition taken, and then re-visit if there is in fact a need for the Sheriff's deposition."). There is no such requirement. Rather, FED.R.CIV.P. 26 and this Court, not the Defendants, set the scope of discovery.

2, I will agree to limit to 2019 and 2020.") Therefore, the only remaining dispute for the Court to decide relates to topic 15.[2]

The Defendants "request that an Order be issued, protecting Defendants from responding to questions with regard to the aforementioned irrelevant timeframe of 2015, 2016, 2017, 2018, 2021 or 2022, and limiting Plaintiffs' questions to the years of 2019 and 2020, the timeframe relevant to Plaintiffs' claims." See Doc. 187-2, at p. 6. The only objection before the Court, however, pertains to the scope of the deposition of the St. Tammany Parish Sheriff's Office, not the "Defendants" collectively. Regarding the Defendants' relevancy objection, topic 15 provides the following:

> From 2015 through the present date, identification of any complaints or concerns from any source (including but not limited to guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials), regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells.

See Doc. 187, at ¶ 15. Complaints during the four-year period of time prior to incarceration would serve as notice of an unlawful policy/practice. The failure to discontinue an unlawful policy/practice after receiving notice of such would constitute reckless/malicious conduct that

[2] Despite noting in the "Factual Background" section undersigned counsel's agreement to limit topics 1 and 2 as Defendants requested, in the "Law and Argument" section, the Defendants present argument regarding topics 1 and 2. After receiving a draft of the Memorandum, undersigned counsel raised the issue via email, stating,

> Thank you for your email. I am a little confused. We have one remaining disputed issue (#15) that you appear to note in the introduction, but then in the argument section you also argue about the two already resolved issues (#1 and #2). I am not sure why the resolved issues are discussed in the motion. Stated another way, it appears that you are seeking a protective order for #1 and #2 to protect your clients from a dispute that you admit is resolved.

See Plaintiff's Exhibit 1. No response or explanation was provided, and the argument with respect to topics 1 and 2 was left in the Memorandum that was filed.

would support punitive damage claims pending against the Individual Defendants. Furthermore, post incarceration complaints are relevant to establishing that the conduct suffered by the plaintiffs resulted from an unlawful policy/practice as opposed to the conduct just being a 'one-off.' Moreover, complaints can lead to witnesses who can further confirm the existence of the unlawful policies/practices, and importantly, provide information regarding the reason for the policies/practices (i.e., a legitimate penological interest or an unlawful purpose).

Despite raising only one objection to a single specific topic of examination (out of a list of 20 topics), the Defendants state, "the scope of Plaintiffs' 30(b)(6) notice is extremely broad and unduly burdensome" and refer to the notice as a "fishing expedition." See Doc. 187-2, at p. 6. Obviously, the topics listed for examination are not indicative of an intent to embark on a fishing expedition, or Defense counsel would have more than a single objection. Regarding the *only* topic at issue, the topic is narrowly tailored to the "identification of any complaints or concerns from any source . . . regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells" – which is exactly what the lawsuit is about.

The Defendants complain, "Throughout the course of a single year, inmates make hundreds of complaints, with the overwhelming majority of such complaints being completely unwarranted." See Doc. 187-2, at pp. 6-7. One would think then that the few complaints that *were* "warranted" would have been taken seriously, and thus documented and investigated. If, however, the Sheriff's Office received complaints regarding prison conditions in the holding cells but chose not to document the complaints, a representative from the Sheriff's Office should be required to present at a deposition so that this admission can be recorded.

The Defendants further complain, "The idea that Defendants should be forced to ferret through over seven (7) year's worth of records relating to any 'complaints or concerns from any

source' is unduly burdensome, and in no way relates to the claims of these Plaintiffs." See Doc. 187-2, at p. 7 (emphasis removed).

The Sheriff's Office's apparent argument that it would be too burdensome to provide the requested information because the Sheriff's Office does not preserve important business records (i.e., complaints regarding prison conditions in the holding cells) in an organized record-keeping system, is also without merit. "The mere failure of a party to maintain records does not excuse it from producing relevant information." Caliper Technologies Corp. v. Molecular Devices Corp., No. C 02-1837 JSW (JL) (N.D. Cal. 3/10/2003) (N.D. Cal. 2003).

Similarly, the failure to maintain business records in an accessible format is also not an excuse. See Brooks v. Macy's, Inc., No. 10 Civ. 5304 (S.D.N.Y. 2011) ("the burden that results from disorganized record-keeping does not excuse a party from producing relevant documents."); Overseas Fashion Indus., Inc. v. River Heights, Inc., 88 Civ. 2450 (RPP), 1990 U.S. Dist. Lexis 29 at *5 (S.D.N.Y. Jan. 4, 1990) ("a party's failure to keep its documents in organized fashion is not ordinarily a basis for excusing production."); Wesley v. Muhammad, 2008 US Dist LEXIS 74342, at *14-15 (S.D.N.Y. 2008) ("underlying assumption that an institution may shield itself from discovery 'by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of documents an excessively burdensome and costly expenditure' is incorrect"); Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D.D.C. 1991) ("Plaintiffs should not suffer if the information is not easily accessible because defendants have an inefficient filing system"); Allarcom Ltd. v. Telemundo Grp. Inc., 88 Civ. 9265 (KMW), 1989 U.S. Dist. Lexis 13612 at *3 (S.D.N.Y. 1989) ("the fact that a party maintains its documents in a manner that makes access more difficult than it otherwise would be cannot serve as an excuse for not producing relevant

documents."); Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976) ("defendant may not excuse itself from compliance with Rule 34, FED.R.CIV.P., by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition").

The Defendants' argument that the topic of examination (i.e., "identification of any complaints or concerns from any source . . . regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells") "in no way relates to the claims of these Plaintiffs," see Doc. 187-2, at p. 7, is without merit, because the litigation *is literally about the conditions of confinement in the holding cells and the treatment of inmates in the holding cells*. However, if the Defendants wish to continue with their relevance argument, the Defendants should provide the complaint information to the Court for an *in camera* review and decision.

As previously discussed, complaints during the four-year period of time prior to incarceration would serve as notice of an unlawful policy/practice. The failure to discontinue an unlawful policy/practice after receiving notice of such would constitute reckless/malicious conduct that would support punitive damage claims pending against the Individual Defendants. Furthermore, post incarceration complaints are relevant to establishing that the conduct suffered by the plaintiffs resulted from an unlawful policy/practice as opposed to the conduct just being a 'one-off.' Moreover, complaints can lead to witnesses who can further confirm the existence of the unlawful policies/practices, and importantly, provide information regarding the reason for the policies/practices (i.e., a legitimate penological interest or an unlawful purpose).

Finally, the Defendants' argument that the Plaintiffs have not alleged any actionable claims can be disregarded. The Plaintiffs stated claims upon which relief may be granted, which is why the claims were not dismissed and remain pending before this Court.

WHEREFORE, it is respectfully requested that the Court deny the Defendants' Motion for Protective Order (Doc. 187).

**Respectfully Submitted,**

***/s/ Devon M. Jacob*** **Date: November 22, 2022**

**DEVON M. JACOB, ESQUIRE**
PA Bar: 89182
Jacob Litigation, Inc., P.O. Box 837, Mechanicsburg, PA 17055-0837
(717) 796-7733 | djacob@jacoblitigation.com

*Attorney for Plaintiffs*

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on the date listed below, I served a copy of this Memorandum to all counsel of record, via their email address of record.

***/s/ Devon M. Jacob*** **Date: November 22, 2022**

**DEVON M. JACOB, ESQUIRE**