**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE VITTER** |
| **VERSUS** | * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual capacity** | * | **MAGISTRATE CURRAULT**<br><br>**JURY DEMAND**<br><br>**COMBINED WITH *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC***<br><br>**ALL CASES** |
| **Defendants** | * | |

**********************************************************************************

**<u>REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER</u>**

**MAY IT PLEASE THE COURT:**

**NOW COME** Defendants, Sheriff Randy Smith and Lacey Kelly, who respectfully submit the following Memorandum in Support of their Motion for Protective Order.

1. **The topics covered under topic no. 15 in Plaintiffs' Rule 30(b)(6) notice are overly broad and amount to nothing more than a fishing expedition**

As previously noted in Defendants' Motion for Protective Order, topic no. 15 of Plaintiffs' 30(b)(6) notice seeks the following information, covering the years of 2015 through present:

> "15. From 2015 through the present date, identification of any complaints or concerns from any source (including but not limited to guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials), regarding the

conditions of confinement in the holding cells or the treatment of inmates in the holding cells."[1]

Plaintiffs in this matter were each held in holding cells between June 17, 2019 – January 4, 2020. Accordingly, the timeframe relevant to Plaintiffs' claims are 2019 and 2020. Defendant has offered to produce witnesses(es) to testify as to these matters for the years of 2019 and 2020, however, Plaintiffs have informed Defendants that they intend to depose Defendants with regard to the irrelevant timeframe of 2015, 2016, 2017, 2018, 2021 and 2022. Plaintiffs argue that topic no. 15 of their 30(b)(6) is narrowly tailored to the "…identification of any complaints or concerns from any source…regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells."[2] Plaintiffs' assertion that topic no. 15 is narrowly tailored completely ignores the fact that Plaintiffs are seeking information regarding the identification of any "complaints or concerns from any source"[3] regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells from 2015 – 2022. Plaintiffs' assertion that their request that Defendant should be forced to examine hundreds of pages of records encompassing a period of **seven (7) years** relating to any "complaints or concerns from any source" is not unduly burdensome and does not constitute a fishing expedition is completely without merit, as it is the quintessential example of a fishing expedition that would result in an undue burden on the Defendant.

With regard to Plaintiffs assertion that "The Sheriff's Office's apparent argument that it would be too burdensome to provide the requested information because the Sheriff's Office does not preserve important business records (i.e., complaints regarding prison conditions in the holding

[1] *See* Plaintiffs' Attachment A to Notice of Deposition, attached to Defendants' Motion for Protective Order as Exhibit 1-B.
[2] *See* Plaintiffs' Brief in Opposition to Defendants' Motion for Protective Order, R. Doc. 188, pg. 4.
[3] As noted in Defendants' Motion for Protective Order, Plaintiffs' request, designating that Defendants provide records of any "complaints or concerns from any source," in and of itself, is an extremely broad designation.

cells) in an organized record-keeping system, is also without merit,"[4] Defendants note that they have made no such argument, and fail to locate any such argument within their Motion for Protective Order. Defendants have never asserted or made such an argument, which is why Plaintiffs have provided no citation in support of such a claim.

Accordingly, Defendants respectfully request that an Order be issued, protecting Defendants from responding to questions with regard to the aforementioned irrelevant timeframe of 2015, 2016, 2017, 2018, 2021 and 2022, and limiting Plaintiffs' questions to the years of 2019 and 2020, the timeframe relevant to Plaintiffs' claims.

**2. Plaintiffs' request is Not Proportional to the needs of the case**

As previously noted in Defendants' Motion for Protective Order, Plaintiffs' request for any such information, covering over seven (7) years, is clearly not proportional to the needs of the case. Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case. Plaintiffs' Motion for Class Certification was denied on April 26, 2021.[5] Plaintiffs' attempt to depose Defendants with regard to the irrelevant timeframes of 2015, 2016, 2017, 2018, 2021 and 2022, is neither relevant, nor proportional to the needs of the case.

**3. Plaintiffs have Failed to Allege any Actionable Claims**

Plaintiffs have chosen to disregard Defendants' argument and supporting case law providing that Courts have consistently held that overcrowding of holding cells does not present a legally cognizable claim.[6] This was further noted by the District Court, wherein Judge Vitter provided that "It has been repeatedly held that, absent some indication of punitive intent, the mere

---

[4] *See* R. Doc. 188, pg. 5.
[5] *See* R. Doc. 152.
[6] *See Rhodes v. Chapman*, 452 U.S. 337, 347-50, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981); *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004); *Chavera v. Allison*, 2009 U.S. Dist. LEXIS 32177 (S.D. Miss. 4/15/09); *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004); *Crook v. McGee*, 2008 U.S. Dist. LEXIS 122, 2008 WL 53269, *2 (S.D. Miss. 2008); *Robertson v. Coahoma County, Miss.*, 2008 U.S. Dist. LEXIS 61160, 2008 WL 3334091, *5 (N.D. Miss. 2008).

overcrowding of a jail does not violate the Fourteenth Amendment."[7] Additionally, Judge Vitter further provided that the record contains no evidence of any such punitive intent.[8] Plaintiffs, ignoring these facts in their entirety, continue to seek discovery with regard to claims that have been continually held not to be legally cognizable. Defendants, therefore, respectfully request that an Order be issued, protecting Defendants from responding to questions regarding the irrelevant timeframes of 2015, 2016, 2017, 2018, 2021 or 2022, and limiting Plaintiffs' questions to the timeframe relevant to Plaintiffs' claims, namely the years of 2019 and 2020.

**4. Conclusion**

For the reasons expressed above and within Defendants' Memorandum in Support of Motion for Protective Order, protecting Defendants from responding to questions regarding the irrelevant timeframes of 2015, 2016, 2017, 2018, 2021 or 2022, and limiting Plaintiffs' questions to the timeframe relevant to Plaintiffs' claims, namely the years of 2019 and 2020.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

**s/ Chadwick W. Collings**
**CHADWICK W. COLLINGS, T.A. # 25373**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**ccollings@millinglaw.com**
***Counsel for defendants***

[7] *See* Order and Reasons (R. Doc. 40, pg. 31).
[8] *See* R. Doc. 40, pg. 32.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Tuesday, November 29, 2022, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

**__s/ Chadwick W. Collings__**
**Chadwick W. Collings**