UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 20-980 c/w 20-1840 |
| ST. TAMMANY PARISH GOVERNMENT, ET AL | * | SECTION "D" (2) |

**ORDER AND REASONS**

Before me is Defendants Sheriff Randy Smith and Major Lacey Kelly's Motion for Protective Order seeking to limit the scope and time periods of certain topics as specified in topics 1, 2 and 15 in Plaintiffs' Rule 30(b)(6) Notice of Deposition. ECF No. 187. Plaintiffs note in Opposition that they have agreed to restrict topics 1 and 2 to 2019-2020 but contend that all complaints for 2015-date in topic 15 is proper. ECF No. 188. Defendants sought leave and filed a Reply. ECF Nos. 192, 195. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments and of counsel, and the applicable law, Defendants' motion for protective order is GRANTED IN PART AND DENIED IN PART for the reasons that follow.

## I. BACKGROUND

Plaintiffs are pretrial detainees at St. Tammany Parish Jail who filed suit alleging violation of their civil rights pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana. ECF No. 1. Plaintiffs contend that there is an established policy or practice at the St. Tammany Jail to keep pretrial detainees in holding longer than 48 hours, which has resulted in overcrowded and unsanitary conditions. ECF No. 1, ¶¶ 56-57. Plaintiffs also allege that they are denied basic hygiene, recreation opportunities, and adequate

medical care, violent arrestees are housed with non-violent arrestees, and that detainees engage in physical altercations. ECF No. 1, ¶¶ 2, 62-83. Defendants answered, denying the allegations. ECF No. 46.

## II. THE MOTION FOR PROTECTIVE ORDER

Plaintiffs issued a Rule 30(b)(6) notice that included three topics at issue:

1. From 2015 through the present, the job descriptions for the employment positions held by RANDY SMITH, GREG LONGINO, and LACEY KELLEY, with respect to their employment by ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and/or ST. TAMMANY PARISH JAIL.

2. From 2015 through the present, whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY had policymaking authority with respect to conditions of confinement at the ST. TAMMANY PARISH JAIL, and the scope of such policymaking authority.

. . . .

15. From 2015 through the present date, identification of any complaints or concerns from any source (including but not limited to guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials), regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells.

ECF No. 187-5 at 1, 5. The parties resolved the objection to topics 1 and 2 by agreeing to modify the 2015-date period to the 2019-2020 time period. ECF No. 187-2 at 3-4; No. 188 at 2-3. Accordingly, the motion is moot as to topics 1 and 2, leaving only topic 15 for resolution.

In support of the motion, Defendants argue that Plaintiffs were detained between June 17, 2019 - January 4, 2020, so the only relevant time period for complaints or concerns is 2019-2020, and discovery beyond this time period is not proportional to the needs of this case. ECF No. 187-2 at 6. Defendants further argue that the request for "any complaints or concerns from any source (including but not limited to . . ." is overly broad and improper given the hundreds of complaints

received annually and constitutes a prohibited fishing expedition. *Id.* at 6-7. Defendants also argue that Plaintiffs have failed to allege any actionable claim, and thus, discovery should be limited to 2019-2020. *Id.* at 8.

In Opposition, Plaintiffs argue that complaints about jail conditions for the four-year period pre-dating suit are relevant to reckless or malicious conduct because the complains would serve as notice of an unlawful policy or practice and post-incarceration complaints are relevant to establish that the conduct resulted from an unlawful policy or practice, and not an isolated or single incident. ECF No. 188 at 3-4. Plaintiffs also argue that complaints may lead to witnesses. *Id.* at 4. Finally, Plaintiffs argue that the fact that Defendants do not maintain their records in an organized fashion such that they cannot readily search them for responsive information does not justify issuance of a protective order. *Id.* at 5-6.

In Reply, Defendants restate their argument that topic 15 seeks overbroad and disproportionate information, deny any assertion that the Sheriff's Office does not preserve important business records, and reiterate that the timeframe of topic 15 should be limited to the years of 2019 and 2020 because Plaintiffs have failed to allege a legally cognizable claim. ECF No. 195.

## III. APPLICABLE LAW

### A. The Scope of Discovery

Rule 26 authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[1] Information need not be admissible into evidence to be discoverable.[2] Rather, the information merely needs to be ***proportional*** and ***relevant*** to any claim or defense.[3]

To ensure compliance with Rule 26(b)(1)'s proportionality limits on discovery requests, a party seeking discovery is subject to Rule 26(g)(1)(B)'s requirement to certify that the discovery is "(i) consistent with these rules . . . ; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."[4] If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[5]

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[6] At the discovery stage, relevance includes "[a]ny

---

[1] FED. R. CIV. P. 26(b)(1).
[2] *Id.*
[3] *Id.*
[4] FED. R. CIV. P. 26(g)(1)(B)
[5] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016); *see also* FED. R. CIV. P. 26(b)(1), advisory committee comments to 2015 amendment (recognizing that the party claiming undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them).
[6] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).

matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[7] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial.[8] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[9] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[10]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[11] discovery does have "'ultimate and necessary boundaries.'"[12] The Advisory Committee comments to the 2015 amendment to Rule 26 make clear that the parties and the court have a *collective* responsibility to ensure that discovery is proportional. Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[13] Thus, while relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[14] "The court's responsibility, using all the information provided by the parties, is to

---

[7] *Id.* at 590 (citations omitted).
[8] *Id.* at 596 n5 (citation omitted).
[9] *Id.*
[10] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[11] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).
[12] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[13] *Crosby v. La. Health Serv. & Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011) (citation omitted).
[14] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp*., No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd*., No. 18-13556, 2020 WL 1046336, at *3 (E.D. La. Mar. 4, 2020).

consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."[15]

**B. Standard for Protective Order**

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[16] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[17] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[18]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. Fed. R. Civ. P. 26(c)(1)(D), (G). The trial court enjoys wide discretion in setting the parameters of a protective order.[19] "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound

[15] FED. R. CIV. P. 26(b)(1), advisory committee comments to 2015 amendment.
[16] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted).
[17] *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).
[18] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[19] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

discretion."[20]

### C. Rule 30(b)(6) Requirements

"The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition."[21] Rule 30(b)(6) gives the corporation being deposed "more control by allowing it to designate and prepare a witness to testify on [its] behalf."[22] Further, it alleviates the opposing party from "having to play a frustrating game of blind man's bluff in naming the appropriate corporate officer to be deposed or from being bandied from pillar to post by deposition witnesses who disclaim personal knowledge on topics with which others in the corporation are familiar . . . ."[23]

The party seeking to depose an organization "must describe with reasonable particularity the matters for examination."[24] In response, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[25] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[26]

---

[20] *Nguyen v. Excel Corp*., 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citations omitted).
[21] *Johnson v. Big Lots Stores, Inc*., Nos. 04-3201, 05-6627, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resolution Trust Corp. v. S. Union Co., Inc*., 985 F.2d 196, 197 (5th Cir. 1993)).
[22] *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 360 (M.D.N.C. 1996)).
[23] *Id.* (citing *Brazos River Auth. v. GE Ionics, Inc*., 469 F.3d 416, 432–33 (5th Cir. 2006)).
[24] FED. R. CIV. P. 30(b)(6).
[25] *Id.*
[26] *Brazos River Auth. v. GE Ionics, Inc*., 469 F.3d 416, 433 (5th Cir. 2006) (quotations and citations omitted).

"If the [organization] objects to any matter set forth in the deposition notice, it 'bears the burden of demonstrating that the notice is objectionable or insufficient' and may file a motion for a protective order pursuant to Rule 26(c) in order to make that showing."[27]

In light of the burden placed on the corporate deponent by Rule 30(b)(6), the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[28] This enables the corporate entity to fulfill its obligations to choose and prepare a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[29] Otherwise, an overly broad Rule 30(b)(6) notice subjects the noticed party to an impossible task because, if the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.[30]

The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[31] When the notice sufficiently informs the entity of the matters that will be inquired into at the depositions so that it

[27] *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 18-14, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018) (citing *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 406 (E.D.N.C. 2014) (citation omitted)).
[28] *Pauls v. The Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (citing FED. R. CIV. P. 30(b)(6)).
[29] *Id.* at *4 (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).
[30] *Pauls*, 2016 WL 6397564, at *4 (citation omitted).
[31] *Lipari v. U.S. Bancorp, N.A.*, No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12 Civ. 3457, 2013 WL 499520, at *2 (S.D. N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

can determine the identity and number of persons whose presence will be necessary to provide an adequate response, the particularity requirement has been met.[32] Courts have not, however, "hesitated to issue protective orders when [an entity is] asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,"[33] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on every facet of the litigation."[34]

## IV. ANALYSIS

In determining whether a Rule 30(b)(6) notice meets the reasonable particularity requirement, a court should examine the notice in the context of the individual circumstances of the case.[35] A topic that is phrased in terms of "including but not limited to" or "from any source" is improper and must be limited. Requiring a deponent to prepare a witness to address unspecified

---

[32] *Rivas v. Greyhound Lines, Inc*., No. 14-166, 2015 WL 13710122, at *3 (W.D. Tex. Nov. 19, 2015) (citing *Mitsui & Co. (U.S.A.), Inc. v. P.R. Water Res. Auth*., 93 F.R.D. 62, 67 (D.P.R. 1981)) (finding that notices were sufficient to inform defendant "of the matters to be covered in the depositions so that [defendant] could identify the 'persons whose presence will be necessary to provide an adequate response to any… [of plaintiff's] potential questions.'")).

[33] *Lipari*, 2008 WL 4642618, at *6; *see also In re Indep. Serv. Orgs. Antitrust Liti*g., 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co*., No. 11-00105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

[34] *Apple, Inc. v. Samsung Elecs. Co., Ltd*., No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp*., No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding it not possible to properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense.).

[35] *In re Katrina Canal Breaches Consol. Litig*., No. 05–4182, 2008 WL 4936734, at *2 (E.D. La. Aug. 11, 2008) (citing FED. R. CIV. P. 26(b)(1), advisory committee's note to 2000 amendment). *Cf. TV Interactive Data Corp. v. Sony Corp*., No. 10-475, 2012 WL 1413368, at *2-*3 (N.D. Cal. Apr. 23, 2012) (stating court should consider whether, based on the facts of each case, contention interrogatories are a more appropriate discovery tool than a 30(b)(6) deposition) (citing *Exxon Rsch. & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601–02 (1999); *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C.1996) (holding that contention interrogatories were more appropriate than a 30(b)(6) deposition for discovery in a patent case)).

topics from unstated sources is inconsistent with Rule 30(b)(6)'s reasonable particularity requirement. In order for Defendants to prepare their Rule 30(b)(6) deponent adequately, Plaintiffs must identify each and every topic with sufficient specificity.

Further, topic 15 must be restricted to the 2019-2020 time period. While additional years of information could potentially lead to discovery of additional marginally relevant information, discovery into those additional time periods is not proportionate to the needs of this case given that the 2019-2020 date restriction already captures six months of complaints pre-dating suit and almost a year's worth post-dating the relevant period. Likewise, inquiry into "complaints or concerns" rather than documented complaints or concerns would require Defendants to interview every inmate or employee to discern whether any complaints or concerns have been expressed or reported, which is an insurmountable task that is not proportionate to the needs of the case. Further, to the extent that Plaintiffs' description of "conditions of confinement" or "treatment of inmates" would purport to require discovery into any conditions of confinement or treatment of inmates not at issue in this litigation, the request would neither be relevant nor proportionate to the needs of this case.

After considering the arguments of the parties and applicable law, the Court finds that topic 15 must be modified to read:

> For the years 2019-2020, identification of any documented complaints or concerns from guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells of the same nature as those identified in this consolidated lawsuit.

As modified, topic 15 is limited to relevant information that is proportionate to the needs of this case and identifies with specificity the areas of inquiry to enable Defendants to adequately prepare

the Rule 30(b)(6) deponent.

## V. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion for Protective Order (ECF No. 187) is GRANTED IN PART and DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that topic 15 is modified as stated herein.

Dated this 5th day of December, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE