**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * * * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE VITTER** |
| **VERSUS** | * * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual capacity** | * * * * * * * * * * * * | **MAGISTRATE CURRAULT**<br><br>**JURY DEMAND**<br><br>**COMBINED WITH** ***Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC***<br><br>**ALL CASES** |
| **Defendants** | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**MAY IT PLEASE THE COURT:**

**NOW COME** Defendants, Sheriff Randy Smith and Lacey Kelly, who respectfully submit the following Memorandum in Support of their Motion for Protective Order.

## I. FACTUAL BACKGROUND

Plaintiffs filed the instant action on March 22, 2020, in which Plaintiffs allege violations of their civil rights pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the laws of the State of Louisiana.[1] Plaintiffs' complaint challenges the conditions of their pre-trial detainment at the St. Tammany Parish Jail, and in particular, Plaintiffs have alleged that there is an established policy or practice at the St. Tammany Jail to keep pre-trial

[1] *See* R. Doc. 1.

detainees in holding longer than 48 hours, and that this policy or practice has resulted in overcrowded and unsanitary conditions within the holding cells.[2] Plaintiffs originally named as Defendants not only the current Sheriff of St. Tammany Parish, Sheriff Randy Smith, and the warden of the St. Tammany Parish Jail at all times relevant to their detentions, Lacey Kelly, but also Sheriff Smith's predecessor-in-office, Rodney Strain, as well as Major Kelly's predecessor, Mr. Greg Longino.[3] The Court subsequently dismissed Plaintiffs' claims against Rodney Strain and Greg Longino with prejudice on March 22, 2021.[4] On April 26, 2021, this matter was consolidated with *Louviere v. St. Tammany Parish Government, et al.*, No. 2:20-cv-1840-WBV-DPC, and Plaintiffs' original motions to certify class, which were filed in both the instant matter and in Louviere, were denied without prejudice.[5]

**1. Plaintiffs Deposition Notices**

On October 18, 2022, counsel for Plaintiffs provided counsel for Defendants with Plaintiffs' proposed Notice of 30(b)(6) Deposition, containing Plaintiffs' proposed 'Topics of Examination.'[6] On October 18, 2022, counsel for Defendants notified Plaintiffs' counsel, seeking to schedule a Rule 37 Conference with regards to Plaintiffs' proposed notice of 30(b)(6) deposition for the STPSO.[7] On October 20, 2022, counsel for Defendants informed Plaintiffs' counsel that the scope of Plaintiffs' 30(b)(6) notice was far too broad, and therefore "…not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

---

[2] *Id.*
[3] *Id.*
[4] *See* R. Doc. 149.
[5] *See* R. Doc. 152.
[6] *See* email correspondence between Plaintiffs' counsel and Defendants' counsel, dated October 18 – November 14, 2022, attached herein as Exhibit "1"; *See also*, Plaintiffs' 30(b)(6) Notice of Deposition to the STPSO, attached herein as Exhibit "1-A"; *See also*, Plaintiffs' Attachment A to Notice of Deposition, attached herein as Exhibit "1-B".
[7] *See* Exhibit 1.

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[8] On November 15, 2022, after the parties were unable to come to an agreement as to Plaintiffs' 30(b)(6) topics, Defendants filed their Motion for Protective Order.[9]

On December 5, 2022, this Honorable Court issued an Order granting in part Defendants' Motion for Protective Order.[10] On December 5, 2022, in response to this ruling, counsel for Defendants emailed counsel for Plaintiffs, requesting that Plaintiffs re-issue their 30(b)(6) notice in accordance with the ruling so that Defendants could begin to identify the witness(es) who would testify on behalf of the STPSO.[11]

On December 13, 2022, Plaintiffs' counsel provided counsel for Defendants with their revised Notice of 30(b)(6) Deposition, containing Plaintiffs' revised 'Topics of Examination.'[12] Plaintiffs' revised 30(b)(6) examination topics, however, contained additional topics that were not included in Plaintiffs' original notice, as well as requests for information that violate this Honorable Court's previous order, as well as information that is wholly irrelevant, unduly burdensome, and not proportional to the needs of the case.

On December 15, due to the expansion of Plaintiffs' 30(b)(6) deposition topics, counsel for Defendants notified counsel for Plaintiffs that additional time would be needed to determine whether this information was available and assuming that it was, whether this discovery is proportional to the needs of the case, and if not, whether the filing of a second motion for protective

---

[8] *Id.*
[9] *See* R. Doc. 187.
[10] *See* R. Doc. 196.
[11] *See* email correspondence between Plaintiffs' counsel and Defendants' counsel, dated December 5 – December 6, 2022, attached herein as Exhibit "2".
[12] *See* email correspondence between Plaintiffs' counsel and Defendants' counsel, dated December 13,2022, attached herein as Exhibit "3"; *See also*, Plaintiffs' Revised 30(b)(6) Topics to the STPSO, attached herein as Exhibit "3-A".

order would be necessary.[13] Counsel for Defendants further requested that in the meantime, counsel for Plaintiffs provide whether or not they would like to proceed with conducting the depositions of the other fact witnesses.[14]

On December 16, 2022, Plaintiffs' counsel responded that he would be arbitrarily noticing all depositions for January 5th and 6th of 2023, and that all witnesses and Defendants should adjust their schedules accordingly in order to accommodate these dates.[15] Plaintiffs' counsel further asserted that Defendants have had the majority of the 30(b)(6) topics for weeks, despite having just provided Defendants with their newly revised and expanded 30(b)(6) topics just 3 days prior.[16]

Counsel for Defendants immediately informed Plaintiffs' counsel that he was unavailable on January 5, but that he was available January 11, 12, and 13.[17] Counsel for Defendants provided that he would check the availability of all deponents for those three dates, and that because he did not know who the designee for the 30(b)(6) deposition would be, that he could not commit to any date at that time.[18] Counsel for Defendants further provided that, in response to Plaintiffs' newly expanded 30(b)(6) topics, Defendants would have to determine if a corporate representative was available to testify as to all of the newly requested information, and that once this was done, Defendants would be able to determine who the designee would be.[19] Counsel for Defendants additionally proposed that counsel for Plaintiffs could remove much of the information requested

---

[13] *See* email correspondence to Plaintiffs' counsel dated December 15, 2022, attached herein as Exhibit "4".
[14] *Id.*
[15] *See* email correspondence between Plaintiffs' counsel and Defendants' counsel, dated December 16 – December 19, 2022, attached herein as Exhibit "5"; *See also* 30(b)(6) Notice of Deposition of STPSO, attached herein as Exhibit "5-A"; *See* Notice of Deposition to Greg Longino, attached herein as Exhibit "5-B"; *See* Notice of Deposition to Lacey Kelly, attached herein as Exhibit "5-C"; *See* Notice of Deposition to Sheriff Randy Smith, attached herein as Exhibit "5-D"; *See* Notice of Deposition to Richard O'Keefe, Jr., attached herein as Exhibit "5-E".
[16] *See* Exhibit 5.
[17] *Id.*
[18] *Id.*
[19] *Id.*

in the 30(b)(6) deposition notice and convert it to interrogatories, as this would provide Plaintiffs with the same information.[20]

In response, counsel for Plaintiffs countered that:

> "On or before 12/19, I will let you decide on which two dates the depositions will be conducted. After that date, the depositions will remain as scheduled. If you select the 11th, 12, and 13th, I will only agree to reschedule the depositions to those dates if you agree to extend Plaintiffs' expert disclosure deadline by one week to permit sufficient time to obtain the transcript and for my expert to review same. The three options are:
>
> January 5th and 6th
> January 11th and 12th
> January 12th and 13th."[21]

Counsel for Defendants again informed Plaintiffs' counsel that he was not available on January 5th, and that he was not choosing January 11, 12 and/or 13, but was simply informing counsel for Plaintiffs that those dates were available on his calendar and that he was going to confirm that the individual witnesses would also be available for those dates.[22] Counsel for Defendants noted that counsel for Plaintiffs made the conscious decision to make significant additions to the original 30(b)(6) notice, requiring significant effort to ascertain if the newly requested information was available, and if so, who would be the proper designee to provide such information.[23] Counsel for Defendants suggested that Plaintiffs simply go back to the original notice of 30(b)(6) deposition as modified by the Court's ruling, as it would be much easier to secure a deposition date.[24]

Counsel for Plaintiffs replied that with regard to the scheduling of the depositions, that Defendants would need to either choose one of the dates selected by Plaintiffs or file a protective

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*

order.[25] Counsel for Plaintiffs then proceeded to list some of the additional topics he requested, before sarcastically stating that Defendants are "always free to argue to the Court that despite the preparation and investigation that should have taken place during the past two months (for the original notice), the above represents an undue burden."[26]

Counsel for Defendants responded that if Plaintiffs are taking the position that despite the fact that Defendants have provided Plaintiffs with three alternative dates and asked if Plaintiffs needed more; that if Plaintiffs are indeed choosing to arbitrarily notice the depositions for January 5 and 6th, that Defendants would move forward with filing a motion to quash and would further seek attorney fees and costs.[27] Counsel for Defendants again requested that in lieu of further motion practice, Plaintiffs either convert many of the topics in their most recent notice of 30(b)(6) deposition to interrogatories and/or go back to Plaintiffs original notice of 30(b)(6) deposition (as modified by the Court's ruling on our motion for protective order) in order to move this process along more expeditiously.[28]

Plaintiffs' counsel responded that as of now, the depositions were scheduled, but that he would be willing to reschedule them to two other consecutive dates as long as Defendants agreed to extend the expert deadline.[29] As to the 30(b)(6) topics, Plaintiffs' counsel continued to remain steadfast in his position and noted that he was not interested in converting any topics into interrogatories.[30]

In response, counsel for Defendants reminded counsel for Plaintiffs that the dates for Lacey Kelly and Richard O'Keefe, Jr., were provided to Plaintiffs' counsel two months ago, on October

---

[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*
[30] *Id.*

7, 2022,[31] but that Plaintiffs had decided that they did not wish to proceed with their depositions at that time, and that it was therefore difficult for Defendants to understand how Plaintiffs could argue that they were somehow prejudiced by the discovery cut-off in January, considering that the date had been re-set multiple times at Plaintiffs' request.[32] Counsel for Defendants, again noting that Plaintiffs had arbitrarily noticed five depositions without clearing the dates with Defendants and that Plaintiffs were making further demands upon Defendants without agreeing to reschedule the depositions to available dates, counsel for Defendants informed Plaintiffs' counsel that they would indeed move forward with the motion to quash/motion for protective order and that they had until Monday, December 19, 2022, to reconsider.[33]

In response, Plaintiffs' counsel provided that "If Defendants wanted to burden an already busy Court with a motion arguing that 'Plaintiffs have offered to reschedule depositions to literally any date that the Defendants request, but Plaintiffs are being unreasonable because they are only willing to reschedule if Defendants agree to provide them with sufficient time to obtain the transcripts and have them reviewed by their expert,' I can't stop you."[34]

On Monday, December 19, 2022, counsel for Defendants informed Plaintiffs' counsel that Greg Longino was available to be deposed on January 11, 2023, Sheriff Randy Smith was available to be deposed on January 12, 2023, at 9:30 a.m. and that Lacey Kelly and Richard O'Keefe, Jr., were both available to be deposed on January 11, 2023, and/or January 12, 2023.[35] Counsel for Defendants provided that he had not yet confirmed that his client had all of the information requested in Plaintiffs' most recently revised 30(b)(6) notice, and that assuming that the STPSO

---

[31] *See* email correspondence to Plaintiffs' counsel dated October 7, 2022, attached herein as Exhibit "6".
[32] *See* Exhibit 5.
[33] *Id.*
[34] *Id.*
[35] *Id.*

did have all of the information requested, who would be the most knowledgeable witness to testify as to those topics and their availability to do so.[36] Counsel for Defendants noted that it was their hope that this information would be provided within the next few days.[37] Lastly, counsel for Defendants again requested that Plaintiffs withdraw all of the arbitrarily issued notices of deposition and reissue them for the dates provided in the email.[38] If this was not done by December 20, 2022, Defendants would move forward with filing the motion to quash/protective order as previously discussed.[39]

In response, Plaintiffs' counsel accused Defendants of attempting to obstruct discovery, threatening to file frivolous motions, attempting to force interrogatories, attempting to prevent the 30(b)(6) deposition from occurring before the individuals, and attempting to impose an alternative witness order.[40] Plaintiffs' counsel informed counsel for Defendants that the depositions would be conducted in the order that Plaintiffs had arbitrarily set, and that the deponents have had a month to adjust their schedules in accordance with Plaintiffs' demands.[41]

## II. LAW AND ARGUMENT

### 1. Federal Rule of Civil Procedure 26

Federal Rules of Civil Procedure Rule 26 provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party. Fed. R. Civ. P. 26(b). Regarding relevancy, this Circuit has held that "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[42] To that point, Rule 26 further instructs that:

---

[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258 (5th Cir. 2011)

> "Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;…"[43]

**2. Federal Rule of Civil Procedure 30(b)(6)**

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination."[44] In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[45] "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."[46] The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous.[47]

---

[43] Fed. R. Civ. P. 26(c).
[44] Fed. R. Civ. P. 30(b)(6)
[45] *Id.*
[46] *See Wash. St. Tammany Elec. Coop., Inc. v. La. Generating, L.L.C.*, 2019 U.S. Dist. LEXIS 69489 (M.D. La. 2019), citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006).
[47] *See*, *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 U.S. Dist. LEXIS 120825, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 U.S. Dist. LEXIS 97410, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous).

**3. Plaintiffs' Arbitrarily Noticed Depositions**

As previously noted above, counsel for Plaintiffs has chosen to arbitrarily notice the deposition date for the 30(b)(6) deposition of the STPSO, as well as the depositions of Greg Longino, Lacey Kelly, Sheriff Randy Smith and Richard O'Keefe, Jr. for the dates of January 5, 2023, and January 6, 2023. Plaintiffs' decision to arbitrarily notice these depositions for these dates came before: (1) informing counsel Defendants that Plaintiffs would be adding additional topics of examination to their 30(b)(6) notice; (2) discussing these examination dates with counsel for defendants; (3) determining whether undersigned counsel would be available on these dates; and (4) determining whether any of the witnesses would be available on these dates. Plaintiffs, instead, have simply demanded that the Defendants and all non-party witnesses appear on a date and time that Plaintiffs have chosen, without any consideration whatsoever as to their availability.

Additionally, Plaintiffs have made the conscious decision to continue to go forward with these depositions dates even after being informed that: (1) counsel for Defendants would not be available for those dates; (2) Defendants did not consent to the dates arbitrarily chosen by Plaintiffs; (3) other dates were provided wherein all witnesses, aside from the 30(b)(6) designee, would be available; (4) Defendants had not yet determined whether all of the newly requested information within Plaintiffs' 30(b)(6) notice was available; and (5) if this information was indeed available, that Defendants had not yet determined who would be the appropriate 30(b)(6) designee. Plaintiffs' complete lack of cooperation in this matter is evidenced by Plaintiffs' outright refusal to notice the depositions for the dates that the Defendants, non-party witnesses and counsel for Defendants are available on (January 11 or 12), which were provided by counsel for Defendants.

As provided above, Plaintiffs have made the conscious decision to refuse to cooperate with Defendants and schedule the depositions of the Defendants and non-party witnesses on the dates

that they and counsel for Defendants would both be available. Plaintiffs, instead, have made the decision to move forward with taking the depositions on the dates arbitrarily chosen by Plaintiffs, without the input or consent of Defendants. Accordingly, Defendants respectfully request this Honorable Court issue an order, quashing the arbitrarily noticed 30(b)(6) deposition of the STPSO, as well as the depositions of Greg Longino, Lacey Kelly, Sheriff Randy Smith and Richard O'Keefe, Jr.

**4. Plaintiffs' Rule 30(b)(6) notice contains topics that are not relevant or proportionate to the needs of the case**

In its Order and Reasons for ruling on Defendants' Motion for Protective Order, this Honorable Court provided that discovery requests regarding the conditions of confinement or treatment of inmates not at issue in this litigation "would neither be relevant nor proportionate to the needs of this case."[48] Despite this clear statement from the Court, Plaintiffs have chosen to continue with their requests for information regarding inmates who are not parties to this litigation, asking that Defendants provide the following:

> "14. Regarding AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS' detention in the St. Tammany Parish Jail holding cell(s), the following information for each detainee:
>
> a. Dates he was housed in the holding cell(s).
> b. Holding cell number in which he was detained.
> c. Size and layout of the holding cell(s) in which he was detained.
> d. Approximate temperature of the holding cell in which he was detained.
> e. Number of inmates housed in the holding cell(s) with him on each date.
> **f. Name and contact information for each inmate housed in the holding cell(s) with him…**[49]

As provided above, Plaintiffs seek the name and contact information of each and every inmate housed with each individual Plaintiff, over the course of the entirety of their stay within

---

[48] *See* R. Doc. 196, pg. 10.
[49] *See* Exhibit 3-A, pg. 3. (emphasis added).

the holding cells. Plaintiffs are essentially asking that Defendants provide them with the names and contact information of upwards of 100 individuals who are not parties to this action, and who have absolutely nothing to do with Plaintiffs' claims. Plaintiffs' request for such information is clearly not relevant or proportionate to the needs of the case and is in direct violation of this Honorable Court's prior ruling. Defendants therefore request that an Order be issued protecting Defendants from responding to a request to provide such information.

**5. Plaintiffs' Rule 30(b)(6) notice contains topics that are overly broad and would unduly burden Defendants**

Plaintiffs' Rule 30(b)(6) notice seeks information that is overly broad and any attempt to ascertain said information would be unduly burdensome to Defendants. For example, Topic 26 requests the following information:

> "26. Identification of any non-official names or nicknames for the St. Tammany Parish Jail, including but not limited to, "St. Slammity."[50]

Regarding the information sought by Topic 26, Defendants note that this topic is overly broad, as Defendants are uncertain as to how they would determine what exactly constitutes or meets the criteria of a non-official name or nickname for the St. Tammany Parish Jail ("STPJ"). This request is overly broad as it fails to specifically identify who Defendants are supposed to obtain such information from. Additionally, even if this request referred specifically to 'non-official names or nicknames for the STPJ used by employees of the jail,' Plaintiffs' request would unduly burden Defendants, as it would then require Defendants to interview each and every employee of the STPJ in order to ascertain what specific nicknames they use or have knowledge of that, are used in reference to the STPJ. Accordingly, Defendants respectfully request that an Order be issued protecting Defendants from responding to a request to provide such information.

---

[50] *See* Exhibit 3-A, pg. 7.

Additionally, Topic 27 requests the following information:

> "27. Identification of any statements made by any agent, employee, or official, of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, or ST. TAMMANY PARISH JAIL, regarding the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells.[51]

Defendants note that the information sought by Topic 27 would unduly burden Defendants, as Defendants would not possibly be able to identify any statements made by any agent, employee, or official, of the St. Tammany Parish Sheriff, St. Tammany Parish Sheriff's Office, St. Tammany Parish, or St. Tammany Parish Jail regarding the conditions of confinement or treatment of the Plaintiffs while they were detained in the St. Tammany Parish Jail holding cells without specifically interviewing each and every employee of every aforementioned entity. Such a request would greatly burden not only the Defendants, but the taxpayers of St. Tammany Parish, as it would demand an enormous amount of time and manpower, requiring Defendants to not only schedule, but to conduct hundreds of interviews of employees, at taxpayer expense, all which must be completed by the time of Plaintiffs' arbitrarily scheduled 30(b)(6) deposition.

Additionally, Defendants are unsure who exactly Plaintiffs are referring to with regard to Plaintiffs' request for identification of any statement made by any agent, employee or official of "St. Tammany Parish."[52] If Plaintiffs' inclusion of "St. Tammany Parish" is to be taken literally, it would request that Defendants ascertain information from an inanimate object. If it is to be taken as referring to the St. Tammany Parish Government ("STPG"), then it would be referring to hundreds of agents, employees or officials from over 18 different departments within the STPG,

[51] *Id*. at pg. 7.
[52] *Id*.

who was previously dismissed from this case with prejudice.[53] Accordingly, Defendants respectfully request that an Order be issued protecting Defendants from responding to a request to provide such information as it is overly broad and would unduly burden the Defendants.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion for Protective Order be granted, and that Defendants are not required to respond to Plaintiffs' Rule 30(b)(6) Notice seeking information regarding individuals who are not parties to this action as well as any and all requests for irrelevant and overly burdensome information. Defendants pray that the individual depositions of Greg Longino, Lacey Kelly, Sheriff Randy Smith and Richard O'Keefe, Jr., along with the 30(b)(6) notice of the STPSO, be quashed. Defendants further pray that Plaintiffs be awarded attorney fees and costs associated with the filing of this Motion.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

**s/ Chadwick W. Collings**
**CHADWICK W. COLLINGS, T.A. # 25373**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**ccollings@millinglaw.com**
***Counsel for defendants***

[53] *See* R. Doc. 150.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Wednesday, December 28, 2022, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

**s/ Chadwick W. Collings**
**Chadwick W. Collings**