**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, et al.,** | * | |
| **Plaintiffs;** | * | |
| | * | **DEMAND FOR JURY** |
| **v.** | * | |
| | * | **No.: 2:20-cv-00980-WBV-DPC** |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | **DISTRICT JUDGE:** |
| **et al.,** | * | **WENDY B. VITTER** |
| **Defendants.** | * | **SECTION "D"** |
| | * | |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **DONNA PHILLIPS CURRAULT** |
| | * | **SECTION "2"** |

******************************************************************************

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KEVIN LOUVIERE, et al.,** | * | |
| **Plaintiffs;** | * | |
| | * | **DEMAND FOR JURY** |
| **v.** | * | |
| | * | **No.: 2:20-cv-01840-WBV-DPC** |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | **DISTRICT JUDGE:** |
| **et al.,** | * | **WENDY B. VITTER** |
| **Defendants.** | * | **SECTION "D"** |
| | * | |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **DONNA PHILLIPS CURRAULT** |
| | * | **SECTION "2"** |

******************************************************************************

## NOTICE OF VIDEO DEPOSITION

******************************************************************************

**TO: ST. TAMMANY PARISH SHERIFF'S OFFICE**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs' counsel will conduct your deposition in the above-captioned matter. The deposition will be conducted on **_______________, _______________ ___, 2022, starting at _________ __M CDT, at Milling, Benson & Woodward, LLP, 68031 Capital Trace Row, Mandeville, LA 70471.**

The deposition will be conducted upon oral examination for use in accordance with Rule 32 of the Federal Rules of Civil Procedure, and the Court's Local Rules and Orders. The court reporter company is ____________________. A person authorized pursuant to Rule 28 of the Federal Rules of Civil Procedure will administer the oath; will record the deposition by stenotype machine, electronic or digital equipment, and/or voice writing; and will create a certified transcript. In addition, the deposition will be simultaneously audio and video recorded by Devon M. Jacob, Esquire, of Jacob Litigation, Inc., P.O. Box 837, Mechanicsburg, PA 17055-0837.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, "In its notice . . . a party may name as the deponent a public or private corporation, . . . governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Therefore, attached at **ATTACHMENT A**, is a copy of a list of matters for examination.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." As such, the ST. TAMMANY PARISH SHERIFF'S OFFICE, is required to make the required designation(s), and if multiple designees are identified, it is specifically requested that the ST. TAMMANY PARISH SHERIFF'S OFFICE, set out the matters on which each designee will testify.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, "The persons designated [by the ST. TAMMANY PARISH SHERIFF'S OFFICE] must testify about information known or reasonably available to the organization." As such, the person(s) designated by the ST. TAMMANY PARISH SHERIFF'S OFFICE, will be expected and required to testify **not about their own personal knowledge but rather about information known or reasonably available to the ST. TAMMANY PARISH SHERIFF'S OFFICE.** Since the designee(s) will be testifying about the ST. TAMMANY PARISH SHERIFF'S OFFICE'S knowledge only, and since the goal of the deposition is to obtain truthful, accurate, and complete answers, **the designee will be permitted (and is encouraged) to refer to documents and notes during the deposition.**

Pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." As such, a failure to present a deponent who is prepared to testify about information known or reasonably available **to the ST. TAMMANY PARISH SHERIFF'S OFFICE,** will be construed as impeding, delaying, or frustrating the fair examination of the deponent. Requested sanctions will include all attorney's fees and travel and litigation costs.

The deposition will be conducted in accordance with the Federal Rules of Civil Procedure and case law interpreting same. In this regard, your counsel and you should be aware of the following rules that will be enforced during the deposition:

**Speaking Objections Prohibited.** Pursuant to FED.R.CIV.P. 30(c)(2), objections must be stated concisely, and in a non-argumentative and non-suggestive manner. Speaking objections, or any other type of strategic interruption meant to undermine the purpose of the deposition, are prohibited. See, e.g., Hall v. Clifton Precision, 150 F.R.D. 525, 530 (E.D. Pa. 1993) ("Since most objections, such as those grounded on relevance or materiality, are preserved for trial, they need not be made. As for those few objections which would be waived if not made immediately, they should be stated pithily.")

**The Deponent (Not Counsel) May Seek Clarification of a Question.** As the Court in Hall held, "If the witness does not understand the question, or needs some language further defined or some documents further explained, the witness can ask the deposing lawyer to clarify or further explain the question. After all, the lawyer who asked the question is in a better position to explain the question than is the witness's own lawyer." See Hall, 150 F.R.D. at 528-30.

**The Deponent (Not Counsel) May Seek Clarification of a Document.** As the Court in Hall held, "If the witness does not recall having seen the document before or does not understand the document, the witness may ask the deposing lawyer for some additional information, or the witness may simply testify to the lack of knowledge or understanding. But there need not be an off-the-record conference between witness and lawyer in order to ascertain whether the witness understands the document or a pending question about the document." See Hall, 150 F.R.D. at 528-30.

**Instructions not to Answer.** Pursuant to FED.R.CIV.P. 30(c)(2), a person may instruct a deponent not to answer a question only when necessary to (1) preserve a privilege, (2) enforce a limitation ordered by the court, or (3) present a motion under Rule 30(d)(3). Otherwise, all questions must be answered.

**Sanctions.** Pursuant to FED.R.CIV.P. 30(d)(2), the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

**Read and Sign.** Pursuant to FED.R.CIV.P. 30(e)(1), I am requesting that you read and sign the transcript of your deposition that will be prepared. In this regard, thirty (30) days after being notified by the officer that the transcript or recording is available, you will be provided with an opportunity (1) to review the transcript or recording; and (2) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them. If you do not timely and properly submit any changes in form or substance, it will be presumed that you agree that the transcript, both in form and in substance, is true and correct.

**Objections to this Notice of Deposition.** Pursuant to FED.R.CIV.P. 32(d)(1), any objection to a perceived error or irregularity related to this notice of deposition is waived unless it is promptly served in writing on undersigned counsel. **Any such objection, however, should be in the form of a Motion for Protective Order.** See EEOC v. M&T Bank, Civil ELH-16-3180, No. ELH-16-3180 (D.Md. 2018) (citations and quotations removed). "[T]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." Id. (citations and quotations removed). "Once the deposition notice is served, the corporation bears the burden of demonstrating to the court that the notice is objectionable or insufficient." Id. (citations and quotations removed) (emphasis in original)). "Finally, if the corporation makes no such showing, it must produce a witness prepared to testify to the subject matter described in the notice . . . it cannot make its objections and then provide a witness that will testify only within the scope of its objections." Id. (citations and quotations removed).

**Objections to Officer.** Pursuant to FED.R.CIV.P. 32(d)(2), any objection regarding the disqualification of the officer before whom the deposition will be taken is waived if not made (1) before the deposition begins, or (2) as soon as the disqualifying issue is discovered.

**Respectfully Submitted,**

***/s/ Devon M. Jacob*** **Date: October 18, 2022**

**DEVON M. JACOB, ESQUIRE**
PA Bar: 89182
Jacob Litigation, Inc., P.O. Box 837, Mechanicsburg, PA 17055-0837
(717) 796-7733 | djacob@jacoblitigation.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served a copy of the First Amended Notice of Video Deposition to the ST. TAMMANY PARISH SHERIFF'S OFFICE, to all counsel of record, via their email address of record.

***/s/ Devon M. Jacob*** **Date: October 18, 2022**
**DEVON M. JACOB, ESQUIRE**