**EXHIBIT A – Topics of Examination**

1. From 2015 through the present, the job descriptions for the employment positions held by RANDY SMITH, GREG LONGINO, and LACEY KELLEY, with respect to their employment by ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and/or ST. TAMMANY PARISH JAIL.

2. From 2015 through the present, whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY had policymaking authority with respect to conditions of confinement at the ST. TAMMANY PARISH JAIL, and the scope of such policymaking authority.

3. On the dates that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained in the St. Tammany Parish Jail holding cells, the policy, practice, or custom of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and ST. TAMMANY PARISH JAIL with respect to the holding cells regarding:

a. The number of inmates housed in the holding cell(s) at any given time.
b. Handling of urine, feces, blood, vomit, or other bodily fluids within the holding cell(s).
c. The schedule for when lights are turned on or off.
d. The temperature of the holding cells.
e. Cleaning of the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) and the products to be used to clean the holding cell(s).
f. Disinfecting of the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) and the products to be used to disinfect the holding cell(s).
g. Provision of access to medical care, and the type of medical care to be provided (i.e., basic life support (BLS), advanced life support (ALS), emergency medical care, emergency medical technician, paramedic, nurse, physician's assistant, or doctor).
h. Provision of prescription medication, and the type of medication to be provided.
i. Provision of meals and any minimum dietary requirements.

j. Provision and removal of bedding, and the bedding items to be provided.
k. Provision and removal of blankets.
l. Provision of *access* to showers, and when showers are required.
m. Provision of clean clothing, and the articles of clothing to be provided.
n. Provision of personal hygiene products, and the specific hygiene products to be provided.
o. Provision of toilet paper, and the quantity of toilet paper to be provided.
p. Provision of access to *indoor* recreation, and the type of recreation provided.
q. Provision of access to *outdoor* recreation, and the type of recreation provided.

4. Identification of each corrections officer/guard who was assigned to the holding cell(s) in which AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained and at the time when they were detained, and the specific dates and times they were assigned, and their assigned responsibility for each date and time.

5. On **each** date that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained in the St. Tammany Parish Jail holding cells, the number of other inmates who were housed in the holding cell with them.

6. On **each** date that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained in the St. Tammany Parish Jail holding cells, the number of empty beds in the jail.

7. Regarding AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS' detention in the St. Tammany Parish Jail holding cell(s), the following information for **each** detainee:

a. Dates he was housed in the holding cell(s).
b. Holding cell number in which he was detained.
c. Size and layout of the holding cell(s) in which he was detained.
d. Approximate temperature of the holding cell in which he was detained.

e. Number of inmates housed in the holding cell(s) with him on each date.

f. Name and contact information for each inmate housed in the holding cell(s) with him.

g. Location (i.e., floor, wall, ceiling, bench, or toilet) of urine, feces, blood, vomit, or other bodily fluids within the holding cell(s).

h. Location (i.e., floor, wall, ceiling, bench, or toilet) of clean or dirty toilet paper.

i. Dates/times when lights were on or off.

j. Dates/times when the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) were **<u>cleaned</u>** and the identification of the person who cleaned the cell(s).

k. Identification of the products used to **<u>clean</u>** the holding cell(s) on each occasion.

l. Dates/times when the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) were **<u>disinfected</u>** and the identification of the person who disinfected the cell(s).

m. Identification of the products used to **<u>disinfect</u>** the holding cell(s) on each occasion.

n. Dates/times that access to medical care was provided, and the type of medical care provided (i.e., basic life support (BLS), advanced life support (ALS), emergency medical care, emergency medical technician, paramedic, nurse, physician's assistant, or doctor).

o. Dates/times when prescription medication was provided and the name and dosage of the medication.

p. Identification of any medical conditions.

q. Referrals for medical care.

r. Dates/times when meals were provided and the menu for the meals provided.

s. Identification of bedding provided.

t. Dates/times when blankets were provided and taken away.

u. Dates/times when *access* to showers were provided.

v. Dates/times when actually showered.

w. Dates/time when clean clothing was provided, and identification of the articles of clothing provided.

x. Dates/times when personal hygiene products were provided, and identification of the specific hygiene products provided.

y. Dates/times when toilet paper was provided, and the quantity of toilet paper provided each time.

z. Dates/times when physical altercations occurred within the holding cell(s).

aa. Dates/times when he left and reentered the holding cell(s), and the reason for same.

bb. Dates/times when access to *indoor* recreation was provided, and the type of recreation provided.

cc. Dates/times when access to *outdoor* recreation was provided, and the type of recreation provided.

8. Identification of any penological interest(s) that caused, was furthered, or required, the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells.

9. Any information that the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells was punitive in nature.

10. Whether the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells were in accordance with, pursuant to, or in violation of, the policies, practices, or customs, of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and/or ST. TAMMANY PARISH JAIL.

11. Whether the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS; were subjected to while detained in the St. Tammany Parish Jail holding cells were in accordance with or in violation of State of Louisiana Title 22, Part III, Subpart 2 of the Louisiana Administrative Code.

12. Whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY, participated in, directed, caused, authorized, or permitted, the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT

GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while they were detained in the St. Tammany Parish Jail holding cells and at the time when they were detained in the holding cells, and if so, how they participated in, directed, caused, authorized, or permitted, the conditions of confinement or treatment.

13. Whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY, had knowledge of the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while they were detained in the St. Tammany Parish Jail holding cells and at the time when they were detained in the holding cells, and if not, the reason they did not have such knowledge.

14. Whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY, had the opportunity to change the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while they were detained in the St. Tammany Parish Jail holding cells and at the time when they were detained in the holding cells, and if they did but did not do so, the reason that they did not do so.

15. From 2015 through the present date, identification of any complaints or concerns from any source (including but not limited to guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials), regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells.

16. Any administrative, internal, civil, or criminal, investigation conducted regarding the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells, the scope and purpose of the investigation, and the factual findings, conclusions, and disposition of the investigation.

17. Any remedial training and/or discipline provided to any employee of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF’S OFFICE,

and ST. TAMMANY PARISH JAIL, resulting from or related to the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells.

18. Identification of any non-official names or nicknames for the St. Tammany Parish Jail, including but not limited to, “St. Slammity.”

19. Identification of any statements made by any agent, employee, or official, of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF’S OFFICE, ST. TAMMANY PARISH, or ST. TAMMANY PARISH JAIL, regarding the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells.

20. The process used to search for electronic communications (including but not limited to email in-mailbox, sent mailbox, and deleted mailbox; or text messaging) that contain information regarding, or discuss, the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells, or the reasons for same.