**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, et al.,** | * | |
| **Plaintiffs;** | * | |
| | * | **DEMAND FOR JURY** |
| **v.** | * | |
| | * | **No.: 2:20-cv-00980-WBV-DPC** |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | **DISTRICT JUDGE:** |
| **et al.,** | * | **WENDY B. VITTER** |
| **Defendants.** | * | **SECTION "D"** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **DONNA PHILLIPS CURRAULT** |
| | * | **SECTION "2"** |
| | * | |

**************************************************************************

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KEVIN LOUVIERE, et al.,** | * | |
| **Plaintiffs;** | * | |
| | * | **DEMAND FOR JURY** |
| **v.** | * | |
| | * | **No.: 2:20-cv-01840-WBV-DPC** |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | **DISTRICT JUDGE:** |
| **et al.,** | * | **WENDY B. VITTER** |
| **Defendants.** | * | **SECTION "D"** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **DONNA PHILLIPS CURRAULT** |
| | * | **SECTION "2"** |
| | * | |

**************************************************************************

## NOTICE OF VIDEO DEPOSITION

**************************************************************************

**TO: ST. TAMMANY PARISH SHERIFF'S OFFICE**

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs' counsel will conduct your deposition in the above-captioned matter. The deposition will be conducted on **Thursday, January 5, 2023, starting at 10:00 AM CDT, at Milling, Benson & Woodward, LLP, 68031 Capital Trace Row, Mandeville, LA 70471.**

The deposition will be conducted upon oral examination for use in accordance with Rule 32 of the Federal Rules of Civil Procedure, and the Court's Local Rules and Orders. The name of the court reporter company will be provided a few days prior to the deposition. A person authorized pursuant to Rule 28 of the Federal Rules of Civil Procedure will administer the oath; will record the deposition by stenotype machine, electronic or digital equipment, and/or voice writing; and will create a certified transcript. In addition, the deposition will be simultaneously audio and video recorded by Devon M. Jacob, Esquire, of Jacob Litigation, Inc., P.O. Box 837, Mechanicsburg, PA 17055-0837.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, "In its notice . . . a party may name as the deponent a public or private corporation, . . . governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Therefore, attached at **ATTACHMENT A**, is a copy of a list of matters for examination.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." As such, the ST. TAMMANY PARISH SHERIFF'S OFFICE, is **required** to make the required designation(s), and if multiple designees are identified, it is specifically requested that the ST. TAMMANY PARISH SHERIFF'S OFFICE, set out the matters on which each designee will testify.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, "The persons designated [by the ST. TAMMANY PARISH SHERIFF'S OFFICE] must testify about information known or reasonably available to the organization." As such, the person(s) designated by the ST. TAMMANY PARISH SHERIFF'S OFFICE, will be expected and required to testify **not about their own personal knowledge but rather about information known or reasonably available to the ST. TAMMANY PARISH SHERIFF'S OFFICE.** Since the designee(s) will be testifying about the ST. TAMMANY PARISH SHERIFF'S OFFICE'S knowledge only, and since the goal of the deposition is to obtain truthful, accurate, and complete answers, **the designee will be permitted (and is encouraged) to refer to documents and notes during the deposition.**

Pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." As such, a failure to present a deponent who is prepared to testify about information known or reasonably available **to the ST. TAMMANY PARISH SHERIFF'S OFFICE,** will be construed as impeding, delaying, or frustrating the fair examination of the deponent. Requested sanctions will include all attorney's fees and travel and litigation costs.

The deposition will be conducted in accordance with the Federal Rules of Civil Procedure and case law interpreting same. In this regard, your counsel and you should be aware of the following rules that will be enforced during the deposition:

**Speaking Objections Prohibited.** Pursuant to FED.R.CIV.P. 30(c)(2), objections must be stated concisely, and in a non-argumentative and non-suggestive manner. Speaking objections, or any other type of strategic interruption meant to undermine the purpose of the deposition, are prohibited. See, e.g., Hall v. Clifton Precision, 150 F.R.D. 525, 530 (E.D. Pa. 1993) ("Since most objections, such as those grounded on relevance or materiality, are preserved for trial, they need not be made. As for those few objections which would be waived if not made immediately, they should be stated pithily.")

**The Deponent (Not Counsel) May Seek Clarification of a Question.** As the Court in Hall held, "If the witness does not understand the question, or needs some language further defined or some documents further explained, the witness can ask the deposing lawyer to clarify or further explain the question. After all, the lawyer who asked the question is in a better position to explain the question than is the witness's own lawyer." See Hall, 150 F.R.D. at 528-30.

**The Deponent (Not Counsel) May Seek Clarification of a Document.** As the Court in Hall held, "If the witness does not recall having seen the document before or does not understand the document, the witness may ask the deposing lawyer for some additional information, or the witness may simply testify to the lack of knowledge or understanding. But there need not be an off-the-record conference between witness and lawyer in order to ascertain whether the witness understands the document or a pending question about the document." See Hall, 150 F.R.D. at 528-30.

**Instructions not to Answer.** Pursuant to FED.R.CIV.P. 30(c)(2), a person may instruct a deponent not to answer a question only when necessary to (1) preserve a privilege, (2) enforce a limitation ordered by the court, or (3) present a motion under Rule 30(d)(3). Otherwise, all questions must be answered.

**Sanctions.** Pursuant to FED.R.CIV.P. 30(d)(2), the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

**Read and Sign.** Pursuant to FED.R.CIV.P. 30(e)(1), I am requesting that you read and sign the transcript of your deposition that will be prepared. In this regard, thirty (30) days after being notified by the officer that the transcript or recording is available, you will be provided with an opportunity (1) to review the transcript or recording; and (2) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them. If you do not timely and properly submit any changes in form or substance, it will be presumed that you agree that the transcript, both in form and in substance, is true and correct.

**Objections to this Notice of Deposition.** Pursuant to FED.R.CIV.P. 32(d)(1), any objection to a perceived error or irregularity related to this notice of deposition is waived unless it is promptly served in writing on undersigned counsel. **Any such objection, however, should be in the form of a Motion for Protective Order.** See EEOC v. M&T Bank, Civil ELH-16-3180, No. ELH-16-3180 (D.Md. 2018) (citations and quotations removed). "[T]he proper procedure to object to a Rule 30(b)(6) deposition notice is not to serve objections on the opposing party, but to move for a protective order." Id. (citations and quotations removed). "Once the deposition notice is served, the corporation bears the burden of demonstrating to the court that the notice is objectionable or insufficient." Id. (citations and quotations removed) (emphasis in original)). "Finally, if the corporation makes no such showing, it must produce a witness prepared to testify to the subject matter described in the notice . . . it cannot make its objections and then provide a witness that will testify only within the scope of its objections." Id. (citations and quotations removed).

**Objections to Officer.** Pursuant to FED.R.CIV.P. 32(d)(2), any objection regarding the disqualification of the officer before whom the deposition will be taken is waived if not made (1) before the deposition begins, or (2) as soon as the disqualifying issue is discovered.

**Respectfully Submitted,**

***/s/ Devon M. Jacob*** **Date: December 16, 2022**

**DEVON M. JACOB, ESQUIRE**
PA Bar: 89182
Jacob Litigation, Inc., P.O. Box 837, Mechanicsburg, PA 17055-0837
(717) 796-7733 | djacob@jacoblitigation.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served a copy of the First Amended Notice of Video Deposition to the ST. TAMMANY PARISH SHERIFF'S OFFICE, to all counsel of record, via their email address of record.

***/s/ Devon M. Jacob*** **Date: December 16, 2022**

**DEVON M. JACOB, ESQUIRE**

**EXHIBIT A – Topics of Examination (Amended 12/13/2022)**

1. For the years 2019 and 2020, the job descriptions for the employment positions held by RANDY SMITH, GREG LONGINO, and LACEY KELLEY, with respect to their employment by ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and/or ST. TAMMANY PARISH JAIL.

2. For the years 2019 and 2020, whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY had policymaking authority with respect to conditions of confinement at the ST. TAMMANY PARISH JAIL, and the scope of such policymaking authority.

3. For the years 2019 and 2020, whether the St. Tammany Parish Jail holding cells in use had been designed for short-term confinement or long-term confinement, and any design differences between short-term confinement or long-term confinement cells at the Jail, and the reason for the differences.

4. For the years 2019 and 2020, any policy, standard, or inmate handbook that the St. Tammany Parish Jail implemented or followed with respect to how and when the holding cells would be used.

5. For the years 2019 and 2020, any policy, standard, or inmate handbook that the St. Tammany Parish Jail implemented or followed with respect to the physical requirements of the holding cells, among other requirements, the amount of unencumbered floor space that each detainee is intended or entitled to have in the holding cells.

6. For the years 2019 and 2020, the occupancy numbers that would have been posted or applied to the holding cells at the St. Tammany Parish Jail.

7. Any information that it was known in the years 2019 and 2020, that overcrowded facilities create conditions of confinement that increase the risk to safety and security for prisoners and/or guards.

8. For the years 2019 and 2020, the policy, practice, or standard of care in place to ensure that detainees in the St. Tammany Parish Jail holding cells are

provided with sufficient potable water, and the ability and opportunity to clean their bodies prior to eating or after using the bathroom.

9. For the years 2019 and 2020, regarding the St. Tammany Parish Jail holding cells, any required weekly, monthly or annual sanitation inspections, and any accountability measures that are typically found in corrections facilities, including routine inspection systems in all of its stations (daily, weekly, monthly) and outside audits.

10. On the dates that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained in the St. Tammany Parish Jail holding cells, the policy, practice, or custom of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and ST. TAMMANY PARISH JAIL with respect to the holding cells regarding:

a. The number of inmates housed in the holding cell(s) at any given time.
b. Handling of urine, feces, blood, vomit, or other bodily fluids within the holding cell(s).
c. The schedule for when lights are turned on or off.
d. The temperature of the holding cells.
e. Cleaning of the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) and the products to be used to clean the holding cell(s).
f. Disinfecting of the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) and the products to be used to disinfect the holding cell(s).
g. Provision of access to medical care, and the type of medical care to be provided (i.e., basic life support (BLS), advanced life support (ALS), emergency medical care, emergency medical technician, paramedic, nurse, physician's assistant, or doctor).
h. Provision of prescription medication, and the type of medication to be provided.
i. Provision of meals and any minimum dietary requirements.
j. Provision and removal of bedding, and the bedding items to be provided.
k. Provision and removal of blankets.
l. Provision of *access* to showers, and when showers are required.
m. Provision of clean clothing, and the articles of clothing to be provided.

n. Provision of personal hygiene products, and the specific hygiene products to be provided.

o. Provision of toilet paper, and the quantity of toilet paper to be provided.

p. Provision of access to *indoor* recreation, and the type of recreation provided.

q. Provision of access to *outdoor* recreation, and the type of recreation provided.

11. Identification of each corrections officer/guard who was assigned to the holding cell(s) in which AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained and at the time when they were detained, and the specific dates and times they were assigned, and their assigned responsibility for each date and time.

12. On **each** date that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained in the St. Tammany Parish Jail holding cells, the number of other inmates who were housed in the holding cell with them.

13. On **each** date that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were detained in the St. Tammany Parish Jail holding cells, the number of empty beds in the jail.

14. Regarding AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS' detention in the St. Tammany Parish Jail holding cell(s), the following information for **each** detainee:

a. Dates he was housed in the holding cell(s).

b. Holding cell number in which he was detained.

c. Size and layout of the holding cell(s) in which he was detained.

d. Approximate temperature of the holding cell in which he was detained.

e. Number of inmates housed in the holding cell(s) with him on each date.

f. Name and contact information for each inmate housed in the holding cell(s) with him.

g. Location (i.e., floor, wall, ceiling, bench, or toilet) of urine, feces, blood, vomit, or other bodily fluids within the holding cell(s).

h. Location (i.e., floor, wall, ceiling, bench, or toilet) of clean or dirty toilet paper.

i. Dates/times when lights were on or off.

j. Dates/times when the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) were **cleaned** and the identification of the person who cleaned the cell(s).

k. Identification of the products used to **clean** the holding cell(s) on each occasion.

l. Dates/times when the holding cell(s) (including but not limited to the floor, walls, ceiling, benches, and toilet) were **disinfected** and the identification of the person who disinfected the cell(s).

m. Identification of the products used to **disinfect** the holding cell(s) on each occasion.

n. Dates/times that access to medical care was provided, and the type of medical care provided (i.e., basic life support (BLS), advanced life support (ALS), emergency medical care, emergency medical technician, paramedic, nurse, physician's assistant, or doctor).

o. Dates/times when prescription medication was provided and the name and dosage of the medication.

p. Identification of any medical conditions.

q. Referrals for medical care.

r. Dates/times when meals were provided and the menu for the meals provided.

s. Identification of bedding provided.

t. Dates/times when blankets were provided and taken away.

u. Dates/times when *access* to showers were provided.

v. Dates/times when actually showered.

w. Dates/time when clean clothing was provided, and identification of the articles of clothing provided.

x. Dates/times when personal hygiene products were provided, and identification of the specific hygiene products provided.

y. Dates/times when toilet paper was provided, and the quantity of toilet paper provided each time.

z. Dates/times when physical altercations occurred within the holding cell(s).

aa. Dates/times when he left and reentered the holding cell(s), and the reason for same.

bb. Dates/times when access to *indoor* recreation was provided, and the type of recreation provided.

cc. Dates/times when access to *outdoor* recreation was provided, and the type of recreation provided.

15. Identification of any penological interest(s) that caused, was furthered, or required, the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells.

16. Any information that the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells was punitive in nature.

17. Whether the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells were in accordance with, pursuant to, or in violation of, the policies, practices, or customs, of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, and/or ST. TAMMANY PARISH JAIL.

18. Whether the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS; were subjected to while detained in the St. Tammany Parish Jail holding cells were in accordance with or in violation of State of Louisiana Title 22, Part III, Subpart 2 of the Louisiana Administrative Code.

19. Whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY, participated in, directed, caused, authorized, or permitted, the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and

FLOYD WILLIAMS, were subjected to while they were detained in the St. Tammany Parish Jail holding cells and at the time when they were detained in the holding cells, and if so, how they participated in, directed, caused, authorized, or permitted, the conditions of confinement or treatment.

20. Whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY, had knowledge of the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while they were detained in the St. Tammany Parish Jail holding cells and at the time when they were detained in the holding cells, and if not, the reason they did not have such knowledge.

21. Whether RANDY SMITH, GREG LONGINO, and LACEY KELLEY, had the opportunity to change the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while they were detained in the St. Tammany Parish Jail holding cells and at the time when they were detained in the holding cells, and if they did but did not do so, the reason that they did not do so.

22. For the years 2019-2020, identification and explanation of any administrative process or procedure used to track and document complaints or concerns from guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells.

23. For the years 2019-2020, identification of any documented complaints or concerns from guards, corrections officers, inmates, oversight agencies, accrediting agencies, certification agencies, government agencies, or government officials regarding the conditions of confinement in the holding cells or the treatment of inmates in the holding cells of the same nature as those identified in this consolidated lawsuit.

24. Any administrative, internal, civil, or criminal, investigation conducted regarding the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY

MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells, the scope and purpose of the investigation, and the factual findings, conclusions, and disposition of the investigation.

25. Any remedial training and/or discipline provided to any employee of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, and ST. TAMMANY PARISH JAIL, resulting from or related to the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells.

26. Identification of any non-official names or nicknames for the St. Tammany Parish Jail, including but not limited to, "St. Slammity."

27. Identification of any statements made by any agent, employee, or official, of the ST. TAMMANY PARISH SHERIFF, ST. TAMMANY SHERIFF'S OFFICE, ST. TAMMANY PARISH, or ST. TAMMANY PARISH JAIL, regarding the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells.

28. The process used to search for electronic communications (including but not limited to email in-mailbox, sent mailbox, and deleted mailbox; or text messaging) that contain information regarding, or discuss, the conditions of confinement or treatment that AHMED ANWAR ALI TAQI BAQER; KLABERT GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS, were subjected to while detained in the St. Tammany Parish Jail holding cells, or the reasons for same.