**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE PAPILLION** |
| **VERSUS** | * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual capacity** | * | **MAGISTRATE CURRAULT**<br>**JURY DEMAND**<br>**COMBINED WITH *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC***<br>**ALL CASES** |
| **Defendants** | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

**MAY IT PLEASE THE COURT:**

**NOW COME,** through undersigned counsel, Defendants, Sheriff Randy Smith and Lacey Kelly, who respectfully submit this Memorandum in Support of their Motion to Compel, and aver as follows:

## I. FACTUAL BACKGROUND

On July 21, 2022, Defendants propounded their Interrogatories and Requests for Production of Documents on Plaintiffs, Terry Matthew Hall, Jr, Kevin Louviere, Ahmed Baqer, Floyd Williams and Klabert Joseph Guillot, Sr.[1] These discovery requests were first received by

[1] *See* Correspondence to Plaintiffs' counsel dated July 21, 2022, attached herein as Exhibit "1"; *See* Defendants'

Plaintiffs' counsel on July 25, 2022.[2] Pursuant to FRCP Rule 33(b)(2), Plaintiffs' responses and objections to Defendants' discovery were due within 30 days of receipt, i.e., no later than August 23, 2022. Over four (4) months later, on or about January 6, 2023, counsel for Plaintiffs provided Defendants with their responses and objections to Defendants' discovery requests.[3] Notably missing from these discovery responses was the responses of Plaintiff, Klabert Joseph Guillot, Sr.[4] Plaintiffs' discovery responses also contained numerous deficiencies. On June 12, 2023, after Plaintiffs had failed to provide any supplemental discovery responses, despite noting in their original discovery responses that they reserved the right to supplement their responses to discovery, these deficiencies were brought to Plaintiffs' attention, via a letter from counsel for Defendants, advising Plaintiffs' counsel that the discovery responses for each individual Plaintiff were deficient in the following ways:[5]

> "**Terry Matthew Hall, Jr.**
>
> **1) Request for Production No. 1**
>
> Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization. Plaintiff objected to signing the authorization.

---

Interrogatories and Requests for Production to Plaintiff, Terry Matthew Hall, Jr., attached herein as Exhibit "2"; *See* Defendants' Interrogatories and Requests for Production to Plaintiff, Kevin Louviere., attached herein as Exhibit "3"; *See* Defendants' Interrogatories and Requests for Production to Plaintiff, Ahmed Baqer, attached herein as Exhibit "4"; *See* Defendants' Interrogatories and Requests for Production to Plaintiff, Floyd Williams, attached herein as Exhibit "5"; *See* Defendants' Interrogatories and Requests for Production to Plaintiff, Klabert Joseph Guillot, Sr., attached herein as Exhibit "6."

[2] *See* Signed Return Receipt from Romanucci & Blandin, LLC, attached herein as Exhibit "7" (Defendants' discovery requests were received by Romanucci & Blandin, LLC, on July 25, 2022); *See* Signed Return Receipt from the Glorioso Law Firm, attached herein as Exhibit "8" (Defendants' discovery requests were received by the Glorioso Law Firm on July 26, 2022); *See* Signed Return Receipt from Jacob Litigation, attached herein as Exhibit "9" (Defendants' discovery requests were received by Jacob Litigation on July 30, 2022)

[3] *See* Correspondence from Plaintiffs' counsel dated January 5, 2023, attached herein as Exhibit "10"; *See* Plaintiff, Terry Matthew Hall, Jr.'s, discovery responses, attached herein as Exhibit "11"; *See* Plaintiff, Kevin Louviere's, discovery responses, attached herein as Exhibit "12"; *See* Plaintiff, Ahmed Baqer's, discovery responses, attached herein as Exhibit "13"; *See* Plaintiff, Floyd Williams', discovery responses, attached herein as Exhibit "14." Defendants note that at no time have Defendants **ever** consented to electronic service in this matter. Defendants have consistently stated to Plaintiffs' counsel that they have not consented to electronic service.

[4] To date, Defendants have never received discovery responses from Plaintiff, Klabert Joseph Guillot, Sr.

[5] *See* Email Correspondence from counsel for Defendants, dated June 12, 2023, attached herein as Exhibit "15"; *See* Correspondence from counsel for Defendants, dated June 12, 2023, attached herein as Exhibit "16."

**2) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**3) Request for Production No. 3**

Request for Production No. 3 requests that Plaintiff produce a copy of any medical records, invoices, audio/video records, prescription records, receipt, x-rays and/or any other record in your possession related to the alleged incident or to the damages claimed by Plaintiff in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**4) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**5) Request for Production No. 5**

Request for Production No. 5 requests that Plaintiff produce any and all documents which evidence, support or relate to the injuries Plaintiff claims as a result of the alleged incident upon which the suit is based. To date, no such medical records have been produced by Plaintiff relating to Plaintiff's alleged injuries, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**6) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**7) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**<u>Kevin Louviere</u>**

**1) Request for Production No. 1**

Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization. Plaintiff objected to signing the authorization.

**2) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**3) Request for Production No. 3**

Request for Production No. 3 requests that Plaintiff produce a copy of any medical records, invoices, audio/video records, prescription records, receipt, x-rays and/or any other record in your possession related to the alleged incident or to the damages claimed by Plaintiff in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**4) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**5) Request for Production No. 5**

Request for Production No. 5 requests that Plaintiff produce any and all documents which evidence, support or relate to the injuries Plaintiff claims as a result of the alleged incident upon which the suit is based. To date, no such medical records have been produced by Plaintiff relating to Plaintiff's alleged injuries, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**6) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**7) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**Ahmed Baqer**

**1) Interrogatory No. 6**

Interrogatory No. 6 requested that Plaintiff state what injuries and/or damages he sustained as a result of the alleged violations alleged in this suit. In response, Plaintiff provided that his treatment was ongoing and that Plaintiff would supplement medical records and bill when they were received. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he would supplement his response with such information.

**2) Interrogatory No. 14**

Interrogatory No. 14 requested that Plaintiff state the name of every doctor, hospital, or healthcare provided from whom or at which he received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident this suit is based on. In response, Plaintiff referred to the medical records provided by Defendants, and further provided that he reserves the right to supplement his responses. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**3) Request for Production No. 1**

Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization. Plaintiff objected to signing the authorization.

**4) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**5) Request for Production No. 3**

Request for Production No. 3 requests that Plaintiff produce a copy of any medical records, invoices, audio/video records, prescription records, receipt, x-rays and/or any other record in your possession related to the alleged incident or to the damages

claimed by Plaintiff in this matter. In response, Plaintiff referred to the medical records provided by Defendants, and further provided that he reserves the right to supplement his responses. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**6) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. In response, Plaintiff referred to the medical records provided by Defendants, and further provided that he reserves the right to supplement his responses. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**7) Request for Production No. 5**

Request for Production No. 5 requests that Plaintiff produce any and all documents which evidence, support or relate to the injuries Plaintiff claims as a result of the alleged incident upon which the suit is based. To date, other than those records originally produced to Plaintiff by Defendants, no such medical records have been produced by Plaintiff relating to Plaintiff's alleged injuries, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**8) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**9) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**<u>Floyd Williams</u>**

**1) Request for Production No. 1**

Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization.

Plaintiff objected to signing the authorization.

**2) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**3) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**4) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**5) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**Klabert Guillot, Sr.**

To date, Plaintiff, Klabert Guillot, Sr., has failed to produce any responses to Defendants' discovery requests."[6]

In an effort to resolve the issues pertaining to Plaintiffs' discovery responses, Defendants set a Rule 37 conference for Monday, June 19, 2023, at 10:00 a.m. Central Time.[7] On June 19, 2023, a Rule 37 conference was held between the parties, wherein it was agreed that Plaintiffs would provide supplemental discovery responses by July 10, 2023.[8]

---

[6] *See* Exhibit 16.
[7] *Id.*
[8] *See* Email Correspondence between counsel, dated June 19, 2023, attached herein as Exhibit "17."

On July 7, 2023, Plaintiffs' counsel informed undersigned counsel that Plaintiff, Klabert Joseph Guillot, Sr., who has failed to produce any discovery responses thus far, had his mail, containing a copy of his discovery responses, opened by STPJ personnel and scanned into the system, and that Mr. Guillot had not yet been provided with a copy of his discovery responses to sign.[9] In response, counsel for Defendants advised Plaintiffs' counsel that scanning of mail is standard protocol at the STPJ that is done as a security measure to ensure that no contraband enters the facility by mail.[10] Undersigned counsel further provided that he would speak with the warden in order to come up with a solution.[11]

On Monday, July 10, 2023, Defendants received Plaintiffs' 'Supplemental Disclosures,' and were further informed that Plaintiffs' counsel would again be unable to produce Mr. Guillot's discovery responses to Defendants' discovery requests dated July 21, 2022.[12] A review of Plaintiffs' Supplemental Disclosures provided that in response to Defendants' June 12, 2023, correspondence noting significant deficiencies to Plaintiffs discovery responses, that Plaintiffs had simply provided only the HIPAA authorizations for Terry Matthew Hall, Jr., Kevin Louviere,[13] Floyd Williams, and the Employment Authorizations for Terry Matthew Hall, Jr.[14] Accordingly, as of the time of the filing of this Motion, Plaintiff has failed to provide the following discovery responses despite having been requested to do so by Defendants:

Terry Matthew Hall, Jr.
-Requests for Production: No. 3 – No. 5, No. 14 – No. 15

[9] *See* Email Correspondence from Plaintiffs' counsel dated July 7, 2023, attached herein as Exhibit "18."
[10] *See* Exhibit 18.
[11] *Id*.
[12] *See* Email Correspondence from Plaintiffs' counsel dated July 10, 20223, attached herein as Exhibit "19"; *See also* Plaintiffs' Supplemental Disclosures, attached herein as Exhibit "20."
[13] Defendants note that the HIPAA Authorizations for Kevin Louviere are unusable as the section titled 'Provider Authorized to Release the PHI' has two providers typed over one another and is therefore illegible. Additionally, one of the HIPAA Authorizations for Kevin Louviere has the name, date of birth and social security number double-typed over each other.
[14] *See* Exhibit 20.

Kevin Louviere
-Requests for Production: No. 2 – No. 5, No. 14 – No. 15

Ahmed Baqer
-Interrogatory: No. 6, No. 14
-Requests for Production: No. 1 – No. 5, No. 14 – No. 15

Floyd Williams
-Requests for Production: No. 2 – No. 4, No. 14 – No. 15

Klabert Joseph Guillot, Sr.
-Interrogatory: No. 1 – No. 15
-Requests for Production: No. 1 – No. 16

Plaintiffs' responses to these discovery requests are necessary for Defendants' defense against Plaintiffs' claims, especially considering that Plaintiffs have alleged injuries resulting from the alleged actions and/or inactions of Defendants in this matter. Plaintiffs' failure to provide medical records regarding the alleged injuries sustained by Plaintiffs, is overtly prejudicial to Defendants, as Defendants are unable to accurately assess Plaintiffs' alleged injuries beyond their own unsubstantiated claims.[15] Defendants further note that it is imperative that Plaintiffs provide their full discovery responses, as the deadline for Motions for Summary Judgment to be heard in this matter is August 23, 2023,[16] which means that the parties must file their Motions no later than August 8, 2023.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 33 governs the use of interrogatories in discovery. Rule 33 provides, in pertinent part, that interrogatories must:

1) be answered by the party to whom they are directed (§§ (b)(1)(A));

[15] Defendants note that while Plaintiffs' counsel has provided some medical records for Floyd Williams, that Plaintiffs have still failed to provide any medical records documenting Mr. Williams' back surgery, which allegedly took place in May 2022, and which Mr. Williams asserts Defendants are responsible for.

[16] *See* R. Doc. 207. (Defendants note that the prior deadline for filing Non-Evidentiary Pretrial Motions was August 22, 2023. Since this case has been reassigned, Defendants have been informed by Judge Papillon's clerk that this deadline would be moved to August 23, 2023, in accordance with Judge Papillon's scheduled Motion Submission and Oral Argument Date).

2) be signed (§§(b)(5)) and, if not objected to, be answered separately and fully in writing under oath (§§ (b)(3));

3) be responded to via service of answers and any objections within thirty (30) days of service of the interrogatories (§§ (b)(2)).

Rule 33 further states that if an objection to an interrogatory is not timely raised with specificity, it is waived, absent Court allowance after good cause shown.

Federal Rule of Civil Procedure 34 governs the use of requests for production in discovery. Rule 34 provides, in pertinent part, that requests for production must:

1) be responded to by the party to whom they are directed (§§ (b)(2)(A));

2) be responded to in writing within thirty (30) days of service of the requests (§§ (b)(2)(A)(B));

3) be responded to with production as maintained in the normal course of business or organized to correspond to the requests (§§ (b)(2)(E)(i)).

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."[17] This rule applies with equal force to both interrogatories under Federal Rule of Civil Procedure 33 and Requests for Production of Documents under Federal Rule of Civil Procedure 34.[18] In *Parkcrest Builders*, discovery was served on February 10, 2017, and responses were due March 13, 2017. The party from whom discovery was requested did not provide responses by the due date and did not request an extension in advance of that due date. Rather, responses were only provided after the requesting party reached out to advise the responses were overdue. This court found that the party to whom discovery was issued had waived its objections to same, including as to relevancy.[19]

As previously noted above, on July 21, 2022, Defendants propounded their Interrogatories

---

[17] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).
[18] *Parkcrest Builders, LLC v. Hous. Auth. Of New Orleans (HANO),* 2017 U.S. Dist. LEXIS 60785, *13 (E.D.La. 4/21/17) (internal citations omitted).
[19] *Id*. at *13-16.

and Requests for Production of Documents on Plaintiffs. Defendants' Interrogatories and Requests for Production of Documents were received by Plaintiffs' counsel on July 25, 2022. Accordingly, Plaintiffs' responses and objections to Defendants' discovery were due no later than August 23, 2022.[20] Four (4) months later, on or about January 6, 2023, counsel for Plaintiffs provided Defendants with their responses and objections to Defendants' discovery requests. Undersigned counsel informed counsel for Plaintiffs that Plaintiffs' discovery responses contained a number of deficiencies, and a Rule 37 conference was set for June 19, 2023, at 10:00 a.m. Following the Rule 37 conference, it was agreed that Plaintiffs would provide supplemental discovery responses by July 10, 2023.

On Monday, July 10, 2023, Defendants received Plaintiffs' 'Supplemental Disclosures.' Plaintiffs' Supplemental Disclosures, however, had contained numerous deficiencies, as they failed to include any discovery responses on behalf of Mr. Guillot, and further contained only the HIPAA authorizations for three of the Plaintiffs (Mr. Hall, Mr. Louviere[21] & Mr. Williams) and the Employment Authorizations for another (Mr. Hall). As of the time of the filing of this motion, Plaintiffs, Terry Matthew Hall, Jr., Kevin Louviere, Floyd Williams and Ahmed Baqer, have failed to provide responses to numerous discovery requests, while Plaintiff, Klabert Joseph Guillot, Sr., has failed to provide any discovery responses throughout the course of this litigation. Accordingly, Defendants are entitled to an order compelling Plaintiffs' discovery responses with all objections thereto waived.

Finally, FRCP 37(a)(5)(A) provides, in pertinent part, "If the motion [to compel] is

---

[20] *See* FRCP Rule 33(b)(2).

[21] Defendants note that the HIPAA Authorizations for Kevin Louviere are unusable as the section titled 'Provider Authorized to Release the PHI' has two providers typed over one another and is therefore illegible. Additionally, one of the HIPAA Authorizations for Kevin Louviere has the name, date of birth and social security number double-typed over each other.

granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[22] Based on Plaintiffs' failure to provide responses after multiple requests, Defendants request an award of all expenses connected to the making of this motion, including attorney's fees.[23]

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the instant motion to compel be granted as follows: (1) Plaintiffs should be compelled to provide sufficient answers and responses to Defendants' Interrogatories and Requests for Production of Documents within a reasonable time determined by the Court, with all of their objections to same being deemed waived, subject to dismissal with prejudice; and (2) Defendants should be awarded reasonable attorneys fees and costs associated with the filing of this motion.

---

[22] *See also id.* at § (d)(1)(A)(ii).
[23] Defendants will provide to the Court an accounting of such expenses, as directed by the Court.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

s/ Chadwick W. Collings

**CHADWICK W. COLLINGS, T.A. # 25373**
**KENNETH R. WHITTLE # 38640**
**SARAH A. FISHER # 39881**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**ccollings@millinglaw.com**
**kwhittle@millinglaw.com**
**sfisher@millinglaw.com**
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Tuesday, July 11, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

s/ Chadwick W. Collings
**Chadwick W. Collings**