UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR. Plaintiffs | * | NO. 2020-CV-980-WBV-DPC |
| VERSUS | * | JUDGE VITTER |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual capacity | * | MAGISTRATE CURRAULT<br>JURY DEMAND<br>COMBINED WITH *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC* |
| Defendants | * | ALL CASES |

****************************************************************************

**DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), and herewith propounds the following **INTERROGATORIES and REQUESTS FOR PRODUCTION** to Plaintiff, **KEVIN LOUVIERE:**

**GENERAL INSTRUCTIONS AND DEFINITIONS**

Your answers to these Discovery Requests are to be categorical, in writing, under oath, full and complete, and filed in the record of this case, with a copy thereof served upon the undersigned

counsel for Sheriff Smith to be answered within the delays allowed by the Federal Rules of Civil Procedure, and in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, these discovery requests are deemed to be continuing and supplementation of all responses is requested as the information changes and becomes available.

The following general instructions and definitions shall govern the Discovery Request propounded to you by Defendants, unless the contrary is specified or is indicated by the context.

**A. Definitions**

As used herein the following definitions apply:

1. The term "Person" shall mean all natural and civil persons and includes any individual, association, corporation, partnership, firm, joint venture or any other business or legal entity; and includes any governmental or quasi-governmental branch, department, bureau or agency.

2. The term "document" shall mean any written, printed, non-printed, typed, photocopied, photographic, reproduced and graphic matter of any kind or character and any recorded or stored information, however produced or reproduced, (i) in "your" possession or control or (ii) known to "you" to exist, including (without limiting the generality of the foregoing), affidavits, agreements, books, calendars, communications, contracts, correspondence, desk pads, diaries, diary or calendar entries, interim or tentative entries, lists, memoranda, minutes and minute entries, notes, printouts, records of meetings, conference and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, telexes, printed copies of electronic mail, teletypes and/or work papers, and information stored in computers or other data

stored or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduced to readable form through proper programming, deciding or processing, together with necessary instructions for understanding, using or reproducing same.

2a. The term "document" also includes originals "and" all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis, highlighting, "or" attention "and" encircling, relating or referring in any way to the subject matter of these Discovery Requests.

3. The terms "you" and “your" shall mean the person to whom these Discovery Requests are directed "and" every individual who, because acting, in "your" behalf, can furnish information, including any person acting as a representative in the investigation or preparation of this action "and" your agents, attorneys, investigators "and" representatives having knowledge of any matter which is the subject of these Discovery Requests who can furnish information.

4. "Identify" in connection with a "document" means to:

(a) State the type of "document" (for example, a letter, a memorandum, etc.); state the dates upon which the "document" was prepared "and" "executed"; the name and address of its author; the name and address of the recipients and intended recipients of the "document" "or" copies of the "document", and

(b) If the "document" constitutes or memorializes an agreement or contract, state the names of each party to the agreement or contract, the date on which it was entered into, and place where it was confected, its terms "and" conditions, the present location of any original

copies thereof, the name and address of the custodian of each original copy, and the contents thereof. If the agreement or contract has been amended or supplemented, this must be stated and the above information furnished on each such amendment or supplement.

(c) State whether "you" are in possession of the original "document" and "identify" the person having custody. If you do not possess the original "document", "identify" (i) the "person" who has custody of, and (ii) the location of the original "document".

5. "Identify" in connection with a natural "person" means to:

(a) State the person's name, present address, if known, or most recent past address if the present address is not known, and telephone number; and

(b) State the person's relationship to you, "identify" his present employer and the person's position with that employer, and state the person's title which is derived from that position.

6. "Identify" in connection with a corporation means to:

(a) State its full name, its state of incorporation, and its principal place of business; and

(b) State the corporation's relationship to you.

7. "Identify" in connection with a "person" other than an individual or a corporation means to state the person's official name, the person's organizational form and the person's present address.

8. "Identify" in connection with any "act", occurrence, event, action, doing, occasion, meeting, transaction or conduct, (all of which are included within the term "act", when

it is used herein in connection with the term "identify") shall mean to set forth the event or events constituting such "act"; state its location; state the date of the "act"; "identify" the persons participating, present or involved at any time during the "act", or having knowledge concerning the "act", and "identify" all documents related or referring in any way thereto. When used in reference to any oral conversation or discussion "identify" shall mean, in addition to the foregoing, to set forth the substance of what was said, when, where, by and to whom.

9. "Identify" with respect to any "knowledge" or "information" or "state of mind" means to set forth with specificity the fact(s) alleged to be or have been known; or alleged to constitute the information; when such became known; how and by whom known; and/or set forth the precise state of mind alleged to exist; when such state of mind arose and how such state of mind arose.

10. "Describe" or "specify" means:

(a) Set forth the matter which you are asked to "describe" "or" "specify", and do so fully and in detail, by reference to underlying facts rather than reference to ultimate facts or conclusions of fact or law; and

(b) State particulars as to (i) time and (ii) place; and

(c) "Identify" the "persons" participating, present or involved at any time; and

(d) Set forth all facts necessary to a complete understanding of the "act", process or thing in question.

11. Words herein of any gender shall be deemed to include all other genders and the singular be deemed to encompass the plural.

12. The terms "and" and "or" include the conjunctive "and", the disjunctive "or" and the words "and/or".

13. Other definitions may be included within this Discovery Request pleading itself.

**B. Personal Files**

The discovery sought by "these Discovery Requests" encompasses material contained in, or which might be derived or ascertained from your "personal files" and the "personal files" of "your" officers, agents, directors, employees, managers, representatives, investigators and the files of your attorney.

**C. Supplementation of Responses**

Your responses to "this Discovery Request" shall be supplemented as required by the Federal Rules of Civil Procedure.

**D. Objection To Or Failure To Answer Or Produce Because Of A Claim Of Privilege Or "Work" Product**

If any portion of these Discovery Requests is objected to or is not fully responded to because of either a claim or privilege or a claim that the answer or document constitutes or reflects the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation or was otherwise prepared in anticipation of litigation, then in each such instance state the following information as though these Discovery Requests are made a separate part of each interrogatory:

1. If your position is based upon a claim of privilege, then: (a) state the basis for your claim of privilege, including all underlying facts; (b) "identify" all "persons" having

knowledge concerning the facts, information, communications, or documents which you claim to be privileged; and (c) "identify" all "persons" having knowledge of the facts upon which you base your claims of privilege.

2. If your position is based upon a claim that any information or document is "work product" or "prepared in anticipation of litigation", then: (a) state the basis for your claim that the information or "document" constitutes or reflects the mental impression, conclusion, opinion or legal theory of any attorney or other person concerning this litigation; and (b) "identify" all "persons" having knowledge or copies of any of the information or "documents" which you claim to be or reflect mental impressions, conclusions, opinions "or" legal theories of any attorney or other person whose mental impressions, conclusions, opinions or legal theories are those to which you refer; and (c) "Identify" all persons having knowledge of the facts upon which you base your claim that the information or "document" is not discoverable.

3. In the instance of either number 1 or number 2 above, state if any of the information not disclosed is known to the personnel of any regulatory authority or agency.

## INTERROGATORIES

**Interrogatory No. 1**

Please state your full name, date of birth, marital status, current spouse's name (if applicable), all prior spouse's name (if applicable), social security number, current physical address (no P.O. Boxes), prior addresses in the last (10) years, current telephone number, and prior telephone numbers in last ten years.

**Interrogatory No. 2**

Please state your entire educational background, including, but not limited to, all secondary and post-secondary education and any and all training you received as part of any current or former employment. Please state the name of the institution(s) attended, the address(es), the year(s) attended, the date(s) of graduation (if applicable), and the degree or certificate awarded upon completion.

**Interrogatory No. 3**

Please state the full name and address of your current employer, the date you began your employment.

**Interrogatory No. 4**

Please state the full name and address of all of your prior employers and the years you were employed there.

**Interrogatory No. 5**

Please state whether you have ever been investigated, disciplined and/or reprimanded by any employer. If so, please state the reason for the investigation, the date(s) of the investigation, the result of the investigation, and the name of the employer who conducted the investigation.

**Interrogatory No. 6**

State what injuries and/or damages you sustained as a result of the alleged violation(s) of your rights upon which this suit is based.

**Interrogatory No. 7**

Have you recovered from the injuries and/or damages sustained as a result of the alleged incident upon which this suit is based? If not, then state in what respects you have not recovered.

**Interrogatory No. 8**

Do you claim that you have lost any salary or other earnings as a result of the alleged incident upon which this suit is based? If so, then state the amount of your loss, the name and location of your employer, and identify the period of time for which you have been, or will be unable to work.

**Interrogatory No. 9**

Have you ever been involved in any prior litigation or made any other claims against any person, firm or corporation?

If so, then state:

(a) The nature of such injury forming the basis of each such claim;

(b) The name and address of every person, firm or corporation against whom each claim was made; and

(c) Whether or not suit was filed by you or on your behalf in connection with such injury, and if so, then state the date each suit was filed, the court in which each suit was filed, the title and record number of each suit, and the final disposition thereof.

**<u>Interrogatory No. 10</u>**

Please list all persons, including, but not limited to any experts, contacted, interviewed and/or consulted by you or anyone acting on your behalf in connection to this litigation, including the date(s) of the interview(s), and the addresses and phone numbers of the person(s) interviewed.

**<u>Interrogatory No. 11</u>**

Please identify by name, address, and telephone number, each witness whom you may call on your behalf in this matter, and provide a detailed account of any knowledge they have regarding this matter and each individual's anticipated testimony at trial.

**<u>Interrogatory No. 12</u>**

Please describe with reasonable specificity every document and/or any other exhibit which you intend to offer into evidence in this matter.

**<u>Interrogatory No. 13</u>**

Please state whether you have ever been arrested at any time other than the arrest related to the incarceration that is the subject of the above captioned matter. If yes, please state when you were arrested, on what charges, in what jurisdiction, and the final disposition of those charges.

**<u>Interrogatory No. 14</u>**

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident upon which this suit is based.

**Interrogatory No. 15**

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for any reason in the prior ten (10) years.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**

Please sign the attached HIPAA compliant authorization. (See attached)

**Request for Production No. 2**

Please sign the attached employment records authorization. (See attached)

**Request for Production No. 3**

Please provide a copy of any and all medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record, in your possession related to the alleged incident or to the damages claimed by you in this matter.

**Request for Production No. 4**

Please produce any and all documents which support your claim for economic damages, if any.

**Request for Production No. 5**

Please produce any and all documents which evidence, support or relate to the injuries you claim as a result of the alleged incident upon which this suit is based.

**Request for Production No. 6**

Please produce any and all documents that evidence, support, or relate to the actions and/or omissions you allege caused you any damage.

**Request for Production No. 7**

Please produce any and all documents that evidence, support or relate in any way to the damages alleged in this matter.

**Request for Production No. 8**

Please produce copies of all witness statements in your possession pertaining to the subject matter of the above captioned matter.

**Request for Production No. 9**

Please produce copies of any and all videos, recordings or other statements in your possession related to this matter, to the damages alleged in this matter, or to your allegations in this matter.

**Request for Production No. 10**

Please produce copies of all resumes or curricula vitae pertaining to the persons, including, but not limited to any experts, whom you intend to call or in any other way utilize as expert witnesses in this matter.

**Request for Production No. 11**

Please produce copies of all resumes or curricula vitae pertaining to the persons, including, but not limited to any experts, whom you interviewed and/or consulted with in connection with this matter.

**Request for Production No. 12**

Please produce copies of any and all documents sent by you to any expert retained, interviewed, and/or consulted in this matter.

**Request for Production No. 13**

Please produce copies of all exhibits, photographs (including negatives), videos, and/or other documentary or demonstrative evidence which you, your attorney or experts intend to introduce and/or utilize in any manner at the trial of this matter.

**Request for Production No. 14**

Please produce copies of all documents and/or other evidence produced in discovery by you to any other party and/or received by you from any other source in this matter.

**Request for Production No. 15**

Please provide a copy of any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.

**Request for Production No. 16**

Please provide a copy of any and all documents, recordings and/or other tangible things provided by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.

**Respectfully submitted,**

**MILLING BENSON WOODWARD LLP**

**CHADWICK W. COLLINGS, T.A. #25373**
**SARAH A. FISHER #39881**
**KENNETH R. WHITTLE #38640**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**Email: ccollings@millinglaw.com**
**sfisher@millinglaw.com**
**kwhittle@millinglaw.com**
***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served on all counsel of record either by electronic mail, facsimile transmission, and/or by depositing a copy of same in the United States Mail, First Class postage prepaid and properly addressed, this 21st day of July, 2022.

**Chadwick W. Collings**

# Authorization for Use and Disclosure of Protected Health Information (PHI)

| | |
|---|---|
| PATIENT NAME (Last, First, Middle) | DATE OF BIRTH |
| ADDRESS | SSN |
| CITY STATE | ZIP CODE |

| PROVIDER AUTHORIZED TO RELEASE THE PHI: | ENTITY RECEIVING THE PHI: |
|---|---|
| | Milling, Benson & Woodward, LLP<br>68031 Capital Trace Row<br>Mandeville, LA 70471<br>985-871-3924 |

This authorization shall expire on the following date or event: ________________

*If I fall to specify an expiration date or event, this authorization will expire (12) months from the date in which it was signed.

PURPOSE OF DISCLOSURE: ☐ Medical ☐ Insurance X Legal ☐ Other: ________________

DESCRIPTION OF INFORMATION TO BE DISCLOSED: Start Date: ____________ End Date: ____________

| | |
|---|---|
| ☐ ALL PHI IN THE MEDICAL RECORDS | ☐ CONSULTATION REPORTS |
| ☐ HISTORY & PHYSICAL REPORTS | ☐ DISCHARGE SUMMARY |
| ☐ PROGRESS NOTES | ☐ ITEMIZED BILLING STATEMENT |
| ☐ IMAGING TESTS/REPORTS | ☐ PATIENT INFORMATION SHEET |
| ☐ LABORATORY REPORTS | ☐ OTHER: |

The Protected Health Information Listed Below WILL BE Released When Included in the Above Medical Information Unless Specifically Indicated Otherwise

Psychiatric/Mental Health Information
Alcohol/Drug/Substance Abuse Information

AIDS/HIV/Genetic Information
OTHER: ________________________________

I understand that:

1. I may refuse to sign this authorization and that it is strictly voluntary.
2. If I do not sign this form, my health care and the payment for my health care will not be affected unless stated otherwise.
3. I understand that I have the right to revoke this authorization at any time inwriting and must present the written revocation to the provider authorized to release the protected health information. I understand if I do revoke this authorization it will not apply to information that has already been released to this authorization.
4. If the requester or receiver is not a health plan or healthcare provider, the released information may no bnger be protected by federal privacy regulations and may be re-disclosed.
5. I understand that I may see and obtain a copy of the information described in this form, for a reasonable copy fee, if I ask for it.

***I have read the above and authorized the disclosure of the protected health Information as stated:***

Patient Signature: ______________________________ Date: ____________

Patient Representative Signature: ______________________________ Date: ____________
(IF APPLICABLE)

Relationship to Patient: ______________________________

**AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS**

TO the PROVIDER: ______________________________________________
______________________________________________
______________________________________________

You are hereby requested to permit any representative of the firm of___________________________ (hereafter the "Bearer") to examine, reproduce, or otherwise copy in any manner, the following records in your possession. This authorization requires only the production of documents.

1. Documents and/or materials relating to the application process including resumes, curricula vitae, applications, resumes, lists and/or letters of references and/or notes of interviews.
2. Documents and/or materials relating to the hiring processing including letters of offer/acceptance, new hire and employee forms, wage/salary forms, benefit forms, notification forms, and/or insurance forms.
3. Documents and/or materials relating to evaluation or appraisal including evaluations, appraisals, praise, criticism, commendations, reprimands, notices, notes, self-appraisals, letters, grades, salary or wage changes, promotions, demotions, pass-overs, reassignments, disciplinary actions, and comments relating to employee's evaluation or appraisal.
4. Documents and/or materials relating to employee's health including reports relating to accidents and injuries occurring during the term of employment, sick day records, medical records, doctor's notes, correspondence, health insurance claims, health insurance payments, workers' compensation claims, workers' compensation payments, hospital records and notes relating to employee's health.
5. Documents and/or materials relating to employee's attendance including attendance records, punch cards, calendars and/or notes related to employee's attendance.
6. Documents and/or materials relating to compensation including ledgers, W-2's, tax forms, deductions, checks, salary statements, wage statements and/or notes related to compensation.
7. Documents and/or materials relating to discharge including resignations, terminations, lay-offs, firings, departures, failure-to-return-to-works and/or notes related to discharge.
8. Personnel files having to do with the employee.

I understand that I may revoke this consent at any time and that upon fulfillment of the above-stated purpose(s), this consent will automatically expire without my express revocation. This authorization shall remain effective for **one year** from the date hereof. A photocopy of this authorization will be treated in the same manner as the original.

A photocopy of this authorization is to be treated in the same manner as the original copy.

Dated: ________________________ Signed:____________________________________

Employee: _________________________________

Social Security Number: ______________________

Date of Birth:________________________________