MILLING
BENSON WOODWARD L.L.P.
ATTORNEYS AT LAW WWW.MILLINGLAW.COM

**Chadwick W. Collings**
A Professional Law Corporation
(985) 292-2000
**ccollings@millinglaw.com**

June 12, 2023

***Via Email Only***

Maria B. Glorioso
*maria@gtorts.com*
Glorioso Law Firm
2716 Athania Parkway
Metairie, LA 70002

Antonio Maurizio Romanucci
*aromanucci@rblaw.net*
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654

Devon M Jacob
*djacob@jacoblitigation.com*
Jacob Litigation
P.O. Box 837
Mechanicsburg, PA 17055-0837

Bhavani Raveendran
*b.raveendran@rblaw.net*
Romanucci & Blandin, LLC
321 North Clark Street, Suite 900
Chicago, IL 60654

***Re: Ahmed Baqer et al v. St. Tammany Parish Government, et al***
***Civil Action No.: 20-980; USDC- Eastern District of Louisiana***

***Kevin Louviere et al v. St. Tammany Parish Government, et al***
***Civil Action No. 20-1840; U.S.D.C. – Eastern District of Louisiana***

Dear Mr. Jacobs,

This correspondence is to inform you that upon review of your clients' discovery responses, that we have found that they are deficient in the following respects:

**Terry Matthew Hall, Jr.**

**1) Request for Production No. 1**

Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization. Plaintiff objected to signing the authorization.

**2) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**3) Request for Production No. 3**

Request for Production No. 3 requests that Plaintiff produce a copy of any medical records, invoices, audio/video records, prescription records, receipt, x-rays and/or any other record in

your possession related to the alleged incident or to the damages claimed by Plaintiff in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**4) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**5) Request for Production No. 5**

Request for Production No. 5 requests that Plaintiff produce any and all documents which evidence, support or relate to the injuries Plaintiff claims as a result of the alleged incident upon which the suit is based. To date, no such medical records have been produced by Plaintiff relating to Plaintiff's alleged injuries, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**6) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**7) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**Kevin Louviere**

**1) Request for Production No. 1**

Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization. Plaintiff objected to signing the authorization.

**2) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**3) Request for Production No. 3**

Request for Production No. 3 requests that Plaintiff produce a copy of any medical records, invoices, audio/video records, prescription records, receipt, x-rays and/or any other record in your possession related to the alleged incident or to the damages claimed by Plaintiff in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**4) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**5) Request for Production No. 5**

Request for Production No. 5 requests that Plaintiff produce any and all documents which evidence, support or relate to the injuries Plaintiff claims as a result of the alleged incident upon which the suit is based. To date, no such medical records have been produced by Plaintiff relating to Plaintiff's alleged injuries, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**6) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**7) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**Ahmed Baqer**

**1) Interrogatory No. 6**

Interrogatory No. 6 requested that Plaintiff state what injuries and/or damages he sustained as a result of the alleged violations alleged in this suit. In response, Plaintiff provided that his

treatment was ongoing and that Plaintiff would supplement medical records and bill when they were received. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he would supplement his response with such information.

**2) Interrogatory No. 14**

Interrogatory No. 14 requested that Plaintiff state the name of every doctor, hospital, or healthcare provided from whom or at which he received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident this suit is based on. In response, Plaintiff referred to the medical records provided by Defendants, and further provided that he reserves the right to supplement his responses. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**3) Request for Production No. 1**

Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization. Plaintiff objected to signing the authorization.

**4) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**5) Request for Production No. 3**

Request for Production No. 3 requests that Plaintiff produce a copy of any medical records, invoices, audio/video records, prescription records, receipt, x-rays and/or any other record in your possession related to the alleged incident or to the damages claimed by Plaintiff in this matter. In response, Plaintiff referred to the medical records provided by Defendants, and further provided that he reserves the right to supplement his responses. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**6) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. In response, Plaintiff referred to the medical records provided by Defendants, and further provided that he reserves the right to supplement his responses. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**7) Request for Production No. 5**

Request for Production No. 5 requests that Plaintiff produce any and all documents which evidence, support or relate to the injuries Plaintiff claims as a result of the alleged incident upon which the suit is based. To date, other than those records originally produced to Plaintiff by Defendants, no such medical records have been produced by Plaintiff relating to Plaintiff's alleged injuries, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**8) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**9) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**Floyd Williams**

**1) Request for Production No. 1**

Request for Production No. 1 requested that Plaintiff sign the HIPPA authorization. Plaintiff objected to signing the authorization.

**2) Request for Production No. 2**

Request for Production No. 2 requested that Plaintiff sign the employment records authorization. Plaintiff objected to signing the authorization.

**3) Request for Production No. 4**

Request for Production No. 4 requests that Plaintiff produce any and all documents supporting his claim for economic damages. To date, no such documentation has been produced by Plaintiff, despite Plaintiff asserting a claim for lost wages.

**4) Request for Production No. 14**

Request for Production No. 14 requests that Plaintiff produce any and all documents and/or other evidence produced by you to any other party and/or received by you from any other source in this matter. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**5) Request for Production No. 15**

Request for Production No. 15 requests that Plaintiff produce any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. To date, no such documentation has been produced by Plaintiff, despite Plaintiff providing that he reserves his right to supplement his response with such information.

**Klabert Guillot, Sr.**

To date, Plaintiff, Klabert Guillot, Sr., has failed to produce any responses to Defendants' discovery requests.

In order to discuss and address the deficiencies in the responses above, we are setting a Rule 37 conference for Monday, June 19, 2023, at 10:00 a.m. Central Time.

Should you have any questions or concerns, please do not hesitate to contact us.

Sincerely,

Chadwick W. Collings

CWC/mcb