**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE VITTER** |
| **VERSUS** | * | |
| | * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S** | * | **MAGISTRATE CURRAULT** |
| **OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual** | * | **JURY DEMAND** |
| **capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual** | * | **COMBINED WITH *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC*** |
| **and individual capacity, and LACEY KELLY, in her official and individual capacity** | * | **ALL CASES** |
| **Defendants** | * | |

**************************************************************************

---

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**

---

**MAY IT PLEASE THE COURT:**

**NOW COME** Defendants, Sheriff Randy Smith and Lacey Kelly, who respectfully submit the following Reply Memorandum in Support of their Motion to Compel.

1. **Plaintiffs have waived their objections to Defendants' discovery requests by failing to timely respond in accordance with Fed. R. Civ. P. 33 and 34.**

As previously noted in Defendants' Memorandum in Support of Motion to Compel, "[a]s a general rule, when a party fails to object timely to interrogatories, production requests, or other

discovery efforts, objections thereto are waived."[1] This rule applies with equal force to both interrogatories under Federal Rule of Civil Procedure 33 and Requests for Production of Documents under Federal Rule of Civil Procedure 34.[2] Where parties have failed to respond timely to written discovery requests, Courts in this Circuit have required those parties to answer interrogatories and produce documents without objections.[3]

As previously discussed, in *Parkcrest Builders, LLC v. Hous. Auth. Of New Orleans (HANO),* 2017 U.S. Dist. LEXIS 60785 (E.D. La. 2017), discovery was served on February 10, 2017, and responses were due March 13, 2017. The party from whom discovery was requested, Liberty, did not provide responses by the due date and did not request an extension in advance of that due date. Rather, responses were only provided after the requesting party reached out to advise the responses were overdue. This Court, in finding that Liberty had failed to provide discovery responses by the appropriate deadline, held that Liberty had therefore "waived its objections as to the requests or interrogatories being overly broad, burdensome, oppressive, vague and/or irrelevant."[4]

In *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss. 1990), the defendant propounded its First Set of Interrogatories and Production of Documents on the plaintiff on May 16, 1990. The

---

[1] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); See, *Shaw Group Inc. v. Zurich American Ins. Co.*, 2014 U.S. Dist. LEXIS 65179, 2014 WL 1891543, at *1, n.1 (M.D. La. May 12, 2014) (same); *Godsey v. United States*, 133 F.R.D. 111, 113 (S.D. Miss. 1990) ("[T]here is authority within this circuit that does recognize the general rule that discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts.") (citations omitted).

[2] *Parkcrest Builders, LLC v. Hous. Auth. Of New Orleans (HANO),* 2017 U.S. Dist. LEXIS 60785, *13 (E.D.La. 4/21/17) (internal citations omitted).

[3] *Shaw Group, Inc. v. Zurich American Ins. Co.*, 2014 U.S. Dist. LEXIS 65179 (M.D. La. 2014)(noting that the Court had previously ordered the defendant to submit complete responses, without objections, to plaintiff's discovery requests to which defendant had not responded, within seven days); *Matherne v. Schramm*, 2013 U.S. Dist. LEXIS 159392 (M.D. La. 2013)(ordering plaintiffs to submit complete responses, without objections, to defendants' discovery requests to which plaintiffs had not responded); *Johnson v. City of Baton Rouge*, 2011 U.S. Dist. LEXIS 16688 (M.D. La. 2011)(ordering defendants to respond to plaintiff's discovery requests and provide all responsive documents, without objection, within ten days).

[4] *Id*. at *15-16.

plaintiff responded to both on August 22, 1990, approximately ninety-seven (97) days after service of the defendant's requests, without having requested or having been granted any extensions of time and therefore in violation of the thirty-day limit imposed by Rules 33(a) and 34(b) of the Federal Rules of Civil Procedure.[5] The plaintiff's responses contained a number of objections regarding the scope and propriety of the defendant's discovery requests. The defendant subsequently filed a motion to compel, arguing that the plaintiff's objections were waived since she failed to timely respond and object to the defendant's interrogatories and requests for production of documents and further arguing that defendant was therefore entitled to an order directing the plaintiff to fully answer all discovery requests.[6]

In denying the defendant's motion to compel, the Magistrate held that there was no authority in this circuit for the proposition that objections to discovery raised outside of the time limits imposed by Rules 33(a) and 33(b) of the Federal Rules of Civil Procedure were waived.[7] Judge Russell, in overturning the Magistrate's denial of the defendant's motion to compel, found that the plaintiff did not fully respond or object within the proper time limit or seek any extensions, and further noted that "there is authority within this circuit that does recognize the general rule that discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts."[8] Accordingly, the District Court found that the Magistrate's denial of defendant's motion to compel was **contrary to law**, and held that the plaintiff's objections should be held as waived and she should be compelled to answer.[9] The District Court

---

[5] *Godsey v. United States*, 133 F.R.D. 111 (S.D. Miss. 1990).
[6] *Godsey*, 133 F.R.D. at 112.
[7] *Id*.
[8] *Id*. at 112-113, citing *In Re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989), and further citing *Brock v. Gerace*, 110 F.R.D. 58, 62 (D.N.J. 1986); *Boselli v. Southeastern Pennsylvania Transportation Authority*, 108 F.R.D. 723, 726 (E.D. Pa. 1985); *Chubb Integrated Systems Limited v. Nat'l Bank of Washington*, 103 F.R.D. 52, 62, 224 U.S.P.Q. (BNA) 1002 (1984); *Renshaw v. Ravert*, 82 F.R.D. 361, 362 (E.D. Pa. 1979).
[9] *Id*. at 113. (emphasis added).

additionally granted defendant's request for reasonable costs and attorney's fees incurred in the filing of its motion to compel.[10]

Here, Defendants propounded their Interrogatories and Requests for Production of Documents on Plaintiffs on **July 21, 2022**, which were received by Plaintiffs' counsel on **July 25, 2022**. Accordingly, Plaintiffs' responses and objections were due no later than **August 23, 2022**. Plaintiffs did not provide Defendants with their responses and objections until **January 6, 2023**, over four (4) months past the August 23, 2022, deadline to provide responses. Plaintiffs, however, argue that despite their clear failure to timely respond to Defendants' discovery requests, that their untimely objections to Defendants' discovery requests should not be waived, as they had 'good cause' to provide their late responses. Plaintiffs point to a factor-based test that some courts have used to determine whether good cause exists and whether waiver should be denied.[11] The factors taken into account in this test include:

> "(1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party."[12]

***i. Length of the Delay or Failure to Particularize***

Regarding the first factor, Plaintiffs are unable to provide any reason as to why they failed to provide any responses to Defendants' discovery requests for over four (4) months. Plaintiffs make no attempt to argue that there was a good reason for the length of this delay, as they fail to even address this fact in their argument as to the first factor.[13]

---

[10] *Id.*
[11] *See* R. Doc. 213, pg. 10.
[12] *See Salman v. Balderas*, 2019 U.S. Dist. LEXIS 234392 (E.D. La. 2019).
[13] *See* R. Doc. 213, pg. 11.

Regarding the failure to particularize, Plaintiffs point to their objections to Requests for Production Nos. 1 and 2 and argue that their objections to providing signed medical and employments authorizations have been sufficiently particularized.[14] Plaintiffs' argument, however, seems to completely disregard or address the fact that Defendants' motion to compel seeks responses to numerous discovery requests from all Plaintiffs.[15] In response to these interrogatories and requests, Plaintiffs have either: (1) objected on the basis of prematurity;[16] (2) objected on the basis that damages will ultimately be determined by a jury;[17] (3) objected on the basis of vagueness;[18] or (4) responded 'None at this time. Plaintiff's investigation is ongoing'[19] or (5) provided defendants with copies of documents defendants have produced to plaintiffs.[20]

Plaintiffs' objections on the basis of prematurity and vagueness, in response to requests that Plaintiffs state their injuries and/or damages, and to produce documents supporting their claim for economic damages are clearly not 'particularized,' nor are Plaintiffs' responses providing 'None at this time. Plaintiff's investigation is ongoing.' Plaintiffs are more than capable of providing full and sufficient responses to these discovery requests yet have failed to do so.

---

[14] *Id*. (Plaintiffs rely on *Billiot v. Triple Marine, LLC,* 2019 U.S. Dist. LEXIS 102152 (E.D. La. 2019), for the proposition that they do not have to provide singed medical authorizations. Defendants note that in *Billiot*, the Plaintiffs filled out and provided executed authorization forms with the names of certain medical facilities or providers included on the forms. In this matter, however, Plaintiffs refused to even fill out medical authorizations with the names of any medical facilities or providers and stated that Defendants must re-send those medical authorizations to Plaintiffs with the appropriate medical providers listed on them, despite Plaintiffs having failed to disclose all, or in some cases any, of the medical providers for each individual Plaintiff.)

[15] Terry Matthew Hall, Jr., RFPD Nos. 3 – 5, Nos. 14 – 15; Kevin Louviere, RFPD Nos. 2 – 5, Nos. 14 – 15; Ahmed Baqer, Ans to Int Nos. 6 & 14, RFPD Nos. 1 – 5, Nos. 14 – 15; Floyd Williams, RFPD Nos. 2 – 4, Nos. 14 – 15; and Klabert Joseph Guillot, Sr., Ans to Int. Nos. 1 – 15, RFPD Nos. 1 – 16 (*See* R. Doc. 211-3).

[16] *See* Ahmed Baqer Answer to Interrogatory No. 6. (*See* Plaintiffs' Exhibit 5, R. Doc. 213-5).

[17] *See* Ahmed Baqer Answer to Interrogatory No. 6. (*See* Plaintiffs' Exhibit 5, R. Doc. 213-5).

[18] *See* Floyd Williams Response to Request for Production No. 4. (*See* Plaintiffs' Exhibit 5, R. Doc. 213-5).

[19] *See* Terry Matthew Hall, Responses to Request for Production Nos. 3-4, 14-15; *See* Kevin Louviere Responses to Request for Production Nos. 3-4, 14-15; *See* Ahmed Baqer, Responses to Request for Production Nos. 14-15; *See* Floyd Williams, Responses to Request for Production Nos. 14-15. (All responses contained within Plaintiffs' Exhibit 5, R. Doc. 213-5).

[20] *See* Terry Matthew Hall, Responses to Request for Production No. 5; *See* Kevin Louviere Responses to Request for Production No. 5; *See* Ahmed Baqer, Answer to Interrogatory No. 14, Responses to Request for Production Nos. 3-5. (All responses contained within Plaintiffs' Exhibit 5, R. Doc. 213-5).

Accordingly, Plaintiffs' objections as to prematurity, vagueness, and that 'Plaintiff's investigation is ongoing,' should be waived, as there has been sufficient time for Plaintiff to obtain this information.

***ii. Reason for Delay***

The only argument Plaintiffs provide as to the reason for their delay is that at the time that discovery requests were due, Plaintiffs experienced a 'significant' change in their legal representation, when two attorneys who had filed appearances in this matter withdrew and left the employment of Romanucci & Blandin, LLC, and that a third attorney was preparing to go on maternity leave.[21] Plaintiffs argue that their discovery responses were provided by undersigned counsel, Sam Harton, immediately upon the granting of her *pro hac vice* application.[22]

Regarding the 'significant' change in legal representation, Defendants note that according to the record, only **one attorney** who has filed an appearance in this matter, Ian Fallon of Romanucci & Blandin, LLC, has withdrawn from this matter.[23] Defendants additionally note that Plaintiffs have conveniently failed to inform this Honorable Court that Mr. Fallon officially withdrew from the case on **April 12, 2022**, months before Plaintiffs received Defendants' discovery requests on **July 21, 2022**, meaning that Mr. Fallon withdrew from the case **over three (3) months before Defendants ever propounded their discovery requests on Plaintiffs**.[24] Defendants find it odd that Plaintiffs would fail to include this relevant information in their alleged attempt to provide the Court with "context for the reason for the delay."[25]

---

[21] *See* R. Doc. 213, pg. 11.
[22] *Id*.
[23] *See* R. Doc. 176, Ex-Parte Motion to Withdraw Ian Fallon as Attorney for Plaintiffs; *See also* R. Doc. 178, Text Order granting Motion to Withdraw Ian Fallon as Attorney for Plaintiffs.
[24] *See* R. Doc. 178.
[25] *See* R. Doc. 213, pg. 12.

Defendants additionally note that since this litigation has commenced, Defendants have had **three (3) associates** who were enrolled in this case leave their positions at Milling Benson Woodward, L.L.P., compared to Plaintiffs' counsel having only one (1).[26] Despite having had three (3) separate associates who have been enrolled in this case leave their positions at Milling Benson Woodward, L.L.P., Defendants have been able to provide discovery responses throughout the entirety of this litigation, producing hundreds of pages of responsive documents, as well as continuing to provide supplemental responses.

Defendants further note that at the time that Defendants propounded their discovery requests on Plaintiffs, Plaintiffs' legal team consisted of six (6) attorneys from three (3) different law firms enrolled in this matter.[27] Defendants propounded discovery on all Plaintiffs, through their counsel of record, at all three (3) law firms. All of Plaintiffs' attorneys were therefore in possession of Defendants' discovery requests, and all of Plaintiffs' attorneys had an equal opportunity to provide responses to these requests in sufficient time, or to ask for an extension in which to provide such responses. Plaintiffs, however, failed to do either of these.

Finally, regarding Plaintiffs' assertion that their discovery responses were provided by undersigned counsel, Sam Harton, immediately upon the granting of her *pro hac vice* application, Defendants note that Sam Harton's *pro hac vice* application was granted on December 22, 2022.[28] Plaintiffs, however, did not provide their responses to Defendants' discovery requests until January 6, 2023, over fifteen (15) days after Ms. Harton's application was granted.[29] Plaintiffs, again, have

---

[26] See R. Doc. 89 (Motion to Withdraw Cody James Acosta), See also R. Doc. 92 (Order Granting Motion to Withdraw and Substitute); See R. Doc. 177 (Motion to Withdraw Henry M. Weber and Lauren Accardo Williams); See also R. Doc. 179 (Order Granting Motion to Withdraw and Substitute).

[27] Maria B. Glorioso, Anotnio Maurizio Romanucci, Bhavani Raveendran, Devon M. Jacob, Nicolette Ward and Vincent J. Glorioso, Jr.

[28] *See* R. Doc. 199.

[29] Defendants note that the common understanding of 'immediate' does not generally contemplate a fifteen (15) day delay.

failed to provide this relevant information to the Court, and would instead have the Court just assume Plaintiffs' counsel 'immediately' provided this information to Defendants without delay, despite continuing to delay providing such responses for fifteen (15) additional days.

***iii. Dilatory and/or Bad Faith***

Plaintiffs argue that Defendants have failed to show that Plaintiffs acted in bad faith in failing to produce discovery responses until four (4) months after the deadline to provide responses had passed. Defendants find it hard to believe that Plaintiffs' actions in failing to provide discovery responses until four (4) months past the deadline to do so, failing to provide sufficient supplemental responses, and failing to provide any discovery responses whatsoever on behalf of Mr. Guillot, while claiming it is Defendants' fault that Mr. Guillot has not provided any responses to discovery, could constitute anything other than dilatory and/or bad faith actions on behalf of Plaintiffs.[30]

Plaintiffs further argue that they have made a 'good faith' attempt to provide supplemental responses, by providing signed medical authorizations. As noted in Defendants' Motion to Compel, two of these medical authorizations which Plaintiffs provided are clearly unusable.[31]

---

[30] Defendants further note that Plaintiffs have failed to inform the Court that the verification pages, attesting to the accuracy of Plaintiffs' discovery responses, were signed by Plaintiffs, Terry Matthew Hall, Floyd Williams and Kevin Louviere, between 1 and 2 months prior to Plaintiffs producing said responses to Defendants on January 5, 2023. (Terry Matthew Hall – Verification Page signed on November 24, 2022 (*See* R. Doc. 211-14, pg. 18)); (Floyd Williams – Verification Page signed on December 1, 2022 (*See* R. Doc. 211-17, pg. 17)); (Kevin Louviere – Verification Page signed on December 2, 2022 (*See* R. Doc. 211-15, pg. 17)). Plaintiffs have failed to provide any explanation whatsoever as to why these discovery responses were not produced to Defendants upon signing of the verification pages.

[31] *See* Exhibit 20 to Defendants' Motion to Compel. (R. Doc. 211-23).

**Authorization for Use and Disclosure of Protected Health Information (PHI)**

| | |
|---|---|
| PATIENT NAME (Last, First, Middle) Kevin Louviere / Kevin Louviere | DATE OF BIRTH [redacted] |
| ADDRESS [redacted] | SS [redacted] |
| CITY Covington STATE La | ZIP CODE 70435 |

| PROVIDER AUTHORIZED TO RELEASE THE PHI: | ENTITY RECEIVING THE PHI: |
|---|---|
| University Medical Center / Edgefield Recovery Center, Dr Sudhir Wells, 10627 US Highway 71, 2000 Canal St, Cheneyville LA, New Orleans LA 70112, 71325 | Milling, Benson & Woodward, LLP<br>68031 Capital Trace Row<br>Mandeville, LA 70471<br>985-871-3924 |

32

**Authorization for Use and Disclosure of Protected Health Information (PHI)**

| | |
|---|---|
| PATIENT NAME (Last, First, Middle) Kevin Louviere / Kevin Louviere | DATE OF BIRTH [redacted] |
| ADDRESS [redacted] | SS [redacted] |
| CITY Covington STATE La | ZIP CODE 70435 |

| PROVIDER AUTHORIZED TO RELEASE THE PHI: | ENTITY RECEIVING THE PHI: |
|---|---|
| University Medical Center / Edgefield Recovery Center, Dr Sudhir Wells, 10627 US Highway 71, 2000 Canal St, Cheneyville LA, New Orleans LA 70112, 71325 | Milling, Benson & Woodward, LLP<br>68031 Capital Trace Row<br>Mandeville, LA 70471<br>985-871-3924 |

33

As clearly depicted above, two of the medical authorizations, which Plaintiffs claim to be sufficient discovery responses, and which Plaintiffs claim they have provided in 'good faith,' are clearly unusable. Defendants will now have to provide additional medical authorizations to Plaintiffs' counsel in order to attain these medical records, which will take additional time. Defendants, additionally note that while Plaintiffs have provided some signed medical authorizations nearly a year after they were first requested, that Plaintiffs have failed to provide any supplemental discovery responses to specific requests despite having been requested to do so

[32] *Id.*
[33] *Id.*

by Defendants. Defendants note that the deadline for discovery has since passed, and that the deadline to submit motions for summary judgment will have undoubtedly passed before Defendants receive any of Plaintiffs' outstanding discovery responses and/or medical records.

***iv. Plaintiffs' Failure to Respond has Prejudiced Defendants***

Plaintiffs assert that their failure to respond to Defendants' discovery requests has not prejudiced Defendants in this matter. Plaintiffs argue that it is not their fault that they provided their responses over four (4) months late, but that it is Defendants' fault because they did not remind Plaintiffs of their duty under the Federal Rules of Civil Procedure to provide timely, sufficient responses.

Plaintiffs' argument completely ignores that Plaintiffs have alleged that they have sustained injuries and/or damages stemming from the alleged conditions of confinement within the STPJ holding cells. Defendants' discovery requests sought to ascertain specific information regarding these alleged injuries and/or damages, including asking one Plaintiff to simply state his exact injuries and/or damages he allegedly sustained, as well as asking him to state the name and address of any doctor, hospital or healthcare provider where he received treatment for any of these alleged injuries. As of this time, Plaintiffs have failed to produce sufficient supplemental discovery responses regarding these alleged injuries, which has directly prejudiced Defendants, as Defendants are unable to prepare an adequate defense to Plaintiffs' claims.

***v. Defendants' Requests for Production were properly framed and not excessively broad***

Plaintiffs, citing to Defendants' requests for signed medical and employment authorizations, as well as information regarding documents and exhibits to be used at trial, information regarding expert witnesses and Plaintiffs' educational background, assert that Defendants' requests were extremely broad, burdensome and improper. Plaintiffs, however, fail

to inform this Court that aside from the medical and employment authorizations, Defendants' motion to compel has only sought responses to one (1) of the three requests that Plaintiffs assert are extremely broad, burdensome and improper (copies of documents provided by Plaintiffs to expert witnesses). Plaintiffs additionally fail to discuss and/or explain how any of the following information requested by Defendants is 'extremely broad, burdensome and improper':

i. State what injures and/or damages you sustained as a result of the alleged violation(s) of your rights upon which this suit is based;
ii. Provide copies of signed Medical Authorizations;
iii. Provide copies of signed Employment Authorizations;
iv. State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident upon which this suit is based;
v. Copies of any and all medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record, in your possession related to the alleged incident or to the damages claimed by you in this matter;
vi. All documents supporting claims for economic damages;
vii. All documents which evidence, support or relate to the injuries claimed a result of the alleged incident;
viii. Copies of all documents sent by you to any expert retained, interviewed and/or consulted;
ix. Copies of any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.

Defendants find it inconceivable that the specifically tailored discovery requests provided above are in any way 'extremely broad, burdensome and improper.' These requests relate directly to the Plaintiffs' claims in this matter, seeking information supporting their alleged claims for damages. Accordingly, Plaintiffs' assertions that these basic discovery requests seeking information needed by Defendants in order to adequately defend against Plaintiffs' claims are 'extremely broad, burdensome and improper' has no merit and should be disregarded.

***vi. Waiver of Plaintiffs' untimely objections is not excessively harsh***

Waiver of Plaintiffs' untimely objections in this matter is not an excessively harsh penalty. Plaintiffs have failed to provide both timely and sufficient responses to Defendants' discovery requests, have failed to provide any responses to Defendants' request that Plaintiffs' supplement their responses to specific discovery requests outlined by Defendants during the Rule 37 conference between the parties and have failed to provide any discovery responses on behalf of Mr. Guillot. Plaintiffs' failure to provide these responses has clearly prejudiced Defendants in this matter.

Plaintiffs argue that waiver of their untimely objections is excessively harsh because, in Plaintiffs' opinion, Defendants have not argued that they have been prejudiced by Plaintiffs' untimely and insufficient responses. Defendants note that Plaintiffs' assertion is factually incorrect, as Defendants have clearly stated in their Motion to Compel that Plaintiffs' failure to adhere to the basic rules of Federal Civil Procedure have prejudiced Defendants in this matter.[34] Defendants additionally note that Plaintiffs' assertion is wholly without merit, as Defendants have yet to receive any discovery responses whatsoever from Plaintiff, Klabert Joseph Guillot, Sr. Plaintiffs, of course, fail to even attempt to argue or explain how Mr. Guillot's failure to provide any discovery responses throughout the course of this litigation has not unduly prejudiced Defendants. Instead, Plaintiffs ignore this point, as it is obvious that Mr. Guillot's failure to provide discovery responses has directly prejudiced Defendants, as Defendants are unable to prepare an adequate defense to Mr. Guillot's claims.

Waiver of Plaintiffs' untimely objections is therefore an adequate and sufficient remedy in this matter, as Plaintiffs have failed to provide any sufficient explanation as to why they failed to

---

[34] *See* R. Doc. 211-3, pg. 9.

provide their discovery responses and objections in a timely manner. Plaintiffs, therefore, have failed to show good cause as to why their objections should not be waived.

***vii. Plaintiffs have failed to show good cause for their failure to provide Klabert Joseph Guillot, Sr.'s discovery responses***

As previously noted, Defendants propounded their discovery requests on Plaintiffs on July 21, 2022, which were received by Plaintiffs' counsel on July 25, 2022. As of this time, however, Mr. Guillot has failed to produce any responses whatsoever to Defendants' discovery requests. In responding to these facts, Plaintiffs have attempted to deflect all fault and responsibility for their failure to provide Mr. Guillot's discovery responses onto Defendants. Plaintiffs point to a single email to Defendants' counsel dated January 5, 2023, wherein Plaintiffs note that they have not been able to obtain answers for Mr. Guillot's responses because he is incarcerated and requested that Defendants' counsel set up a call for Plaintiffs' counsel to speak with Mr. Guillot.[35] Plaintiffs seem to argue that because of this email, their burden to provide timely and sufficient discovery responses on behalf of their client has 'shifted' to Defendants, and that it is therefore Defendants' fault that they were unable to provide Mr. Guillot's discovery responses because Defendants did not set up that phone call. Plaintiffs, however, fail to explain why they waited until Mr. Guillot's responses were four (4) months overdue before finally notifying Defendants that they had been unable to obtain their client's responses. If Plaintiffs were actually aware that they were having issues contacting their client, they could have brought this to Defendants' attention at anytime and could have requested an extension to provide his discovery responses. Plaintiffs, however, did not inform Defendants of these alleged issues until their responses were four (4) months overdue and failed to request any such extension.

---

[35] *See* R. Doc. 211-13.

Plaintiffs further attempt to pass the blame by asserting that after sending a copy of the discovery requests to Mr. Guillot nearly one (1) year after having first received them, that STPJ personnel opened and scanned Mr. Guillot's mail into the STPJ system, and that Mr. Guillot had not yet been provided with a copy of his discovery responses to sign.[36] Upon receiving Plaintiffs' correspondence regarding their issues with providing the discovery requests to their client through the STPJ mail system, Defendants were perplexed, as Mr. Guillot has been incarcerated since Plaintiffs first received Defendants' discovery requests in July of 2022. Had Plaintiffs attempted to send a copy of Defendants' discovery requests to Mr. Guillot in July of 2022, instead of waiting until June/July of 2023, then Plaintiffs would have understood how the mail system at the STPJ was operated. Plaintiffs counsel would have been informed a year earlier as to how the STPJ mail system operates, and the appropriate remedies could have been made then, instead of waiting an entire year to address this issue. Instead, it seems to be the case that this was the **first time** that Plaintiffs' counsel had attempted to send Defendants' discovery requests to Mr. Guillot, despite having received them over a year ago, in July of 2022.

As provided above, Plaintiffs failed to first inform Defendants of their alleged difficulties in attaining Mr. Guillot's discovery responses until January 5, 2023, over four (4) months after having first received Defendants' discovery requests. Plaintiffs have offered no explanation as to why they did not inform Defendants of these alleged difficulties prior to January of 2023, and have instead attempted the blame their failure to adhere to their duty to provide discovery responses on Defendants for not setting up a phone call with their client four (4) months after the deadline. Mr. Guillot's failure to provide any discovery responses whatsoever has greatly prejudiced Defendants in this matter, as Defendants are unable to accurately assess Mr. Guillot's alleged injuries, damages

[36] *See* R. Doc. 211-21.

and claims, and prepare an adequate defense. Defendants, therefore, respectfully request that an Order be issued, declaring that Mr. Guillot be compelled to provide sufficient answers and responses to Defendants' Interrogatories and Requests for Production of Documents within a reasonable time determined by the Court, with all of his objections to same being deemed waived, subject to dismissal with prejudice.

**2. Conclusion**

For the reasons expressed above and within Defendants' Memorandum in Support of Motion to Compel, this Honorable Court should issue an Order granting Defendants' Motion to Compel as follows: (1) Plaintiffs should be compelled to provide sufficient answers and responses to Defendants' Interrogatories and Requests for Production of Documents within a reasonable time determined by the Court, with all of their objections to same being deemed waived, subject to dismissal with prejudice; and (2) Defendants should be awarded reasonable attorney's fees and costs associated with the filing of this motion.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

s/ Chadwick W. Collings

**CHADWICK W. COLLINGS, T.A. # 25373**
**KENNETH R. WHITTLE # 38640**
**SARAH A. FISHER # 39881**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**ccollings@millinglaw.com**
***Counsel for defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Tuesday, July 25, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

__s/ Chadwick W. Collings__
**Chadwick W. Collings**