UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 20-980 |
| ST. TAMMANY PARISH GOVERNMENT, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is Defendants Sheriff Randy Smith and Lacey Kelly's Motion to Compel. ECF No. 211. Plaintiffs Terry Matthew Hall, Kevin Louviere, Ahmed Baqer, Floyd. Williams and Klabert Joseph Guillot, Sr. timely filed an Opposition Memorandum. ECF No. 213. Defendants sought leave and filed a Reply Memorandum. ECF Nos. 215, 219. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Compel Discovery Responses (ECF No. 211) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.   BACKGROUND**

Plaintiffs filed this putative class action on March 22, 2020 seeking declaratory, injunctive and compensatory relief regarding the conditions of pretrial detention in the four holding cells at St. Tammany Parish Jail. ECF No. 1. Plaintiffs allege violation of their civil rights pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Louisiana law. ECF No. 1, ¶ 1. Plaintiffs allege that the holding cells are not adequately cleaned; that individuals in holding are denied basic hygiene, recreation opportunities, and adequate medical care; that individuals in holding engage in physical altercations; and that individuals arrested for non-violent

1

offenses are placed into holding alongside allegedly violent arrestees.  ECF No. 1, ¶¶ 2, 62-83. Plaintiffs seek damages for, *inter alia*, the injuries suffered due to alleged deprivation of adequate medical care.  *Id*. ¶¶ 120, 134, 141.

On July 21, 2022, Defendants issued discovery requests to Plaintiffs Terry Matthew Hall, Jr., Kevin Louviere, Ahmed Baqer, Floyd Williams, and Klabert Joseph Guillot, Sr.  ECF No. 211-1 at 1.  On January 5, 2023, Plaintiffs' counsel transmitted responses from Plaintiffs Hall, Louviere, Baqer and Williams and indicated that he had been unable to obtain answers from Plaintiff Guillot, Sr. because he was currently incarcerated at St. Tammany Parish Jail.  ECF Nos. 211-13—211-17. On June 12, 2023, Defense counsel first notified Plaintiffs' counsel of alleged deficiencies in Plaintiffs' production.  ECF No. 211-19.  During the parties' June 19, 2023 Rule 37 Conference, Plaintiffs' counsel agreed to supplement responses by July 10, 2023, which counsel did.  ECF No. 211-20 at 102.  The next day, on July 11, 2023, Defendants filed a Motion to Compel Discovery Responses, asserting that Plaintiffs' supplemental responses contained significant deficiencies including the failure to produce HIPAA and employment authorizations for several Plaintiffs.  ECF No. 211.  Defendants also argue that the court should deem Plaintiffs' objections waived since same were not timely raised and seeks reasonable expenses for filing the motion to compel.  *Id*. at 10-12.

Plaintiffs oppose the motion, arguing that any delays in supplemental production were equally attributable to Defendants.  ECF No. 213.  Plaintiffs also indicate that Plaintiff Guillot, Sr. has now had the opportunity to review and sign his discovery responses, which will be transmitted to Defense counsel at the time of Plaintiff's counsel's receipt.  *Id*. at 5-6.  Plaintiffs maintain their objections to production of signed blanket HIPAA authorizations as to all Plaintiffs and to production of employment records authorizations for any Plaintiff besides Hall, who is the only

2

party seeking damages for lost wages. *Id*. at 6, 14-18. Plaintiffs further assert that the requests at issue seek information not in their possession or documents for which the parties are actively cooperating to obtain. Plaintiffs also suggest that, despite their months-long delay in responding to discovery, the Court should find that Plaintiffs preserved their objections, because same were stated with particularity, a significant change in legal representation caused the delay, Plaintiffs did not act in bad faith, the delay did not prejudice Defendants, the requests were extremely broad and unduly burdensome, and a finding of waiver would be an "excessively harsh result" given the circumstances. *Id*. at 9-14. Plaintiffs assert that Plaintiff Guillot, Sr. had been unable to access and sign discovery requests in light of his incarceration at St. Tammany Parish Jail, but the issue has been resolved with Defense counsel's assistance. *Id*. at 18-19. Finally, Plaintiffs argue that the Court should not award reasonable expenses to Defendants as Plaintiffs' initial responses were sufficient, their objections were valid, and Defendants' actions also delayed the discovery process. *Id*. at 19-20.

In Reply, Defendants reiterate their argument that Plaintiffs waived all objections by failing to timely respond to the discovery requests and have not to establish good cause sufficient to preserve their belated objections as Plaintiffs have not adequately justified the long delay, particularized objections to each discovery request, or established that they undertook good faith efforts to respond. ECF No. 219 at 1-10, 12-15. Defendants argue that Plaintiffs' failure to timely respond has prejudiced them because, without discovery responses regarding Plaintiffs' alleged injuries, Defendants have been unable to prepare an adequate defense to the claims. *Id*. at 10. Defendants also dispute the assertion that their discovery requests are overly broad and unduly burdensome, noting that they seek proportional information relevant to Plaintiffs' injury claims. *Id*. at 10-11.

3

## II.    APPLICABLE LAW

### A. Timeliness of Discovery Motions

Courts generally look to the deadline for completion of discovery in considering whether a discovery motion has been timely filed.[1] "It is axiomatic that to complete discovery means that all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline."[2] "This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline."[3] Indeed, the Fifth Circuit has confirmed the district court's discretion to deny as untimely a motion filed after the discovery deadline.[4]

---

[1] *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 399 (N.D. Tex. 2006) (denying motion to compel as untimely when filed two weeks after discovery deadline); *Mollinger–Wilson v. Quizno's Franchise Co.*, 122 F. App'x 917, 920, 923, (10th Cir. 2004) (finding no abuse of discretion in district court's holding that pro se plaintiffs' motion to compel depositions was untimely because the deadline for discovery had expired, plaintiffs had not employed previous opportunities to take depositions, and plaintiffs had presented inadequate proof that additional depositions were necessary); *Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed four months after discovery had closed and after summary judgment motion was filed); *Ginett v. Fed. Express Corp.*, No. 97-5481, 1998 WL 777998, at *5 (6th Cir. 1998) (finding no abuse of discretion when the trial court denied a motion to compel filed two months after the discovery deadline, because the plaintiff knew of the document at issue long before the discovery deadline); *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (finding no abuse of discretion by the district court in denying "what was clearly Appellants' untimely motion to compel document production" where "Appellants waited more than one month after the second extended discovery deadline had elapsed to properly request an order from the district court"); *Flynn v. Health Advoc., Inc.*, No. 03–3764, 2005 WL 288989, at *8 (E.D. Pa. Feb. 8, 2005) (holding a motion to compel was untimely as plaintiff filed it seventy-six days after discovery closed and over three weeks after summary judgment motions and plaintiff was aware of deficiencies two months before discovery closed) (citing cases), *aff'd by* 169 F. App'x 99 (3d Cir. 2006); *Banks v. CBOCS West, Inc.*, No. 01 -0795, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) (holding motion to compel filed two months after the close of discovery was clearly untimely despite busy schedule of counsel because counsel was aware of unresolved issues prior to discovery deadline, opposing party would be prejudiced, and dispositive motions would be delayed); *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000) (denying a motion to compel discovery filed four months after the discovery deadline and five days before a hearing on a summary judgment motion).

[2] *See, e.g.*, *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4156499, at *2 (E.D. La. Sept. 19, 2017) (Roby, M.J.) (quoting *Fairley v. Wal-Mart Stores, Inc.*, No. 15-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016) (Roby, M.J.)); *see also Rahman v. ExxonMobil Corp.*, No. CV 18-894, 2020 WL 354320, at *10 (M.D. La. Jan. 21, 2020) ("A request for discovery from a party 'must be served at least thirty days prior to the completion of discovery' to be considered timely" and thus quashing a document request served 14 days as untimely); *Hall v. State of La.*, No. 12-657, 2014 WL 2560715, at *1 (M.D. La. June 6, 2014) (citations omitted) (holding discovery requests served on party 14 days before discovery deadline were untimely as the party had 30 days to respond to such discovery requests).

[3] *Galliano Marine Serv., LLC v. Schumacher*, No. 17-09868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018) (Roby, M.J.).

[4] *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018) (citing *Vann v. Gilbert*, 482 F. App'x 876, 879 (5th Cir. 2012) (per curiam) (affirming summary judgment and finding no abuse of discretion in denying a motion to compel where the scheduling order required all discovery to be completed by a specific date and the motion was filed

4

When a party asks the court to address an untimely motion to compel on the merits, the movant must establish good cause under Rule 16(b) to extend the discovery deadline.[5] Good cause requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension.[6] In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, courts examine several factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice."[7] Additionally, courts consider (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) whether dispositive motions have been scheduled or filed, (5) the age of the case, and (6) disruption of the court's schedule.[8] The Fifth Circuit reviews the trial court's decision to grant or deny a motion to modify a discovery schedule for abuse of discretion.[9]

---

after that date); *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (per curiam) (finding no abuse of discretion where the district court dismissed a motion to compel in part because it was filed almost one month after the discovery deadline)).

[5] *See Parkcrest Builders, LLC*, 2017 WL 4156499, at *2 (analyzing motion to compel under good cause standard for changing deadline in a scheduling order under Rule 16(b)).

[6] *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, No. MDL 2328, 2014 WL 1154334, at *3 (citing *S&W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed.1990))); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2021 WL 6196978, at *2 (E.D. La. Dec. 30, 2021) (Ashe, J.) (citing *Garza v. Webb Cty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C.*, 315 F.3d at 535)).

[7] *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S&W Enters., LLC*, 315 F.3d at 535 (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)))); *accord Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). The Fifth Circuit has suggested that the *Geiserman* test is the appropriate analysis where a party seeks to re-open discovery after the deadline has passed. *Colonial Freight Sys., Inc. v. Adams & Reese, L.L.P.*, 524 F. App'x 142, 145 (5th Cir. 2013); *see also Pool Prod. Distrib. Mkt. Antitrust Litig.*, 2014 WL 1154334, at *3. ("The Fifth Circuit has used [the *Geiserman* test] to determine whether good cause exists . . . [for] a failure to produce discovery to the opposing party in accordance with a court-imposed deadline . . . The Fifth Circuit has suggested that the *Geiserman* test is also the appropriate method of analysis where, as here, a party seeks to re-open discovery after the deadline has passed.") (citing *Colonial Freight Sys., Inc.*, 524 F. App'x at 145).

[8] *See Days Inn. Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. July 17, 2006) (citing cases).

[9] *Million v. Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020) (citing *Reliance Ins. Co.*, 110 F.3d at 257).

The governing Scheduling Order in this case required that all discovery be completed by July 21, 2023.  ECF No. 205 at 2.  Despite having issued discovery one year earlier on July 21, 2022,  Defendants did not file a motion to compel until July 11, 2023, ten days before the discovery deadline.  Further, Defendants did not seek expedited hearing but noticed same for submission on July 26, 2023, five days after the deadline.  While Defendants argue that Plaintiffs had no good cause to delay production of discovery responses, Defendants fail to address their own delays or articulate any reason they failed to file their motion to compel just days before the discovery deadline.  Nevertheless, given the importance of the discovery sought, the Court will address the merits of the motion.

### B. Scope of Discovery

Under Rule 26, a party "may obtain discovery regarding any  nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).  The court must limit the extent of allowable discovery if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).  FED. R. CIV. P. 26(b)(2)(C).

A party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests and is subject to Rule 26(g)(1)(B)'s requirement to certify that the discovery request is "(i) consistent with these rules . . . ; (ii) not interposed for any improper purpose, such

as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." FED. R. CIV. P. 26(g)(1)(B). If a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[10]

The responding party has a broad duty of disclosure, which extends to all documents that fit the definition of relevance for the purposes of discovery, whether the documents are good, bad, or indifferent.[11] The disclosure duty is a central concept of the discovery process and finds expression not only in the rules of discovery, but also in the Rules of Professional Conduct, which prohibit an attorney from suppressing any evidence subject to a legal obligation to reveal or produce.[12] A party may, and generally does, waive its objections to interrogatories or requests for production if it fails to provide timely written answers to same.[13] To avoid a finding of waiver, the party must establish good cause,[14] but the court retains discretion to decline to compel

---

[10] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).
[11] *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011), *objections overruled*, 284 F.R.D. 374 (E.D. La. 2012) (citation omitted).
[12] *Id.*
[13] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *see also* 8 WRIGHT, A. MILLER, AND R. MARCUS, FED. PRAC. & PROC. § 2016.1 n.1 (3d ed. 2021); *B&S Equip. Co. v. Truckla Servs., Inc.*, Nos. 09-3862, 10-0832, 10-1168, 10-4592, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011) (citing cases).
[14] *See Solorzano v. Shell Chem Co.*, No. 00-31191, 2001 WL 564154, at *5 (5th Cir. May 18, 2001) (upholding lower court's order allowing party to respond to interrogatories with objections after failure to respond or raise any objections within the 30-day period); *see also Nugent v. Scott Fetzer Co.*, No. 19-14759, 2020 WL 1322268, at *5 (E.D. La. Mar. 20, 2020) (citations omitted) ("[T]he failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown.").

7

production when the request "far exceeds the bounds of fair discovery, even if a timely objection has not been made,"[15] or if the discovery sought is irrelevant or "patently improper."[16] Accordingly, a party's failure to timely object to the scope of discovery is not the sole deciding factor in a motion to compel discovery, as FRCP 26(b)(2)(C) permits the court to *sua sponte* limit discovery that exceeds the permissible scope set forth in FRCP 26(b)(1).[17]

### C. Possession, Custody, or Control

Plaintiffs argue that they cannot be compelled to produce documents that are not in their possession.[18] A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession, but also documents that are within the party's constructive possession, custody or control. FED. R. CIV. P. 26(a)(1)(A)(ii); 34(a)(1). A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty.[19]

Thus, documents owned or possessed by agents, attorneys, and other third parties hired by a party that the party can reasonably obtain the requested information from upon its own request

---

[15] *Meche v. Maint. Dredging, Inc.*, No. 10-3653, 2012 WL 519882, at *2 (E.D. La. Feb. 16, 2012) (collecting cases); *Young v. United States*, 149 F.R.D. 199, 206 (S.D. Cal. 1993); *Schooler v. Wal-Mart Stores, Inc.*, No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (Wilkinson, M.J.) (citing cases).

[16] *See Lash v. Ethicon-Endo Surgery*, No. 03-244, 2003 WL 21920901, at *1 (E.D. La. Aug. 7, 2003) (Knowles, M.J.) (citing *Zapata Protein Inc. v. H.J. Baker & Bro., Inc.*, No. 95-3888, 1996 WL 719373 (E.D. La. Dec. 9, 1996) (finding that, despite the responding party's failure to object, "the Court has the discretion to determine whether the discovery sought is relevant or 'patently improper'")).

[17] FED. R. CIV. P. 26(b); *see also Rainey v. State Farm Fire & Cas. Ins. Co.*, No. 09-698, 2009 WL 10680066, at *1 (E.D. La. Sept. 23, 2009) (Wilkinson, M.J.). Indeed, the fact that a party abdicates its role in controlling excessive discovery does not authorize the court to shirk its own responsibility under the 2015 Amendments to the Federal Rules of Civil Procedure. *Vinet v. BP Expl. & Prod. Inc.*, No. 18-9527, 2019 WL 3574294, at *6 (E.D. La. Aug. 6, 2019) (citing FED. R. CIV. P. 26(b)(2)(C)(iii)). Even before the 2015 amendments, courts always retained discretion to decline to compel production of requested discovery "when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Id.* (citing *Schooler*, 2015 WL 4879434, at *1; *Meche*, 2012 WL 519882, at *2 (citing *Fifty-Six Hope Road Music, Ltd., v. Mayah Collections, Inc.*, No. 05-1059, 2007 WL 1726558, at *4 (D. Nev. June 11, 2007); *Lucero v. Martinez*, No. 03-1128, 2006 WL 1304945, at *2 (Mar. 11, 2006); *Kolenc v. Bellizzi*, No. 95-4494, 1999 WL 92604, at *3 (S.D.N.Y. Feb. 22, 1999))).

[18] ECF No. 213 at 8-9

[19] *Becnel v. Salas*, No. 17-17965, 2018 WL 691649, at *3 (E.D. La. Feb. 2, 2018) (citations omitted); *Monroe's Estate v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004) (citation omitted).

fall within that party's custody or control.[20] The burden is on the party seeking discovery to show that the other party has control over the material sought.[21]

### D. Duty to Supplement

Rule 26(e)(1) imposes upon a party an ongoing obligation to supplement prior discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other party during the discovery process . . . ." FED. R. CIV. P. 26(e). Neither the Federal Rules nor the Advisory Notes, however, advise as to whether the duty to supplement applies to documents created, or events that occur, after the close of discovery, and the Fifth Circuit has yet to speak on the matter.[22] Courts have, however, recognized that Rule 26(e)'s ongoing duty to supplement previous answers is not subject to the Scheduling Order deadline and require supplementation even through the time of trial.[23]

### E. Written Authorizations

Rule 34 permits the Court to require a party to produce any document under his "possession, custody, or control[.]" FED. R. CIV. P. 34(a)(1). Such control extends to a party's medical and employment records, because by either granting or withholding his consent, a party may determine who shall have access to them.[24] Indeed, numerous courts within the Fifth Circuit,

---

[20] *Becnel*, 2018 WL 691649, at *3 (" 'Control' ... extends to materials which the party to whom the request is made has the legal right to obtain ..., even though in fact it has no copy.") (brackets in original) (citing cases); *Dillard Univ. v. Lexington Ins. Co.*, No. 06-4138, 2008 WL 11350306, at *1 (E.D. La. Mar. 27, 2008) (Materials provided by the party to its hired consultants may be within that party's possession, custody, or control) (collecting cases).
[21] *Washington-St. Tammany Elec. Coop., Inc. v. Louisiana Generating, L.L.C.*, No. 17-405, 2019 WL 1804849, at *7 (M.D. La. Apr. 24, 2019) (citation omitted).
[22] *Belcher v. Lopinto*, No. 18-7368, 2020 WL 6144839, at *2 (E.D. La. Oct. 20, 2020).
[23] *Biggio v. H20 Hair, Inc.*, No. 15-6034, 2016 WL 7116025, *1, 2 (E.D. La. Dec. 7, 2016); *see also Eubanks v. Eubanks*, No. 17-1217, 2017 WL 3380476, at *1 (E.D. La. Aug. 4, 2017); *United States v. State*, No. 11-470, 2015 WL 5595630, at *1 (M.D. La. Sept. 21, 2015); *O'Carroll v. Hancock Bank*, No. 11-640, 2012 WL 5997542, at *2 (M.D. La. Nov. 30, 2012).
[24] *Smith v. Maryland Cas. Co.*, 42 F.R.D. 587, 589 (E.D. La. 1967); see also *EEOC v. L-3 Commc'ns Integrate Sys., LP*, No. 17-538, 2018 WL 3548870, at *3 (N.D. Tex. July 24, 2018) ("[W]ritten authorization forms may be compelled under Rule 34 because they compel parties to disclose documents that are within their control.") (citation omitted).

including this Court, have recognized that Rule 34, along with Rule 37, empower federal courts to compel parties to sign written authorizations consenting to the production of various documents.[25] The scope of such written authorizations, however, is not limitless, but is instead governed by Rule 26's relevance and proportionality standards.

Defendants seek to compel production of signed medical and employment record authorizations. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[26] includes specific means for a party to obtain protected health information from "covered entities."[27] "Under these provisions, [a party] may endeavor to discover or subpoena the records directly from the covered entity after providing prior notice to plaintiff, and in the absence of any valid objection thereto. . . Alternatively, the parties may agree upon an appropriate protective order."[28] While Rule 34 allows the court to compel production of a valid authorization form,[29] blank HIPAA medical authorization forms with no limitation on subject matter or temporal scope exceed the bounds of permissible discovery.[30]

---

[25] *Giarratano v. Huntington Ingalls, Inc*., No. 22-88, 2-22 WL 16552816, at *4 & n.24 (citing *Allen v. Indian Harbor Marine, Inc.*, No. 96-3135, 1997 WL 666210, at *1–2 (E.D. La. Oct. 24, 1997) (Schwartz, J.); *Lischka v. Tidewater Servs., Inc.*, No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) (Vance, J.); *DeGruy-Hampton v. Ochsner Clinic Found*., No. 20-2417, 2021 WL 2514681, at *9 (E.D. La. June 18, 2021) (Currault, M.J.); *Hunters Run Gun Club, LLC v. Baker*, No. 17-176, 2019 WL 507479, *6–8 (M.D. La. Feb. 7, 2019) (Wilder-Doomes, M.J.); *Broussard v. Callon Petroleum Co*., No. 04-2264, 2005 WL 8178118, at *1 (W.D. La. Oct. 28, 2005) (Methvin, M.J.); *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226–28 (N.D. Tex. 2016) (ordering party to sign authorization for release of social security records); *see also Zamora v. GC Servs., LP*, No. 15-048, 2016 WL 8853096, at *4 (W.D. Tex. Aug. 19, 2016) (recognizing that the majority of courts to consider the issue have concluded that a party may be compelled to execute an authorization for release of records).
[26] Pub. L. No. 104-191, §§ 261-264, 110 Stat. 1936 (1996), 42 U.S.C. § 1320d, *et seq*.
[27] *Morris v. Wyeth, Inc*., No. 09-0854, 2010 WL 1141224, at *4 (W.D. La. Mar. 22, 2010) (citing 45 C.F.R. § 164.512(e)(1)(ii-iii).
[28] *Id*. (*citing* 45 C.F.R. § 164.512(e)(1)(ii-iii)).
[29] *Billiot v. Triple Marine, LLC*, No. 19-449, 2019 WL 252441, at *2 (E.D. La. June 19, 2019) (Wilkinson, M.J.); *see also Morris,* 2010 WL 1141224, at *4.
[30] *Taylor v. United States*, No. 19-10023, 2020 WL 6204310, at *4 (E.D. La. Feb. 5, 2020) (Roby, M.J.) (denying motion to compel HIPAA authorization and limiting discovery request to only medical records from treating facility for one-year-old decedent's birth to date of last treatment). *See also Goodno v. Endurance Am. Spec. Ins. Co.,* No. 19-11221, 2020 WL 13551903, at *2 (E.D. La. Sept. 2, 2020); *Alley v. Shelter Mut. Ins. Co.,* No. 20-1260, 2021 WL 8892879, at *1 (D. Kan. Jan. 15, 2021) (noting that, "[a]lthough some of [plaintiff's] medical records are clearly relevant and discoverable, *all* of her medical records are not" and court orders authorizing the release of private health information must be limited to records that are relevant to the case).

Signed employment record authorizations have likewise been compelled where the requesting party has established the relevance of such records to a claim or defense in the case, such as when lost wages are at issue,[31] and the scope of the records sought is proportional to the needs of the case.[32] Ultimately, determining the proper scope of discovery falls within the broad discretion of the trial court.[33]

### III. ANALYSIS

#### A. Specific Requests at Issue

##### 1. Plaintiff Guillot, Sr.'s Discovery Responses

Defendants indicate that they have not received discovery responses from Plaintiff Guillot, Sr. to date. Plaintiff Guillot, Sr. must provide full and complete discovery responses to the requests as modified herein within five (5) days of this Order.

##### 2. Plaintiff Baqer's Responses to Interrogatories Nos. 6 and 14

> **INTERROGATORY NO. 6:** State what injuries and/or damages you sustained as a result of the alleged violation(s) of your rights upon which this suit is based.
>
> **RESPONSE:** Plaintiff objects to this interrogatory as premature; damages will ultimately be determined by a jury. Subject to and without waiving, Plaintiff has suffered the following injuries as a result of the violations at issue, including but not limited to: several body sores which developed on his hips and legs as a result of being forced to sleep on concrete for weeks at a time; exposure in close proximity to bodily fluids such as vomit and feces, which led to illness; exposure in close proximity to other inmates with stomach viruses and other illnesses, which led to

---

[31] *See, e.g., Rivera v. United States*, No. 15-21, 2015 WL 13649403, at *9 (W.D. Tex. Dec. 22, 2015), *Lutzeier v. Citigroup, Inc.*, No. 14-183, 2015 WL 1853820, at *3 (E.D. Mo. Apr. 22, 2015). *See also Tate v. DG Louisiana LLC*, -- F. Supp. 3d --, 2023 WL 143825, at *4 (E.D. La. Feb. 1, 2023) (denying motion to compel production of personal injury plaintiff's tax records in light of plaintiff's stipulation not to seek economic damages); *Cerrato v. Nutribullet, LLC,* No. 16-3077, 2017 WL 5000334, at *3 (M.D. Fla. Nov. 2, 2017) (noting that plaintiffs' past employment history was discoverable because lost wages and earning capacity were at issue) (citing cases).

[32] *See, e.g., Coleman v. Cedar Hill Indep. Sch. Dist.,* No. 21-2080, 2022 WL 1470957, at *4 (W.D. Tex. May 10, 2022) (finding proposed employment release disproportionate to needs of case due to lack of time limitation) (citing cases); *Prado v. Equifax Info. Servs. LLC,* 331 F.R.D. 134, 139 (finding blanket request for employment records overbroad and allowing plaintiff to redact or withhold portions of employment records unrelated to claim or defense).

[33] *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) ("And, as in all discovery matters, the district court has broad discretion in limiting the scope of discovery.") (citation omitted); *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 351-52 (5th Cir. 2011); *see also Sylla-Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 280 (8th Cir. 1995); *accord Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).

contraction of the same or similar illnesses; severe anxiety; panic attacks; insomnia. Answering further, Plaintiff's treatment is ongoing. Plaintiff will supplement medical records and bills as they are received.

**INTERROGATORY NO. 14:** State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident upon which this suit is based.

**RESPONSE:** See Medical Records, STPSO BAQER 000095-130. Investigation continues and Plaintiff reserves the right to supplement.

Plaintiff has an ongoing duty to supplement his discovery responses. If Plaintiff has received medical treatment by physicians not listed in Defendants' production of medical records, such information is relevant and proportional to the needs of the case. To the extent Plaintiff has failed to identify same, he must supplement his responses within five (5) days of this Order.

3. **Requests for Production Nos. 3, 4, 14, and 15 to All Plaintiffs**

   **REQUEST NO. 3:** Please provide a copy of any and all medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record, in your possession related to the alleged incident or to the damages claimed by you in this matter.
   **RESPONSE:** None at this time. Plaintiffs' investigation is ongoing; Plaintiffs reserve the right to supplement.[34]

   **REQUEST NO. 4:** Please produce any and all documents which support your claim for economic damages, if any.

   **RESPONSE:** See RFP Response No. 3.

   **REQUEST NO. 14:** Please produce copies of all documents and/or other evidence produced in discovery by you to any other party and/or received by you from any other source in this matter.

   **REQUEST NO. 15:** Please provide a copy of any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.

   **RESPONSE:** None at this time. Plaintiffs' investigation is ongoing; Plaintiffs reserve the right to supplement.

---

[34] Plaintiff Baqer directed Defendants to "previously disclosed medical records: Ahmed Baqer (Medical Records) STPSO BAQER 000095-130," and Plaintiff Williams indicated he was "actively working to obtain medical records from a Dr. Madison (504-458-7580) that Mr. Williams saw in Slidell, LA and will supplement them as soon as they are obtained."

12

Plaintiffs argue that Defendants' motion should be denied as to Requests Nos. 3, 4, 14, and 15 as to all Plaintiffs because "there is simply nothing to compel. . . as this is a jail conditions case, [hence] the bulk of the information is in the correctional Defendants' possession."

Plaintiffs must fulfill their obligation to perform a reasonable inquiry for responsive information within their possession, custody, and control, which information includes documents obtained from third parties. To the extent Plaintiffs have failed to provide same, they must supplement their Responses to Requests Nos. 3, 4, 14, and 15 within five (5) days of this Order.

4. **Request for Production No. 5 to All Plaintiffs**

> **Request No. 5:** Please produce any and all documents which evidence, support or relate to the injuries you claim as a result of the alleged incident upon which this suit is based.
> **Response:** See Previous Disclosures:
> St. Tammany Policies and Procedures, P/P STPSO 000001-001014
> St. Tammany Jail Policies, STPSO BAQER 000549-001074
> Fire Marshal Reports, STPSO BAQER 001075-001086
> Holding Cell Photograph, STPSO 001096
> New Hire Documents, STPSO_BAQER_SUPPLEMENTAL_000001-808
> Louisiana Post Jail & Corrections Training Curriculum, STPSO_BAQER_SUPPLEMENTAL_000143-809
> Corrections FTO Manual, STPSO_BAQER_SUPPLEMENTAL_000810-964
> Corrections Guard Tower SOP, STPSO_BAQER_SUPPLEMENTAL_000965-1050.[35]

Plaintiffs again assert that, because this is a "jails condition case," the bulk of the information is in the correctional Defendants' possession, thus Plaintiffs' responses to the request should have been found adequate.[36] Further, Plaintiffs have represented, in signed, verified discovery responses, that they have produced all responsive information. Given Plaintiffs' verified responses indicating they have produced all responsive information, there is nothing left to compel.

---

[35] Plaintiff Baqer also directed Defendants to STPSO BAQER 000001-130.
[36] ECF No. 213 at 9.

In the event that Defendants learn that Plaintiffs' responses are incomplete or that any evidence has been withheld or spoliated, they may seek relief through an appropriate motion.

### 5. Signed Medical Record Authorizations

Defendants requested signed "HIPAA compliant authorization[s]" from each Plaintiff.[37] The forms provided do not include the names of specific providers, date ranges, or any indications of the types of information sought (e.g., "All PHI in the medical records," "imaging tests/reports," etc.). In response, Plaintiffs indicated that, "[i]f the Defendants wish to subpoena/request protected health information, [they] should present Plaintiff with an addressed authorization that provides specifically what documents are being requested," so that counsel could assess the relevance of such a request.[38] Plaintiffs Hall, Williams and Louviere then produced "disclosed versions for specific facilities where plaintiffs received treatment for injuries that are within the scope of this litigation."[39] Defendants assert, however, that the forms produced are unusable as the provider section of each has been printed over twice, rendering same illegible.[40]

Initially, "a party may not unilaterally modify a discovery request and respond to only a portion of the request without asserting an objection to it."[41] Plaintiffs' unilateral limitation of authorization to facilities where they received treatment after the alleged injuries at issue in this suit is improper and would preclude Defendants from discovering potentially relevant medical information regarding Plaintiffs' health statuses or prior similar injuries pre-existing their

---

[37] *See, e.g.,* ECF No. 211-9 at 11.
[38] *See, e.g.,* ECF No. 211-14 at 9.
[39] ECF No. 213 at 5-6.
[40] *See, e.g.,* ECF No. 219 at 9.
[41] *Cardenas v Dorel Juvenile Grp, Inc.,* 230 F.R.D. 611, 621 (D. Kan. 2005); *see also Sw. Insulation, Inc. v. Gen. Insulation Co.*, No. 15-601, 2016 WL 9244822, at *4 (N.D. Tex. Apr. 25, 2016) (overruling objection to magistrate judge's order requiring defendant to answer all requests for the time periods set forth by plaintiffs instead of unilaterally limiting the date range).

incarceration. That said, production of the blanket authorizations unlimited in time will assuredly lead to the discovery of irrelevant medical records disproportionate to the needs of the case.[42] Within five (5) days, Plaintiffs, to the extent they have not already done so in response to Interrogatory No. 14, must each provide a list of medical providers who have treated Plaintiffs for each alleged mental and physical injury sustained while detained in the St. Tammany Parish Jail holding cells as well as a list of medical providers who have treated Plaintiffs for any similar conditions or injuries within the past ten years. Within two days of receipt, Defendants must provide new signed medical authorization forms as to each identified provider , which Plaintiffs must execute and return to Defendants within five days.

### 6. Signed Employment Record Authorizations

Defendants requested a signed blank employment record authorization form from each Plaintiff. Plaintiffs argue that same are not relevant for most Plaintiffs[43] because only Plaintiff Hall has made a claim for lost wages, and he provided a signed authorization.[44] Most of the information sought on the employment records release provided by Defendants seeks wholly irrelevant information, such as Plaintiffs' job applications, resumes, wage and benefits information, and performance evaluations. Given Plaintiffs' injury claims, however, Defendants are entitled to explore Plaintiffs' health-related employment records and any records reflecting on-the-job injuries.[45]

Plaintiffs Baqer, Williams, Louviere, and Guillot, Sr. will not be compelled to produce signed employment authorizations. However, they must provide signed authorizations for any

---

[42] *See Taylor*, 2020 WL 6204310, at *4.
[43] ECF No. 213 at 16-18.
[44] *Id*.
[45] *See, e.g., Robinson v. United States*, 205 F.R.D. 104, 106 (W.D.N.Y. 2001) (finding personal injury plaintiff's employment records from past employers discoverable to the extent they contained information about preexisting medical conditions).

employment-related injury and health screenings. Defendants must provide new authorization forms as limited herein within two days of this Order, and Plaintiffs must execute and return same to Defendants within five days of receipt.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 211) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Defendants provide revised authorization forms as directed herein, after which Plaintiffs must sign and produce same as directed herein.

IT IS FURTHER ORDERED that Plaintiffs supplement their responses with any additional responsive information as stated herein within five (5) days of this Order.

New Orleans, Louisiana, this  28th  day of July, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE