**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AHMED BAQER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-980** |
| **ST. TAMMANY PARISH GOVERNMENT, ET AL.** | **SECTION: P (2)** |

**ORDER**

Before the Court is the Motion for Leave to Amend Witness and Exhibit List (Record Document 221) filed on behalf of Plaintiffs Ahmed Baqer, Klabert Joseph Guillot, Sr., Terry Hall, Floyd Williams, and Kevin Louviere's ("Plaintiffs")[1]. Plaintiffs timely filed their Witness and Exhibit List on June 30, 2023, but inadvertently omitted Major Richard O'Keefe ("Major O'Keefe"), whom they would like to call as a witness at trial. Plaintiffs now ask the Court to amend the Scheduling Order to allow them leave to file an amended witness and exhibit that will include Major O'Keefe.

The Federal Rules of Civil Procedure allow for modification of a scheduling order for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). In determining whether good cause exists to amend a scheduling order, courts consider the following factors: (1) why the moving party failed to adhere to the deadline at issue; (2) the importance of the proposed modification; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).

Weighing these factors, the Court finds Plaintiff has established good cause for modification. Plaintiffs did not fail to timely file their Witness and Exhibit List, and they only

[1] On April 26, 2021, before this case was transferred to Section P of this Court, Judge Vitter consolidated this case with Civil Action No. 20-CV-1840, *Kevin Louviere, et al. v. St. Tammany Parish Government, et al.* Thus, Kevin Louviere, Terry Matthew Hall, Jr., and Floyd Williams are Consolidated Plaintiffs in this case.

seek amendment to add an inadvertently omitted potential witness. While inadvertence may not always justify the modification of a scheduling order, the remaining factors weigh heavily in favor of allowing the amendment in this case. Plaintiffs contend Major O'Keefe "is an important witness with extensive personal knowledge about the occurrences in this matter" and, for that reason, amendment is important in this case. R. Doc. 221 at 2. Moreover, Defendant will not be prejudiced by the proposed amendment. Not only has Defendant consented to Plaintiffs' motion, but Major O'Keefe is listed as a potential witness for Defendant, so there will be no undue prejudice or surprise if Plaintiffs are allowed to call Major O'Keefe as a witness. Nor will the addition of Major O'Keefe as a potential witness for Plaintiffs require a continuance and, thus, amendment will not require further amendments to the Scheduling Order.[2]

Accordingly, **IT IS ORDERED** Plaintiff's Motion for Leave to Amend Witness and Exhibit List is **GRANTED**. The Clerk's Office is directed to file the proposed Amended Witness and Exhibit List into the record.

New Orleans, Louisiana this 3rd day of August, 2023.

Darrel James Papillion

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

[2] Having found Defendant will not be prejudiced by amendment, the Court does not consider whether a continuance would cure prejudice to Defendant.