**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | |
| Plaintiffs, | * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** |
| v. | * | |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., | * | JUDGE DARREL JAMES PAPILLION |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS CURRAULT |
| | * | JURY TRIAL |

********************************************************************************

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, the Plaintiffs respectfully request that this Honorable Court enter an Order and Writ of Habeas Corpus ad Testificandum, pursuant to 28 U.S.C.A. section 2241(c)(5), and state as follows:

## MATERIAL FACTS

1. Klabert Joseph Guillot, Sr. is a plaintiff in this matter and incarcerated in facilities controlled and operated by the St. Tammany Parish Jail.
2. This matter is set for a jury trial before this Honorable Court at the United States District Court**,** Room C555, 500 Poydras Street, New Orleans, LA 70130 on Monday, October 2, 2023, at 9:00 AM CT.

**LEGAL BASIS FOR THE WRIT**

3. 28 U.S.C.A. § 2241(c)(5) grants district courts the authority to "command[] that the prisoner be delivered to the court 'to testify at trial[,]'" via a writ habeas corpus of ad testificandum. *Barnes v. Black*, 544 F.3d 807, 809 (7th Cir. 2008).

**POWER TO COMPEL THE WITNESSES**

4. The power to grant a writ of habeas corpus ad testificandum is not bound by the jurisdictional limits of the district court or any other territorial limitations." *Stone v. Morris*, 546 F.2d 730 (7th Cir. 1976). "These writs can be used to get a prisoner into the district court from anywhere in the country." *Barnes*, 544 F.3d at 809.

**DISCRETION TO COMPEL WITNESSES**

5. A district court that declines to not to issue a writ of habeas corpus as testificandum must do so only after weighing the interest of the plaintiff in presenting the testimony against the interest of the state in maintaining confinement. *Stone*, 546 F. 2d at 735.

6. In so doing, the court should take the following into account: (1) the costs and inconvenience of transporting a prisoner from their place of incarceration to the courtroom; (2) any potential danger or security risk which the presence of a particular inmate would pose to the court; (3) the substantiality of the matter at issue; (4) the need for an early determination of the matter; (5) the possibility of delaying trial until the prisoner is released; (6) the probability of success on the merits; (7) the integrity of the correctional system; and (8) the interests of the inmate in presenting their testimony in person rather than by deposition. *Id.*, at 735-36.

7. In determining the weight of the plaintiff's interest, the court should, further, consider: (1) whether the matter is to be tried before the court or to a jury; (2) whether the prisoner has any other witnesses to call at trial; and (3) whether the defendants, themselves, plan to take the

witness stand. *Id*., at 736 (reversing a district court's denial where the court failed to sufficiently consider these factors).

8. The Plaintiff Klabert Joseph Guillot, Sr. is expected to testify and tell his story.
9. Further, as the Plaintiff, Mr. Guillot has a right to be present at the trial.
10. It would be extremely prejudicial to the Plaintiff if he was unable to present crucial testimony in the making of his case to the jury simply because he happens to be incarcerated at a time that coincides with the trial for this matter.
11. Accordingly, the Plaintiff's interest in presenting his testimony is very significant, and, in the eyes of the Plaintiff, substantially outweighs any costs, inconvenience, and security concerns the St. Tammany Parish Jail may have (or be required to incur) in facilitating the attendance of these witnesses.
12. The Proposed Order and Writ of Habeas Corpus Ad Testificandum of Klabert Joseph Guillot, Sr. is attached herein as Ex. 1.

**WHEREFORE**, for the foregoing reasons, the Plaintiff respectfully requests that this Court enter the Proposed Orders and Writs of Habeas Corpus ad Testificandum and any other relief this Court deems proper and just.

Respectfully Submitted,

**Dated: August 22, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

By: *_/s/ Devon M. Jacob, PHV_*
Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

By: *_/s/ Bhavani Raveendran, PHV_*
Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net

## CERTIFICATE OF SERVICE

I, the undersigned, on oath, subject to penalty of perjury, state that I served this notice by filing this motion with the Clerk of Court on August 22, 2023 using the CM/ECF system.

By: *_/s/ Devon M. Jacob, PHV_*