**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | |
| Plaintiffs, | * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** |
| v. | * | |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., | * | JUDGE DARREL JAMES PAPILLION |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS CURRAULT |
| | * | JURY TRIAL |

******************************************************************************

**<u>PLAINTIFFS' MOTION IN LIMINE #3:</u>**
**<u>MOTION TO BAR PREJUDICIAL REGALIA AND STATEMENTS REGARDING LAW ENFORCEMENT WITNESSES</u>**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, and moves this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, referencing or presenting regalia or prejudicial statements regarding law enforcement witnesses.

Plaintiff seeks to bar any comments, testimony, evidence, or argument regarding Defendants' work-related commendations, awards, and performance reviews, including: (1) evidence of non-pertinent character traits, such as the defendants' generally good character, e.g., their service as "good or honorable" officers, wardens, or sheriffs; (2) evidence of the defendants' specific instances of good conduct, e.g., commendations or any good deeds the

defendants performed as sheriff, wardens, command staff, or correctional officers; (3) testimony that corrections officers, wardens, command staff, and sheriffs risk their lives on the job; and (4) evidence that the defendants may have previously acted in conformity with the law on specific occasions, all of which would be improper evidence under the federal rules of evidence.

Any reference to the defendants' service as "good or honorable officers" would serve only to improperly inject "sympathy" and "prejudice" into this case. *United States v. Meshack,* 225 F.3d 556, 580 (5th Cir. 2000). By injecting sympathy into the jury's deliberations, the defense would effectively divert the jury from its sole obligation -- the duty to decide the defendants are liable based upon the evidence. Whether the defendants previously acted heroically or were good or honorable officers (or members of law enforcement) is completely irrelevant to material issues regarding the subject incident, and must therefore be excluded. *See* Fed R. Evid. 401 and 402.

The same is true of any evidence of commendations or good deeds performed. Such evidence would serve only inappropriately bolster the Defendants' records through positive evidence; its prejudicial value thus substantially outweighs any limited probative value it could hold. Moreover, any such documents are impermissible character evidence that is prohibited under Fed. R. Evid. 404(a) ("[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion.").

For these reasons, courts in the Fifth Circuit have routinely excluded evidence of defendant law enforcement officers' commendations, honors, awards, or other good deeds during their law enforcement careers. *See, e.g., U.S. v. Warren*, CRIM 10-154, 2010 WL 4668345, at *4 (E.D. La. Nov. 4, 2010) (defendant officer prohibited from introducing evidence of commendations and awards); *United States v. Melton,* Criminal No. 2:08cr107–DPJ–LRA, 2008

WL 4829893, *1 (S.D.Miss. Nov. 4, 2008) (the United States District Court for the Southern District of Mississippi determined that evidence purporting to show a public official's "trait of fighting crime and removing troubled property does not demonstrate a trait of character under Rule 404(a)" that is pertinent to a charge that the public official deprived a person of his or her constitutional rights.) Sister courts have repeatedly held the same. *See, e.g.*, *U.S. v. Boylan*, 898 F.2d 230, 256 (1st Cir. 1990) (excluding police commendations); *U.S. v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (excluding evidence of defendant's military and police commendations and medals); *United States v. Barry,* 814 F.2d 1400, 1404 (9th Cir. 1987) (excluding letters of commendation); *United States v. Gaeta,* No. CR 06-1954-TUC-CKJ (JCG), 2008 WL 3911140, at *6 (D. Ariz. Aug. 21, 2008) (excluding testimony from a supervisor regarding the defendant's job performance as a Customs and Border Patrol officer); *U.S. v. Irving*, CR.07-107(PLF), 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding defendant police detective's awards and commendations); *Charles v. Cotter,* 867 F. Supp. 648, 658 (N.D. Il. 1994) (excluding police commendations, awards, and honors).

Accordingly, Plaintiff seeks to exclude any comments, testimony, evidence, or argument regarding Defendants' work-related commendations, awards, and performance reviews or exhibits thereto.

In addition, Plaintiffs anticipate that the Defendants may attempt to bolster their credibility by mentioning and/or arguing that correctional officers at St. Tammanay Parish Jail "risk their lives on the job." To do so, however, would run afoul of Rule 404(a) of the Federal Rules of Evidence. *See Lee v. Jones*, No. 3:09 CV 19, 2015 WL 13700955, at *2 (N.D. Ind. June 23, 2015) (barring evidence that police officers risk their lives on the job). Given the nature of the testimony in this matter, the jury will likely already be in a position to infer that there may be certain risks

attendant to one's duties at St. Tammany Parish facility. However, inferences of this sort merely speak to the nature of the profession of correctional officers, and, therefore, are not relevant to the resolution of those issues attendant to this matter. Testimony of the sort intimating that correctional officers' lives are constantly at risk is not probative to this action where the ultimate issue concerns the conditions of confinement and not any risk posed towards Defendants or their subordinate officers. Accordingly, Plaintiff seeks to exclude any comments, testimony, evidence, or argument regarding the risk posed to correctional officers while on the job.

WHEREFORE, Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., through their counsel of record, move this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *inuendo* or otherwise, at any time during the course of the trial of this action, referencing or presenting regalia or prejudicial statements regarding law enforcement witnesses, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

By: *<u>/s/ Bhavani Raveendran, PHV</u>*
Attorney for Plaintiffs

**Dated: August 22, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837

Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net

## CERTIFICATE OF SERVICE

I, the undersigned, on oath, subject to penalty of perjury, state that I served this notice by filing this motion with the Clerk of Court on August 22, 2023 using the CM/ECF system.

____/s/ *Bhavani Raveendran*