**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | |
| Plaintiffs, | * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** |
| v. | * | |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., | * | JUDGE DARREL JAMES PAPILLION |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS CURRAULT |
| | * | JURY TRIAL |

******************************************************************************

**PLAINTIFFS' MOTION IN LIMINE #6:**
**MOTION TO ADMIT RELEVANT POLICIES**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, and moves this Honorable Court *in limine*, to admit relevant policies of St. Tammany Parish Jail and Parish Government.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence. Fed. R. of Ev. 401. Evidence of the policies of St. Tammany Parish Jail and Parish Government are relevant as they demonstrate the factual context of the Plaintiffs' treatment while detained and are not unfairly prejudicial to Defendant nor work to justly be excluded for any reason offered under the Federal Rule of Evidence 403. In *Harris v. Clay County*, the Court ruled *in limine* to allow evidence of policies in a case regarding a violation of a detainee's 14th Amendment rights, including through a failure to provide medication in jail. *Harris v. Clay*

*Cnty.*, *Mississippi*, No. 1:18CV167 M-P, 2023 WL 2386650, at *6 (N.D. Miss. Mar. 6, 2023). The Court reasoned that *w*here the "jail policies in question are not prejudicial in nature, and they form part of the factual context" of a case, they are appropriate to assist in presenting relevant facts to a jury. *Harris v. Clay Cnty.*, *Mississippi*, No. 1:18CV167 M-P, 2023 WL 2386650, at *6 (N.D. Miss. Mar. 6, 2023) (allowing evidence of breaches of policies while allowing the parties to point out that the elements of the constitutional claims are different considerations than whether jail policies were followed during closing argument). The *Harris* Court found breaches of jail policy relevant to liability and punitive damages, where the policies  could be used to demonstrate plaintiff was singled out in a jail for special negative treatment. *Id. See also Schurman v. Panola-Harrison Elec. Coop., Inc.*, No. CV 03-1467, 2006 WL 8456468, at *1–2 (W.D. La. June 6, 2006)(allowing evidence of internal policies with limiting instruction in an action for personal injuries brought by prisoners of Louisiana) ("While it is clear that internal policies and advisory national standards are not determinative of fault and/or the applicable standard of care, the Court believes that such policies and standards are probative as to the controlling standard of care in this case.")

Here, St. Tammany Jail Policies and Procedures are relevant to the demonstrate the factual context of the case and to ensure the jury has all relevant information. Such information, would not be prejudicial as requested by the Plaintiffs and could be easily differentiated from the elements of the Constitutional claims by the Defendants, just as the defendants in the *Harris* matter were able to do. The policies will provide understanding to the jury as to the possible accommodations and services available to the Plaintiffs while detained at St. Tammany Parish Jail and what parameters the Defendants run their jail by.

Specifically, Plaintiff respectfully moves this Honorable Court to admit the following policies and procedures:

1. Louisiana Basic Jail Guidelines for safety, security, care, food service, hygiene, health care, offender's rights, fair treatment of offenders, and reasonable accommodation. Attached hereto as Ex. A.
2. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07001 – I-BJG A-001 related to Jail Safety, sanitation, maintenance of sanitation, cleaning supplies, and issuing cleaning supplies. Attached hereto as Ex. B.
3. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07001- I-BJG A-004 related to Jail Housekeeping, housekeeping plans, housekeeping of inmates housing, and housekeeping procedures. Attached hereto as Ex. C.
4. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07001- BJG I-C-06 related to Jail Operational Capacity, including initial offender housing assignment policies and procedures. Attached hereto as Ex. D.
5. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07002- BJG II-A-006 related to Jail the Security Staff Log policies and procedures. Attached hereto as Ex. E.
6. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07002- BJG II-A-007 related to Jail Security Offender Counting including offender counting procedures, emergency count procedures, and offender bed check procedures. Attached hereto as Ex. F.
7. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07002- BJG II-A-008 related to Jail Security Offender Population including the inmate population management system, inmate records file, inmate medical records, and procedures in maintiaing such records. Attached hereto as Ex. G.

8. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07002- BJG II-A-012 related to Jail Security Classification System including policies related to the classification system, assignment policy, level of security, verification of information, inmate appeal of classification, and general classification procedures. Attached hereto as Ex. H.
9. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07004- BJG V-B-005 related to Jail Offender Programs – Exercise and Recreation Access policies and procedures. Attached hereto as Ex. I.
10. St. Tammany Parish Sheriff's Office Corrections Procedures – Section 07006- VII-A-001.680 related to Jail Administration and Management – Training and Staff Development, including but not limited to training and staff development, staff training, staff orientation, in-service training, basic correctional training course, and advanced training. Attached hereto as Ex. J.

Accordingly, Plaintiffs seek an order admitting the aforementioned policies that are relevant to the factual context of the detention and Constitutional violations Plaintiffs are alleging.

WHEREFORE, Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., through their counsel of record, move this Honorable Court *in limine*, to admit relevant policies of St. Tammany Parish Jail and Parish Government and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

By: *<u>/s/ Bhavani Raveendran, PHV</u>*
Attorney for Plaintiffs

**Dated: August 22, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)

**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net

## CERTIFICATE OF SERVICE

I, the undersigned, on oath, subject to penalty of perjury, state that I served this notice by filing this motion with the Clerk of Court on August 22, 2023 using the CM/ECF system.

____/s/ *Bhavani Raveendran*