**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | |
| Plaintiffs, | * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** |
| v. | * | |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., | * | JUDGE DARREL JAMES PAPILLION |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS CURRAULT |
| | * | JURY TRIAL |

*****************************************************************************

**<u>PLAINTIFFS' MOTION IN LIMINE #9:</u>**
**<u>BARRING UNDISCLOSED WITNESSES AND EXHIBITS</u>**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, and moves this Honorable Court to bar *in limine* jail and medical records pertaining to Floyd Williams, Kevin Louviere, and Terry Hall that were never disclosed, as well as the testimony of Major Daniel Fleischman, whose identity was not disclosed.

Defendants list jail records for Floyd Williams, Kevin Louviere, and Terry Hall as well as medical records for Mr. Louviere and Mr. Hall as potential exhibits. Dkt. 209, Defendants' Witness and Exhibit List at 3-5. Plaintiffs are not and have never been in possession of such records nor have Defendants disclosed the same while discovery was open.[1] Additionally, Defendants include

[1] Some medical records may be disclosed by Defendants after discovery has closed due to outstanding medical authorizations. Plaintiff does not contend those documents would be barred for non-disclosure, as the Court expressly permitted their late disclosure. See Dkt. 220. Upon their receipt, Plaintiff may argue, however, that they should be excluded on other grounds, such as relevance.

Major Daniel Fleischman in their Witness List, Dkt. 209, when neither party included him in a discovery disclosure. Ex. A, Defendants' July 2020 Disclosures; Ex. B, Defendants' August 2020 Disclosures; Ex. C, Defendants' *Louviere* Disclosures; Ex. E Plaintiff's Initial Disclosures in *Baqer*; Ex. D Plaintiff's Initial Disclosures in *Louviere*. Defendants also submitted a witness list on January 29, 2021, that failed to include this witness. Dkt. 140. This witness should be barred from testifying, and Defendants should be barred from surprising Plaintiffs at trial with any documents they did not know existed until the filing of the Exhibit List.

Generally, Fed. R. Civ. P. 26 requires the parties to disclose all non-impeachment evidence before trial. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Indeed, in *Moore v. Smith*, No. CV 17-5219, 2021 WL 10373172 (E.D. La. July 6, 2021), this Court disallowed a similar effort by the St. Tammany Parish Sheriff's Office to call witnesses that they did not disclose until the filing of their exhibit list. The burden is on the Defendants to show that such a failure was substantially justified or harmless. *Humphrey v. LeBlanc*, No. CV 20-233-JWD-SDJ, 2023 WL 3649858 at *10 (M.D. La. May 25, 2023). But the "basic purpose of Rule 26 is to prevent prejudice and surprise." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444 (5th Cir. 2013). Admission of the evidence discussed in this motion *in limine* would prejudice and surprise Plaintiffs at trial, which is only forty-one days away at the time of this filing.

On July 8, 2020, Defendants disclosed Mr. Baqer and Mr. Guillot's jail and medical records. Ex. A, Defendants' July 2020 Disclosures. On August 18, 2020, in *Baqer et al. v. St.*

*Tammany Parish et al.*, 2:20-cv-00980, Defendants issued their Fed. R. Civ. P. 26(a) Disclosures, stating the following:

> "Defendant, St. Tammany Parish Government, is not presently aware of any non-privileged documents, data compilations or tangible things in its possession, custody or control that may be used in defense of plaintiffs' claims, unless solely used for impeachment. However, St. Tammany Parish Government reserves its right to supplement its disclosure of same if relevant documents are identified during the course of discovery which may be used in defense of plaintiffs' claims."

Ex. B, Defendants' August 2020 Disclosures. On October 15, 2020, in *Louviere et al. v. St. Tammany Parish et al.*, 2:20-cv-01840, Defendants stated the same thing in their Fed. R. Civ. P. 26(a) Disclosures. Ex. C, Defendants' *Louviere* Disclosures.[2] Plaintiffs have has never received any jail or medical documents for Mr. Hall, Mr. Louviere, or Mr. Williams from Defendants, nor have Plaintiffs received any indication from Defendants that they possess or intend to use such documents at any point in this litigation. None of these disclosures named Mr. Fleischman. Id.

Until the submission of their Witness and Exhibit List, Dkt. 209, on June 30, 2023, Defendants have not indicated any possession or intent to produce Mr. Fleischman or the jail records of Mr. Hall, Mr. Louviere, or Mr. Williams. Accordingly, Plaintiffs have no idea what Mr. Fleischman will testify to, nor did they have adequate opportunity to discover such when his identity was not disclosed until Defendants' filing of their Exhibit and Witness List. Dkt. 209. Additionally, Plaintiffs have no indication of what the jail records which Defendants refer to show, nor did Plaintiffs have any indication of the existence of such documents until June 30. Id. The admission of this evidence at trial would unfairly surprise and prejudice Plaintiffs at trial, thus cutting against the purpose of Fed. R. Civ. P. 26(a).

---

[2] At the time of these 26(a) disclosures, this matter had not yet been consolidated.

WHEREFORE, Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., through their counsel of record, move this Honorable Court to bar *in limine* jail and medical records pertaining to Floyd Williams, Kevin Louviere, and Terry Hall that were never disclosed, to bar the testimony of Daniel Fleischman, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

By: */s/ Bhavani Raveendran, PHV*
Attorney for Plaintiffs

By: */s/ Sam Harton, PHV*
Attorney for Plaintiffs

**Dated: August 22, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net

**CERTIFICATE OF SERVICE**

I, the undersigned, on oath, subject to penalty of perjury, state that I served this notice by filing this motion with the Clerk of Court on August 22, 2023 using the CM/ECF system.

____/s/ *Bhavani Raveendran*