**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | |
| Plaintiffs, | * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** |
| v. | * | |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., | * | JUDGE DARREL JAMES PAPILLION |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS CURRAULT |
| | * | JURY TRIAL |

******************************************************************************

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE 1: TO BAR EVIDENCE OF PLAINTIFFS' UNRELATED MEDICAL AND MENTAL HEALTH HISTORY**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, who submit the following memorandum in support of their Motion in Limine moving this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, referencing Plaintiffs' unrelated medical history.

Defendant may not use evidence of Plaintiffs' unrelated medical history because it is not relevant to any fact of consequence in determining this action. Federal Rules of Evidence 401 determines evidence as relevant if it has a tendency to make any fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Plaintiffs' unrelated medical history does not have a tendency to make any fact related to the behavior of Defendants in fostering

the abhorrent conditions Plaintiffs were subjected to more or less probable. Accordingly, the Plaintiff respectfully moves this Honorable court *in limine* to bar Defendants from introducing any evidence of Plaintiffs' unrelated medical history.

If such evidence is found to be relevant Defendants may not use evidence of Plaintiffs' unrelated medical history as it will only work to confuse and mislead the jury, are unfairly prejudicial to Plaintiffs, and offer little to no probative value. Federal Rules of Evidence 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Such evidence is not probative to any fact of consequence in determining this action. Further, evidence of Plaintiffs' medical history will prejudicially affect Plaintiffs by undermining their injuries caused by Defendant's actions, and will only confuse and mislead the jury as to the injuries Plaintiffs sustained. Any probative value found in evidence of this sort is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and by misleading the jury. Accordingly, the Plaintiff respectfully moves this Honorable court *in limine* to bar Defendants from introducing any evidence of Plaintiffs' unrelated medical history.

Medical records pertaining to Mr. Williams contain information about various diagnoses that are not relevant to his experience at the STPJ, including "essential (primary) hypertension," "rash and other nonspecific skin eruption," "overweight," "hyperglycemia, unspecified (PRE-DIABETES)," "Vitamin D deficiency," and renal disease. See Dkt. 238-13 at pp. 1, 4. Mr. Louviere has been diagnosed with human immunodeficiency virus (HIV). See Dkt. 239-6, at p. 30. These medical issues are unrelated to the claims at issue here and should be excluded.

Additionally, Defendants recently issued medical records requests pertaining to multiple Plaintiffs, the responses to which have not yet been disclosed but may be provided prior to trial. Plaintiffs suspect that these requests will yield documentation that is not relevant to this matter. For example, one request was issued to Edgefield Recovery Center on behalf od Mr. Louviere, who visited that center shortly after his incarceration at St. Tammany. While he was there, he received treatment for mental health issues relating to his incarceration at St. Tammany as well as treatment for drug use. Records obtained from Edgefield pertaining to his drug use will not be relevant to this litigation and will be highly prejudicial before a jury. Although Plaintiff cannot specifically cite irrelevant material in these records because they have not yet been received, Plaintiffs maintain to the extent they include irrelevant medical or mental health information, they should be excluded at trial.

WHEREFORE, Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., through their counsel of record, move this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *inuendo* or otherwise, at any time during the course of the trial of this action, referencing Plaintiffs' unrelated medical history, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

By: *<u>/s/ Bhavani Raveendran, PHV</u>*
Attorney for Plaintiffs

**Dated: August 25, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway

Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net