**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | |
| Plaintiffs, | * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** |
| v. | * | |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., | * | JUDGE DARREL JAMES PAPILLION |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS CURRAULT |
| | * | JURY TRIAL |

******************************************************************************

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #2: TO BAR PREJUDICIAL LANGUAGE**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, who submit the following memorandum in support of their Motion in Limine moving this Honorable Court to bar any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, using the following potentially prejudicial language.

1. **Bar prejudicial language in comments, testimony, evidence, or argument referring to Plaintiffs or witnesses as "felons," "convicts," "offenders," "criminals," "prisoners," or other similar terms.**

The Plaintiffs respectfully moves this Court *in limine* to bar Defendants from referring to the Plaintiffs or other witnesses through the use of prejudicial language. Specifically, the Plaintiff anticipates that the Defendants will refer to formerly or currently detained or incarcerated parties or witnesses, such as the Plaintiffs, as "felons," "convicts," "offenders," "criminals," "prisoners,"

or other similar terms. The introduction and use of such language is not relevant to any fact or issue in this case, and serves no purpose but to prejudice the Plaintiffs. For that reason, among others, this Court should affix strict limits on the vocabulary that both the witnesses and attorneys may use in the courtroom when referring to the Plaintiffs, other formerly or currently incarcerated witnesses.

Any gratuitous references to either the Plaintiff or certain witnesses through the use of loaded terms, such as “felons,” “convicts,” “offenders,” “criminals,” “prisoners,” or other similar terms, would only serve to inflame the jury and, further, invite them to decide the merits of this case based on improper considerations. This would violate the letter and spirit of Rule 403 of the Federal Rules of Evidence. Additionally, the use of such gratuitous references would also constitute improper character evidence in violation of Rule 404(b) of the Federal Rules of Evidence.

Given the nature of their testimony, the Plaintiff readily acknowledges that the jury will already be made aware of the fact that the Plaintiff and other inmate-witnesses were detainees at the time of the complained-of conduct. As a result, the Plaintiff understands that occasional references to certain witnesses as “inmates” will be unavoidable. However, excessive use of the term “inmate” (and other terms that inherently invoke the subject’s incarcerated status) is wholly unnecessary and unduly prejudicial. On the other hand, terms such as “felon,” “convict,” or “criminal” serve absolutely no purpose and should be excluded completely. Similarly, neither the Defendants nor other witnesses should be permitted to reference the Plaintiff and formerly or currently incarcerated witnesses as a “danger to society” or any descriptor that intends to invoke fear in the jury. References of this sort are wholly irrelevant and highly prejudicial, serving no

purpose but to demean those individuals either formerly or currently incarcerated and, further, call their character into question, in violation of Rule 404 of the Federal Rules of Evidence.

Moreover, such terms are irrelevant in the context of the Plaintiffs' claims as pre-trial detainees whose potential crimes were not yet adjudicated at the time of their detention. *See* Fed R. Evid. 401 and 402. The Plaintiffs merely seek to limit and/or exclude the use of any term that might serve to jeopardize their ability to receive a fair trial to vindicate their civil rights claims. Accordingly, the Plaintiffs respectfully request that this Honorable Court bar the Defendants from referring to the Plaintiffs or any of the inmate-witnesses as "convicts," "offenders," "criminals," "felons," "inmates," "prisoners," or other similar terms that allude to the conviction status of individuals.

2. **Bar any comments, testimony, evidence, or argument indicating Plaintiff's counsel as being from "out-of-state" or "out-of-town."**

The Plaintiffs respectfully moves this Court *in limine* to bar Defendants from referring to the Plaintiffs or other witnesses through the use of prejudicial language. Specifically, the Plaintiff anticipates that the Defendants will refer to Plaintiff's counsel as being from "out-of-state" or "out-of-town," or other references to the primary locations of practice of Plaintiffs' counsels. Such evidence is irrelevant to the material issues of this matter and must therefore be excluded. *See* Fed R. Evid. 401 and 402. Furthermore, the danger of unfair prejudice and risk of misleading the jury far outweigh any probative value such information could possibly hold. See *Whitehead v. Food Max*, 163 F.3d 265, 277 (5th Cir. Miss. 1998) (Citations omitted) ("Arguments which invite a jury to act on behalf of a litigant become improper 'conscience of the community' arguments when the parties' relative . . . geographical locations are invoked to prejudice the viewpoint of the jurors . . . such arguments distract the jury from its sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial . . .

When such arguments are used, as here, against out-of-state parties, they carry the potential of substantial injustice.”). Accordingly, Plaintiffs respectfully requests that this Honorable Court bar the Defendants from referring to Plaintiff's counsel as being “out-of-state” or “out-of-town” or any other statement or *inuendo* to that effect.

WHEREFORE, Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., through their counsel of record, move this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *inuendo* or otherwise, at any time during the course of the trial of this action, using potentially prejudicial language, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

By: */s/ Bhavani Raveendran,, PHV*
Attorney for Plaintiffs

**Dated: August 25, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**

321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net