**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., Plaintiffs, v. ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., Defendants. | * * * * * * * * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** JUDGE DARREL JAMES PAPILLION MAGISTRATE JUDGE PHILLIPS CURRAULT JURY TRIAL |

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #10: TO BAR PRIOR BAD ACTS EVIDENCE**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, who submit the following memorandum in support of their Motion in Limine moving this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, referencing Plaintiffs' prior bad acts.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence. Federal Rule of Evidence 401. However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Federal Rule of Evidence 403. "'Unfair prejudice'...means an undue tendency to suggest decision on an improper basis, commonly, though

not necessarily, an emotional one.'" *Granger v. Marine*, No. 81-1526, 2016 WL 4621501, *3 (E.D. La. Sept. 6, 2016) (quoting Fed. R. Evid. 403 advisory committee's note).

"Rule 403 . . . requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial . . . evidence." *Spring United Management Co. v. Mendelsohn*, 552 U.S. 379, 386-87 (2008); *see also Stephen v. Hanley, 2009 U.S. Dist. LEXIS 43334 (E.D.N.Y.)* (In making a Rule 403 determination, courts should ask whether the evidence's proper value "is more than matched by [the possibility] ... that it will divert the jury from the facts which should control their verdict.").

Plaintiffs have backgrounds, including arrests, convictions, employment problems, and drug use, not arising from or in any way connected to the subject confinement. As such, said evidence would be highly prejudicial and unfairly affect a jury's perception and assessment of Plaintiffs' credibility. This case is a Fourteenth Amendment conditions of confinement case in which admission of Plaintiffs' prior bad acts would only, impermissibly, go to Plaintiffs' character and not to the issues before this Court. Fed. R. Evid. 404. Plaintiff's prior acts have no bearing on the issues in this action—namely, whether Defendants held Plaintiffs in conditions of confinement that violated the standards of the Fourteenth Amendment. Given that this evidence is not probative of the matter at hand, and given the highly prejudicial nature of the evidence, it is inadmissible pursuant to Fed. R. Evid. 403 and Fed. R. Evid 404.

Accordingly, Plaintiffs seek to exclude any testimony or evidence of the following prior bad acts of Mr. Baqer:

a. His relationships with his family members and their jail or marital status;

b. His previous divorce;

c. His possible citizenship in Kuwait;

d. That he was fired from Café Amelie or other restaurants;

e. That he was arrested in 2016 in Florida for a dismissed marijuana charge; in St. Tammany Parish in March of 2019 for speeding on a motorcycle; and in St. Tammany Parish for missing court in December of 2019;

f. Being jailed at Covington Jail, Jefferson Parish, San Benito, or Orleans Parish and the conditions therein;

g. That he was pursued by a police department in March of 2019; and,

h. That he has a probation officer and that he has had to submit to drug screens and has failed them in the past;

Plaintiffs seek to exclude any testimony or evidence of the following prior bad acts of Mr. Louviere:

a. That he was arrested in June 2019 for monetary instrument abuse;

b. That he was charged for possession of drug paraphernalia and distribution of methamphetamine in 2018;

c. That he tested positive for drugs twice during the drug court program;

d. That he was held in OPP jail for one day and that his mom bailed him out;

e. That he is funding the lawsuit through a contingent fee and hasn't paid out of pocket for it;

f. That he took heroin before he turned himself in in 2019;

g. That he has taken methamphetamine; and,

h. That he was terminated from his employment at Oxlot 9 in 2018.

Plaintiffs seek to exclude any testimony or evidence of the following prior bad acts of Mr. Hall:

a. That he was arrested in August 2014 for cultivating marijuana and possession, in 2007 for possession of marijuana while in high school, and in 2021 for possession of marijuana;

b. That a warrant was issued against him in the 2015 felony; and,

c. That he had a 15 day sanction because he failed a drug test with his probation officer in 2019.

Plaintiffs seek to exclude any testimony or evidence of the following prior bad acts of Mr. Williams:

a. That he was a witness in a murder trial;

b. That he was arrested in 2011 for making terroristic threats, in 2010 on domestic violence charges, in the 1990s for domestic violence, and as a teenager on possession of marijuana charges;

c. That he was acquitted at trial for firearm possession charges in the 1990s;

d. That he was charged with attempted rape or abduction in 1988; and,

e. That he gave a child up for adoption.

Plaintiffs seek to exclude any testimony or evidence of the following prior bad acts of Mr. Guillot, Sr.:

a. That he was arrested in 1997 on a drug possession and stolen vehicle charge;

b. That he spent time in jail in Texas and Alabama; and,

c. That he was arrested in St. Tammany Parish in 2022 for possession with intent.

In *Marks v. Smith*, No. 15-5454, 2017 WL 2258640 (E.D. La. May 19, 2017) defendant Sheriff Smith and other St. Tammany Sheriff's Deputies sought to introduce evidence of the plaintiff's prior criminal arrests and convictions in her § 1983 Eighth and Fourteenth Amendment

suit against them. The *Marks* Court found that the probative value of such evidence was "negligible," unrelated to the bias against St. Tammany Parish Sheriff's Office that defendants alleged against her, and was substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 404(b) and 403. *Id.* at *3. The *Marks* defendants were not permitted to introduce the plaintiff's prior conviction evidence at trial. *Id. See also*, *Beary v. Deese*, No. 2018 WL 2455544 *3-4 (E.D. La. July 17, 2018) (excluding plaintiff's prior arrest, suspension from the practice of law, and related disciplinary hearings on cross-examination regarding plaintiff's character.)

WHEREFORE, Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., through their counsel of record, move this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *inuendo* or otherwise, at any time during the course of the trial of this action, referencing Plaintiffs' prior bad acts, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

By: *<u>/s/ Bhavani K. Raveendran, PHV</u>*
Attorney for Plaintiffs

**Dated: August 25, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway
Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837

Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net