**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| AHMED BAQER, et al., Plaintiffs, v. ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., Defendants. | * * * * * * * * | **CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC)** JUDGE DARREL JAMES PAPILLION MAGISTRATE JUDGE PHILLIPS CURRAULT JURY TRIAL |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE #11: TO BAR PRIOR CONVICTIONS**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, who submit the following memorandum in support of their Motion in Limine moving this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *innuendo* or otherwise, at any time during the course of the trial of this action, referencing Plaintiffs' prior convictions.

Fed. R. Evid. 609(a) allows a witness's credibility to be impeached by evidence of prior convictions punishable by death or imprisonment in excess of one year, provided the court determines that the probative value of the evidence outweighs its prejudicial effect. *United States v. Turner*, 960 F.2d 461, 465 (5th Cir. 1992). Evidence of any conviction must be admitted for impeachment purposes only where the Court can "readily determine" that the elements of the conviction involve a "dishonest act or false statement." Fed. R. Evid. 609(a)(2).

Plaintiffs' prior arrests and/or convictions older than 10 years are inadmissible under Fed. R. Evid. 609. "For convictions more than 10 years old, '[t]he general rule is inadmissibility'" under Rule 609(b) because the probative value of those convictions "is by definition outweighed by its prejudicial effect." *Brown v. Regions Ins., Inc.*, No. 14-813, 2016 WL 4703978, *3 (E.D. La. Sept. 8, 2016) (internal quotations omitted). Misdemeanor convictions may be allowed for impeachment purposes "only if an element of the misdemeanor involved proving 'a dishonest act or false statement.'" *Howard v. Offshore Liftboats, LLC*, No. 2016 WL 9444450, *2 (E.D. La. Jan. 24, 2016).

Mr. Baqer has been convicted of a crime for which he was imprisoned for more than one year, subjecting him, under Rule 609(a)(1), to the balancing test of Rule 403. However, presenting evidence to the jury of Mr. Baqer's criminal background poses an overwhelming risk of prejudice that outweighs the minimal probative value of such evidence. Specifically, the prejudice is explained below:

a. Mr. Baqer plead guilty and got probation for felony aggravated flight in 2019. This conviction is irrelevant to the Fourteenth Amendment issues at hand and therefore its probative value is substantially outweighed by the unfair prejudice to Mr. Baqer under Fed. R. Civ. P. 403.

b. Mr. Baqer was arrested and plead guilty to three misdemeanors for theft at a Walmart and HEB in San Benito Texas, serving 30 days in jail. Although this conviction included dishonest acts and/or false statements, it is wholly irrelevant to the Fourteenth Amendment issues at hand and is therefore unfairly prejudicial under Fed. R. Evid. 403.

c. Mr. Baqer's other charges are misdemeanors that do not include dishonest acts or false statements and should be excluded. As such they are not allowable under Fed. R. Evid. 609(a)(1) and would be unduly prejudicial under Fed. R. Evid. 403.

Mr. Guillot has been convicted of crimes for which he was imprisoned for more than one year, subjecting him, under Rule 609(a)(1), to the balancing test of Rule 403. However, presenting evidence to the jury of Mr. Guillot's criminal background poses an overwhelming risk of prejudice that outweighs the minimal probative value of such evidence.

d. In 1991, Mr. Guillot, Sr. pled guilty to felony possession of methamphetamine and ecstasy. This conviction is more than 10 years old and should be excluded pursuant to Fed. R. Evid. 609(b).

e. In 1997, Mr. Guillot, Sr. was arrested for drug possession and car theft but was found not guilty at trial. This conviction is more than 10 years old and should be excluded pursuant to Fed. R. Evid. 609(b).

f. In 2003, Mr. Guillot, Sr. was arrested and convicted of felony cocaine possession in Hueytown, Alabama, receiving a 10-year sentence of which he served 30 months. This conviction is more than 10 years old and should be excluded pursuant to Fed. R. Evid. 609(b).

g. In 2018, Mr. Guillot, Sr. pleaded guilty at trial to felony methamphetamine possession and was sentenced to 2 years. This conviction is irrelevant to the Fourteenth Amendment issues at hand and therefore its probative value is substantially outweighed by the unfair prejudice to Mr. Guillot, Sr. under Fed. R. Civ. P. 403.

h. In 2019, Mr. Guillot, Sr. plead guilty to felony possession of drugs and served two years in jail. This conviction is irrelevant to the Fourteenth Amendment issues at hand and therefore its probative value is substantially outweighed by the unfair prejudice to Mr. Guillot, Sr. under Fed. R. Civ. P. 403.

i. In 2021, Mr. Guillot, Sr. plead guilty to felony possession of methamphetamine and was sentenced to two years in jail. This conviction is irrelevant to the Fourteenth Amendment issues at hand and therefore its probative value is substantially outweighed by the unfair prejudice to Mr. Guillot, Sr. under Fed. R. Civ. P. 403.

Mr. Hall has been convicted of crimes for which he was imprisoned for more than one year, subjecting him, under rule 609(a)(1), to the balancing test of Rule 403. However, presenting evidence to the jury of Mr. Hall's criminal background poses an overwhelming risk of prejudice that outweighs the minimal probative value of such evidence.

j. In 2015, Mr. Hall was convicted of felony aggravated second degree battery. This conviction is irrelevant to the Fourteenth Amendment issues at hand and therefore its probative value is substantially outweighed by the unfair prejudice to Mr. Hall under Fed. R. Civ. P. 403.

k. In 2015, Mr. Hall was convicted of felony distribution of marijuana and felony possession of marijuana. These convictions are irrelevant to the Fourteenth Amendment issues at hand and therefore its probative value is substantially outweighed by the unfair prejudice to Mr. Hall under Fed. R. Civ. P. 403.

l. Mr. Hall's other arrests were for misdemeanor drug charges that do not include dishonest acts or false statements and should be excluded. As such they are not

allowable under Fed. R. Evid. 609(a)(1) and would be unduly prejudicial under Fed. R. Evid. 403.

Mr. Louviere has been convicted of a crime for which he was imprisoned for more than one year, subjecting him, under rule 609(a)(1), to the balancing test of Rule 403. However, presenting evidence to the jury of Mr. Louviere's criminal background poses an overwhelming risk of prejudice that outweighs the minimal probative value of such evidence.

a. In 2018, Mr. Louviere pled guilty to felony possession of methamphetamine and was given a 2-year suspended sentence for completing a drug court program. This conviction is irrelevant to the Fourteenth Amendment issues at hand and therefore its probative value is substantially outweighed by the unfair prejudice to Mr. Hall under Fed. R. Civ. P. 403.

b. In 2019, Mr. Louviere pled to misdemeanor theft. Although this conviction included dishonest acts and/or false statements, it is wholly irrelevant to the Fourteenth Amendment issues at hand and is therefore unfairly prejudicial under Fed. R. Evid. 403.

Mr. Williams has not been convicted of a crime for which he was imprisoned for more than one year.

a. Mr. Williams was found guilty only of a misdemeanor disturbance of the peace, that was paid with a fine.

b. He served probation on felony misconduct in 1992, which is well outside the 10 years allowable by FRE 609.

Moreover, Plaintiffs' drug convictions are not admissible to impeach Plaintiff's credibility, as they do not involve "dishonest acts" implicated by FRE 609(a)(2). See *United States v. Robinson*,

286 Fed. Appx. 216, 220 (5th Cir. La. 2008) (holding drug possession convictions do not fall under the purview of FRE 609(a)(2)).

Congress has stressed that a crime involving "dishonesty or false statement" falling under the purview of FRE 609(a)(2) was meant to refer to convictions "peculiarly probative of credibility," such as those for "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Conf. Rep. No. 93-1597, 93d Cong., 2d Sess. 9, reprinted in [1974] U.S. Code Cong. & Ad. News 7098, 7103. In *Patz v. Sureway Supermarket*, defendants attempted to present evidence of plaintiff's previous drug and burglary convictions for impeachment purposes. No. 17-3465, 2019 WL 339506, *2 (E.D. La. Jan. 27, 2019). The Eastern District of Louisiana determined that these convictions were inadmissible for the purpose of impeachment because they "neither suggest he is dishonest" nor were related to the issues before the court. *Id.*

Federal Rule of Evidence 404(b) states: "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Plaintiff's prior convictions have no bearing on the issues in this action—namely, whether Defendants held Plaintiffs in conditions of confinement that violated the standards of the Fourteenth Amendment. The Fifth Circuit requires district courts to make a finding *on the record* that the probative value of the prior conviction evidence outweighs its prejudicial effect, in determining whether a prior conviction may be admitted under Rule 609. See, e.g., *United States v. Acosta*, 763 F.2d 671, 675 (5th Cir. 1985); *United States v. Estes*, 994 F.2d 147, 148 (5th Cir. 1993). The Fifth Circuit has previously enabled the use of a prior felony conviction in a detainee's

§ 1983 action only when the detainee himself first gave testimony about the underlying facts and thus opened the door to that conviction. *Bender v. Brumley*, 1 F.3d 271, 275 (5th Cir. 1993).

Courts within the Fifth Circuit have distinguished the probative value of a prior conviction in civil rights cases that do not involve excessive force. In actions regarding excessive force "the underlying felony conviction, especially if a violent crime, is likely to be more probative than prejudicial because the reasonableness of the amount of force used by correctional officers may depend on their knowledge of the inmate's criminal history." *Boyd v. Louisiana*, CIV.A. 03-1249-P, 2008 WL 920306, *2 (W.D. La. Apr. 4, 2008). However, this is not a case where the jury will be making a judgment on the amount of force used, but rather will be deciding whether the conditions Plaintiffs were subjected to in confinement constitute a violation of their constitutional rights. Thus, the prejudicial effect of the prior convictions easily outweighs the low probative value.

Plaintiffs' prior convictions are additionally inadmissible to suggest a predisposition to violate the law; such a use is explicitly barred by Fed. R. Evid. 404(b). Finally, under Federal Rule of Evidence 401, evidence is only relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence. However, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Federal Rule of Evidence 403; *United States v. Beechum*, 582 F.2d 898 , 911 (5th Cir. 1978).

"Rule 403 . . . requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial . . . evidence." *Spring United Management Co. v. Mendelsohn*, 552 U.S. 379, 386-87 (2008); *see also Stephen v. Hanley, 2009 U.S. Dist. LEXIS 43334 (E.D.N.Y.)*

(In making a Rule 403 determination, courts should ask whether the evidence's proper value "is more than matched by [the possibility] ... that it will divert the jury from the facts which should control their verdict.")

Plaintiffs have backgrounds, including convictions, not arising from or in any way connected to the subject confinement. As such, said evidence would be highly prejudicial and unfairly affect a jury's perception and assessment of their credibility. Despite any perceived relevancy to this evidence, the risk of unfair prejudice to Plaintiffs, should past criminal convictions become known to the jury, would greatly outweigh its limited probative value and divert the jury from the operative facts of the case. Given that this evidence is not probative of the matter at hand, and given the high prejudicial value the evidence holds, it is inadmissible pursuant to Fed. R. Evid. 403. Accordingly, Plaintiffs' prior convictions should not be admissible in this matter, due to their potential for prejudice to the Plaintiffs and their irrelevance to the issues at hand.

To be sure, the admission of *any* reference to the Plaintiff's felonies is prejudicial, but limiting admission to only the mere fact of conviction may serve to mitigate some undue prejudice against the Plaintiff. *See, e.g., Old Chief v. U.S.*, 519 U.S. 172, 184-85 (1997) (noting that, when exercising discretion under Rule 403, a court may consider an item's probative value and prejudice as compared to the probative value and prejudice of an alternative offer of proof). Convictions with low probative value carry a particularly high risk of prejudicial danger in a civil rights case, and the Seventh Circuit Court of Appeals has repeatedly cautioned that there is a particular danger of unfair prejudice attendant to a defendant's use of a plaintiff's prior convictions, within the context of civil rights litigation. *Geitz v. Lindsey,* 893 F. 2d 148, 151 (7th Cir. 1990) (citing *Llugano v. Mingey*, 763 F. 2d 1560, 1569 (7th Cir. 1985), *cert. dism'd*, 478 U.S. 1044 (1986)) (acknowledging "that civil rights actions often pit unsympathetic plaintiffs-criminals, or members of the criminal

class […] against the guardians of the community's safety, yet serve an essential deterrent function[,]" and, further, a "duty [on the part of the Seventh Circuit] to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them"). Violations of one's constitutional rights may not be justified by portraying the victims or survivors as "bad people," so, those courts within the Seventh Circuit, are called upon to ensure that the past convictions of civil rights plaintiffs are not used to unfairly prejudice these plaintiffs before a jury. *Id.*; *see also Gora v. Costa*, 971 F. 2d 1325, 1331 (7th Cir. 1992). "Presenting a [section] 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but emotions or improper motives, such as a belief that bad people should not be permitted to recover from honorable correctional officers." *Barber*, 725 F. 3d at 714.

WHEREFORE, Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., through their counsel of record, move this Honorable Court to bar *in limine*, any and all voir dire, statements, testimony, questioning, impeachment, cross-examination, expert testimony, evidence, or arguments, direct or indirect, by *inuendo* or otherwise, at any time during the course of the trial of this action, referencing Plaintiffs' prior convictions, and for any further relief this Court deems appropriate and just.

Respectfully Submitted,

By: *<u>/s/ Bhavani K. Raveendran, PHV</u>*
Attorney for Plaintiffs

**Dated: August 25, 2023**

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
**THE GLORIOSO LAW FIRM**
2716 Athania Parkway

Metairi, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net, b.raveendran@rblaw.net,
sharton@rblaw.net