UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED BAQER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., <br><br> Defendants. | * <br> * CIVIL ACTION NO.: 20-00980-DJP-DPC (Consolidated with 20-1840-WBV-DPC) <br> * <br> * <br> * JUDGE DARREL JAMES PAPILLION <br> * <br> * MAGISTRATE JUDGE PHILLIPS CURRAULT <br> * <br> * JURY TRIAL <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE UNDISCLOSED EXHIBIT TO DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC, JACOB LITIGATION, INC., and THE GLORIOSO LAW FIRM, and, in support of their Motion requesting Exhibit 1 to Defendants' Replies to the Motions for Summary Judgement be stricken, respectfully submit this memorandum, stating as follows:

I.   **RELEVANT BACKGROUND AND FACTS**

On August 10, 2023, Defendants filed their Motions for Summary Judgment in this matter, citing up to 12 exhibits on each motion. See ECF 234-239. On September 27, 2023, Plaintiffs filed their responses thereto. ECF 292-296. Neither the Motion for Summary Judgment nor the response attached the "DOJ Contract", attached hereto as Ex. A, as an Exhibit. On October 24, 2023,

1

Defendants filed their Motions seeking leave for additional pages for their Replies in Support of their Motions for Summary Judgment, attaching as an exhibit, for the first time in briefing, the DOJ Contract.

On July 8, 2020, Defendants issued their initial disclosures, to which Ex. A was not attached or referenced. See Defendants' Initial Disclosures, attached hereto as Exhibit D. On June 24, 2020, Plaintiffs requested production from the Defendants, including but not limited to requests for "any and all documents, such as training videos, tapes, bulletins, alerts, memorandum, seminars, policies and procedures, rules, guidelines and/or training records **relating to the transferring individual inmates or detainees from holding cells into the general population**." See Plaintiffs' Discovery Requests, attached hereto as Exhibit E, at p. 9 Request No. 21. On July 24, 2020, Plaintiffs received responses to those requests, that did not contain Ex. A. See Defendants' Discovery Responses, attached hereto as Exhibit F. On August 29, 2020, Defendants supplemented their discovery production but still did not include Ex. A. See Exhibit G, attached hereto. On July 21, 2023 fact discovery in this matter closed but was slightly extended by Court order to August 2, 2023. See, ECF. 205, 220. At no time during discovery, was Ex. A. disclosed. On June 30, 2023, Defendants disclosed their list of trial exhibits and did not disclose the DOJ Contract (Ex. A). See Defendants' Witness and Exhibit List, attached hereto as Exhibit H.

On October 24, 2023, after receiving Defendants' Motion seeking leave to file oversized replies, attorneys for Plaintiffs sent an email asking if Ex. A had been previously tendered to the Plaintiffs. See 10.24.23 Email from Plaintiffs' Counsel attached hereto as Exhibit B. In response, Defendants provided a letter to the Plaintiffs confirming that the document had not been previously disclosed to the Plaintiffs at any time, before being attached to the proposed Reply in Support of

2

Defendants' Motions for Summary Judgment. See 10.24.23 Correspondence from Defendants' Counsel, attached hereto as Exhibit C.

**II.     LAW AND ARGUMENT**

Defendants failed to disclose the DOJ Contract in line with requirements of the Federal Rules of Civil Procedure from the time of initial disclosures up to and including their trial Exhibit List and Motion for Summary Judgment Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires the disclosure ("without awaiting a discovery request") of a copy or description of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment". FRCP 26(a)(1)(E) goes on to describe the basis and unacceptable excuses for an initial disclosure:

> A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

Federal Rule of Civil Procedure 26(a)(3)(A)(iii) governs pretrial disclosures and requires parties to provide to the other parties and promptly file evidence it may present at trial, including, "an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises." Finally, Federal Rule of Civil Procedure 26(e)(1)(A) requires parties to supplement disclosures "in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 26(a)(1)(a)(ii) requires the voluntary production of "all documents ... that the disclosing party has it its possession, custody, or control and may use to support its claims or defenses ...." *McCullough v. Herron*, No. CV H-17-83, 2019 WL 5088055, at *6 (S.D. Tex. Sept. 3, 2019), *report and recommendation adopted,* No. CV H-17-83, 2019 WL 5081147 (S.D. Tex. Oct. 10, 2019), aff'd, 838 F. App'x 837 (5th Cir. 2020). Federal Rule of Civil Procedure 37(c)(1) governs the failure to disclose or supplement and states that "[i]f a party fails to provide information …the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Not only have Defendants failed to disclose Ex. A, Defendants have failed to identify any excuse or good faith reason they have failed to produce the document, list it by name in initial disclosures, supplement disclosures, or otherwise mention that the DOJ Contract in their production at any time. Such a failure to disclose is not justified. Here, where the first disclosure of the document was in Defendants' Reply Supporting their Motions for Summary Judgment and will not be harmful to the Plaintiffs, Defendants should not be able to use Exhibit A.

Undisclosed exhibits, like Ex. A, are regularly excluded from consideration at Summary Judgment. Documents in support of a motion for summary judgment should be produced voluntarily. *See Id.* (finding that even where nonmovant did not propound written discovery or compel production of the document the exhibits in support of a motion for summary judgment should have been voluntarily produced and excluding their consideration). *See, e.g., Forbes v. CitiMortgage, Inc.,* 998 F. Supp. 2d 541, 547–48 (S.D. Tex. 2014) (striking previously undisclosed exhibits in a response to a motion for summary judgment) *Cameron v. Werner Enterprises, Inc.*, No. 2:13CV243-KS-JCG, 2015 WL 4459068, at *8 (S.D. Miss. July 21, 2015) (limiting for use at trial exhibits that had been previously disclosed to the defendants so it "would not amount to unfair

4

prejudice or trial by ambush"); *Smith v. Transocean Offshore USA, Inc.,* No. CV 19-14738-WBV-KWR, 2021 WL 2338221, at *1 (E.D. La. June 8, 2021) (denying plaintiff's motion to reconsider allowing an exhibit and a witness that was not disclosed timely to the defendants). Here, where the Plaintiffs did not have previous access to the DOJ Contract cited in the reply brief, it should be excluded from consideration.

New issues brought in a reply brief need not be addressed by the court as "'the scope of the reply brief must be limited to addressing the arguments raised'" in the response. *Petty v. Portofino Council of Coowners, Inc.,* 702 F. Supp. 2d 721, 730, FN 3 (S.D. Tex. 2010) (quoting *Staton Holdings, Inc. v. First Data Corp.,* 2005 WL 2219249, 2005 U.S. Dist. LEXIS 19743 (N.D.Tex. Sept. 9, 2005) (citing *U.S. v. Feinberg,* 89 F.3d 333, 340–341 (7th Cir.1996))). It is "improper for the movant to sandbag and raise wholly new issues in a reply memorandum." *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (citing *Petty v. Portofino Council of Coowners, Inc.,* 702 F.Supp.2d 721, 729 n. 3 (S .D.Tex.2010)). Moreover, arguments raised for the first time in a reply are waived. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (citing *United States v. Jackson,* 426 F.3d 301, 304 n. 2 (5th Cir.2005)). The general rule in the Fifth Circuit and this District is that arguments raised for the first time in a reply brief are waived. *Jones v. Gusman*, 515 F. Supp. 3d 520, 540 (E.D. La. 2021) (discussing waiver of argument or allowing sur-reply where movant included a new argument and 13 new exhibits to their reply) (internal citations omitted). Following this logic, reliance on an an exhibit raised for the first time in a reply should similarly be waived.

In *Armstrong v. Rite Aid* a movant filed a reply memorandum that included new exhibits. The Eastern District of Louisiana reasoned that "[i]f I were to consider the new exhibits, I would be compelled to grant plaintiff an opportunity to respond to them. However, because the new

5

exhibits are unnecessary to resolution of defendant's pending summary judgment motion, I have not considered them." *Armstrong v. Rite Aid*, No. CIV.A. 10-1647, 2011 WL 2838829, at *1 (E.D. La. July 14, 2011), *aff'd sub nom. Armstrong v. K & B Louisiana Corp.*, 488 F. App'x 779 (5th Cir. 2012). *See also Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359-60 (W.D. Tex. 2020) (Court discussing option of waiver of arguments or allowance of a sur-reply where movant added exhibits in reply warranting a sur-reply by the respondent); *Knudsen v. Bd. of Sup'rs of Univ. of Louisiana Sys.*, No. CIV.A. 14-382, 2015 WL 1757695, at *1 (E.D. La. Apr. 16, 2015) (reply in support of motion for summary judgment contained two new exhibits that the court did not consider "because plaintiff had no opportunity to respond to those exhibits."). Accordingly, here, Plaintiffs pray this Court strike and not rely on the previously undisclosed exhibit that was produced for the first time in Defendants' reply.

## III.   CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to strike Exhibit 1 to Defendants' Replies to the Motions for Summary Judgement.

**Dated:** October 27, 2023                                              Respectfully submitted,

                                                                          /s/ Bhavani K. Raveendran
                                                                          Bhavani K. Raveendran
                                                                          Attorney for Plaintiffs

                                              Maria B. Glorioso (#24435), T.A.
                                              Vincent J. Glorioso, Jr. (#6064)
                                              **THE GLORIOSO LAW FIRM**
                                              2716 Athania Parkway
                                              Metairie, LA 70002
                                              Tel: (504) 569-9999
                                              Fax: (504) 569-9022

maria@gtorts.com

Devon M. Jacob (*pro hac vice*)
**JACOB LITIGATION, INC.**
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
b.raveendran@rblaw.net
sharton@rblaw.net

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the eastern District of Louisiana on Friday, October 27, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

   */s/ Bhavani Raveendran* (Pro Hac Vice)
       Bhavani Raveendran