

Chadwick W. Collings
A Professional Law Corporation
(985) 292-2000
ccollings@millinglaw.com

October 25, 2023

*__Via Email__*

Maria B. Glorioso
Glorioso Law Firm
2716 Athania Parkway
Metairie, LA 70002

Bhavani Raveendran
Romanucci & Blandin, LLC
321 North Clark Street, Suite 900
Chicago, IL 60654

Devon M Jacob
Jacob Litigation
P.O. Box 837
Mechanicsburg, PA 17055-0837

Nicolette Ward
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654

Antonio Maurizio Romanucci
Romanucci & Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654

> **Re:** ***Ahmed Baqer et al v. St. Tammany Parish Government, et al***
> ***Civil Action No.: 20-980; USDC- Eastern District of Louisiana***
>
> ***Kevin Louviere et al v. St. Tammany Parish Government, et al***
> ***Civil Action No. 20-1840; U.S.D.C. – Eastern District of Louisiana***

Dear Counsel:

We are in receipt of your email correspondence dated October 25, 2023, regarding an exhibit that was attached to our summary judgement reply. We have reviewed your prior discovery requests dated June 24, 2020,[1] and June 2, 2023.[2] At no point in these discovery requests did you request that Defendants produce this document. As a result, this document was not produced during discovery. This document was attached to Defendants' reply memorandum due to the fact that it was germane to Defendants' argument. We additionally note that Plaintiffs in this matter have been continually informed that such contracts exist between the STPJ and other state/federal authorities, yet have failed to request the production of any such contract.[3]

---

[1] *See* R. Doc. 68-3, Plaintiffs' Interrogatories and Requests for Production to Defendants for Class Discovery.

[2] *See* Plaintiffs' Requests for Production of Documents to Defendants, attached herein as Exhibit "1."

[3] *See* R. Doc. 234-8, 30(b)(6) Deposition Testimony of Lacey Kelly, pgs. 48 – 50; pg. 80; pg. 165; *See also* R. Doc. 234-11, Deposition Testimony of Sheriff Smith, pgs. 12 – 18; pgs. 24 – 28; pgs. 37 – 38; pgs. 86 – 91; pg. 119.

**MILLING BENSON WOODWARD L.L.P.**
October 25, 2023
Page  2

Sincerely,

Chadwick W. Collings
Kenneth R. Whittle

CWC/KRW
Enclosures

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

AHMED BAQER, et al.,                    *
          Plaintiffs;            *
                  *        **DEMAND FOR JURY**

       v.                         *

                  *        **No.: 2:20-cv-00980-WBV-DPC**
ST. TAMMANY PARISH GOVERNMENT,    *        **DISTRICT JUDGE:**
et al.,                                 *        **WENDY B. VITTER**
          Defendants.            *        **SECTION "D"**
                  *
                  *        **MAGISTRATE JUDGE:**
                  *        **DONNA PHILLIPS CURRAULT**
                  *        **SECTION "2"**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

KEVIN LOUVIERE, et al.,                 *
          Plaintiffs;            *
                  *        **DEMAND FOR JURY**

       v.                         *

                  *        **No.: 2:20-cv-01840-WBV-DPC**
ST. TAMMANY PARISH GOVERNMENT,    *        **DISTRICT JUDGE:**
et al.,                                 *        **WENDY B. VITTER**
          Defendants.            *        **SECTION "D"**
                  *
                  *        **MAGISTRATE JUDGE:**
                  *        **DONNA PHILLIPS CURRAULT**
                  *        **SECTION "2"**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFFS' REQUEST FOR THE PRODUCTION OF DOCUMENTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

1

**EXHIBIT**

**1**

**AND NOW** come the Plaintiffs, AHMED BAQER; KLABERT JOSEPH GUILLOT, SR.; KEVIN LOUVIERE; TERRY MATTHEW HALL, JR.; and FLOYD WILLIAMS; by and through their counsel, THE GLORIOSO LAW FIRM; JACOB LITIGATION, INC.; and ROMANUCCI & BLANDIN, LLC; to submit the following Request for the Production of Documents to the Defendants, to respond to within 30 days, in accordance with Rule 34 of the Federal Rules of Civil Procedure, and the enclosed definitions and instructions:

## Definitions

"**Allegation**" shall mean the statement of any fact or claim in any original or amended Complaint.

"**Complaint**" shall mean the original or any amended Complaint.

"**Defendant**" shall mean any/all present or former Defendants, and any employee, representative, agent, or other person, acting on behalf of any present or former Defendant.

"**Document**" shall have the broadest meaning possible, and include but not be limited to, hardcopy or electronic format, audio and video recordings, email, voicemails, text messages, and social media postings.

"**Identify,**" when used in reference to a person, shall mean to provide a full legal name, address, telephone number, email address, and role or affiliation. When used in reference to a legal entity, shall mean to provide the full legal name, address, telephone number, and website. When used in reference to a document, shall mean to provide the document name, name of author, date authored, format type, and identity of custodian.

"**Incident**" shall mean the circumstances that give rise to any claim stated in any original or amended Complaint.

"**Plaintiff**" shall mean any/all present or former Plaintiffs.

"**Person**" shall include the singular and plural and shall include people and legal entities.

"**You**" shall mean any/all present or former Defendants, and any employee, representative, agent, or other person, acting on behalf of any present or former Defendant.

## Instructions

In accordance with Federal Rules of Civil Procedure 26 and 34, you are required to respond to this Request for the Production of Documents within thirty (30) days. In responding to the document request, you must produce all documents that are available to you, which includes, documents in the possession of your attorney, doctor, insurer, or any other agent or employee. A consolidated response is permitted. However, if a document request calls for a response from a specific Defendant (as opposed to all Defendants generally) an individual response must be provided by that specific Defendant. If you are unable to respond to a document request completely, you are

required to respond to the document request to the fullest extent possible, and then to explain why you cannot respond to the document request completely.

**Document Requests**

**1.  The 2019 and 2020 training books discussed during the 30(b)(6) deposition (excerpt below) and requested for production on 1/17/2023.**

<u>**for STPSO, Sgt. Lacey Joi Kelly-Robertson, Ind. and as Rep., (Pages 97:13 to 99:25)**</u>

```
                  97
13     Q.   I see.  So what I'm hearing you say
14  is that there's a uniform training program that
15  each guard is put through?
16     A.   Correct.
17     Q.   And it's a book that is used, and
18  it's signed off whether they -- how they
19  performed and how they did?
20     A.   Correct.
21     Q.   So then you would be able to produce
22  -- "you," the agency -- would be able to produce
23  one of those blank books for the years 2019 and
24  '20, correct?
25     A.   Yes.
                  98
1      Q.   All right.  So -- and that would
2   cover the complete training provided to the
3   guards, correct?
4      A.   Correct.
5      MR. JACOB:
6          So I'm going to ask, Chad, if you
7          guys would provide those blank training
8          books for 2019 and 2020.
9      MR. COLLINGS:
10         We'll look into it.
11     MR. JACOB:
12         Thank you, sir.
13  BY MR. JACOB:
14     Q.   And would that book relate to all of
15  the policies that the agency wants to train
16  internally?
17     A.   All of the policies?
18     Q.   Whatever they want to provide
19  training for, I'm saying.
20     A.   I would have to look at it.  Again,
21  it's been a while.
22     Q.   Sure.  Meaning there's no -- it's
23  not like Book 1, Book 2, Book 3.  There's a
```

3

24  training book, and that's what is used?
25      A.   There's a -- there are different
                    99
1   training books for different areas within
2   corrections.
3       Q.   Okay.
4       MR. JACOB:
5           So then my request would be a little
6       bit more specific for the training books
7       related to the holding cell areas for the
8       years 2019 and '20.  And I'm -- what I'm
9       -- just so we're clear on the record, I'm
10      not asking for each guard's filled out
11      one.  I'm saying the training book that
12      was used.  So the blank one that was used
13      for each of those years.
14      MR. COLLINGS:
15          We'll look into it.  But I would
16      suggest you might went to do a formal
17      request for production because I don't
18      want to get into a, well, we gave you
19      this, but I wanted "X" instead of "Y."  It
20      might be better to do it in writing.
21      MR. JACOB:
22          It's very clear on the record.  So,
23      yes, the training book that is used for
24      the holding cell areas for years 2019 and
25      2020, please.


   **2.  The DOC inspection reports discussed during Major O'Keefe's deposition (excerpt
below) and requested for production on 1/18/2023.**

   **O'Keefe, Jr., Major Richard, (Pages 39:17 to 40:14)**
                    39
17      Q.   Okay.  So, again, just to make sure
18  I'm being fair here, with respect to the state
19  and federal inspections that you recall
20  occurring, while you're pretty certain that --
21  excuse me -- the DOC inspected the DOC building
22  and the feds inspected the fed building, you're
23  not sure whether the inspection encompassed the
24  rest of the jail?
25      A.   For the federal, I don't recall.  My
                    40
1   understanding of the DOC state inspection was the
2   entire facility.
3       Q.   Was there a report generated as far

4  as the result of the inspections?
5      A.   I would imagine.  I don't have it.
6  But I think DPS or DOC, Department of
7  Corrections, after they do it, they send it back
8  to us, what areas we get approved in.
9      Q.   Okay.
10     MR. JACOB:
11         So I'm going to make a document
12     request for the inspections around the
13     time of these incidents, that they be
14     produced.

**Respectfully Submitted,**

**s/ *Devon M. Jacob***                                    **Date: June 2, 2023**
**DEVON M. JACOB, ESQUIRE**
PA Bar Number: 89182
**JACOB LITIGATION, INC.**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com
(Plaintiffs' Counsel)

**BENJAMIN L. CRUMP, ESQUIRE**
FL Bar Number: 72583
**BEN CRUMP LAW, PLLC**
122 S. Calhoun Street, Tallahassee, Florida 32301
(850) 224-2023 | court@bencrump.com
(Plaintiffs' Counsel) (Pro Hac Vice to be Filed)

5

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I served a copy of Plaintiff's Requests for the Production of Documents Addressed to the Defendants, via Email, to all counsel of record, via their email address of record.

s/ *Devon M. Jacob*                                      Date: June 2, 2023
**DEVON M. JACOB, ESQUIRE**