UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR., | * * * * | |
| Plaintiffs; | * * * | CIVIL ACTION NO.: 20-00980-WBV-JCW |
| v. | * * | JUDGE VITTER |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity; | * * * * * * * * * | MAGISTRATE JUDGE PHILLIPS CURRAULT JURY TRIAL |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STPSO DEFENDANTS' RESPONSES TO PLAINTIFFS FIRST INTERROGATORIES REQUESTS FOR PRODUCTION OF DOCUMENTS

**NOW INTO COURT**, through undersigned counsel, comes Defendant, St. Tammany Parish Sheriff Randy Smith, Lacey Kelly, Rodney J. Strain, and Greg Longino, who provide the following responses to Plaintiffs' First Interrogatories and Requests for Production of Documents and responds as follows:

### PRELIMINARY STATEMENT

1.      Nothing herein should be construed as an admission by Defendant or any of Defendant's agents or employees, concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter identified in Plaintiff's Interrogatories or Requests for Production of Documents or contained in Defendants' responses.

2.      Defendant does not in any manner waive, nor intend to waive, any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

3.      Defendant does not in any manner waive, nor intend to waive, any objections or defenses, and objects to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to Plaintiffs' Interrogatories and Requests for Production as if each such General Objection was set forth in the response. In providing responses, Defendants do not in any manner waive, nor intend to waive, any objections or defenses and is preserving:

1. All objections and judicial defenses in this action;

2. All objections as to the competency, relevancy, materiality, and admissibility of any documents or information provided; and

3. All rights to object on any ground to the use of any response or document produced herein in any subsequent proceedings, including at the trial of this or any other action.

Subject to the above, Defendants sets forth the following General Objections:

A.      Defendants objects to these Requests for Production and Interrogatories to the extent they seek or could be construed to seek information subject to the attorney-client privilege, the work-product doctrine, the investigative privilege, or any other applicable privilege. Privileged information responsive to particular Requests for Production and Interrogatories will not be provided. Defendant does not waive and intends to preserve and is preserving the attorney-client privilege, the work-product privilege, the investigative privilege, and every other applicable privilege with respect to such

information. None of Defendants' specific responses to any Requests for Production and Interrogatories shall be construed to mean that Defendants intend to produce privileged information. Any inadvertent disclosure of privileged information shall not constitute a waiver of any otherwise valid claim of privilege as to that information, document or communication or any other information, document or communication so protected.

B.      Defendants object to each and every Requests for Production and Interrogatories to the extent it seeks disclosure of confidential or sensitive business information or documents, including protected health information of non-parties, and Defendants will only produce such information subject to an appropriate confidentiality stipulation and/or protective order entered into by the parties.

C.      Defendants object to each and every Request for Production to the extent it seeks information or documents in the possession, custody or control of Plaintiffs, or to the extent to which it seeks information or documents that are publicly accessible and/or equally available to Plaintiffs.

D.      Defendants object to each and every Requests for Production and Interrogatories to the extent they seeks information or documents that are not in Defendants' possession, custody or control.

E.      Defendants object to Plaintiffs' Requests for Production and Interrogatories as improper on the grounds and to the extent that they inquire about any matter that is irrelevant to the subject matter of the pending action, that is not reasonably calculated to lead to the discovery of admissible evidence, and/or that is not proportional to the needs of the case.

F.       Defendants object to Plaintiffs' Requests for Production and Interrogatories as improper on the grounds and to the extent that they are overly broad, vague, ambiguous, unclear, imprecise, ill-defined, misleading, burdensome, repetitive, overlapping, and/or oppressive.

G.      Defendants search for documents and information is ongoing, and Defendants reserve the right to rely on any facts, documents or other evidence which may be disclosed, developed or come to

Defendants' attention at a later date. Defendants reserves the right to supplement or amend these responses at any time before the trial of this action.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:** For each defendant, state the name and address of the person or persons answering these interrogatories, including his/her relationship to the defendant for which answers are being provided and his/her position of employment.

**ANSWER TO INTERROGATORY NO. 1:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving the same: The undersigned counsel prepared these written responses with the assistance of Defendant Lacey Kelly and Denise Mancuso, Notary Public/Paralegal of the STPSO. Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 2:** State the gross number of grievances for any issue filed by individuals detained in the holding cells at St. Tammany Parish from March 1, 2018 to the present, and the gross number of grievances resulting in a sustained finding for those years.

**ANSWER TO INTERROGATORY NO. 2:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this interrogatory on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. The burden associated with identifying the number of grievances filed by individuals while in holding outweighs any potential benefit such

information may hold for this matter as the St. Tammany Parish Jail does not organize its grievance materials by the location of the aggrieved inmate at the time of the complaint; instead, those materials are organized by the inmate's name. As a result, in order to fully respond to this request, the Defendants will be forced to review every single grievance filed with the jail from March 1, 2018 and then cross-reference those materials with inmate movement reports associated with each complaining inmate. These burdens are not consistent with the needs of this case especially considering this interrogatory seeks information related to grievances that would otherwise have been made beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 3:** State for what general and/or specific purpose individual detainees or inmates were held in holding cells when empty cells were available in general population.

**ANSWER TO INTERROGATORY NO. 3:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving the same, Defendants respond that certain housing units or tiers may be closed down or not operated due to staffing levels at the St. Tammany Parish Jail. Additionally, there may be open female beds available at the facility at any particular time; however, the STPSO does not allow males and females to be housed together. The STPSO has set aside beds for individuals qualified for work-status, and it is the policy of the STPSO to not house work-assigned inmates with other inmates. There are also housing units specifically assigned to United States Marshal Service or Immigration and Customs Enforcement offenders; however, those federal agencies require the STPSO to maintain separate housing for their offenders.  Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 4:** State which policies, laws, guidelines, customs, or General Orders govern the steps taken to process, check in, or assign housing for inmates or detainees housed in the holding cells, during the time of booking, intake or any other time after initial booking.

**ANSWER TO INTERROGATORY NO. 4:**    Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving the same:

St. Tammany Parish Sheriff's Office Policy and Procedure:

SOP 0700:02.100 IX, X, XI, XII, XIV

St. Tammany Parish Jail Corrections Procedures

Section 07001
Operation Capacity
INITIAL OFFENDER HOUSING ASSIGNMENT POLICY
SOP.07001: I-C-006.390

Section 07002
Security – Admissions
ADMISSIONS POLICY
SOP.07002: II-A-010.100

Section 07002
Jail Security – Classification System
SOP.07002: II-A-012.100

Section 07002
Jail Security – Reception
Legal Commitment & Medical Service
SOP.07002: II-A-009.160.1

Section 07002
Jail Security – Sufficient Staff
SOP.07002: II-A-003.750

Section 07002
Jail Security – Offender Population
SOP.07002: II-A-008

Section 07002
Jail – Control
SOP.07002: II-A-001.475

Basic Jail Guidelines IV-C-005
Jail Care – 24 Hour Care

Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 5:**        State the number of detainees held in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 on every date from March 1, 2019 to the present.

**ANSWER TO INTERROGATORY NO. 5:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this interrogatory as unduly burdensome; the St. Tammany Parish Jail does not maintain inmate counts by individual holding cell and there is no way to generate a report of what individuals were housed/assigned to any part of the facility on a given day or between given time frames. Pursuant to FRCP 33(d), please refer to the previously produced jail count spreadsheets for all information potentially responsive to this request. Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 6:**        State whether there is punitive purpose for holding detainees in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 when cells remain open in general population housing units, and if so, what the punitive purpose is.

**ANSWER TO INTERROGATORY NO. 6:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the

Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving the same: there is no punitive purpose for holding detainees in holding cells. Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 7:** State whether any policy, law, guideline, custom or General Order defines, indicates, or requires a maximum or minimum number of detainees to be housed in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 and if so, what the maximum and minimum number of detainees is.

**ANSWER TO INTERROGATORY NO. 7:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving the same: There is no policy, law, guideline, custom or general order issued by the Sheriff, or his designee, that sets a maximum or minimum number for occupancy of holding cells. The State Fire Marshal's Office determines the capacity of each holding cell. Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 8:** State which policies, laws, guidelines, customs, or General Orders govern the maximum or minimum number of detainees and/or inmates housed in holding cells or cells of any kind at St. Tammany Parish Jail.

**ANSWER TO INTERROGATORY NO. 8:**    Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants

additionally object to this interrogatory to the extent it seeks information regarding the occupancy requirements of housing units/tiers beyond the holding cells that are made the subject of this complaint. Subject to this objection and without waiving the same: There is no policy, law, guideline, custom or general order issued by the Sheriff, or his designee, that sets a maximum or minimum number for occupancy of holding cells. The State Fire Marshal's Office determines the capacity of each holding cell. Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 9:** State which policies, laws, guidelines, customs, or General Orders govern the treatment of detainees and/or inmates in holding cells, including provision of bedding, medications, medical care, sanitary items, hygiene/showers, recreational activity opportunities.

**ANSWER TO INTERROGATORY NO. 9:**    Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving the same:

St. Tammany Parish Sheriff's Office Policy and Procedure

SOP 0700:03.120 I, IV
SOP 0700:03.130 I, IV, VI, VII
SOP 0700:05.100


St. Tammany Parish Jail Corrections Procedures

Section 07002
Jail Security – Separation in Classification
SOP 07002: II-A-014.750

Section 07003
Jail Care – Plumbing Fixtures
SOP.07003: IV-B-001.100

Section 07001
Jail – Operational Capacity
Initial Offender Housing Assignment
SOP.07001: I-C-006.391

Section  07003
Jail Care – Plumbing Fixtures
SOP.07003: IV-B-002.100

Basic Jail Guidelines IV-C-005 24 Hour Care

Section 07003
Jail Care – Personal Hygiene
SOP.07003: IV-B-005.180

Basic Jail Guidelines IV-C-001 Access to
Care/Clinical Services

Section 07002
Jail – Control
SOP.07002: II-A-001.475

Section 07002
Jail Security – Classification System
SOP.07002: II-A-012.100

Basic Jail Guidelines IV-C-006 Health Screens

Section 07002
Jail Security – Sufficient Staff
SOP.07002: II-A-003

BJG IV-C-008 Annual TB Testing

Section 07002
Jail Security – Reception –
Legal Commitment & Medical Service
SOP.07002: II_A-009.160.01


Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 10:** State which policies, laws, guidelines, customs, or General Orders govern the transferring of inmates and/or detainees from holding cells to housing in the general population.

**ANSWER TO INTERROGATORY NO. 10:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving the same:

> St. Tammany Parish Sheriff's Office Policy and Procedure:
>
> SOP 0700:02.100 VIII, X, XII, XIV
>
> St. Tammany Parish Jail Corrections Procedures:
> Section 07001
> Operational Capacity
> Initial Offender Housing Assignment Policy
> SOP.07002: I-C-006
>
> Section 07002
> Jail Security – Classification System
> SOP.07002: II-A-012.100
>
> Section 07002
> Jail Security – Separation in Classification
> SOP.07002: II-A-014.750
>
> Section 07002
> Jail Security – Sufficient Staff
> SOP.07002: II-A-007.750
>
> Section 07003
> Jail Care – Clothing
> SOP.07003: IV-B-003.100
>
> Section 07003
> Jail Care – Personal Hygiene
> SOP.07003: IV-B-005

Basic Jail Guidelnes IV-C-008
Annual TB Testing

Defendants reserve the right to supplement this response.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**    Any and all video or sound recordings taken of Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 with more than 10 occupants from March 1, 2018 to the present.

**RESPONSE TO REQUEST NO. 1:** Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this request as unduly burdensome; the St. Tammany Parish Jail does not maintain inmate counts by individual holding cell and there is no way to generate a report of what individuals were housed/assigned to any part of the facility on a given day or between given time frames. Defendants also object to this request as not reasonably calculated to lead to materials relevant to any party's claim as recorded telephone calls made from holding with more than ten individuals present would be of no value to the Plaintiffs in prosecuting this action.

**REQUEST NO. 2:**    A complete, unedited copy of any and all grievances filed by detainees/inmate held in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 from March 1, 2018 to the present, including any correspondence in response, investigative report, narrative summary, all witness statements and all other documents generated for, by or on behalf of the St. Tammany Parish Prison.

**RESPONSE TO REQUEST NO. 2:**        Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a

contradictory basis should the parties not agree, as necessary." Defendants also object to this request on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. The burden associated with identifying the number of grievances filed by individuals while in holding outweighs any potential benefit such information may hold for this matter as the St. Tammany Parish Jail does not organize its grievance materials by the location of the aggrieved inmate at the time of the complaint; instead, those materials are organized by the inmate's name. As a result, in order to fully respond to this request, the Defendants will be forced to review every single grievance filed with the jail from March 1, 2018 and then cross-reference those materials with inmate movement reports associated with each complaining inmate. These burdens are not consistent with the needs of this case especially considering this request seeks information related to grievances that would otherwise have been made beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Defendants additionally object to this request to the extent it seeks a production of all grievances without regard to the underlying issues presented by this litigation; the fact that an individual files a grievance in a holding cell does not necessarily mean that the grievance will be related to any of the issues complained of in this action. Defendants reserve the right to supplement this response.

**REQUEST NO. 3:**    Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, relating to providing medical care, feeding, cell maintenance, hygiene, including showers, cleaning, recreation, processing, booking, provision of toiletries, provision of commissary items, provision of bedding items, and/or treatment of inmates/detainees in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 in force or used or promulgated by the Defendants between 2010 and the present.

**RESPONSE TO REQUEST NO. 3:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a

motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail for materials potentially responsive to this request. Defendants reserve the right to supplement this response.

**REQUEST NO. 4:**    A copy of any and all records of complaints or previous misconduct, including civil, criminal or internal investigators related to any condition of confinement in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 in force or used by the Defendants between March 1, 2018 to the present.

**RESPONSE TO REQUEST NO. 4:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants additionally object to the extent this request seeks records of complaints that would otherwise have been made beyond the applicable liberative prescriptive period for instituting a lawsuit. Defendants further object to the terms "misconduct" and "condition of confinement" as vague and ambiguous. Defendants reserve the right to supplement this response.

**REQUEST NO. 5:**    A copy of all documents or statements that are inquired about by or relied upon in answering Plaintiff's Interrogatories directed to all Defendants.

**RESPONSE TO REQUEST NO. 5:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail. Please

also refer to the enclosed jai log books, which have been redacted to protect juvenile information as well as protected health information. Defendants reserve the right to supplement this response.

**REQUEST NO. 6:**    Any and all photographs, videos, diagrams, drawings, images, audio recordings, or other like tangible evidence in defendants' possession depicting Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 at any time between March 1, 2018 and the present.

**RESPONSE TO REQUEST NO. 6:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this request as overly broad and unduly burdensome; requiring the Defendants to review every single photograph, video recording, or audio recordings made relative to the holding cell presents an extreme burden that far outweighs any benefit the Plaintiffs could expect to gain from such productions. Requiring the Defendants to review the shear volume of telephone calls originating from these holding cells for any reference to the holding cells plainly meets the undue burden threshold.

**REQUEST NO. 7:**    Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to the treatment, care, and/or housing of detainees/inmates within the St. Tammany Parish Jail, including for detainees and/or inmates housed in Holding Cells.

**RESPONSE TO REQUEST NO. 7:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail. Defendants reserve the right to supplement this response.

**REQUEST NO. 8:**    Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to intake, booking, and processing of detainees within the St. Tammany Parish Jail, including for detainees and/or inmates housed in Holding Cells.

**RESPONSE TO REQUEST NO. 8:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail. Please also refer to the enclosed jail log books, which have been redacted to protect juvenile information as well as protected health information. Defendants reserve the right to supplement this response.

**REQUEST NO. 9:**    Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to conditions of confinement, sanitary needs, or privacy needs of detainees and/or inmates within the St. Tammany Parish Jail, including for detainees and/or inmates housed in Holding Cells.

**RESPONSE TO REQUEST NO. 9:**  Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail. Please also refer to the enclosed jail log books, which have been redacted to protect juvenile information as well as protected health information. Defendants reserve the right to supplement this response.

**REQUEST NO. 10:** Any and all documentation, records, monitoring reports, or reports of any kind regarding any and all external investigation(s), if any, that any law enforcement entity, county

department or federal office (including the Department of Justice), state entities, law firms, legal counsel, law departments, St. Tammany Parish offices or officials, or private entities initiated and/or conducted regarding the jail conditions, health concerns of inmates, conditions of confinement, concerns with housing units, or length of stay for a detainee/inmates within the St. Tammany Parish Jail, including for detainees and/or inmates housed in Holding Cells from 2012 to the present.

**RESPONSE TO REQUEST NO. 10:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants additionally object to this request as overly broad and unduly burdensome as this request seeks information dating back to **2012**, which is well beyond the applicable prescriptive period for the claims made in this action. Defendants additionally object to the extent this request seeks information related to prior lawsuits against any defendant that have been previously dismissed; requiring the Defendants to review their claim files for these materials when those underlying claims have been dismissed is an undue burden.

**REQUEST NO. 11:** Any and all documents, such as jail records, inmate records, rosters or inmate rosters, cell counts, inmate housing documentation, Current Cell Assignment Reports, or jail housing assignment lists, indicating the number of inmates/detainees in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 on each day between March 1, 2018 and the present.

**RESPONSE TO REQUEST NO. 11:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this request as unduly burdensome; the St. Tammany Parish Jail does not maintain inmate counts by individual

holding cell and there is no way to generate a report of what individuals were housed/assigned to any part of the facility on a given day or between given time frames.

**REQUEST NO. 12:** Any and all documents, such as jail records, inmate records, rosters or inmate rosters, cell counts, inmate housing documentation, Current Cell Assignment Reports, or jail housing assignment lists, indicating the number of days each inmate/detainee was held in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 between March 1, 2018 and the present.

**RESPONSE TO REQUEST NO. 12:**        Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this request as unduly burdensome; the St. Tammany Parish Jail does not maintain inmate counts by individual holding cell and there is no way to generate a report of what individuals were housed/assigned to any part of the facility on a given day or between given time frames. Defendants also object to this request on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. These burdens are not consistent with the needs of this case especially considering this request seeks documents related to stays in holding that would otherwise occurred beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Defendants reserve the right to supplement this response.

**REQUEST NO. 13:**  Any and all documents, such as jail records, inmate records, rosters or inmate rosters, cell counts, inmate housing documentation, Current Cell Assignment Reports, or jail housing assignment lists, indicating each inmate/detainee held in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 for more than 48 consecutive hours between March 1, 2018 and the present.

**RESPONSE TO REQUEST NO. 13:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a

motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this request as unduly burdensome; the St. Tammany Parish Jail does not maintain inmate counts by individual holding cell and there is no way to generate a report of what individuals were housed/assigned to any part of the facility on a given day or between given time frames. Defendants also object to this request on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. These burdens are not consistent with the needs of this case especially considering this request seeks documents related to stays in holding that would otherwise occurred beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Defendants reserve the right to supplement this response.

**REQUEST NO. 14:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to the length of time detainees/inmates within the St. Tammany Parish Jail that can be housed in holding cells.

**RESPONSE TO REQUEST NO. 14:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail. Defendants reserve the right to supplement this response.

**REQUEST NO. 15:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to the number of detainees/inmates within the St. Tammany Parish Jail that can be housed in holding cells.

**RESPONSE TO REQUEST NO. 15:**      Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile

a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail. Defendants reserve the right to supplement this response.

**REQUEST NO. 16:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to the treatment of detainees/inmates within the St. Tammany Parish Jail in Holding Cells 1-4, including but not limited to provision of bedding, medications, medical care, sanitary items, recreational activity opportunities, showers/hygiene.

**RESPONSE TO REQUEST NO. 16:**    Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants further object to the extent this request seeks the production of protected health information of inmates as the Plaintiffs have not provided any assurance that they have made reasonable efforts to ensure all individuals' whose protected health information may be disclosed have been given notice of this request and an opportunity to respond. See 45 C.F.R. 164.512(e). Defendants reserve the right to supplement this response.

**REQUEST NO. 17:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to the medical treatment of detainees/inmates within the St. Tammany Parish Jail in Holding Cells 1-4, including but not limited to intake health assessment, medication registers, medication provision documents, grievances, medical attention requests, and medication requests.

**RESPONSE TO REQUEST NO. 17:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants further object to the extent this request seeks the production of protected health information of inmates as the Plaintiffs have not provided any assurance that they have made reasonable efforts to ensure all individuals' whose protected health information may be disclosed have been given notice of this request and an opportunity to respond. See 45 C.F.R. 164.512(e). Defendants reserve the right to supplement this response.

**REQUEST NO. 18:** Any and all grievances, complaints or correspondence created by St. Tammany Parish inmates or detainees, relating to the medical treatment of detainees/inmates within Holding Cells 1-4, including but not limited to intake health assessment, medication registers, medication provision documents, grievances, medical attention requests, medication requests, and treatment of injuries sustained in the Holding cells, from March 1, 2018 to the present.

**RESPONSE TO REQUEST NO. 18:** Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants further object to the extent this request seeks the production of protected health information of inmates as the Plaintiffs have not provided any assurance that they have made reasonable efforts to ensure all individuals' whose protected health information may be disclosed have been given notice of this request and an opportunity to respond. See 45 C.F.R. 164.512(e). Defendants also object to this request on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. These burdens are not consistent with the needs of this case especially considering

this request seeks documents related to stays in holding that would otherwise occurred beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Defendants reserve the right to supplement this response

**REQUEST NO. 19:** Any and all grievances, complaints or correspondence created by St. Tammany Parish inmates or detainees, relating to the use of force, altercations, assaults, batteries, or disturbances on or between detainees/inmates or with correctional officers within Holding Cells 1-4, from March 1, 2018 to the present, including but not limited to tear gas or OC spray.

**RESPONSE TO REQUEST NO. 19:**    Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants further object to the extent this request seeks the production of records related to incidents of "use of force, altercations, assaults, batteries, or disturbances on or between detainees/inmates or with correctional officers" as the Plaintiffs have not alleged any instance in which they were subjected to the use of force by STPSO deputies, pepper spray or otherwise. Defendants also object to this request on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. These burdens are not consistent with the needs of this case especially considering this request seeks documents related to stays in holding that would otherwise occurred beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Defendants reserve the right to supplement this response.

**REQUEST NO. 20:** Any and all documentation, records, monitoring reports, or Incident Reports regarding any and all uses of force, altercations, assaults, batteries, or disturbances on or between detainees/inmates or with correctional officers within Holding Cells 1-4, from March 1, 2018 to the present, including but not limited to tear gas or OC spray.

**RESPONSE TO REQUEST NO. 20:**        Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants further object to the extent this request seeks the production of records related to incidents of use of force as the Plaintiffs have not alleged any instance in which they were subjected to assaults by other inmates or the use of force by STPSO deputies, pepper spray or otherwise. Defendants also object to this request on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. These burdens are not consistent with the needs of this case especially considering this request seeks documents related to stays in holding that would otherwise occurred beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Defendants reserve the right to supplement this response.

**REQUEST NO. 21:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, rules, guidelines and/or training records relating to the transferring individual inmates or detainees from holding cells into the general population.

**RESPONSE TO REQUEST NO. 21:**        Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the previously produced policies and procedures of the STPSO and St. Tammany Parish Jail. Defendants reserve the right to supplement this response.

**REQUEST NO. 22:** Any and all documentation, correspondence, or pleadings relating to past lawsuits against or involving St. Tammany Parish, its Jail, government, Parish Council, employees,

agents, or officers regarding conditions of confinement or alleging unconstitutional conditions of confinement at St. Tammany Parish Jail, including the holding cells from 2010 to the Present.

**RESPONSE TO REQUEST NO. 22:**        Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants additionally object to this request as overly broad and unduly burdensome as this request seeks information dating back to **2010**, which is well beyond the applicable prescriptive period for the claims made in this action. Requiring the Defendants to review their files for all materials dating back to 2010 is plainly an undue burden and not consistent with the needs of this case.  Further notwithstanding this objection, all prior lawsuits involving these Defendants, along with those involving "St. Tammany Parish, its Jail, government, Parish Council, employees, agents," are a matter of public record and are thus as readily available to plaintiffs as they are to Defendants.

**REQUEST NO. 23:**  An inspection of the St. Tammany Parish Jail Holding cells and the surrounding areas in the Jail.

**RESPONSE TO REQUEST NO. 23:**        Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary."  Defendants object to this request for production of an "inspection," as vague.  To the extent Plaintiffs are seeking an opportunity to inspect the St. Tammany Parish Jail, Defendants object and would direct Plaintiffs' attention to Rule 34 of Federal Rules of Civil Procedure as the proper method of obtaining an inspection of the St. Tammany Parish Jail.  Additionally, Defendants also object to this request to the extent it seeks inspection of

areas beyond the holding cells at issue in this action. Defendants further object as all visitations to the jail have been suspended in order to reduce the spread of COVID-19.

**REQUEST NO. 24:** Any and all documents, such as jail records, inmate records, rosters or inmate rosters, cell counts, inmate housing documentation, Current Cell Assignment Reports, or jail housing assignment lists, indicating the number of available beds in general population cells on each day between March 1, 2018 and the present.

**RESPONSE TO REQUEST NO. 24:**    Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants additionally object to this request as overly broad and unduly burdensome as this request seeks information dating back to March 2018, which is well beyond the applicable prescriptive period for the claims made in this action. Defendants reserve the right to supplement this response.

**Respectfully submitted,**

**MILLING BENSON WOODWARD, LLP**


**s/ Chadwick W. Collings**
**CHADWICK W. COLLINGS, T.A.**        **# 25373**
**CODY J. ACOSTA**        **# 37005**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone:    (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
*Attorneys for Defendant, Sheriff Randy Smith*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 24, 2020, a copy of the foregoing Responses to Plaintiff's Discovery Requests has been served upon all counsel of record by e-mail.

**<u>s/Chadwick W. Collings</u>**

**Dated: July 24, 2020**