UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR., <br><br> Plaintiffs; <br><br> v. <br><br> ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL; ST. TAMMANY PARISH SHERIFF'S OFFICE; RANDY SMITH, in his official and individual capacity; RODNEY J. STRAIN, in his official and individual capacity; GREG LONGINO, in his official and individual capacity; and LACEY KELLY, in her official and individual capacity; <br><br> Defendants. | CIVIL ACTION NO.: 20-00980-WBV-JCW <br><br> JUDGE VITTER <br><br> MAGISTRATE JUDGE PHILLIPS CURRAULT <br><br> JURY TRIAL |

*************************************************************************

**STPSO DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFFS FIRST INTERROGATORIES REQUESTS FOR PRODUCTION OF DOCUMENTS**

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith, Lacey Kelly, Rodney J. Strain, and Greg Longino, who provide the following supplemental responses to Plaintiffs' First Interrogatories and Requests for Production of Documents and responds as follows:

**PRELIMINARY STATEMENT**

1.      Nothing herein should be construed as an admission by any Defendant or any of Defendants' agents or employees, concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter identified in Plaintiff's Interrogatories or Requests for Production of Documents or contained in Defendants' responses.

2. Defendants do not in any manner waive, nor intend to waive, any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

3. Defendants do not in any manner waive, nor intend to waive, any objections or defenses, and objects to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to Plaintiffs' Interrogatories and Requests for Production as if each such General Objection was set forth in the response. In providing responses, Defendants do not in any manner waive, nor intend to waive, any objections or defenses and is preserving:

1. All objections and judicial defenses in this action;
2. All objections as to the competency, relevancy, materiality, and admissibility of any documents or information provided; and
3. All rights to object on any ground to the use of any response or document produced herein in any subsequent proceedings, including at the trial of this or any other action.

Subject to the above, Defendants sets forth the following General Objections:

A. Defendants objects to these Requests for Production and Interrogatories to the extent they seek or could be construed to seek information subject to the attorney-client privilege, the work-product doctrine, the investigative privilege, or any other applicable privilege. Privileged information responsive to a particular Requests for Production and Interrogatories will not be provided. Defendant does not waive and intends to preserve and is preserving the attorney-client privilege, the work-product privilege, the investigative privilege, and every other applicable

privilege with respect to such information. None of Defendants' specific responses to any Requests for Production and Interrogatories shall be construed to mean that Defendants intend to produce privileged information. Any inadvertent disclosure of privileged information shall not constitute a waiver of any otherwise valid claim of privilege as to that information, document or communication or any other information, document or communication so protected.

B.  Defendants object to each and every Requests for Production and Interrogatories to the extent it seeks disclosure of confidential or sensitive business information or documents, including protected health information of non-parties, and Defendants will only produce such information subject to an appropriate confidentiality stipulation and/or protective order entered into by the parties.

C.  Defendants object to each and every Request for Production to the extent it seeks information or documents in the possession, custody or control of Plaintiffs, or to the extent to which it seeks information or documents that are publicly accessible and/or equally available to Plaintiffs.

D.  Defendants object to each and every Requests for Production and Interrogatories to the extent they seeks information or documents that are not in Defendants' possession, custody or control.

E.  Defendants object to Plaintiffs' Requests for Production and Interrogatories as improper on the grounds and to the extent that they inquire about any matter that is irrelevant to the subject matter of the pending action, that is not reasonably calculated to lead to the discovery of admissible evidence, and/or that is not proportional to the needs of the case.

F.   Defendants object to Plaintiffs' Requests for Production and Interrogatories as improper on the grounds and to the extent that they are overly broad, vague, ambiguous, unclear, imprecise, ill-defined, misleading, burdensome, repetitive, overlapping, and/or oppressive.

G.  Defendants search for documents and information is ongoing, and Defendants reserve the right to rely on any facts, documents or other evidence which may be disclosed, developed or come to Defendants' attention at a later date. Defendants reserves the right to supplement or amend these responses at any time before the trial of this action.

## INTERROGATORIES

**INTERROGATORY NO. 5:** State the number of detainees held in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 on every date from March 1, 2019 to the present.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to this interrogatory to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiffs to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this interrogatory as unduly burdensome; the St. Tammany Parish Jail does not maintain inmate counts by individual holding cell and there is no way to generate a report of what individuals were housed/assigned to any part of the facility on a given day or between given time frames. Pursuant to FRCP 33(d), please refer to the enclosed inmate movement reports for all information potentially responsive to this request. Defendants reserve the right to supplement this response.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 2:** A complete, unedited copy of any and all grievances filed by detainees/inmate held in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 from March 1, 2018 to the present, including any correspondence in response, investigative report, narrative summary, all witness statements and all other documents generated for, by or on behalf of the St. Tammany Parish Prison.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 2:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants also object to this interrogatory on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. Defendants additionally object to this request to the extent it seeks a production of all grievances without regard to the underlying issues presented by this litigation; the fact that an individual files a grievance in a holding cell does not necessarily mean that the grievance will be related to any of the issues complained of in this action. Subject to these objections and without waiving the same, enclosed please find all grievances filed by inmates while in holding from March 1, 2019 through the present. Defendants reserve the right to supplement this response.

**REQUEST NO. 3:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, relating to providing medical care, feeding, cell maintenance, hygiene, including showers, cleaning, recreation, processing, booking, provision of toiletries, provision of commissary items, provision of bedding items, and/or treatment of inmates/detainees in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 in force or used or promulgated by the Defendants between 2010 and the present.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 3:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection and without waiving same, please refer to the enclosed

STPSO corrections deputy training materials potentially responsive to this request. Defendants reserve the right to supplement this response.

**REQUEST NO. 4:** A copy of any and all records of complaints or previous misconduct, including civil, criminal or internal investigators related to any condition of confinement in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 in force or used by the Defendants between March 1, 2018 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants additional object to the extent this request seeks records of complaints that would otherwise have been made beyond the applicable liberative prescriptive period for instituting a lawsuit. Defendants further object to the term "condition of confinement" as vague and ambiguous. Subject to these objections and without waiving the same, please refer to the enclosed grievances for items potentially responsive to this request. Defendants reserve the right to supplement this response.

**REQUEST NO. 5:** A copy of all documents or statements that are inquired about by or relied upon in answering Plaintiff's Interrogatories directed to all Defendants.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 5:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the materials produced alongside these written responses. Defendants reserve the right to supplement this response.

**REQUEST NO. 7:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to the treatment, care, and/or housing of detainees/inmates within the St. Tammany Parish Jail, including for detainees and/or inmates housed in Holding Cells.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the enclosed STPSO corrections deputy training materials potentially responsive to this request. Defendants reserve the right to supplement this response.

**REQUEST NO. 8:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to intake, booking, and processing of detainees within the St. Tammany Parish Jail, including for detainees and/or inmates housed in Holding Cells.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the enclosed STPSO corrections deputy training materials potentially responsive to this request. Defendants reserve the right to supplement this response. Defendants reserve the right to supplement this response.

**REQUEST NO. 9:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, and/or training records relating to conditions of

confinement, sanitary needs, or privacy needs of detainees and/or inmates within the St. Tammany Parish Jail, including for detainees and/or inmates housed in Holding Cells.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 9:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the enclosed STPSO corrections deputy training materials potentially responsive to this request. Defendants reserve the right to supplement this response. Defendants reserve the right to supplement this response.

**REQUEST NO. 13:** Any and all documents, such as jail records, inmate records, rosters or inmate rosters, cell counts, inmate housing documentation, Current Cell Assignment Reports, or jail housing assignment lists, indicating each inmate/detainee held in Holding Cell 1, Holding Cell 2, Holding Cell 3 or Holding Cell 4 for more than 48 consecutive hours between March 1, 2018 and the present.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 13:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Subject to this objection, please refer to the enclosed inmate movement reports.

**REQUEST NO. 19:** Any and all grievances, complaints or correspondence created by St. Tammany Parish inmates or detainees, relating to the use of force, altercations, assaults, batteries, or disturbances on or between detainees/inmates or with correctional officers within Holding Cells 1-4, from March 1, 2018 to the present, including but not limited to tear gas or OC spray.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 19:**

Defendants object to this request to the extent Plaintiffs have failed to comply with the court's minute entry (R. Doc. 61), which requires the Plaintiff to "refile a motion for discovery, either on an ex parte/consent basis if all parties agree to the plan or on a contradictory basis should the parties not agree, as necessary." Defendants further object to the extent this request seeks the production of records related to incidents of use of force as the Plaintiffs have not alleged any instance in which they were subjected to the use of force by inmates or STPSO deputies, pepper spray or otherwise. Defendants also object to this request on the ground that it seeks information that is not relevant to any party's claim or defense nor proportional to the needs of this case. These burdens are not consistent with the needs of this case especially considering this request seeks documents related to stays in holding that would otherwise occurred beyond the applicable liberative prescriptive period for instituting a lawsuit based upon the denial of a grievance. Subject to these objections and without waiving the same, enclosed please find all grievances related to the holding cells filed by pre-trial inmates from March 2019 through the present. Defendants reserve the right to supplement this response.

        **Respectfully submitted,**

        **MILLING BENSON WOODWARD, LLP**

        *s/Chadwick W. Collings*
        **CHADWICK W. COLLINGS, T.A. # 25373**
        **CODY J. ACOSTA # 37005**
        **68031 Capital Trace Row**
        **Mandeville, LA 70471**
        **Telephone: (985) 292-2000**
        **Facsimile: (985) 292-2001**
        ccollings@millinglaw.com
        *Attorneys for Defendant, Sheriff Randy Smith, Lacey Kelly, Rodney J. Strain, and Greg Longino*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, a copy of the foregoing Supplemental Responses to Plaintiff's Discovery Requests has been served upon all counsel of record by e-mail.

*s/Chadwick W. Collings*