## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH** | * | **NO. 2020-CV-980** |
| **GUILLOT, JR., and KLABERT JOSEPH** | * | |
| **GUILLOT, SR.** | * | |
| **Plaintiffs** | * | **JUDGE PAPILLION** |
| **VERSUS** | * | |
| | * | |
| **ST. TAMMANY PARISH GOVERNMENT,** | * | **MAGISTRATE CURRAULT** |
| **a/k/a ST. TAMMANY PARISH COUNCIL,** | * | |
| **ST. TAMMANY PARISH SHERIFF'S** | * | |
| **OFFICE, RANDY SMITH, in his official** | * | **JURY DEMAND** |
| **and individual capacity, RODNEY J.** | * | |
| **STRAIN, in his official and individual** | * | |
| **capacity, GREG LONGINO, in his official** | * | **COMBINED WITH** *Louviere v.* |
| **and individual capacity, and LACEY** | * | *St. Tammany Parish Government* |
| **KELLY, in her official and individual** | * | *No. 2:20-cv-01840-WBV-DPC* |
| **and individual capacity, and LACEY** | * | |
| **KELLY, in her official and individual** | * | |
| **capacity** | * | **ALL CASES** |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE EXHIBIT TO DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

---

**MAY IT PLEASE THE COURT:**

**NOW COME** Defendants, St. Tammany Parish Sheriff Randy Smith and Lacey Kelly, who respectfully request that this Honorable Court deny Plaintiffs' Motion to Strike Exhibit to Defendants' Reply Memorandum in Support of Motion for Summary Judgment (R. Doc. 331). For the reasons set forth more fully below, Plaintiffs' motion is without merit and should be denied by this Honorable Court.

1. **Factual Background**

On August 10, 2023, Defendants filed their Motions for Summary as to the claims of Ahmed Baqer, Klabert Joseph Guillot, Sr., Terry Matthew Hall, Jr., Floyd Williams and Kevin Louviere.[1] On September 27, 2023, Plaintiffs filed their Memorandums in Opposition to Defendants' Motions for Summary Judgment.[2] In their oppositions, Plaintiffs **falsely** argued that Defendants have never asserted, "…and there is no evidence to support, that the DOC or federal housing contracts disallow local inmates from being intermingled in the housing units."[3]

On October 24, 2023, Defendants filed their Reply Memorandums in Support of Motions for Summary Judgment, wherein Defendants again reiterated that the St. Tammany Parish Jail ("STPJ") is under contract with various authorities to house both State and Federal inmates, and that under the terms of these contracts, beds within certain areas of the STPJ are specifically reserved for these agencies.[4] Defendants additionally attached a copy of one of these contracts between the STPJ and the United States Marshal's Service to their Reply Memorandums.[5] Plaintiffs now seek to have this exhibit excluded by falsely claiming that Defendants are presenting a 'new argument,' and further asserting that this is the first time they have ever been put on notice that such contracts exist. However, for the reasons provided more fully below, Plaintiffs' Motion to Strike Defendants' Exhibit in Support of Motion for Summary Judgment should be denied.

---

[1] *See* R. Docs. 234, 235, 236, 238 and 239.
[2] *See* R. Docs. 292, 293, 294, 295 and 296.
[3] *See* R. Doc. 292, pg. 20; R. Doc. 293, pg. 19; R. Doc. 294, pg. 19; R. Doc. 295, pg. 20; R. Doc. 296, pg. 21.
[4] *See* R. Doc. 326-2; R. Doc. 327-2; R. Doc. 328-2; R. Doc. 329-2; R. Doc. 330-2.
[5] *See* R. Doc. 326-3; R. Doc. 327-3; R. Doc. 328-3; R. Doc. 329-3; R. Doc. 330-3.

2.  **Despite Ample Notice of the Contracts, Plaintiffs Never Sought its Production in Discovery**

    a.  **Plaintiffs' Failure to Conduct Discovery Despite Knowledge of the Existence of Contracts**

This matter has been pending before this Court for over three and a half (3 ½) years, since Plaintiffs originally filed suit on March 22, 2020.[6] Over the course of these 3 ½ years, Plaintiff have only conducted discovery on two occasions, June 24, 2020,[7] and June 2, 2023.[8] As provided by Plaintiffs' discovery requests, Plaintiffs **never** requested that Defendants produce any contracts pertaining to the holding of any state and/or federal inmates. In light of their own failure, Plaintiffs now attempt to mislead the Court by claiming that Defendants have purposefully withheld the existence of these contracts, going as far as to falsely claim that this is the first time their existence was ever disclosed to Plaintiffs.[9] However, as provided in Defendants' October 25, 2023, correspondence to Plaintiffs' counsel, Defendants have continually informed Plaintiffs of the existence of contracts between the STPJ and various state/federal authorities.[10] Defendants additionally note that since Plaintiffs began deposing witnesses of the STPJ in this matter in January 18, 2023, that every single individual whom Plaintiffs have deposed have provided uncontradicted testimony regarding the existence of these contracts.[11] Defendants further note that Plaintiffs, themselves, have each recognized that it is an undisputed fact that testimony regarding the existence of these contracts has been provided.[12]

---

[6] *See* R. Doc. 1.

[7] *See* R. Doc. 68-3.

[8] *See* Plaintiffs' Request for the Production of Documents, attached herein as Exhibit "1."

[9] *See* R. Doc. 331-3, pgs. 2 – 3; pg. 4.

[10] *See* Correspondence from counsel for Defendants to Plaintiffs' counsel, attached herein as Exhibit "2."

[11] *See* pgs. 52 – 60, 73 – 74, 85 – 87, 91 – 101 of the Deposition Testimony of Major Richard O'Keefe, attached herein as Exhibit "3"; *See* pgs. 21 – 29, 37 – 41, 154 – 155, 159 of the Deposition testimony of Gregory Longino, attached herein as Exhibit "4"; *See* R. Doc. 234-8, 30(b)(6) Deposition Testimony of Lacey Kelly, pgs. 48 – 51, 80, 107 – 108, 161 – 165; *See* R. Doc. 234-11, Deposition Testimony of Sheriff Smith, pgs. 12 – 18, 24 – 28, 37 – 38, 86 – 91, 119; *See* R. Doc. 234-9, Affidavit of Deputy Chief Bret Ibert; *See* R. Doc. 234-10, Affidavit of Sheriff Randy Smith.

[12] *See* R. Doc. 292-2, ¶¶ 63 – 70; R. Doc. 293-2, ¶¶ 63 – 70; R. Doc. 294-2, ¶¶ 63 – 70; R. Doc. 295-2, ¶¶ 63 – 70; R. Doc. 296-2, ¶¶ 63 – 70.

Defendants additionally note that the Department of Justice ("DOJ") Civil Rights investigation report dated July 12, 2012, that was produced in response to a 2011 investigation, which Plaintiffs continually cite, notes that "St. Tammany also serves as overflow for the Louisiana Department of Corrections ("DOC") and the federal prison system."[13] Defendants further note that Plaintiffs have been in possession of this letter since at least April 3, 2020, when they attached it as an exhibit to their Motion for Preliminary Injunction.[14] Further, the articles cited by Plaintiffs in support of their Motion for Preliminary Injunction, and which Plaintiffs have requested that this Honorable Court include as evidence in the trial of this matter, themselves provide that the STPJ houses DOC and Federal Bureau of Prisons ("FBP") inmates.[15] Accordingly, Plaintiffs have known since at least April 3, 2020, that the STPJ houses inmates from DOC and other federal authorities.

Further, the expert report of Leonard Vare, which Plaintiffs received on May 31, 2023,[16] provides an excerpt of one STPJ contract with the United States Department of Justice ("DOJ") and United States Marshals Service ("Marshals Service"), as well as a link to a complete copy of this publicly available contract, which Mr. Vare obtained from researching **public websites**.[17]

---

[13] *See* R. Doc. 292-8, pgs. 3 – 4; R. Doc. 293-11, pgs. 3 – 4; R. Doc. 294-9, pgs. 3 – 4; R. Doc. 295-7, pgs. 3 – 4; R. Doc. 296-7, pgs. 3 – 4.

[14] *See* R. Doc. 12-3.

[15] *See* R. Doc. 12-1, pg. 5. (https://www.fox8live.com/2020/03/06/zurik-jail-numbers-show-crowded-holding-cells-are-isolated-st-tammany-jail/); (https://www.fox8live.com/2020/02/27/zurik-st-tammany-jail-keeping-inmates-holding-cells-weeks-violating-states-minimum-jail-standards/).

[16] *See* R. Doc. 306-1.

[17] *See* R. Doc. 234-7, pg. 18. (Link: *https://www.usmarshals.gov/sites/default/files/media/document/IGA-Louisiana-St-Tammany-Parish-Jail.pdf*).

I researched public websites to obtain information on the federal contracts that STPJ had

regarding the housing of inmates at the jail. I found a contract document[3] from 1997 which

showed that the per diem rate to house a federal prisoner at STPJ was $43.00.



³ https://www.usmarshals.gov/sites/default/files/media/document/IGA-Louisiana-St-Tammany-Parish-Jail.pdf

18

Defendants further note that the above agreement is public record and can **easily** be

obtained by a basic Google Search of "St. Tammany Parish Jail Contracts," where this contract

appears as the **first search result**.[19] While the twenty (20) year term of this contract expired in

2017, and was subsequently re-entered into,[20] the terms of this contract contain a bedspace

guarantee, specifically stating that the STPJ is to provide sixty-five (65) bedspaces for federal

prisoners in United States Marshal's Service custody each day.[21]

Accordingly, as clearly provided above, Plaintiffs have had notice since at least April 3,

2020, that DOC and federal inmates are housed at the STPJ. Plaintiffs have additionally had

notice of the existence of STPJ contracts with DOC and other federal authorities since at least

[18] *Id.*
[19] *See* IGA-Louisiana-St-Tammany-Parish-Jail.pdf.
[20] *See* R. Doc. 335-1; R. Doc. 336-1; R. Doc. 337-1; R. Doc. 338-1; R. Doc. 339-1.
[21] *See* IGA-Louisiana-St-Tammany-Parish-Jail.pdf, pg. 4 of 11.

January 18, 2023, have discussed them at length with each deponent during their deposition, have recognized that it is an undisputed fact that testimony regarding the existence of these contracts has been provided, and have been in possession of both an excerpt of one of these contracts, as well as a link to publicly available documentation regarding these contracts since May 31, 2023.

With regard to Plaintiffs' complaint that Defendants did not provide a copy of this exhibit during discovery, Defendants note that due to the fact that Plaintiffs' claims relating to overcrowding and not being provided a bed fail to allege a constitutional violation,[22] that prior to Plaintiffs' filing of their Memorandums in Opposition, Defendants had no reason to believe that this contract was in dispute or that production of this contract would be necessary. However, in response to Plaintiffs' **false** claims within their Oppositions that Defendants had never asserted and that there is no evidence to support that the DOC or federal housing contracts disallow local

---

[22] **No Constitutional Violation for Overcrowding:** *See Rhodes v. Chapman*, 452 U.S. 337, 347-50, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981); *Castillo v. Cameron County, Texas*, 238 F.3d 339, 354 (5th Cir. 2001)("[A]lthough overcrowding may give rise to unconstitutional conditions, overcrowding itself is not per se unconstitutional.") *See Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004); *Chavera v. Allison*, 2009 U.S. Dist. LEXIS 32177 (S.D. Miss. 4/15/09); *Crook v. McGee*, 2008 U.S. Dist. LEXIS 122 (S.D. Miss. 2008); *Robertson v. Coahoma County, Miss.*, 2008 U.S. Dist. LEXIS 61160 (N.D. Miss. 2008); *Kelly v. Gusman*, 2007 U.S. Dist. LEXIS 99098 (E.D. La. 2007); *Maddox v. Gusman*, 2015 U.S. Dist. LEXIS 34318 (E.D. La. 2015); *Williams v. Gusman*, 2015 U.S. Dist. LEXIS 139811 (E.D. La. 2015); *See* Order and Reasons (R. Doc. 40, pg. 31).

**No Constitutional Violation for Not being Provided with a Bed/Mattress:** *Hill v. Smith*, 2020 U.S. Dist. LEXIS 81559 (E.D. La. Apr. 2020) (eighteen days without a bed or mattress), adopted, 2020 U.S. Dist. LEXIS 80409 (E.D. La., May 2020); *Allen v. St. Tammany Parish*, 2018 U.S. Dist. LEXIS 12254 (E.D. La., Jan. 2018) (fifteen days without a mattress), adopted, 2018 U.S. Dist. LEXIS 11337 (E.D. La., Jan. 2018); *McClay v. Gusman*, 2012 U.S. Dist. LEXIS 114131 (E.D. La. July 2012) (seventeen days without a mattress), adopted, 2012 U.S. Dist. LEXIS 114143 (E.D. La., Aug. 2012); *Sykes v. Beilcham*, 2011 U.S. Dist. LEXIS 86442, (N.D. Miss. June 2011)(sixteen days without a mat), adopted, 2011 U.S. Dist. LEXIS 86357, (N.D. Miss. Aug. 2011); *See Gaines v. McDonald*, 577 Fed. App'x 335 (5th Cir. 2014) ("There is no authority holding that a prisoner has a constitutional right to sleep in an elevated bed."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986); accord *Sanders v. Kingston*, 53 Fed. App'x 781, 783 (7th Cir. 2002); *Finfrock v. Jordan*, 1996 U.S. App. LEXIS 32817 (7th Cir. Dec. 1996); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Williams v. Gusman*, 2015 U.S. Dist. LEXIS 139805 (E.D. La. Oct. 2015); *Walcott v. Terrebonne Par. Consol. Gov't*, 2017 U.S. Dist. LEXIS 204062 (E.D. La. Sept. 2017), adopted, 2017 U.S. Dist. LEXIS 203742 (E.D. La., Dec. 12, 2017).

inmates from being intermingled in the housing units, Defendants were forced to attach this contract as an exhibit to their Reply Memorandum.

    **b. Plaintiffs' Attempt to Expand the Scope of Request No. 21 from their June 24, 2020, Class Discovery Requests is without Merit**

Plaintiffs attempt to argue that they previously requested these contracts in their June 24, 2020, discovery requests. Request for Production No. 21 of Plaintiffs' June 24, 2020, Class Discovery Requests, requested that Defendants provide "Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, rules, guidelines and/or training records relating to the transferring individual inmates or detainees from holding cells into the general population."[23]

> **REQUEST NO. 21:** Any and all documents, such as training videos, tapes, bulletins, alerts, memorandums, seminars, policies and procedures, rules, guidelines and/or training records relating to the transferring individual inmates or detainees from holding cells into the general population.
>
> [24]

As clearly provided above, Plaintiffs' Request for Production No. 21 **<u>never</u>** sought the production of any contracts with third-party entities pertaining to the holding of any state and/or federal inmates, but instead, sought information relating to training, policies and procedures for the transferring of individual inmates or detainees from holding cells into general population. Accordingly, Plaintiffs' request has **<u>nothing</u>** to do with any contracts with third-party entities pertaining to the holding of any state and/or federal inmates. Plaintiffs' attempt to expand the scope of this Request for Production from over three (3) years ago to now suddenly include information not related to training, policies and procedures for transferring individual inmates or detainees from holding cells into general population is therefore without merit.

---

[23] *See* R. Doc. 68-3.
[24] *Id.*

Defendants additionally note that since this matter has been pending, Defendants have produced a substantial number of documents totaling in excess of **fifteen thousand nine hundred (15,900) pages**. Defendants aver that any argument regarding this single document not being produced during the production of this large amount of material is inconsequential, especially considering the fact that Plaintiffs have been on notice that the STPJ houses U.S. Marshals Services inmates pursuant to a contract since January 17 of 2023,[25] nearly eleven (11) months prior to the filing of Defendants' Reply Memorandum.

3.  **DEFENDANTS' EXHIBIT DOES NOT PRESENT A NEW 'ISSUE' OR ARGUMENT**

   a.  **Defendants' Exhibit does Not Present a 'New Issue'**

Plaintiffs attempt to assert that Defendants' exhibit should be excluded as it constitutes a 'new issue' brought before this Honorable Court is without merit.[26] In support of this argument, Plaintiffs cite cases that are clearly distinguishable from the facts at issue herein. For example, Plaintiffs cite *Weems v. Hodnett*, wherein the magistrate for the Western District of Louisiana denied Plaintiff's motion for leave to file a surreply, noting that Plaintiff failed to establish any justification as to why leave should be granted.[27] Plaintiffs cite *Jones v. Cain*, a criminal case, wherein the Fifth Circuit held that the state waived new arguments on appeal by failing to raise them before the district court.[28] Plaintiffs cite *Jones v. Gusman*, wherein the defendant filed a thirty-one (31) page reply brief without seeking leave, attached 13 new exhibits and made entirely new arguments for the first time, in an attempt to seize on the fact that Plaintiff would not be allowed an opportunity to file a sur-reply.[29] Plaintiffs additionally cite *Armstrong v. Rite Aid*, wherein the Court held that the defendant's four (4) new exhibits, attached to its Reply

---

[25] *See* R. Doc. 234-8, pg. 51, lines 3 – 12.
[26] *See* R. Doc. 331-3, pg. 5.
[27] *Weems v. Hodnett*, 2011 U.S. Dist. LEXIS 75172 (W.D. La. 2011).
[28] *Jones v. Cain*, 600 F.3d 527 (5th Cir. 2010).
[29] *Jones v. Gusman*, 515 F. Supp. 3d 520 (E.D. La. 2020).

Memorandum, were unnecessary for the resolution of the defendant's pending summary judgment.[30]

In this case, however, the facts are clearly distinguishable from the cases cited by Plaintiffs, as Defendants' exhibit does **not** present a new 'issue' or 'argument' for the first time within their Reply Memorandum. Instead, Defendants' Reply Memorandum and attached exhibit specifically address Plaintiffs' arguments, and do not present any new issues.[31] As the record clearly provides, Defendants have **continually asserted**, and **specifically argued** within their Motions for Summary Judgment, that:

> "[T]he STPJ houses inmates from St. Tammany Parish, DOC and **U.S. Marshal prisoners** and also serves as a hub for reentry for rehabilitative services for seven parishes. The STPJ is under contract to take these DOC and federal inmates, and they are housed in DOC and federal housing units within the STPJ. Different parts of the STPJ are dedicated for the different classifications of inmates from parish, DOC and federal. Beds within the STPJ are specifically reserved for inmates by those categories. Because of these contracts, if there is an open bed in DOC, a pretrial detainee in the holding cell who is a parish detainee would not be moved to that bed. Under no scenario will a parish detainee from a holding cell be put in the federal housing unit when there is an available bed in that federal housing unit. Therefore, even if there are open beds throughout other parts of the STPJ that are dedicated under contract to DOC and/or federal inmates, those parish detainees who are in the holding cell would not be able to access those open beds as they are reserved under contract to DOC and/or federal inmates."[32]

Despite being provided with the above-referenced facts supported by uncontradicted testimony contained within Defendants' Motions for Summary Judgment, Plaintiffs chose to **falsely** claim that Defendants had never asserted and that there is no evidence to support that the DOC or federal housing contracts disallow local inmates from being intermingled in the housing

---

[30] *Armstrong v. Rite Aid*, 2011 U.S. Dist. LEXIS 75996 (E.D. La. 2011).

[31] New issues brought in a reply brief need not be addressed by the court as "'the scope of the reply brief must be limited to addressing the arguments raised'" in the response. *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 730, FN 3 (S.D. Tex. 2010) (quoting *Staton Holdings, Inc. v. First Data Corp.*, 2005 WL 2219249, 2005 U.S. Dist. LEXIS 19743 (N.D.Tex. Sept. 9, 2005) (citing *U.S. v. Feinberg*, 89 F.3d 333, 340–341 (7th Cir.1996))).

[32] *See* R. Doc. 234-3, pgs. 15 – 16; R. Doc. 235-3, pgs. 15 – 16; R. Doc. 236-3, pgs. 15 – 16; R. Doc. 238-3, pgs. 16 – 17; R. Doc. 239-3, pgs. 16 – 17. (emphasis added).

units. In response, Defendants were left with no choice but to attach a copy of the contract between the STPJ and the U.S. Marshal's Service mentioned above, in order to further support the uncontradicted testimony of Sheriff Randy Smith, Lacey Kelly, Richard O'Keefe and Gregory Longino, as well as the sworn statements of Sheriff Randy Smith and Deputy Chief Bret Ibert in this matter. Defendants' exhibit does not present any new 'issue' or 'argument,' as it is **directly referenced** and discussed in the same manner, and for the same reasons, within Defendants' Motions for Summary Judgment. Accordingly, Plaintiffs' assertion that Defendants' exhibit presents new issues and/or arguments is without merit.

### b. Defendants have Properly Sought Leave to File their Reply Memorandum

The Eastern District, in *Mays v. Bd. Of Comm'rs Port of New Orleans*, previously denied a plaintiff's motion to strike the defendants' reply memorandum, which attempted to introduce nine (9) new exhibits into evidence, holding that the defendant had properly sought leave of Court to file the Reply Memorandum, and that plaintiff had not presented any reason as to why the Court should not grant defendants' motion for leave.[33] Like the defendants in *Mays*, Defendants in this matter properly sought,[34] and were granted[35] leave of Court to file their Reply Memorandums and attached exhibits in compliance with the local rules.

### c. Plaintiffs Can Be Provided an Opportunity to Respond

The Fifth Circuit has long recognized that a district court may consider arguments and evidence presented for the first time in a reply brief without abusing its discretion, "so long as it gives 'the non-movant an adequate opportunity to respond prior to a ruling.'"[36] While Defendants' exhibit clearly does not present a 'new argument,' and was specifically referenced

---

[33] *Mays v. Bd. Of Comm'rs Port of New Orleans*, 2015 U.S. Dist. LEXIS 194476 (E.D. La. 2015).
[34] *See* R. Doc. 326, R. Doc. 327, R. Doc. 328, R. Doc. 329, and R. Doc. 330.
[35] *See* R. Doc. 334.
[36] See *Redhawk Holdings Corp. v. Schreiber*, 836 Fed. Appx. 232 (5th Cir. 2020), citing *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019)(quoting *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004))

in Defendants' Motions for Summary Judgment, this Honorable Court could provide Plaintiffs an opportunity to respond to Defendants' exhibit should it hold that such a response is warranted.

## 4. CONCLUSION

For the reasons stated herein, Defendants, St. Tammany Parish Sheriff Randy Smith and Lacey Kelly, respectfully request that this Honorable Court issue an Order denying Plaintiffs' Motion to Strike Defendants' Exhibit to Reply Memorandum in Support of Motion for Summary Judgment.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

*s/ Chadwick W. Collings*

| CHADWICK W. COLLINGS, T.A. | # 25373 |
| KENNETH R. WHITTLE | # 38640 |
| SARAH A. FISHER | # 39881 |

68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone:    (985) 292-2000
Facsimile:    (985) 292-2001
ccollings@millinglaw.com
*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on November 7, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
Chadwick W. Collings