## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| AHMED BAQER, et al., | * |
| Plaintiffs, | * **CIVIL ACTION NO.: 20-00980-** |
|  | * **DJP-EJD (Consolidated with 20-** |
|  | * **1840-WBV-DPC)** |
| v. | * |
|  | * JUDGE DARREL JAMES |
| ST. TAMMANY PARISH GOVERNMENT, | * PAPILLION |
| a/k/a/ ST. TAMMANY PARISH COUNCIL, et | * |
| al., | * MAGISTRATE JUDGE EVA J. |
|  | * DOSSIER |
| Defendants. | * |
|  | * JURY TRIAL |
|  | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER AND STAY BRIEFING ON SUMMARY JUDGMENT UNTIL THIS MOTION IS RULED UPON.

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC; JACOB LITIGATION, INC.; and THE GLORIOSO LAW FIRM; and, in support of their Motion to Strike Defendants' Motions for Summary Judgment for Failure to Comply with This Court's Order and Stay Briefing on Summary Judgment Until This Motion is Ruled Upon, respectfully submit this memorandum, stating as follows:

### I.    RELEVANT BACKGROUND AND FACTS

On August 10, 2023, Defendants filed their Motions for Summary Judgment in this matter. *See*, ECF Nos. 234-239. On September 27, 2023, Plaintiffs filed their responses thereto. *See*, ECF

Nos. 292-296. On October 31, 2023, Defendants filed their replies to the Motions for Summary Judgment. *See*, ECF Nos. 335-339.

Plaintiffs filed a motion to strike Defendants' undisclosed exhibit submitted in support of Defendants' replies. *See*, ECF No. 331. The exhibit was the STPJ contract with the Department of Justice for housing federal detainees. This motion was fully briefed by Defendants and Plaintiffs. *See*, ECF Nos. 331, 341, 350.

Defendants filed Motions *in Limine* on August 22, 2023, and Plaintiffs filed Motions *in Limine* on August 25, 2023. *See*, ECF Nos. 258-259, 263-273. Responses to the Motions *in Limine* were filed on October 10, 2023. *See*, ECF Nos. 298-308. Replies to the Motions *in Limine* were filed on October 18 and 19, 2023. *See*, ECF Nos. 314-322, 325. In their Motion *in Limine* No. 9, Plaintiffs requested that this Court bar undisclosed witnesses and exhibits, *see* ECF No. 271-1, in particular, the testimony of Major Daniel Fleischman.

This Court heard oral arguments on the Motions for Summary Judgment and the Motions *in Limine* on January 26, 2024. *See*, ECF No. 366. This Court ruled that the "Defendants' failure to timely identify Major Fleischman was harmless under Federal Rule of Civil Procedure 37" and gave Plaintiffs until March 26, 2024, to depose Major Fleischman. ECF No. 367 at p. 1. The Court also denied without prejudice Plaintiffs' Motion to Strike Undisclosed Exhibit, ECF No. 331, noting that Plaintiffs had the "right, if necessary and appropriate after Major Fleischman's deposition" to refile their motion strike. Id.

This Court also acknowledged "that reopening discovery for this limited purpose could have a significant impact on the pending dispositive motions in this case that were fully briefed prior to the January 26, 2024 oral argument." Id. To ameliorate this concern, this Court ruled that while Defendants would be given the opportunity to file new Motions for Summary Judgment,

"**[t]his order only applies, however, to motions that are the same or substantially similar to Defendants pending Motions for Summary Judgment**" and replies. The Court explicitly cautioned Defendants that such opportunity was "**not a license to file new or previously unfiled dispositive motions related to other or new issues.**" Id. at pp. 1-2.

On May 16, 2024, Defendants filed new Motions for Summary Judgment. *See*, ECF Nos. 387-388, 390-392. In violation of the Court's Order, these Motions are substantially different from the previously filed Motions for Summary Judgment. While each memorandum in support of the Motions for Summary Judgment contains the previously asserted arguments, each memorandum now also contains approximately 20 additional pages asserting new arguments and issues unrelated to Major Fleischman that could have been but were not asserted in the Defendants' original Motions. *Compare*, ECF No. 234-3 (36 pages) *with* ECF No. 380-5 (59 pages); ECF No. 235-3 (33 pages) *with* ECF No. 391-3 (54 pages); ECF No. 236-3 (36 pages) *with* ECF No. 392-3 (55 pages); ECF No. 238-3 (51 pages) *with* ECF No. 388-3 (71 pages); and ECF No. 239-3 (48 pages) *with* ECF No. 390-3 (69 pages). In the aggregate, the Defendants' Motions contain 104 pages of new arguments and issues unrelated to Major Fleischman.

The Court dismissed the original Motions without prejudice on the basis that the Defendants' original arguments could be impacted by Major Fleischman's anticipated testimony. The Court wanted to provide the Defendants with an opportunity to revise their original arguments accordingly. The Defendants, however, chose not to do so. Instead, in contravention of the Court's Order, the Defendants used the opportunity provided by the Court to assert new arguments unrelated to Major Fleischman that could have been asserted in the Defendants' original Motions.

## II.    LAW AND ARGUMENT

### A. Defendants' current Motions for Summary Judgment are not "the same or substantially similar" to the previously filed Motions for Summary Judgment and should be stricken.

Defendants' current Motions for Summary Judgment should be stricken for failure to comply with this Court's Order, ECF No. 367. While Defendants' Motions for Summary Judgment reassert their original arguments, the new Motions also include approximately 20 pages each of new arguments and issues that the Defendants failed to assert in their original Motions. These new arguments attempt to rebut Plaintiffs' arguments asserted in opposition to the Defendants' original Motions and are wholly unrelated to Major Fleischman's deposition testimony.

To be clear, the Defendants did not take the opportunity provided by the Court to bolster their previous arguments with citations to Major Fleischman's deposition testimony. Instead, the Defendants asserted new arguments unrelated to Major Fleischman, including arguments regarding the DOJ Contract (which Plaintiffs had originally objected to as undisclosed when it was included in Defendants' reply briefs, *see* ECF No. 331) that could have been but were not asserted or briefed in the original Motions. *See generally*, ECF Nos. 324-3 and 380-5; 235-3 and 391-3; 236-3 and 392-3; 238-3 and 388-3; and 239-3 and 390-3. This is in direct violation of this Court's Order that Defendants' Motions for Summary Judgment be "the same or substantially similar to Defendants pending Motions for Summary Judgment." ECF 367.

"Ultimately, a court retains 'discretion to reopen discovery to supplement the summary judgment record.'" *Sanford v. Pershing LLC*, No. 3:15-cv-3832-N-BQ, 2022 WL 1590752, *3 (N.D. Tex. Jan. 14, 2022) (quoting *Green Hills Dev. Co., LLC v. Credit Union Liquidity Services., LLC*, No. 3:11-cv-1885-P, 2013 WL 12126783, *2 (N.D. Tex. May 14, 2013)). "Among the factors the trial court should examine in deciding whether to allow a reopening are the importance and probative value of the evidence, the reason for the moving party's failure to introduce the evidence

earlier, and the possibility of prejudice to the non-moving party." *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

This Court noted the possibility of prejudice that could occur as a result of reopening discovery for the limited purpose of taking the previously undisclosed Major Fleischman's deposition (after five summary judgment motions had already been briefed) and attempted to mitigate that prejudice. *See* ECF No. 367. "In an effort to avoid or ameliorate any potential prejudice and promote fairness and efficiency," this Court noted "[t]his Order only applies…to motions that are the same or substantially similar to Defendants pending Motions for Summary Judgment (Record Documents 234, 235, 236, 238, 239)" and "is not a license to file new or previously unfiled dispositive motions related to other or new issues." Id.

Plaintiffs' questioning during the deposition of Major Fleischman primarily covered his discussions with Defendants' jail policies and practices expert, Mr. Leonard Vare, and what Major Fleischman could recall regarding those discussions. *See generally*, Exhibit 1, Deposition of Fleischman. During the deposition, Major Fleischman stated multiple times that he had no firsthand knowledge of the policies or practices at St. Tammany Parish Jail prior to February 2021 (which is after the period of time covered by this lawsuit), or any specific knowledge regarding the conditions Plaintiffs experienced in the holding cells at STPJ. *See*, Id. at 16:18-22, 23:18-23, 24:21-25, 25:10-20, 28:6-10, 91:7-11, 108:22-109:10. The Defendants' questioning, however, primarily focused on staffing levels at the jail, and the DOJ Contract with STPJ (which Plaintiff had previously objected to as being undisclosed, *see*, ECF No. 331-3). Ultimately, given Major Fleischman's admitted lack of knowledge regarding the conditions of confinement experienced by Plaintiffs, aside from completely undermining the Defendants' expert, it yielded nothing substantive related to the Defendants' original dispositive motions' arguments.

5

The Defendants should not be permitted to use Major Fleischman's deposition to circumvent the Court's Order and to assert arguments that they could have asserted but failed to assert in their original Motions. The Defendants cannot credibly dispute that they could have asserted their arguments about the DOJ contract in their original Motions because they cited the DOJ contract in their Reply Briefs filed in support of same. The Defendants should not be given a second bite at the apple.

The Defendants failed to comply with this Court's Order that the opportunity to renew their Motions for Summary Judgment should not be used as a license to raise new arguments. Additionally, these Motions attempt to shoehorn an exhibit into the briefing that was not properly filed in the original Motions and discussed for the first time in their Reply Briefs related to same. Allowing the Defendant to significantly change their dispositive arguments in violation of the Court's Order would prejudice the Plaintiffs, who responded eight months ago to each argument raised in Defendants' original oversized Motions. Because Defendants' pending Motions for Summary Judgment are not "the same or substantially similar" to the previous motions, they should be stricken in their entirety. In the alternative, the Court should strike the one hundred and four (104) pages of new arguments, and the DOJ Contract exhibit, that were not asserted in Defendants' original Motions for Summary Judgment.

**B. Plaintiffs incorporate by reference their previous Motion to Strike Exhibit, ECF No. 331.**

Plaintiffs incorporate by reference their arguments in support of their Motion to Strike Undisclosed Exhibit, ECF No. 331, 331-3, to this Motion. The DOJ Contract, attached as an exhibit to each of the Defendants' current Motions for Summary Judgment was not disclosed prior to the filing of Defendants' Replies in Support of their original Summary Judgment Motions, *see* ECF Nos. 335-339. Defendants did not include this exhibit in their original Motions for Summary

Judgment, and its inclusion here is further evidence that Defendants' new Motions for Summary Judgment are not "the same or substantially similar" to the previous motions, in contravention of this Court's Order, ECF No. 367. The DOJ Contract should be stricken.

### C. The deadline for Plaintiff's Responses in Opposition to Defendants' Motions for Summary Judgment should be stayed until this matter is resolved.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Amer. Co.*, 299 U.S. 248 (1936). "Therefore, a district court has 'discretionary power to stay proceedings before it in the control of its docket and in the interests of justice.'" *Gooding v. Liberty Mutual Ins. Co.*, No. 20-1133, 2021 WL 2002463, *3 (E.D. La. May 19, 2021) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). In the interest of fairness, judicial economy, and the preservation of litigation resources, briefing on Defendants' pending Motions for Summary Judgment should be stayed while the Court considers whether to strike the Defendants' Motions in whole or in part.

### III.    CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Strike Defendants' Motions for Summary Judgment for Failure to Comply with This Court's Order. In the alternative, Plaintiffs request this Court strike the portions of Defendants' currently pending Motions for Summary Judgment (ECF Nos. 387, 388, 390, 391, 392) that are not "the same or substantially similar" to the motions as filed on August 10, 2023 (ECF Nos. 234, 235, 236, 238, 239). Finally, Plaintiffs request that this Court grant their Motion to Stay Briefing on Summary Judgment Until This Motion is Ruled Upon, and for any other relief this Court deems fair and just.

**Dated:** May 30, 2024                    Respectfully submitted,


                                           /s/ Bhavani K. Raveendran
                                           Bhavani K. Raveendran
                                           Attorney for Plaintiffs


                                           Maria B. Glorioso (#24435), T.A.
                                           Vincent J. Glorioso, Jr. (#6064)
                                           **THE GLORIOSO LAW FIRM**
                                           2716 Athania Parkway
                                           Metairie, LA 70002
                                           Tel: (504) 569-9999
                                           Fax: (504) 569-9022
                                           maria@gtorts.com


                                           Devon M. Jacob (*pro hac vice*)
                                           **JACOB LITIGATION, INC.**
                                           P.O. Box 837
                                           Mechanicsburg, PA 17055-0837
                                           Tel: (717) 796-7733
                                           djacob@jacoblitigation.com


                                           Antonio M. Romanucci (*pro hac vice*)
                                           Bhavani K. Raveendran (*pro hac vice*)
                                           Sam Harton (*pro hac vice*)
                                           **ROMANUCCI & BLANDIN, LLC**
                                           321 N. Clark Street, Suite 900
                                           Chicago, IL 60654
                                           Tel: (312) 458-1000
                                           Fax: (312) 458-1004
                                           aromanucci@rblaw.net
                                           b.raveendran@rblaw.net
                                           sharton@rblaw.net

## **CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the eastern District of Louisiana on Thursday, May 30, 2024, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.


       */s/ Bhavani Raveendran* (Pro Hac Vice)
       Bhavani Raveendran