UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AHMED BAQER, ET AL.** | **CIVIL ACTION NO: 20-980** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **ST. TAMMANY PARISH GOVERNMENT, ET AL.** | **MAGISTRATE JUDGE EVA J. DOSSIER** |

## ORDER

On August 10, 2023, Defendants Randy Smith and Lacey Kelly ("Defendants") filed five motions for summary judgment. R. Docs. 234-239. The parties fully briefed the motions, and thereafter, Plaintiffs Ahmed Baqer, Klabert Joseph Guillot, Sr., Terry Matthew Hall, Jr., Kevin Louviere, and Floyd Williams ("Plaintiffs") filed a motion to strike an undisclosed exhibit attached to Defendants' reply briefs. R. Doc. 331. On February 8, 2024, following oral argument on various motions in limine, the Court reopened discovery for a limited time and purpose and denied Defendants' motions for summary judgment without prejudice to the right to be reurged following the close of the new discovery period. R. Doc. 367. In its order denying the motions without prejudice, the Court noted its order should not be construed as license to refile entirely new motions for summary judgment and that the refiled motions, should Defendants choose to file them, should be the same or substantially similar to those originally filed. The Court likewise denied Plaintiffs' motion to strike, without prejudice, and ordered that should Plaintiffs wish to refile the motion, they had to do so within fourteen days of the filing of the brief to which the subject exhibit was attached. *Id.*

On May 16, 2024, Defendants timely refiled their motions for summary judgment and noticed the motions for submission on June 12, 2024. R. Docs. 387, 388, and 390-92. On May 30, 2024, Plaintiffs filed a motion to strike Defendants' motions for summary judgment on the

grounds that they are substantially different than their original motions. R. Doc. 394. Plaintiffs' motion also sought an order staying briefing until the Court ruled on Plaintiffs' motion to strike. *Id.* Plaintiffs noticed their motion for submission on June 26, 2024, fourteen days *after* the submission date for Defendants' motions for summary judgment, and did not move for expedited consideration. *Id.* On June 10, 2024, after Plaintiffs' deadline to oppose Defendants' motions for summary judgment had lapsed, Defendants filed a reply brief urging the Court to deem Defendants' statement of facts as true in light of Plaintiffs' failure to oppose their motions. R. Doc. 398.

On June 13, 2024, Plaintiffs filed a motion for leave to file a sur-reply. R. Doc. 402. The proposed pleading argues Plaintiffs appropriately responded to Defendants' motions for summary judgment by filing their motion to strike and to stay briefing. R. Doc. 402-1. Alternatively, Plaintiffs request that if they "were not correct regarding the timing of their responses," that they be afforded a sixty-day extension to respond to Defendants' motion for summary judgment. *Id.* at 6. Defendants filed an opposition to Plaintiffs' motion to file a sur-reply, arguing that because Defendants' reply brief does not include any new issues, theories, or arguments, a sur-reply would be inappropriate. R. Doc. 403.

As an initial matter, the Court exercises its broad discretion and grants Plaintiffs' motion for leave to file a sur-reply. *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) ("[T]he decision to allow a sur-reply lies within the district court's discretion."). Indeed, this does not represent the typical sur-reply scenario wherein a motion is fully briefed and the non-moving party thereafter seeks to file a sur-reply to address arguments raised for the first time in the moving party's reply brief. But the Court nevertheless finds a sur-

reply is an appropriate vehicle to explain a party's failure to meet its deadline.[1]  *See Smith v. Koch Foods, Inc.*, No. 19-CV-721, 2022 WL 17084137, at *7 (S.D. Miss. Nov. 18, 2022) (suggesting it is appropriate for a party to seek leave to file a sur-reply to explain why it missed a deadline).

As explained above, Plaintiffs, in their sur-reply, argue that they preserved their opposition to Defendants' motions for summary judgment by filing a motion to strike the motions and stay briefing until resolution of the motion.  The Court disagrees.  This Court's Local Rules require a party opposing a motion to file an opposition brief no later than eight days before the noticed submission date.  L.R. 7.5.  The Local Rules do not carve out an exception to this rule for parties who have filed a motion to strike, and, as Defendants point out, district courts have expressly found that "[f]iling a motion to strike in response to a motion is not a reasonable substitute for filing a response."[2]  *Scottsdale Ins. Co. v. Flores*, No. 19-CV-156, 2019 WL 4738917, at *1 (W.D. Tex. Sept. 27, 2019) (quoting *Brown v. Bridges*, 12-CV-4947, 2015 WL 11121361, at *2 (N.D. Tex. Jan. 30, 2015)), *modified in part on other grounds*, 2015 WL 12532137 (N.D. Tex. June 22, 2015) (internal quotations omitted).  The Court has no doubt that Plaintiffs failure to comply with Local Rule 7.5 came from a misunderstanding of the Local Rules and not a dilatory motive.  For this reason, and because the Court cannot foresee any meaningful prejudice to Defendants, including any endangerment of the parties' March 2025 trial date, Plaintiffs' alternative request for additional time to respond to Defendants' motions for summary judgment is granted.  Any

---

[1] Alternatively, the Court would construe Plaintiffs' motion for leave to file a sur-reply as a motion for an extension of time to file an opposition to Defendants' motions for summary judgment.

[2] Plaintiffs also make several references to the Court's February 8, 2024 Order denying the parties' motions without prejudice and appear to argue that Plaintiffs were merely complying with the Court's Order to file their motion to strike within fourteen days of Defendants' motions for summary judgment.  But Plaintiffs misunderstand the Court's Order.  That directive was intended to preserve Plaintiffs' right to refile a motion to strike an allegedly undisclosed exhibit that Defendants attached to their original reply briefs.  The Court's Order is unrelated to Plaintiffs' instant motion to strike, which asks the Court to strike Defendants' motions for summary judgment in their entirety. Moreover, nothing in the order suggested that a future motion to strike filed by Plaintiffs obviated their responsibility to comply with Local Rule 7.5.

opposition to Defendants' motions for summary judgment must be filed on or before **June 28, 2024**. Any reply to Plaintiffs' oppositions must be filed on or before **July 5, 2024**.

New Orleans, Louisiana, this 14th day of June 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**