UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | |
| | * | CIVIL ACTION NO.: 20-00980- |
| | * | DJP-EJD (Consolidated with 20- |
| Plaintiffs, | * | 1840-WBV-EJD) |
| | * | |
| v. | * | JUDGE DARREL JAMES |
| | * | PAPILLION |
| ST. TAMMANY PARISH GOVERNMENT, | * | |
| a/k/a/ ST. TAMMANY PARISH COUNCIL, et | * | MAGISTRATE JUDGE EVA J. |
| al., | * | DOSSIER |
| | * | |
| | * | JURY TRIAL |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S PROPOSED RESPONSE TO DEFENDANT'S OMNIBUS REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

NOW COME the Plaintiffs, AHMED BAQER, FLOYD WILLIAMS, KEVIN LOUVIERE, TERRY MATTHEW HALL, JR. and KLABERT JOSEPH GUILLOT, SR., by and through their counsel of record, ROMANUCCI & BLANDIN, LLC; JACOB LITIGATION, INC.; and THE GLORIOSO LAW FIRM; and, Request Leave to File a Response to Defendant's Omnibus Reply Memorandum in Support of Defendants' Motions for Summary Judgment.

### I.    RELEVANT BACKGROUND AND FACTS

On May 16, 2024, Defendants filed five renewed Motions for Summary Judgment (referred to herein as "Renewed Motions"). *See*, ECF Nos. 387-388, 390-392. Defendants had previously filed five Motions for Summary Judgment, ECF 234-239, which were fully briefed, ECF 292-297, but the Court struck the original Motions due to a need to reopen discovery for a limited purpose

1

in light of a Motion *in limine* ruling. ECF 367. The Defendants did not comply with the Court's Order that they only file Motions for Summary Judgment "that are the same or substantially similar to Defendants pending Motions for Summary Judgment (Record Documents 234, 235, 236, 238, 239)" and that the opportunity to refile "is not a license to file new or previously unfiled dispositive motions related to other or new issues." Id. Indeed, the Renewed Motions added, in the aggregate, one hundred four (104) pages of new, substantive arguments. Plaintiff filed a Motion to Strike the [Renewed Motions] For Failure to Comply with This Court's Order and Stay Briefing on Summary Judgment Until This Motion is Ruled Upon (herein referred to as the "Motion to Strike and Stay Briefing"). ECF 394. This Motion was filed in compliance with the Court's directive in ECF 367 that Plaintiff file a renewed Motion to Strike within fourteen days of the Renewed Motions being filed and with the intent to convey that these Renewed Motions did not comply with this Court's order. Id. In that Motion, Plaintiff explained the deficiencies of the Renewed Motions, emphasized the prejudice Plaintiff would experience if required to respond, and requested that the court stay the deadline for the Plaintiff's Response to the Renewed Motions until this Court determined exactly which portions of the Renewed Motions Plaintiffs would be required to respond to. ECF 394-2. The Motion to Strike and Stay Briefing is to be submitted to the Court on June 26, 2024. ECF 395. Having raised a substantive issue that could affect the propriety of the Renewed Motions (whether and to which portions of the Renewed Motions Plaintiffs would need to respond to) preserved the record regarding the prejudice to Plaintiff in responding to the Renewed Motions, and raised significant concerns regarding the interest of fairness, judicial economy, and the preservation of litigation resources , Plaintiff did not filed substantive responses to Defendant's five oversized Renewed Motions that were in violation of the Court's Order. ECF 367.

2

Defendants responded to their own Renewed Motions in support thereof, arguing that Plaintiff "failed to submit any evidence of any facts contradictory to those submitted by the Defendants" and that, because there is an "absence of any opposition to" the Renewed Motions must accept Defendants' versions of facts as true and grant their Motions for Summary Judgment. This argument is exactly the type of prejudice this Court warned against in its order allowing Defendants to re-file their Motions for Summary Judgment, see ECF 367, and should be rejected.

## II. ARGUMENT

### A. Plaintiffs have appropriately responded to Defendants' Renewed Motions for Summary Judgment by asking this Court to determine whether the motions comply with this Court's Order, Doc. 367.

Plaintiffs have complied with this Court's orders. Within fourteen days of Defendants' Renewed Motions being filed, Plaintiffs filed a Motion to Strike and Stay Briefing, which articulated why the Renewed Motions violated this Court's Order, explained that requiring Plaintiffs to respond before knowing whether and which portions of the Renewed Motions would be stricken would be prejudicial, and requested the Court stay briefing until it could consider these arguments opposing Defendants' filings. Defendants were ordered by this Court to file Motions for Summary Judgment that were *the same or substantially* similar. ECF 367. Instead, they filed 104 pages of new argument. Now, Defendants claim that Plaintiff's Motion to Strike is not a substantive response to their Renewed Motions, and ask this Court to grant summary judgment against Plaintiffs.

Ultimately, Defendants ask this Court to allow them to include new arguments and simultaneously dismiss Plaintiffs' complaints procedurally without address the new arguments whatsoever. During the first round of summary judgment briefing, Defendants introduced documents and witnesses that had not previously been disclosed in their reply, for the first time. In

3

the interest of fairness, this Court re-opened discovery for the limited purpose of allowing Plaintiffs to depose the newly disclosed witness. The Court was careful to caution that any renewed summary judgment motions should be "the same or substantially similar" to the previous motions, and was not an invitation to re-write their previous submissions. Nevertheless, Defendant *did* significantly change their arguments in the Renewed Motions, specifically responding to several points that Plaintiffs had already made in opposition to the original motions. Plaintiffs moved to strike, in good faith, believing such a motion would be in line with this Cour's instructions and concerns.

The Court should decide any dispositive summary judgment motions before it on the merits, not on the procedural history of this litigation. "[T]he district court should construe the procedural rules with a preference toward resolving the case on the merits and avoiding any dismissal based on a technicality." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 337 (5th Cir. 2017). "'[T]he principal function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts, and decisions on the merits are not to be avoided on the basis of mere technicalities.'" *Id*. (quoting *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990)).

On September 27, 2023, Plaintiffs filed five responses to Defendants' initial summary judgment motions, all of which articulated the merits and essential elements of each Plaintiff's case and responded to each fact set forth by Defendants. ECF 292-296. The Court explicitly instructed Defendants *not* to significantly alter those facts and arguments which they originally set forth. ECF 367. When Defendants violated the Court's Order by filing Renewed Motions that substantially deviated from those initial motions and added an aggregate 104 pages of substantial and new arguments, Plaintiffs moved quickly to make a record of their substantive opposition to the Renewed Motions and move the Court allow Plaintiffs to withhold responses to those Motions

while the Court considered the merits of the Motion to Strike. Plaintiffs took the appropriate avenue, as ordered by the Court, to challenge this improper filing and requested changes to the briefing schedule articulated by the local rules by filing the Motion to Strike and Stay Briefing. ECF 394-2.  By Defendants' logic, though, Local Rule 56.2 would require a party to submit a substantive response to every summary judgment motion brought by an opposing litigant even if that motion, for example, was brought in bad faith, violated Court orders, or violated Fed. R. Civ. P. 11. Plaintiffs should not be required to respond to the Renewed Motions before they know which portions of the Renewed Motions they would be required to respond to, much less be penalized for moving to strike five motions that failed to comply with a Court Order. Surely the Civil Rules of Procedure do not require Plaintiffs to expense time and resources to respond to any dispositive motion, no matter how clearly frivolous they are, without any alternative route of challenging the propriety of the motion itself.

Defendants claim that Plaintiffs have not filed any opposition to their Renewed Motion. This is not true. Through its Motion to Strike and Stay Briefing, Plaintiffs have filed a rather enthusiastic opposition and continue to insist that Defendants be beholden to the Order of this Court. Defendants have filed a motion that does not comply with the restrictions articulated by the Court itself and penalize Plaintiffs for pointing out the disparity between their filings and the Court's ruling.

### B. Plaintiffs' Motion to Strike and Stay Briefing was made in good faith, but if Plaintiffs were incorrect in their understanding of this Court's Order, Plaintiff requests leave to file responses to Defendants' Renewed Motions for Summary Judgment.

Plaintiffs in good faith believed that their Motion to Strike and Stay Briefing was the appropriate response to Defendants' summary judgment motions. Plaintiffs' Motion requested a

5

pause to any response dates, given that some of Defendants' new arguments may or may not be struck by this Court for failure to comply with the Order, Doc. 367. From their perspective, Plaintiffs could not know which portions of Defendants' Renewed Motions they will be required to respond to prior to the Motion to Strike being ruled upon. Plaintiffs nevertheless filed their Motion to Strike and Stay Briefing within 14 days of the Defendants' filings.

Plaintiff did not file the Motion to Strike and Stay Briefing merely to delay this case, but rather to determine which portions of the Defendants' arguments they should respond to. If, however, Plaintiffs were not correct regarding the timing of their responses, or the appropriateness of their good faith Motion to Strike and Stay Briefing, Plaintiffs request a 60-day extension from the date Defendants' Renewed Motions were filed to respond to Defendants' five 50 to 70 page Motions for Summary Judgment. "The Court has wide discretion to determine the timing of a motion for summary judgment." *Short v. Taser Int'l, Inc.*, No. 4:06-cv-559-Y, 2007 WL 9718709, *1 (N.D. Tex. Sep. 27, 2007); *United States ex rel. Rigsby v. State Farm Fire and Cas. Co.*, No. 1:06cv 433-HSO-RHW, 2019 WL 8405561, *2 (S.D. Miss. Dec. 13, 2019) ("According to the Fifth Circuit, '[a] district court has exceedingly wide discretion in scheduling,' and in making such determinations, a district court should consider 'not only the facts of the particular case, but also all of the demands on counsel's time and the court's time.'" (quoting *Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 687 (5th Cir. 2017)). In addition to the five responses in this case, Plaintiffs' counsel has been out of country, has a trial beginning on June 24, 2024 which is expected to last at least two weeks, and four summary judgment responses due in other cases within the next 45 days.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motions for Summary Judgment (ECF Nos. 387, 388, 390, 391, 392) that are not "the same or substantially similar" to the motions as filed on August 10, 2023 (ECF Nos. 234, 235, 236, 238, 239) and deny Defendants' request in ECF 398 to deem all facts set forth by Defendants in those motions admitted. Plaintiffs also request that this Court grant their Motion to Strike ECF Nos. 387, 388, 390, 391, 392 for failing to comply with the Court's Order in ECF 367, and for any other relief this Court deems fair and just. In the alternative, Plaintiffs request that this Court provide a 60-day extension in which to respond to Defendants' Renewed Motions for Summary Judgment.

**Dated:** June 13, 2024                                Respectfully submitted,


/s/ Sam Harton
Sam Harton
Attorney for Plaintiffs

Antonio M. Romanucci (*pro hac vice*)
Bhavani K. Raveendran (*pro hac vice*)
Sam Harton (*pro hac vice*)
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
b.raveendran@rblaw.net
sharton@rblaw.net

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
THE GLORIOSO LAW FIRM

          2716 Athania Parkway
          Metairie, LA 70002
          Tel: (504) 569-9999
          Fax: (504) 569-9022
          maria@gtorts.com

          Devon M. Jacob (*pro hac vice*)
          JACOB LITIGATION, INC.
          P.O. Box 837
          Mechanicsburg, PA 17055-0837
          Tel: (717) 796-7733
          djacob@jacoblitigation.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the eastern District of Louisiana on Thursday, June 13, 2024, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

          /s/ Sam Harton (Pro Hac Vice)
          Sam Harton
          Attorney for Plaintiffs