UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * * * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE PAPILLION** |
| **VERSUS** | * * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual capacity** | * * * * * * * * * * * * * | **MAGISTRATE CURRAULT** **JURY DEMAND** **COMBINED WITH** *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC* **ALL CASES** |
| **Defendants** | * | |

*****************************************************************************

---

**DEFENDANTS' REPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL OPPOSITIONS TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

**MAY IT PLEASE THE COURT:**

**NOW COME,** through undersigned counsel, Defendants, Sheriff Randy Smith and Lacey Kelly, each in their individual and official capacities, who respectfully submit the following Reply Memorandum in response to Plaintiffs' Supplemental Opposition to Defendants' Motion for Summary Judgment.[1]

---

[1] See R. Docs. 445, 446, 447, 448 and 449.

Page **1** of **12**

**1. Plaintiffs' Attempt to Overwhelm the Court with Extensive, Irrelevant Citations**

While Defendants have not and will not be afforded the opportunity to adequately review Plaintiffs' five (5) Supplemental Oppositions, it is clear from a cursory review of Mr. Baqer's Supplemental Opposition alone that Plaintiffs have used the past three (3) weeks to overload their Supplemental Opposition with as many meritless citations as possible, for the sole purpose of attempting to convince this Court that some reason exists thereby justifying denial of Defendants' Motions for Summary Judgment. Defendants, however, have only been provided with **four (4) business days** to review and draft a response to the overwhelming magnitude of new citations, including the following supplemental citations in Mr. Baqer's Supplemental Opposition alone:

- One hundred seventy-eight (178) new citations, citing to numerous "Statement of Facts" approximately one thousand five hundred and two (1,502) times;[2]

- Thirty-one (31) citations to record documents referencing approximately fifty-five (55) pages within those documents;

- Seven (7) citations to the Plaintiffs' Declarations, referencing twenty-one (21) paragraphs within those Declarations in support;

- Two (2) exhibits, referencing fourteen (14) additional pages.[3]

As provided below, Plaintiffs Supplemental Opposition filed six (6) months after the Summary Judgments have been fully briefed, is nothing more than a clear attempt to overwhelm the Court with **hundreds of irrelevant and contradictory citations**, citing to **so-called supporting evidence**, in a vein effort to avoid Defendants' well-founded *Motions for Summary Judgment*. Additionally, Plaintiffs' failure to adhere to this Court's Order and provide a red-lined

---

[2] Defendants again note that each statement of fact contained within Plaintiff's previously filed Statement of Facts contains further references to numerous documents allegedly supporting each statement of fact, meaning that this supplemental opposition, alone, contains well-over **two thousand (2,000) references to various documents & pages**.
[3] See Red-Lined copy of Ahmed Baqer's Supplemental Opposition attached herein as Exhibit "1," & R. Doc. 445. This number does not include the additions and revisions to citations to Ahmed Baqer's Supplemental Opposition previously mentioned above.

version, combined with the inclusion of **hundreds of irrelevant citations** outside of those permitted by the Court, is nothing more than a clear attempt to prevent Defendants from being able to have a fair opportunity to review and respond to Plaintiffs' supplemental citations.

As also evidenced below, while Defendants have not been allowed time to analyzed each irrelevant citation, the citations that Defendants have been able to investigate thus far have: (1) no merit, (2) change no argument, (3) contain contradictory statements, allegations and testimony with **no actual evidence that any specific condition of confinement actually occurred**,[4] and (4) are contradicted by Plaintiffs' prior admissions that the St. Tammany Parish Government, ***not*** the St. Tammany Parish Sheriff's Office, has the statutory duty to properly finance and physically maintain the jail,[5] which was also previously confirmed by this Court.[6]

### 2. Plaintiff's Failure to Adhere to the Court's Order

On January 24, 2025, this Honorable Court issued an Order noting that Plaintiffs' oppositions to Defendants' Motions for Summary Judgment "set forth extensive, detailed allegations of fact without any citation to a previously filed exhibit or to a statement of contested and uncontested facts".[7] As this Court noted, Plaintiffs' unsourced factual statements, in the argumentative sections of their opposition memoranda, force the Court to 'sift through the record in search of evidence to support [Plaintiffs'] opposition[s] to summary judgment,' something Rule

---

[4] Defendants note that the Motions for Summary Judgment contain the conditions of confinement alleged in Plaintiffs' Complaints, however, Defendants' Motions also contain alleged conditions of confinement that are **not** contained within the Plaintiffs' Complaints, but contained within their declarations, depositions, discovery responses and prior testimony before this Court. Defendants included these in their Motions to further provide how Plaintiffs have failed to allege any Constitutional violations whatsoever. But, as the Court is aware, only the conditions that have been alleged in the Complaints are properly before this Court. Accordingly, many of Plaintiffs' alleged claims discussed both within Defendants' Motions and Plaintiffs' Supplemental Oppositions have not been asserted in their Complaint and are therefore not before this Court and cannot be raised as a new claim through Plaintiffs' pleadings. See *Cutrera v. Board of Sup'rs of Louisiana State University*, 429 F.3d 108 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.")
[5] See R. Doc. 73, pgs. 4 & 6.
[6] See R. Doc. 150, pg. 18, noting that "Importantly, Plaintiffs agree in their Opposition brief that STPG's obligation was to "finance and physically maintain the jail."
[7] See R. Doc. 429.

56 does not require."[8]

As a result, the Court ordered the Plaintiffs to re-file their oppositions and supplement the argumentative sections of their opposition memoranda with detailed and specific citations to any previously filed exhibits or to a corresponding statement of contested and uncontested facts.[9] The Order further provided that "***Plaintiffs shall not alter their opposition memoranda in any way other than to add citations to support existing, but unsourced, factual statements in the argumentative sections***."[10]

On February 5, 2025, this Honorable Court issued an Order providing that Plaintiffs must additionally provide a version of their Supplemental Memorandum with "Redlines, track changes, or some other similar device that reveals or shows the changes that were made to their memoranda."[11] This Court further ordered that Defendants shall file a response to Plaintiffs' revised memorandum, and that Defendants' response may only respond to the "supplemental citations added to Plaintiffs' memoranda in opposition and may not make any new substantive arguments."[12]

On Friday, February 7, 2025, the deadline for Plaintiffs to file their Supplemental Oppositions, Plaintiffs filed their *Motion for Extension of Time* to file their supplemental oppositions,[13] which conveniently **failed** to inform the Court that undersigned counsel informed Plaintiffs' counsel that such an extension of time would create issues for Defendants to provide an adequate response due to **numerous conflicts**.[14] Indeed, Plaintiffs' *Motion for Extension of Time* failed to include any statement regarding any discussions with undersigned counsel, let alone the

---

[8] *Id*.
[9] *Id*.
[10] *Id*. (emphasis added).
[11] See R. Doc. 441.
[12] See R. Doc. 441.
[13] See R. Doc. 443.
[14] See Exhibit 2.

fact that undersigned counsel provided that they ***could not consent due to the extension due to numerous conflicts***.[15] Ultimately, the motion for extension was granted on Monday, February 10, 2025, without Defendants having an opportunity to file any response.[16] Accordingly, Plaintiffs were provided an extension until February 14, 2025 to file their Supplemental Oppositions and Red-Lined Versions.

However, despite the clear language and instructions provided by this Court's Order, Plaintiffs' supplemental oppositions violated this Court's Order, and, as noted below, further place Defendants at an **extreme disadvantage** by preventing Defendants from accurately reviewing and responding to Plaintiffs' supplemental citations due to the overwhelming volume of citations and 'evidence' in support.

### a. Failure to Provide Red-Lined Version

On February 14, 2025, Plaintiffs filed their Supplemental Oppositions to Defendants' *Motions for Summary Judgment*.[17] Plaintiffs filings, however, failed to include a red-lined version, despite being ordered to do so by this Court. Instead, the so-called 'red-lined version' filed with their Supplemental Oppositions was nothing more than an exact copy of those oppositions.[18] Due to Plaintiffs' failure to adhere to this Court's Order and provide red-lined copies of each Supplemental Opposition, Defendants had to request a red-lined version of each Supplemental Opposition from Plaintiffs' counsel. Undersigned counsel emailed Plaintiffs' counsel requesting red-lined versions on Monday, February 17, 2024, at 7:49 a.m.[19] Six (6) hours later, at 1:55 p.m., after having received no response, undersigned counsel sent a follow-up email to Plaintiffs'

---

[15] See R. Docs. 443 & 443-1.
[16] See R. Doc. 444.
[17] See R. Doc. 445, 446, 447, 448 and 449.
[18] See R. Doc. 445-1, 446-1, 447-1, 448-1 and 449-1.
[19] See Exhibit 3.

counsel.[20] Plaintiffs' counsel finally responded and informed undersigned counsel that they would "look into it" and provide a redlined version.[21] Plaintiffs' finally provided word document copies of their red-lined versions at **9:48 p.m.**, **fourteen (14) hours** after Defendants requested that Plaintiffs provide the red-lined versions, and **three (3) days past the deadline** for Plaintiffs to file red-lined versions.[22] As of this time, Plaintiffs have still yet to file any red-lined versions in accordance with this Court's Order. Additionally, due to Plaintiffs failure to adhere to this Court's Order, Defendants have been **disadvantaged** by only having **four (4) business days** to respond to Supplemental Oppositions that Plaintiffs had **three (3) weeks to draft**. For these reasons Plaintiffs' Supplemental Memorandum should be stricken for failure to adhere to this Court's Order.[23]

### b. Addition of Citations in Non-Argumentative Sections of Plaintiffs' Opposition and Revisions of Citations in Non-Argumentative Sections of Plaintiffs' Opposition

As previously noted above, this Court's Order specifically provided that Plaintiffs were not to alter their opposition memoranda in any way other than to add citations to support existing, but unsourced, factual statements in the argumentative sections.[24]

### i. Ahmed Baqer's Supplemental Opposition

Despite this clear Order, Ahmed Baqer's Supplemental Opposition added **extensive, irrelevant citations** to portions of his opposition which were not within the argumentative

---

[20] *Id.*
[21] *Id.*
[22] *Id.*; See also, Exhibit 1; Red-Lined copy of Klabert Joseph Guillot Sr.'s Supplemental Opposition attached herein as Exhibit "4"; Red-Lined copy of Terry Matthew Hall Jr.'s Supplemental Opposition attached herein as Exhibit "5"; Red-Lined copy of Kevin Louviere's Supplemental Opposition attached herein as Exhibit "6"; Red-Lined copy of Floyd Williams' Supplemental Opposition attached herein as Exhibit "7".
[23] See *Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 Fed. Appx. 324 (5th Cir. 2011) (striking a pleading is within the inherent powers of the court); *DirecTV, Inc. v. Peppers*, 112 Fed. Appx. 994 (5th Cir. 2004) (no abuse of discretion for striking pleadings for failure to adhere to local rules after the district court provided defendant numerous opportunities to correct various deficiencies)
[24] *Id.* (emphasis added).

section.[25] Indeed, the "Introduction" section of Plaintiff's previously filed Opposition contained **no citations**,[26] and cited to **no individual Statement of Facts**.[27] However, Plaintiff's Supplemental Opposition contains the following additions and revisions in direct violation of this Court's Order:

- "Introduction" Section:
    - Nine (9) new citations, citing to over fifty (50) individual Statements of Facts.[28]
- "Statement of Facts" Section:
    - One (1) new citation, citing to one (1) additional Statement of Fact;[29]
    - Thirteen (13) revisions to citations adding citations to twenty (20) new Statement of Facts; and
    - Removal of seven (7) previously cited Statements of Facts.[30]

Accordingly, between the "Introduction" and "Statement of Facts" sections of Mr. Baqer's Supplemental Opposition, Plaintiff added **ten (10) new citations, citing to over fifty-one (51) individual Statement of Facts in support**, in direct violation of this Court's Order. Defendants note that each statement of fact contained within Plaintiff's previously filed Statement of Facts contains further references to numerous documents.

Defendants object to Plaintiff's inclusion of these citations, as well as the revision and removal of Plaintiff's prior citations, all of which are in direct violation of this Court's Order. Defendants, therefore, aver that defiance of this Court's Order should result in Plaintiff's Supplemental Opposition being stricken.

---

[25] Compare Exhibit 1, pgs. 1 – 3 & R. Doc. 445, pgs. 16 – 18 with R. Doc. 409, pgs. 16 – 18.
[26] See R. Doc. 409, pgs. 16 – 18.
[27] *Id*.
[28] Compare Exhibit 1, pgs. 1 – 3 & R. Doc. 445, pgs. 16 – 18 with R. Doc. 409, pgs. 16 – 18.
[29] Compare Exhibit 1, pg. 6 & R. Doc. 445, pg. 21, wherein Plaintiff cites to SOF no. 230, with R. Doc. 409, pg. 21.
[30] Compare Exhibit 1, pgs. 4 – 18 & R. Doc. 445, pgs. 18 – 33, with R. Doc. 409, pgs. 18 – 133.

### ii. Ahmed Baqer's Revisions to Citations Contained within the Argumentative Section

As previously noted above, this Court's Order specifically provided that Plaintiffs were not to alter their opposition memoranda in any way other than to add citations to support existing, but unsourced, factual statements in the argumentative sections.[31] Despite the clear Order of this Court, Plaintiff has taken the liberty to revise numerous citations contained within the argumentative section of his brief, despite only being permitted to provide citations to previously unsourced statements. Indeed, the "Argumentative" section of Plaintiff's Supplemental Opposition contains **ten (10) revisions to citations**, wherein Plaintiff has taken the liberty to add citations to **thirty-three (33) new Documents/Statement of Facts**, while at the same time, **removing eleven (11) previous citations**, both in clear defiance of this Court's Order.[32] Defendants again note that each statement of fact contained within Plaintiff's previously filed Statement of Facts contains further references to numerous documents.

Defendants object to Plaintiff's inclusion of these citations, as well as the revision and removal of Plaintiff's prior citations, all of which are in direct violation of this Court's Order. Plaintiff's attempt to further "strengthen" their opposition to Defendants' Motion for Summary Judgment through direct defiance of this Court's Order should result in Plaintiff's Supplemental Opposition being stricken as a whole.

---

[31] *Id*. (emphasis added).
[32] Compare citations on Exhibit 1, pgs. 25, 29, 31, 34, 35, 45, 58 & R. Doc. 445, pgs. 38, 39, 42, 44, 47, 48, 58 & 70 with R. Doc. 409, pgs. 23, 24, 30, 31, 38, 42, 44, 47, 48, 58 & 70.

### iii. Addition of Citations in "Statement of Facts" Sections and Revisions to Citations in "Argumentative" Sections by Klabert Joseph Guillot Sr., Terry Matthew Hall Jr., Kevin Louviere and Floyd Williams in Violation of this Court's Order

While Defendants are unable, due to time constraints, to conduct a full review of each of Plaintiffs' Supplemental Oppositions, the reasons of which are further explained below, Defendants have been able to determine that Plaintiffs made the following revisions to citations contained within their Argumentative Sections in violation of this Court's Order:

- **Klabert Joseph Guillot, Sr.**

    - Thirteen (13) revisions to previous citations;[33]

    - The inclusion of a 3-line citation calling for comparison of a page of Defendants' Memorandum in Support of Summary Judgment as to Mr. Guillot and eight of Plaintiffs' Statement of Facts,[34] which was not included in Plaintiffs' previous opposition, and to which Defendants never had an opportunity to respond;[35] and

    - Changing the number of days that Mr. Baqer alleges he had to "sleep on the floor with urine, old food, and other bodily fluids without the ability to clean the floor beforehand or himself afterward" from "13 days"[36] to "15 days."[37]

- **Terry Matthew Hall Jr.**

    - Nine (9) revisions to previous citations;[38]

    - The inclusion of a 3-line citation calling for comparison a page of Defendants' Memorandum in Support of Summary Judgment as to

---

[33] Compare citations on Exhibit 4, pgs. 22, 23, 27, 29, 32, 33, 50, 54 & 68 & R. Doc. 446, pgs. 34 – 35, 39 – 41, 43 – 44, 61, 65 & 78 with R. Doc. 410, pgs. 35, 39, 41, 44 – 45, 62, 65 and 78.
[34] See Exhibit 4, pg. 25 & R. Doc. 446, pg. 37 "*Compare* 391-3 at 12 ("every single action undertaken by the STPJ is dictated by what is allowable by the STPJ's available manpower at that time, which is as clear a penological interest as possible") *with* Pl.'s SOF Nos. 30, 76, 109, 113, 116-18, 137") & Compare with R. Doc. 410, pg. 38.
[35] See R. Doc. 410, pg. 38.
[36] See R. Doc. 410, pg. 46.
[37] See Exhibit 4, pg. 34 & R. Doc. 446, pg. 45.
[38] Compare citations on Exhibit 5, pgs. 24, 27, 28, 30, 33, 34, 50, 52, 56 & R. Doc. 447, pgs. 36, 40, 42, 44 – 45, 61, 63 & 69 with R. Doc. 411, pgs. 36, 40, 42, 45 – 46, 61, 63 & 66.

   Mr. Hall and eight of Plaintiffs' Statement of Facts,[39] which was never included in Plaintiffs' previous opposition, and to which Defendants never had an opportunity to respond;[40] and

  o The inclusion of a citation calling for comparison of four (4) pages of Defendants' Memorandum in Support of Summary Judgment as to Mr. Guillot and six of Plaintiffs' Statement of Facts,[41] which was never included in Plaintiffs' previous opposition, and to which Defendants never had an opportunity to respond.[42]

- **Kevin Louviere**

  o Eleven (11) revisions to previous citations;[43] and

  o The inclusion of a 3-line citation calling for comparison of a page of Defendants' Memorandum in Support of Summary Judgment as to Mr. Louviere and eight of Plaintiffs' Statement of Facts,[44] which was not included in Plaintiffs' previous opposition, and to which Defendants never had an opportunity to respond;[45] and

  o The inclusion of a citation calling for comparison of two (2) pages of Defendants' Memorandum in Support of Summary Judgment as to Mr. Louviere and six of Plaintiffs' Statement of Facts,[46] which was never included in Plaintiffs' previous opposition, and to which Defendants never had an opportunity to respond.

- **Floyd Williams**

  o Addition of one (1) citation in the "Statement of Facts" section citing to a Statement of Fact,[47] which was not included in Plaintiff's previous Opposition;[48]

---

[39] See Exhibit 5, pg. 27 & R. Doc. 447, pg. 38 "*Compare* 392-3 at 12 ("every single action undertaken by the STPJ is dictated by what is allowable by the STPJ's available manpower at that time, which is as clear a penological interest as possible") *with* Pl.'s SOF Nos. 30, 76, 109, 113, 116-18, 137) & Compare with R. Doc. 411, pg. 38.
[40] See R. Doc. 411, pg. 38.
[41] See Exhibit 5, pg. 30 & R. Doc. 447, pg. 42.
[42] See R. Doc. 411, pg. 42.
[43] Compare citations on Exhibit 6, pgs. 23, 24, 28, 30, 33, 34, 35, 54 & 58 & R. Doc. 448, pgs. 36 – 37, 41 – 43, 45 – 46, 48, 66 & 70 with R. Doc. 412, pgs. 37, 38, 41, 43, 46, 47, 48, 66 and 70.
[44] See Exhibit 6, pg. 26 & R. Doc. 448, pg. 39 "*Compare* 390-3 at 12 ("every single action undertaken by the STPJ is dictated by what is allowable by the STPJ's available manpower at that time, which is as clear a penological interest as possible") *with* Pl.'s SOF Nos. 30, 76, 109, 113, 116-18, 137") & Compare with R. Doc. 412, pg. 39.
[45] See R. Doc. 412, pg. 39.
[46] See Exhibit 6, pg. 30 & R. Doc. 448, pg. 43.
[47] See Exhibit 7, pg. 5 & R. Doc. 449, pg. 17, citing to Pl's SOF No. 262.
[48] See R. Doc. 413, pg. 19.

- Thirteen (13) revisions to previous citations;[49]

- The inclusion of a 3-line citation calling for comparison of a page of Defendants' Memorandum in Support of Summary Judgment as to Mr. Williams and eight of Plaintiffs' Statement of Facts,[50] which was not included in Plaintiffs' previous opposition, and to which Defendants never had an opportunity to respond;[51] and

- The inclusion of a citation calling for comparison of four (4) pages of Defendants' Memorandum in Support of Summary Judgment as to Mr. Williams and six of Plaintiffs' Statement of Facts,[52] which was never included in Plaintiffs' previous opposition, and which Defendants never had an opportunity to respond.[53]

Defendants again note that the above-mentioned revisions are in direct violation of this Court's Order and should not be tolerated nor permitted, and aver that Plaintiffs' Supplemental Oppositions being stricken as a whole

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully move this Court to issue an Order striking[54] Plaintiffs' Supplemental Oppositions for failure to adhere to this Court's Orders,[55] and for engaging in motions practice designed to prevent Defendants from being able to review and respond to Plaintiffs' supplemental oppositions in accordance with this Court's Order.[56]

---

[49] Compare citations on Exhibit 7, pgs. 25, 29, 31, 34, 35, 45, 46, 48, 58 & 62 & R. Doc. 449, pgs. 37, 41, 43, 46 – 47, 55, 57 – 58, 69 & 72 with R. Doc. 413, pgs. 38, 42, 44, 47, 48, 57, 58, 60, 70 and 73.
[50] See Exhibit 7, pg. 28 & R. Doc. 449, pg. 39 "*Compare* 388-3 at 12 ("every single action undertaken by the STPJ is dictated by what is allowable by the STPJ's available manpower at that time, which is as clear a penological interest as possible") *with* Pl.'s SOF Nos. 30, 76, 109, 113, 116-18, 137") & Compare with R. Doc. 413, pg. 39.
[51] See R. Doc. 413, pg. 39.
[52] See Exhibit 7, pg. 32 & R. Doc. 449, pg. 43.
[53] See R. Doc. 413, pg. 44.
[54] *Ocean-Oil Expert Witness, Inc.*, 451 Fed. Appx. 324; *DirecTV, Inc.*, 112 Fed. Appx. 994.
[55] See R. Docs. 429 & 441.
[56] See R. Doc. 441.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

*s/ Andrew R. Capitelli*

| | |
|---|---|
| ANDREW R. CAPITELLI | # 31649 |
| BRUCE A. CRANNER | # 1796 |
| KENNETH R. WHITTLE | # 38640 |
| SARAH A. FISHER | # 39881 |

68031 Capital Trace Row
Mandeville, LA 70471
Telephone:   (985) 292-2000
Facsimile:   (985) 292-2001
acapitelli@millinglaw.com
bcranner@millinglaw.com
kwhittle@millinglaw.com
sfisher@millinglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Friday, February 21, 2025, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Andrew R. Capitelli*
**Andrew R. Capitelli**