UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AHMED BAQER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al.,<br><br>Defendants. | * CIVIL ACTION NO.: 20-00980-DJP-DPC<br>* (Consolidated with 20-1840-WBV-DPC)<br>*<br>* JUDGE PAPILLION<br>*<br>* MAGISTRATE JUDGE PHILLIPS CURRAULT<br>*<br>* JURY TRIAL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' MEMORNDUM IN SUPPORT OF THEIR MOTION FOR LEAVE

Pursuant to Federal Rules of Civil Procedure 15(a)(2), 16(b)(4), and 23(c)(1)(C), Plaintiffs, by their undersigned counsel, respectfully request that the Court issue an order permitting Plaintiffs to state as follows in support of their Motion for Leave to (1) amend their complaints in this case, and (2) to file a renewed motion for class certification, which would ask the Court to amend its January 25, 2022 Order denying class certification (ECF 171). In support of this requested relief, the Plaintiffs state as follows:

Plaintiffs brought this case to challenge their prolonged confinement—in violation of the Parish's own written regulations limiting holding cell detention to 48 hours—under filthy, crowded, and unsanitary conditions in the holding cells of

1

the St. Tammany Parish jail. Plaintiffs had sufficient information to allege that the conditions of their confinement were unconstitutional, and they had sufficient information to allege that the conditions of their confinement were widespread. And on the strength of this information, Plaintiffs moved the Court to certify a class under Rule 23(b)(3). See ECF 158. The Court ultimately denied that motion, ECF 171, holding that Plaintiffs had not made a sufficient showing of numerosity, since they could not say exactly how many persons had been detained in holding cells for periods lasting more than 48 hours under Rule 23(a)(1), and because the question of conditions and length of holding, which combine with questions about legitimate governmental interest under the Fifth Circuit's objective test for pretrial conditions claims, meant that individual issues rather than common ones under Rule 23(b)(3).

The case nevertheless proceeded to discovery on the Plaintiffs' individual claims. That discovery, in turn, has revealed a single, common reason that St. Tammany Parish has been holding its pretrial detainees in holding cells for extended periods: the Parish made a decision to rent out much of the space in the jail, for profit, to outside entities to house their detainees or prisoners instead. And in order to make this space available, the defendants made the decision to cram its own detainees into the holding cells and keep them there for extended periods that violated its own written regulations, until one of the few remaining un-rented cells opened up. The Court focused on these facts in its summary judgment decision when it denied St. Tammany's motion for summary judgment, explaining that the

municipal defendants "cannot disclaim constitutional duties by freely entering into competing obligations" through their cell-rental contracts. ECF 457 at 17. These facts change the face of this litigation. They indicate that there was a single, common cause for the prolonged holding cell detention of both Plaintiffs and hundreds if not thousands of other pretrial detainees. Such common sources of an alleged tort are the touchstone of cases in which common issues predominate, making them ideal for class treatment under Rule 23(b)(3). There is also every reason that they resolve the Rule 23(a)(1) numerosity deficiency identified by the Court with respect to Plaintiff's initial motion, since they indicate that a common policy choice was applied to all detainees and that said policy choice was likely to result in the extended, inappropriate over-detention in holding cells that is the root of the Plaintiffs' claims. These facts also call for an adjustment in Plaintiff's theories of liability as set out in their complaint, as they suggest an entirely different cause for their conditions of confinement than the run-of-the mill conditions case Plaintiffs had pleaded—based on what they knew at the time—before the outset of discovery.

All of this, Plaintiff submits, calls for a reassessment of Plaintiffs' theories and the treatment of their cases under Rule 23. As things stand, given the Court's March 28 summary judgment decision, every member of the putative class Plaintiff sought to certify now has a viable claim to assert for their over-detention in the St. Tammany Parish jail's holding cells—going back years. Were each of these people to bring their own individual suits, the Court could expect them to present broadly

common evidence regarding their extended detention in the holding cells and the conditions therein, and each person would present precisely the same evidence about the cause of those conditions—the defendants' choice to rent out large portions of their jail such that there was not enough space to hold their own detainees in constitutionally adequate conditions. These common, core facts will be the central evidence for the claims of every single person who Named Plaintiffs seek to represent under Rule 23. It would be impracticable and wasteful to hold trials at which each member presented the same, common evidence about their over-detention in holding cells and the same, single reason for that over-detention. The Rule 23 class action procedural device exists precisely to avoid such results.

Plaintiffs do not seek to argue out a renewed class certification request in this motion. Rather, in this motion they request the opportunity to bring a motion to amend Court's existing class certification decision, in light of the evidence set forth above and with the benefit of an amended complaint make plain their theories of liability. Rule 23(c)(1) specifically allows for such relief, providing that "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C) (emphasis added). Under this rule courts alter summary judgment decisions after summary judgment and even after trial on the merits, see Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1785.4 nn. 9-13 (June 2024) (collecting cases), and indeed Courts frequently issue summary judgment decisions before adjudicating class certification as a general matter. See Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1785 n.35 (June 2024) (collecting cases). In

the same way, Rule 15(a)(2) permits amendment of pleadings at all stages of the case, even through trial, subject to the court's discretion and conventional considerations such as prejudice and the like.

All this is to say that this is the right time to give Plaintiffs the chance to show the Court that, in light the revelations obtained in discovery about the common cause of their over-detention in St. Tammany jail's holding cells, class certification is now appropriate under theories adjusted for the evidence, summarized above, that was revealed in discovery. Allowing Plaintiffs the opportunity to renew their motion for class certification under an amended complaint carries considerable potential for the Court to adjudicate this large-scale dispute in an efficient manner.

Should the Court grant Plaintiffs' requested relief, Plaintiffs will require a short period to amend their complaint and prepare an amended motion for class certification. Plaintiffs respectfully propose the following schedule for doing so:

1. Plaintiffs to amend their complaint by May 2, 2025.
2. Plaintiffs to file an amended motion for class certification by May 2, 2025.

Respectfully,

/s/ Sam Harton
Date: April 4, 2025

Attorney for Plaintiffs

Devon M. Jacob (PA89182) (pro hac vice)
JACOB LITIGATION, INC.
P.O. Box 837
Mechanicsburg, PA 17055-0837

5

Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci
Sam Harton
Josh Levin
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
b.raveendran@rblaw.net
sharton@rblaw.net

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairie, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the eastern District of Louisiana on April 4, 2025, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

                                            /s/ Sam Harton
                                            Attorney for Plaintiffs