IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AHMED BAQER, et al., | * | CIVIL ACTION NO.: 20-00980-DJP-DPC |
| Plaintiffs, | * | |
| v. | * | (Consolidated with 20-1840-WBV-DPC) |
| ST. TAMMANY PARISH GOVERNMENT, a/k/a/ ST. TAMMANY PARISH COUNCIL, et al., | * | JUDGE PAPILLION |
| | * | MAGISTRATE JUDGE PHILLIPS CURRAULT |
| Defendants. | * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' CORRECTED MOTION FOR
LEAVE TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION**

Plaintiffs, by their undersigned counsel, respectfully submit this memorandum in support of their corrected motion for leave to file a renewed motion for class certification.

Plaintiffs brought this case to challenge their prolonged confinement—in violation of the Parish's own written regulations limiting holding cell detention to 48 hours—under filthy, crowded, and unsanitary conditions in the holding cells of the St. Tammany Parish jail. Plaintiffs had sufficient information to allege that the conditions of their confinement were unconstitutional, and they had sufficient information to allege that the conditions of their confinement were widespread. And on the strength of this information, on May 7, 2021, Plaintiffs moved to certify a class under Rule 23(b)(3). See ECF 158. The Court ultimately denied that

1

motion, ECF 171, holding that Plaintiffs had not made a sufficient showing of numerosity, since they could not say exactly how many persons had been detained in holding cells for periods lasting more than 48 hours under Rule 23(a)(1), and because the question of conditions and length of holding, which combine with questions about legitimate governmental interest under the Fifth Circuit's objective test for pretrial conditions claims, meant that individual issues predominate over common ones under Rule 23(b)(3).

The case nevertheless proceeded to discovery on the Plaintiffs' individual claims. That discovery, in turn, has revealed a single, common reason that St. Tammany Parish has been holding its pretrial detainees in holding cells for extended periods: the Parish made a decision to rent out much of the space in the jail, for profit, to outside entities to house their detainees or prisoners instead of the Parish's detainees. And in order to make this space available, the Defendants made the decision to cram their own detainees into the holding cells, and keep them there for extended periods that violated their own written regulations, until one of the few remaining un-rented cells opened up. The Court focused on these facts in its summary judgment decision when it denied the Parish's motion for summary judgment, explaining that the municipal defendants "cannot disclaim constitutional duties by freely entering into competing obligations" through their cell-rental contracts. ECF 457 at 17.

These facts change the face of this litigation. They indicate that there was a single, common cause for the prolonged holding-cell detention of both Plaintiffs and

2

hundreds, if not thousands, of other pretrial detainees. Such common sources of an alleged tort are the touchstone of cases in which common issues predominate, making them ideal for class treatment under Rule 23(b)(3). There is also every reason now to believe that they resolve the Rule 23(a)(1) numerosity deficiency identified by the Court with respect to Plaintiffs' initial motion, since they indicate that a common policy choice was applied to all detainees, and that said policy choice was likely to result in the extended, inappropriate over-detention in holding cells that is the root of the Plaintiffs' claims. These facts also call for an adjustment in Plaintiffs' theories of liability as set out in their complaint, as they suggest an entirely different cause for their unlawful conditions of confinement than the run-of-the-mill conditions case Plaintiffs had pleaded—based on what they knew at the time—before the outset of discovery.

All of this, Plaintiffs submit, calls for a reassessment of Plaintiffs' theories and the treatment of their cases under Rule 23. As things stand, given the Court's March 28, 2025 summary judgment decision, every member of the putative class Plaintiffs sought to certify now has a viable claim to assert for their over-detention in the St. Tammany Parish jail's holding cells—going back years. Were each of these people to bring their own individual suits, the Court could expect them to present broadly common evidence regarding their extended detention in the holding cells and the conditions therein, and each person would present precisely the same evidence about the *cause* of those unlawful conditions—the Defendants' choice to

3

rent out large portions of their jail such that there was not enough space to hold their own detainees in constitutionally adequate conditions.

These common, core facts will be the central evidence for the claims of every single person who the named Plaintiffs seek to represent under Rule 23. It would be impracticable, inefficient, and wasteful to hold trials at which each would-be plaintiff presented the same, common evidence about their over-detention in holding cells and the same, single reason for that over-detention. The Rule 23 class action procedural device exists precisely to avoid such a result.

Plaintiffs do not seek to argue their renewed class certification request in this motion. Rather, in this motion they request the opportunity to bring a motion to amend the Court's existing class certification decision, in light of the evidence set forth above and with the benefit of an amended complaint make plain their theories of liability. Rule 23(c)(1) specifically allows for such relief, providing that "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C) (emphasis added). Under this rule courts alter summary judgment decisions after summary judgment and even after trial on the merits, *see* Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1785.4 nn. 9-13 (June 2024) (collecting cases), and indeed Courts frequently issue summary judgment decisions before adjudicating class certification as a general matter. *See* Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1785 n.35 (June 2024) (collecting cases). In the same way, Rule 15(a)(2) permits amendment of pleadings at all stages of the

4

case, even through trial, subject to the court's discretion and conventional considerations such as prejudice and the like.

All this is to say that this is the right time to give Plaintiffs the chance to show the Court that, in light the revelations obtained in discovery about the common cause of their over-detention in St. Tammany jail's holding cells, class certification is now appropriate under theories adjusted for the evidence, summarized above, that was revealed in discovery. Allowing Plaintiffs the opportunity to renew their motion for class certification under an amended complaint carries considerable potential for the Court to adjudicate this large-scale dispute in an efficient manner.

Date: April 14, 2025

Respectfully submitted,

/s/ Joshua M. Levin

Devon M. Jacob (PA89182) (pro hac vice)
JACOB LITIGATION, INC.
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Antonio M. Romanucci
Sam Harton
Joshua M. Levin
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
sharton@rblaw.net
jlevin@rblaw.net

Maria B. Glorioso (#24435), T.A.
Vincent J. Glorioso, Jr. (#6064)
THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairie, LA 70002
Tel: (504) 569-9999

5

Fax: (504) 569-9022
maria@gtorts.com

*Attorneys for Plaintiffs*