UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | NO. 2020-CV-00980 |
| Plaintiffs | * | JUDGE PAPILLION |
| VERSUS | * | |
| **ST. TAMMANY PARISH GOVERNMENT,** a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual capacity | * | MAGISTRATE DOSSIER |
| | * | JURY DEMAND |
| | * | COMBINED WITH *Louviere v. St. Tammany Parish Government* No. 2:20-cv-01840-WBV-DPC |
| Defendants | * | ALL CASES |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR TEMPORARY STAY PENDING RESOLUTION OF DEFENDANT'S MOTION FOR RECONSIDERATION AND INTERLOCUTORY APPEAL**

---

**MAY IT PLEASE THE COURT:**

   **NOW COMES,** through undersigned counsel, Defendant, Sheriff Randy Smith, in his official capacity, who respectfully submits this Memorandum in Support of his Motion for Temporary Stay Pending Resolution of Defendant's Motion for Reconsideration and Interlocutory Appeal.

**I.   PROCEDURAL BACKGROUND**

   On May 15, 2024, Defendants, Sheriff Randy Smith and Lacey Kelly, filed their *Motions for Summary Judgment* as to the claims of Plaintiffs, Ahmed Baqer, Klabert Joseph Guillot, Sr.,

Terry Matthew Hall Jr., Kevin Louviere and Floyd Williams.[1] On March 28, 2025, this Honorable Court issued its Order and Reasons wherein the Court granted Defendants' Motions in part and denied the Motions in part.[2]

On March 31, 2025, less than one (1) business day after the Court's ruling on Defendants' Motions, and before the remaining Defendant, Sheriff Smith, had time to determine whether to file a Motion for Reconsideration, Plaintiffs attempted to request leave[3] to amend their Complaints, despite the deadline having passed nearly five (5) years ago,[4] and further seeking leave to file a renewed motion for class certification, despite this Court having denied Plaintiffs previous attempt over three (3) years ago.[5] Plaintiffs' motion for leave to file renewed motion for class certification makes clear that the five (5) Plaintiffs now seek to drastically expand this litigation, which has been ongoing since March 22, 2020, to include "hundreds if not thousands of other pretrial detainees."[6] Plaintiffs' motion, however, was deemed deficient due to failure to attach the necessary proposed pleadings.

On April 10, 2025, Defendant filed his *Motion for Reconsideration*, which is currently pending before this Court.[7] On April 18, 2025, counsel for Plaintiffs requested an extension of time to file a response to Defendant's *Motion for Reconsideration*. Undersigned counsel provided consent to Plaintiffs' request, and Plaintiff subsequently filed a Motion for Extension of Time.[8] At the same time, Plaintiffs filed a notice to the Court, informing the Court that they would also be refiling their motion for leave to file amend their Complaints and to file a renewed motion for class

---

[1] See R. Docs. 387, 388, 390, 391, and 392.
[2] See R. Doc. 457.
[3] See R. Doc. 458.
[4] See R. Doc. 74, providing that the deadline to file "Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than September 2, 2020, in accordance with Local Rule 7.6."
[5] See R. Doc. 171.
[6] See R. Doc. 458, pg. 3.
[7] See R. Doc. 464.
[8] See R. Doc. 469.

certification, wherein they seek leave to drastically expand the scope of this litigation to include "hundreds if not thousands" of other pretrial detainees.[9]

For the reasons provided more fully below, Defendant respectfully requests a stay of the foregoing proceedings, including any responses to Plaintiffs' forthcoming motions for leave to amend and to file a renewed class certification, until this Court reaches a resolution of Defendant's *Motion for Reconsideration*, and depending on the outcome of that resolution, Defendant is afforded the opportunity to assert his rights by filing a motion for interlocutory appeal. Indeed, Defendant should be allowed an opportunity to assert his rights to reconsideration and appeal without Plaintiffs being allowed to "jump the line" and prevent Defendant from asserting such rights, and before Defendant incurs unnecessary costs opposing an untimely and baseless motion for certification yet again.

## II. LAW AND ARGUMENT

### A. This Court has broad discretion to issue a temporary stay

Courts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court.[10] "A district court has 'broad discretion to stay proceedings as an incident to its power to control its own docket.'"[11] "The Court has inherent power to stay proceedings."[12] The district court has the discretion to stay discovery pending resolution of a dispositive motion.[13] Courts routinely issue stays pending resolution of applications for

---

[9] See R. Doc. 470.
[10] *In re Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984); *United States v. Moreno*, 857 F.3d 723, 726 n.1 (5th Cir. 2017).
[11] *Cosola v. Ecohealth All.*, 2023 U.S. Dist. LEXIS 244762 (W.D. Tx. 2023), citing *Doe v. City of Austin*, 2022 WL 4234954 (W.D. Tx. 2022) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).
[12] *Morales v. Ok Trans, Inc.*, 2024 U.S. Dist. LEXIS 118086 (S.D. Tx. 2024), citing *Nguyen v. BP Expl. & Prod., Inc.*, 2010 U.S. Dist. LEXIS 80068 (S.D. Tx. 2010) (first citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); and then citing *BarTex Rsch. v. FedEx Corp.*, 611 F. Supp. 2d 647, 649 (E.D. Tx. 2009); See also *SP Plus Corp. v. IPT, LLC*, 2017 WL 1423882 (E.D. La. 2017) (noting "the district court can exercise its inherent power to stay proceedings pending the resolution of an interlocutory appeal[]" and collecting cases).
[13] *Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 352 (5th Cir. 2011).

interlocutory appeals.[14]

In this case, Defendant simply seeks a temporary stay in this matter while the Court considers the Defendant's pending *Motion for Reconsideration*, as well as any subsequent interlocutory appeal. Defendant first notes that it would be legally premature for the Court to permit Plaintiffs to file and open briefing on their renewed motion for class certification and motion to amend their complaint prior to issuing a decision on Defendant's *Motion for Reconsideration*. Indeed, if the Court were to grant Defendant's *Motion for Reconsideration* and ultimately dismiss Plaintiffs' claims, then the Plaintiffs' motions would be moot. Further, should this Court deny Defendant's *Motion for Reconsideration*, Defendant would still have the legal right and opportunity to seek an interlocutory appeal. Allowing Plaintiffs to file and open briefing on their motions while Defendant seeks an interlocutory appeal would also be premature, as the granting of the appeal could result in the ultimate termination of the litigation.

Moreover, Defendant notes that the denial of a temporary stay in this matter would undoubtedly result in irreparable injury to the Defendant. For example, granting Plaintiffs' motions prior to allowing Defendant the opportunity to seek an interlocutory appeal would create procedural confusion and result in Defendant incurring extensive fees and costs briefing issues that have no merit, have been decided previously, and which this Court and the Fifth Circuit may determine are dismissed. Additionally, the Plaintiffs' motions would ***completely change the entire complexion of this matter*** by transforming it from a claim by five (5) plaintiffs to a class action involving "hundreds if not thousands of other pretrial detainees," thereby requiring further disclosure, discovery, expert testimony and motions.

Defendant avers that issuance of a temporary stay while the Court decides Defendant's

---

[14] *Morales*, 2024 U.S. Dist. LEXIS 118086, citing *Nguyen*, 2010 U.S. Dist. LEXIS 80068.

*Motion for Reconsideration* and any subsequent interlocutory appeal will **not** prejudice the Plaintiffs in any way. Indeed, should the Court deny both the *Motion for Reconsideration* and the Fifth Circuit uphold the judgment for purposes of interlocutory appeal, then the Plaintiffs will be able to file both their renewed motion for class certification and motion to amend their complaint. Additionally, a temporary stay would greatly benefit judicial efficiency and save judicial resources in this matter, as it would prevent potentially unnecessary briefing on the motions, along with the cost of renewed discovery, expert costs and motions.

Finally, there is no reason for Plaintiffs to rush the filing of these motions, which Plaintiffs have already attempted to do by seeking leave less than one (1) business day after the Court's Order and Reasons were issued. The only possible reason for rushing these motions would be to directly prejudice the Defendant by causing them to expend unnecessary resources on motions that have already been denied. In contrast, as previously noted, Plaintiffs would still have the ability to file the Motions if Defendant's reconsideration and interlocutory appeal are denied, while Defendant would be forced to expend unnecessary fees and costs if Plaintiffs' Motions were granted prematurely.

Accordingly, for these reasons, Defendant respectfully requests that this Honorable Court issue a temporary stay in this matter pending a resolution of Defendant's *Motion for Reconsideration*, and any interlocutory appeal that may be necessary following the resolution of Defendant's Motion.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant his Motion for Temporary Stay Pending Resolution of Defendant's Motion for Reconsideration and Interlocutory Appeal.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

*s/ Andrew R. Capitelli*
_____
| | |
|---|---|
| ANDREW R. CAPITELLI | # 31649 |
| BRUCE A. CRANNER | # 1796 |
| KENNETH R. WHITTLE | # 38640 |
| SARAH A. FISHER | # 39881 |

68031 Capital Trace Row
Mandeville, LA 70471
Telephone:   (985) 292-2000
Facsimile:    (985) 292-2001
acapitelli@millinglaw.com
bcranner@millinglaw.com
kwhittle@millinglaw.com
sfisher@millinglaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Monday, April 28, 2025, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Andrew R. Capitelli*
Andrew R. Capitelli