**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| Ahmed Baqer, *et al.*, | * | |
| | * | CASE NO. 20-00980-DJP-DPC |
| Plaintiffs, | * | |
| | * | Consolidated with |
| v. | * | CASE NO. 20-1840-WBV-DPC |
| | * | |
| St. Tammany Parish Government, *et al.*, | * | JUDGE PAPILLION |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE |
| | * | PHILLIPS CURRAULT |
| | * | |
| | * | JURY TRIAL DEMANDED |
| | * | |

*****************************************************************************

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SHERIFF'S MOTION TO STAY (ECF 474)**

Plaintiffs, by their undersigned counsel, submit this response[1] in opposition to the relief sought in ECF 474, a motion by defendant St. Tammany Sheriff (whom Plaintiffs will refer to as the St. Tammany Parish Sheriff's Office, or "STPSO") to stay this litigation while the STPSO pursues its motion for reconsideration as well as a potential motion for interlocutory appeal.

For the reasons set forth below, the Court should deny the STPSO's motion. Instead, as Plaintiffs explain herein, the Court should consolidate the timing of the two interlocutory review vehicles in this case: 28 U.S.C. § 1292(b), for merits decisions, and Federal Rule of Civil Procedure 23(f), for class certification decisions. Consolidating the time at which these two interlocutory vehicles are given

[1] This response relates to ALL CASES.

consideration will help avoid multiple trips up to the Fifth Circuit, which would likely add years of delay to the resolution of this five-year-old case. What the STPSO proposes, on the other hand, would increase the likelihood of multiple trips to the Court of Appeals, causing delays in this case that are entirely avoidable.

## DISCUSSION

### A. The Court should reject the STPSO's motion to stay and consolidate the timing of the interlocutory appeal vehicles in this case.

After losing its summary judgment motion, the STPSO seeks a stay that is all but guaranteed to delay the resolution of this case by months, if not years. In the Fifth Circuit, however, "[a] stay pending [interlocutory] appeal"—which is effectively what the STPSO seeks here—"is extraordinary relief for which [the movant] bear[s] a heavy burden." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) (quotation omitted). Courts analyze such stay requests pursuant to a four-factor test, *see Nken v. Holder*, 556 U.S. 418, 433 (2009), that the STPSO does not acknowledge, and for the reasons set forth below, could not hope to meet. The STPSO's stay motion should be rejected.

While Plaintiffs set out the *Nken* four-factor test below, it is best to cut to the chase. The STPSO is asking the Court to stay any consideration of Plaintiffs' forthcoming motions for class certification or to amend their complaint in order to avoid two asserted prejudices: ***first***, the cost of writing an opposition brief (or perhaps two briefs); and ***second***, being forced to contend with an expanded scope of litigation if Plaintiffs' class certification motion is granted, even while the STPSO seeks reconsideration and/or leave to file an interlocutory appeal. ECF 474-1 at 4-5.

Neither asserted prejudice is grounds for a stay. The first claimed prejudice—minor litigation cost—is a nullity. The Fifth Circuit has held that "[m]ere litigation expense, even substantial and un-recoupable cost, does not" justify a stay pending appeal. *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 375 (5th Cir. 2023) (potential un-recoupable state-court litigation costs incurred during pendency of appeal insufficient to demonstrate irreparable harm).

The second claimed prejudice—having to contend with a certified class while attempting an interlocutory appeal—is addressed in the Federal Rules themselves. If and when the Court rules on Plaintiffs' renewed motion for class certification, Rule 23(f) allows the STPSO (or Plaintiffs) to petition the Court of Appeals directly for leave to bring an interlocutory appeal challenging the class certification decision. *See* Fed. R. Civ. P. 23(f) ("A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule . . . . A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered . . . ."). The STPSO thus is in no danger of facing the "drastically" expanded litigation in the form of a certified class action without first having an opportunity to challenge that certification in the Court of Appeals.

Indeed as Plaintiffs noted at the outset of this memorandum, the availability of two interlocutory appeals vehicles in this case—28 U.S.C. § 1292(b), for merits decisions, and Federal Rule of Civil Procedure 23(f), for class certification decisions—presents the problem of multiple trips up to the Court of Appeals, with the attendant months or years of delay that multiple appeals generate. The stay proposed by the STPSO would only compound those delays, as its motion proposes

to *freeze* the case while it tries to get appellate review of its summary judgment loss, thus delaying the Court's consideration of a renewed class certification motion even longer. Such stays and the delays they cause are "an intrusion into the ordinary processes of administration and judicial review," *Nken*, 556 U.S. at 427, and require a party seeking them to satisfy a "heavy burden" showing that they are merited. *Plaquemines Par.*, 84 F.4th at 373 (quotation omitted).

Plaintiffs propose, instead, that the Court coordinate the timing of the two interlocutory review vehicles. If the Court permits Plaintiffs to file a motion for class certification, the Court should decide that motion provided that *then* the STPSO can seek leave to file an interlocutory appeal under Section 1292(b).[2] Once a class certification decision is issued the Rule 23(f) appellate vehicle becomes ripe, one or both parties could move pursuant to Rule 23(f) for review of the Court's class certification decision, at roughly the same time that the STPSO petitions this Court pursuant to Section 1292(b). Invoking both appellate routes at roughly the same time would avoid the up-and-down appellate yo-yo that the STPSO's stay motion promises. In the meantime, the only "prejudice" suffered by the STPSO would be briefing on Plaintiffs' class certification motion, which *Plaquemines Parish* has made clear is no grounds for granting a stay at all.

At bottom, the STPSO's stay motion appears to be driven by the conceit that in seeking to renew their class certification motion now, Plaintiffs are engaged in a

---

[2] To be clear, Plaintiffs make this suggestion only as to the *timing* of such a motion. Plaintiffs do not believe a Section 1292(b) motion is at all warranted in this case and will likely oppose any such motion vigorously on its merits and the appropriateness of an interlocutory appeal at all.

maneuver that is procedurally irregular and threatens to upend the management of this case. *See, e.g.*, ECF 474-1 at 3. That is simply not so. Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment," and as Wright & Miller explain, under this rule class certification motions are adjudicated at a variety of different stages in a case, including after summary judgment. *See* Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1785.4 (3d ed.) (collecting cases). Doing so is particularly appropriate here, where the Court's summary judgment decision narrowed the case to those alleged deprivations that were proximately caused by STPSO's decision to rent out large parts of the jail, while eliminating those that were not. *Compare, e.g.*, ECF 457 at 15-19 (lack of exercise and sleep attributable to rentals) *with id.* at 19-21 (medical care not attributable to rentals). This narrowing focused the case on true class claims that can be adjudicated all at once.

This is an opportune time, before a trial is conducted in this case, for the Court to decide whether a single trial can be conducted for all the putative class members, or whether one putative class member after another would be required to come in to court and offer the same evidence, over and over, to prove up the STPSO's liability for their extended confinement in the holding cells. Once that class certification decision is made, this Court, and the Court of Appeals, will have a full view of the case and will be in a better position to decide whether interlocutory review—whether of the merits under Section 1292(b), of class certification under Rule 23(f), or both—is appropriate. The STPSO's stay motion, which would necessarily separate these two interlocutory vehicles, both creates delay and

fractures the consideration of interlocutory appellate review—all to save the STPSO the trouble of filing a brief (or two) in response to the two motions Plaintiffs have proposed to file. The STPSO's proposal would interfere with the orderly administration of this case and the Court should reject it.

**B. The STPSO's motion to stay fails the *Nken* four-factor test.**

The STPSO emphasizes that the Court has discretion to grant a stay. ECF 474-1 at 3-4. "But '[t]he fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion.' " *Ensco Offshore, LLC v. Cantium*, LLC, No. CV 24-371, 2024 WL 4058968, at *2 (E.D. La. Sept. 5, 2024) (quoting *Nken*, 556 U.S. at 434). To the contrary, courts treat stays as 'extraordinary relief' for which [movants] bear a 'heavy burden,' " *Id.* (quoting *Plaquemines Par.*, 84 F.4th at 373), and they provide that to obtain a stay pending appeal, the movant must show:

1. A likelihood of success on the merits, or, if a serious legal question is involved, a substantial case on the merits and equities weighing heavily in favor of granting the stay;
2. irreparable injury;
3. that the stay will not harm other parties; and
4. that the stay would serve the public interest.

*Id.* (citations omitted). *Accord Nken*, 556 U.S. at 425–26 (listing same four factors). And "[a]lthough no factor is dispositive, the likelihood of success and irreparable injury factors are 'the most critical.'" *All. for Hippocratic Med. v. Food & Drug Admin.*, No. 23-10362, 2023 WL 2913725, at *4 (5th Cir. Apr. 12, 2023) (quoting *Nken*, 556 U.S. at 434). Furthermore, "[s]uccess on either factor requires that the

stay seeker make a strong not merely 'possib[le]' showing. *Id.* (quoting *Nken*, 556 U.S. at 434).

The STPSO's motion to stay does not begin to satisfy these criteria. It does not acknowledge the *Nken* factors at all, and speaks of almost none of them—it does not explain **(1)** either the likelihood of its success in overturning its summary judgment loss (either on reconsideration or on a Section 1292(b) appeal); it **(3)** does not acknowledge the prejudice to Plaintiffs and the numerous putative class members that would result from multiple interlocutory trips to the Court of Appeals in this five-year-old case; and **(4)** and it does not discuss the public interest at all, particularly the public interest in prompt adjudication of whether the government of St. Tammany Parish has been violating the constitutional rights of thousands of pretrial detainees through its private rental contracts with outside entities. The only factor that the STPSO's memorandum dwells on is **(2)** the cost it would incur by briefing Plaintiffs' class certification motion (and motion to amend), but as Plaintiffs set forth *supra*, "it is well established that 'mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.'" *Ryan LLC v. Fed. Trade Comm'n*, 739 F. Supp. 3d 496, 517 (N.D. Tex. 2024) (quoting *Plaquemines Par.*, 84 F.4th at 375 (brackets omitted)).[3] The STPSO's motion does not make the strong showing required under *Nken* and *Plaquemines Parish*.

[3] The expense Plaintiffs' proposal contemplates before the Section 1292(b) / Rule 23(f) interlocutory stage, additionally, would be mere briefing costs, which are comparatively minor in a long-running case like this one. *See supra*.

## CONCLUSION

The STPSO's stay motion does not approach the demanding standard under which the Fifth Circuit analyzes requests for stay pending interlocutory appeal. Its request for a stay should be denied. By contrast Plaintiffs' proposal, set out above, provides a practicable and efficient means for the Court to administer the two interlocutory appeal vehicles available to the litigants in this case, in a manner that offers the best promise of a speedy and efficient resolution of this case, without the problems created by the relief that the STPSO's request would create.

Date: May 7, 2025

Respectfully submitted,

/s/ Stephen H. Weil

Devon M. Jacob* (PA89182)
JACOB LITIGATION, INC.
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Maria B. Glorioso (#24435)
T.A. Vincent J. Glorioso, Jr. (#6064)
THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairie, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

Antonio M. Romanucci*
Sam Harton*
Josh Levin*
Stephen H. Weil*
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
aromanucci@rblaw.net
sharton@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net
* *Admitted pro hac vice*

*Attorneys for Plaintiffs*