**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE PAPILLION** |
| **VERSUS** | * | |
| | * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual capacity** | * | **MAGISTRATE CURRAULT**<br><br>**JURY DEMAND**<br><br>**COMBINED WITH *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC***<br><br>**ALL CASES** |
| **Defendants** | * | |

*******************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY STAY PENDING RESOLUTION OF DEFENDANT'S MOTION FOR RECONSIDERATION AND INTERLOCUTORY APPEAL**

**MAY IT PLEASE THE COURT:**

**NOW COMES,** through undersigned counsel, Defendant, Sheriff Randy Smith, in his official capacity, who respectfully submits the following Reply Memorandum in Support of his *Motion for Temporary Stay Pending Resolution of Defendant's Motion for Reconsideration and Interlocutory Appeal.*[1]

[1] R. Doc. 474.

**1. The foregoing motion to stay was necessitated as a result of Plaintiffs' actions.**

At the outset, Defendant notes that he had **no intention of seeking a temporary stay** in this matter but was forced to do so in response to Plaintiffs' rushed attempt to deny Defendant his legal rights to seek reconsideration and potential interlocutory appeal **less than one (1) business day** after this Court's ruling on the *Motions for Summary Judgment*. Indeed, the motion was necessitated by Plaintiffs' immediate actions, which would have resulted in Defendant potentially losing the opportunity to seek the relief he is **legally entitled to seek**. As will be further discussed below, Plaintiffs' claim essentially argues that Defendant's assertion of his legal rights is nothing more than an impediment, which is especially disingenuous, as Plaintiffs have consistently requested, and been granted, **numerous extensions of time**, which have delayed resolution of this matter by over one hundred and thirty (130) days since 2024 alone.

**2. Plaintiffs' reliance on inapplicable case law.**

Defendant notes that Plaintiffs' reliance on *Nken v. Holder*[2] ignores Defendant's argument that a temporary stay should be issued **pending resolution of Defendant's Motion for Reconsideration**.[3] Plaintiffs reliance on *Nken*, which involved a non-citizen appealing a judgment from the Fourth Circuit, seeking a stay of a **final order** of removal from the United States under 8 U.S.C.S. § 1252(f), which established a four-factor test for issuance of a stay pending an interlocutory appeal, is completely misplaced.[4] As Plaintiffs are well-aware, because there is currently **no final judgment and no pending interlocutory appeal**, Plaintiffs' reliance on the four-factor test in *Nken* is inapplicable to Defendant's request for a temporary stay pending resolution of Defendant's ***Motion for Reconsideration***.

---

[2] *Nken v. Holder*, 556 U.S. 418 (2009).
[3] See R. Doc. 474.
[4] *Nken*, 556 U.S. 418.

Instead, as Defendant has specifically provided, he is seeking a temporary stay pending the resolution of his *Motion for Reconsideration*, which is **not** an interlocutory appeal. Defendant's temporary stay is further sought in order to provide Defendant the opportunity to seek an interlocutory appeal. As noted in Defendant's motion to stay, this Court has "broad discretion to stay proceedings as an incident to its power to control its own docket,"[5] including the "inherent power to stay proceedings."[6] Indeed, as noted by the U.S. Supreme Court, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7]

As provided above, this Court has broad authority to issue a stay in this matter. In accordance with this authority, Defendant simply requests at this point that the Court issue a temporary stay in this matter pending the resolution of Defendant's *Motion for Reconsideration*. Defendant further notes that if an appeal is necessary following this motion, then the test set forth in *Nken* (which is met) could be asserted by Plaintiffs. As of now, Plaintiffs' attempt to disqualify an appropriate stay request with an inapplicable test must be rejected.

**3. Plaintiffs' opposition ignores the multitude of ways Defendant would be prejudiced by a denial of a temporary stay to allow Defendant to assert his legal rights.**

Plaintiffs' opposition contains a list of prejudices that Plaintiffs claim the Defendant has asserted would befall him if a temporary stay is denied. Plaintiffs, unsurprisingly, attempt to mislead the Court by failing to actually include, list or even discuss the prejudices that were consistently noted in Defendant's motion to stay, and which Defendant **will face if a stay is not**

[5] *Cosola v. Ecohealth All.*, 2023 U.S. Dist. LEXIS 244762 (W.D. Tx. 2023), citing *Doe v. City of Austin*, 2022 WL 4234954 (W.D. Tx. 2022) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).
[6] *Morales v. Ok Trans, Inc.*, 2024 U.S. Dist. LEXIS 118086 (S.D. Tx. 2024), citing *Nguyen v. BP Expl. & Prod., Inc.*, 2010 U.S. Dist. LEXIS 80068 (S.D. Tx. 2010) (first citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); and then citing *BarTex Rsch. v. FedEx Corp.*, 611 F. Supp. 2d 647, 649 (E.D. Tx. 2009); See also *SP Plus Corp. v. IPT, LLC*, 2017 WL 1423882 (E.D. La. 2017).
[7] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

**granted**. Instead, Plaintiffs decided to pick two (2) of the ways in which Defendant noted he would be prejudiced, ignore the rest, and inaccurately assert that those two were the only ones noted by Defendant. Indeed, Plaintiffs completely ignore the fact that denying a temporary stay and allowing Plaintiffs to open briefing on their forthcoming, and untimely motions to amend and motion for class certification, would be improper for several reasons, including that:

(1) it would affect Defendant's ability to assert his full legal right to reconsideration and to seeking an interlocutory appeal, if necessary, by allowing Plaintiffs to "jump the line" in front of Defendant;

(2) it would be premature while a decision on Defendant's *Motion for Reconsideration* is pending;

(3) it would be premature, as the granting of either the *Motion for Reconsideration*, or the interlocutory appeal could result in the **ultimate termination of the litigation**, or affect the pending, untimely and duplicative class certification motion; and

(4) denial of a temporary stay prior to a ruling on Defendant's *Motion for Reconsideration* and before allowing Defendant the opportunity to seek an interlocutory appeal would create procedural confusion, and result in extensive and unnecessary costs and expenses.[8]

As previously noted above, **all** of these prejudices that would befall the Defendant are noted and discussed in Defendant's motion to stay,[9] but Plaintiffs, however, have completely ignored these obvious prejudices, and instead, have attempted to mislead the Court into believing that Defendant only noted that he would be prejudiced by the cost of writing an opposition brief to motions that would be moot if reconsideration is granted and/or interlocutory appeal is granted in Defendant's favor,[10] and that Plaintiffs' forthcoming, but yet to be filed, motions would drastically

[8] See R. Doc. 474.
[9] See R. Doc. 474.
[10] In an interesting turn of events from less than one (1) month ago, Plaintiffs now claim that the legal costs and expenses Defendant would incur are irrelevant and should be completely disregarded, despite Plaintiffs just recently citing such costs as a reason for why they should not have to comply with the Local Rules or Rules of Federal Civil Procedure. (See R. Doc. 465, pg. 3, wherein Plaintiffs state "At the same time, drafting a motion for class certification—to be attached as a proposed motion, per Deficiency Code 17—will require an expenditure of dozens of hours of attorney time, on par with drafting or responding to a motion for summary judgment. Were the Court to

expand the scope of litigation.[11] However, as provided in the list above, these prejudices are real, and would only befall Defendant if this Court were to allow Plaintiffs to proceed at their now rushed pace with the filing of their motion to amend and motion for class certification without allowing Defendant to assert his full legal and lawful rights to reconsideration and, if necessary, interlocutory appeal. Indeed, all prejudice can be removed if the Court simply allows Defendant to assert the legal rights he is entitled to, which is **<u>all Defendant is seeking to do</u>**, before Plaintiffs proceed with an attempt to change the scope, nature and extent of this matter.

**4. Plaintiffs' request to consolidate is premature and not appropriate.**

Plaintiffs' opposition asserts that the Court should consolidate the timing of review of Defendant's interlocutory appeal with the review of Plaintiffs' interlocutory appeal for class certification.[12] Plaintiffs' assertion, however, is exceedingly bizarre given the fact that Plaintiffs have: (1) not sought leave to file their motions, (2) not filed either their motion to amend or their motion seeking class certification, (3) no submission date is set on Plaintiffs' motions, (4) neither the Court nor Defendant has received or reviewed the motions, (5) Defendant has been afforded no opportunity to oppose the motions,[13] (6) Plaintiffs' motions have not been denied, and (7) Plaintiffs have not sought interlocutory appeals on those denials. Indeed, Plaintiffs' argument is the very definition of putting the cart in front of the horse by seeking to consolidate interlocutory appeals for motions that Plaintiffs **<u>have not even filed</u>**.

---

determine, as a procedural matter, that it did not wish even to entertain a motion for class certification (and the related amended complaint) at this stage, **<u>this considerable expenditure of resources will have been wasted, at considerable cost to Plaintiffs and their counsel</u>**."). (emphasis added).

[11] See R. Doc. 483.

[12] See R. Doc. 483.

[13] Defendant further notes that Plaintiffs' motion will be submitted nearly five (5) years after the deadline to amend their Complaint has passed (See R. Doc. R. Doc. 74, providing that the deadline to file "Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than September 2, 2020, in accordance with Local Rule 7.6"), and over three (3) years after their first motion for class certification was denied. (See R. Doc. 171).

Additionally, as noted in Defendant's motion to stay,[14] allowing Plaintiffs to file and open briefing on their motions while Defendant's *Motion for Reconsideration* is pending, and before Defendant has an opportunity to seek an interlocutory appeal, if needed, would be premature, as the granting of either could result in the **ultimate termination of the litigation** or could change the claims remaining before this Court. Indeed, the denial of a temporary stay in this matter would undoubtedly result in irreparable injury to the Defendant, as granting Plaintiffs' motions prior to issuing a ruling on Defendant's *Motion for Reconsideration*, or allowing Defendant the opportunity to seek an interlocutory appeal, would create procedural confusion and result in Defendant incurring extensive fees and costs briefing issues that have no merit, have been decided previously, and which this Court and the Fifth Circuit may determine are dismissed.

Additionally, while not relevant to the foregoing motion to stay, Plaintiffs fail to address the fact that if both interlocutory appeals are taken up simultaneously, the granting of Defendant's appeal, in whole or in part, would terminate or alter Plaintiffs' appeal, as the decision would affect the claims asserted within the class certification attempt. This obvious issue, which Plaintiffs fail to address, necessitates that Defendant **be allowed to timely assert his legal rights** and ***not*** have them affected by Plaintiffs who **would still be allowed to seek their requested relief if Defendant's motions are denied**, or if they are only granted in part. Indeed, despite Plaintiffs assertion to the contrary, this Court should ***not*** allow Plaintiffs to put a pause on Defendant's legal rights to reconsideration and seeking of interlocutory appeal by forcing Defendant to wait for Plaintiffs to file their "forthcoming" motions, which seek to **drastically expand the nature, extent and scope of this litigation**, before Defendant has had any opportunity to fully assert his full legal rights. Further, Plaintiffs' apparent dissatisfaction with Defendant being allowed to assert his full

[14] See R. Doc. 474, 474-1.

legal rights to reconsideration and potential interlocutory appeal are **not** a valid justification for this Court to unilaterally do away with Defendant's legal rights, as suggested by Plaintiffs.

**5. Consolidation of unfiled interlocutory appeals is procedurally improper.**

Defendant further notes that Plaintiffs' request to consolidate is procedurally improper. Here, because Plaintiffs are specifically seeking affirmative relief in opposition to Defendant's motion to stay, they **must file their own motion**.[15] As FRCP 7 specifically provides, "[a] request for a court order must be made by motion." Indeed, "[a]rguments asserted in response to a motion are generally not considered requests for an order."[16] Plaintiffs' request is therefore ***wholly improper***, as Plaintiffs have not filed their own motion to stay and/or motion to consolidate, but instead attempt to seek relief, prematurely, through a motion filed by the Defendant, for a motion which Plaintiffs **have yet to file**.

Further, Plaintiffs' assertion that this is "an opportune time"[17] for the Court to issue a decision with regard to consolidation of multiple potential interlocutory appeals can hardly be deemed a serious argument due to the fact that Plaintiffs **have not filed their motions**. Defendant avers that it is **never** an "opportune time" for a Court to issue a ruling on potential, forthcoming motions, which a party has not filed and the Court has not reviewed. Indeed, issuing rulings that provide relief on unfiled and unseen potential motions would defeat the entire purpose of motion practice in the legal system.

Accordingly, for these reasons, Plaintiffs' request to consolidate must be denied, as Defendant's motion is not the proper procedural vehicle for Plaintiffs to request such premature relief for motions **they have yet to file**.

---

[15] *Vance v. Safety-Kleen Sys., Inc.*, 2022 U.S. Dist. LEXIS 249681 (N.D. Tx. 2022) ("If in response to the motion, the responding party seeks to obtain affirmative relief, it must file a separate motion for that affirmative relief.")
[16] *Grosvenor v. Qwest Corp.*, 733 F.3d 990, 997 (10th Cir. 2013).
[17] See R. Doc. 483, pg. 5.

**6. Plaintiffs' actions confirm that they are not actually concerned with potential delay in this matter.**

Plaintiffs further claim that Defendant's motion for a **temporary** stay, while Defendant asserts his lawful, legal rights to reconsideration and, if needed, interlocutory appeal, will result in the delay of the resolution of this case "by months, if not years."[18] Plaintiffs' claim, however, is directly contradicted by the fact that Plaintiffs have informed the Court that they will be filing motions that **will drag this litigation on for years**, by seeking to amend their Complaint, reassert a class certification to drastically expand this litigation to include "***hundreds if not thousands***" of other pretrial detainees, and which will further require the re-opening of discovery and all stages of this litigation.[19] (Defendant notes that Plaintiffs previous class certification attempted to certify a class of 5,000 Plaintiffs. See R. Doc. 158-1, pg. 9; R. Doc. 171, pgs. 7 – 8, 11, 18 – 19).

Indeed, it is unclear how Plaintiffs can assert that Defendant is seeking to delay resolution of this matter by simply asserting his legal rights, while also attempting to drastically expand the scope of this litigation after **five (5) years** to include ***hundreds if not thousands of other pretrial detainees*** which will undoubtedly require the re-opening of discovery, depositions and a new round of dispositive motions. These actions by the Plaintiffs make it apparent that "delay" is not an actual concern of Plaintiffs.

It is further clear that Plaintiffs are **not** concerned with this matter being delayed, as Plaintiffs have requested, and have received, numerous extensions to file motions, which, in just the past year and a half, have delayed resolution of this matter by over one hundred and thirty (130) days. For example, Plaintiffs' requests for extensions of time in 2025 alone have resulting in this matter being delayed by approximately fifty-five (55) additional days,[20] while Plaintiffs'

[18] See R. Doc. 483, pg. 2.
[19] See R. Doc. 470.
[20] See R. Docs. 482 & 486 (Granting Plaintiffs' motion, providing twenty-four (24) hour extension to Plaintiffs and

requests for extensions of time in 2024 resulted in delays of approximately eighty (80) additional days,[21] for a total of one hundred and thirty-five (135) days of delay.[22] Accordingly, Plaintiffs' complaints about Defendant's actions in seeking a temporary stay to assert his lawful, legal rights resulting in a temporary delay are in stark contrast to Plaintiffs' actions ***throughout the entirety of this litigation***.

Further, contrary to Plaintiffs' contention, Defendant is confident that this Court, and if needed, the Fifth Circuit, can expeditiously resolve the motion and potential appeal without it taking the "years" claims by Plaintiffs.

**7. Plaintiffs will not be prejudiced by a temporary stay.**

As previously noted both above and in Defendant's motion to stay, a temporary stay in this matter will not prejudice Plaintiffs in any way. As the Court is aware, no trial date has been set. Further, if Defendant's motion for reconsideration and interlocutory appeal are denied, Plaintiffs would still be allowed to seek their requested relief and file their motion to amend and to certify class. Accordingly, there is **no prejudice to Plaintiff** in simply allowing Defendant a brief period of time to assert his legal rights to reconsideration and, if needed, interlocutory appeal.

---

twenty-four (24) hour extension to Defendant), R. Docs. 469 & 472 (Granting Plaintiffs' motion, providing two (2) week extension to Plaintiffs, and twenty-five (25) day extension to Defendant due to Defendant's new deadline to file a reply falling in the middle of a week-long jury trial), R. Docs. 443-1 & 444 (Granting Plaintiffs' motion, providing one (1) week extension to Plaintiffs, and one (1) extension to Defendant)

[21] See R. Doc. 404 (Granting Plaintiffs' motion for extension to file opposition to summary judgment, providing twenty-five (25) additional days to Plaintiffs and eight (8) days to Defendants to file reply memorandum); See R. Docs. 407 & 408 (Granting Plaintiffs' motion for extension, providing Plaintiffs fifteen (15) additional days to file oppositions to summary judgment, and resulting in Defendants being allowed thirty-two (32) additional days to file reply memorandum in order to match Plaintiffs' total of forty (40) days to file oppositions).

[22] For the sake of brevity, Defendant did not include and/or calculate all continuances and extensions requested by Plaintiffs from 2020 – 2023. Defendant does note that those continuances and extensions, however, are voluminous.

## CONCLUSION

For the foregoing reasons, Defendant respectfully suggests that his *Motion for Temporary Stay Pending Resolution of Defendant's Motion for Reconsideration and Interlocutory Appeal* be granted.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

s/ Andrew R. Capitelli

**ANDREW R. CAPITELLI # 31649**
**BRUCE A. CRANNER # 1796**
**KENNETH R. WHITTLE # 38640**
**SARAH A. FISHER # 39881**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**acapitelli@millinglaw.com**
**bcranner@millinglaw.com**
**kwhittle@millinglaw.com**
**sfisher@millinglaw.com**
***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Tuesday, May 13, 2025, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

s/ Andrew R. Capitelli
**Andrew R. Capitelli**