IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Ahmed Baqer, *et al.*, | * | |
| | * | CASE NO. 20-00980-DJP-DPC |
| Plaintiffs, | * | |
| | * | *Consolidated with* |
| v. | * | CASE NO. 20-01840-WBV-DPC |
| | * | |
| St. Tammany Parish Government, *et al.*, | * | JUDGE PAPILLION |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS |
| | * | CURRAULT |
| | * | |
| | * | JURY TRIAL DEMANDED |
| | * | |
| | | *This filing applies to ALL CASES* |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANT STPSO'S MOTION FOR RECONSIDERATION

For the third time since the beginning of summary judgment briefing, defendants have sought an unfair advantage by untimely raising new arguments or evidence. *See* ECF 331 (Pl's Mot. to Strike Undisclosed Exhibit); ECF 394 (Pl's Mot. to Strike Defs' Mot. for Summary Judgment). This time, in defendant St. Tammany Parish Sheriff's Office's ("STPSO") 23-page reply brief in support of its motion for reconsideration, ECF 493, STPSO has raised at least three entirely new arguments that appear nowhere in its summary judgment briefing or opening brief on reconsideration. For the first time on reply, STPSO argues that: (1) Louisiana Revised Statute § 15:824—a statute STPSO has never previously raised—compels STPSO to house state prisoners, absolving STPSO of responsibility for ensuring humane conditions for pretrial detainees; (2) certain Plaintiffs' allegations regarding recreation and exercise should be ignored because they were included in the wrong section of each complaint; (3) the Court improperly

1

relied on *Scott v. Moore*, 114 F.3d 51 (5th Cir. 1997) in its summary judgment ruling because *Scott* is inconsistent with 42 U.S.C. § 1997e(e), another statute STPSO never raised in its opening briefing.

Plaintiffs request the opportunity to file a short surreply responding to these three discrete arguments that they had no prior occasion to address. Plaintiffs' proposed surreply is attached as Exhibit A to this motion. Without a chance to address STPSO's new arguments, Plaintiffs are at risk of being significantly prejudiced, given that STPSO is asking the Court to reverse course on a dispositive motion. And Plaintiffs' proposed surreply is narrow in scope, addressing only STPSO's arguments that are entirely new on reply. While Plaintiffs recognize that more than three weeks have passed since STPSO filed its reply brief, STPSO will suffer no prejudice from Plaintiffs' surreply, and the Court will benefit from a complete briefing of the identified issues.

Plaintiffs therefore request that the Court grant them leave to file the surreply attached as Exhibit A. Plaintiffs have conferred with defendants' counsel, who indicate that they oppose this motion.

**Dated:** June 18, 2025          Respectfully submitted,

*/s/ Stephen Weil*
Stephen Weil
Attorney for Plaintiffs

>Antonio M. Romanucci
>Sam Harton
>Josh Levin
>Stephen Weil
>ROMANUCCI & BLANDIN, LLC
>321 N. Clark Street, Suite 900
>Chicago, IL 60654
>Tel: (312) 458-1000
>Fax: (312) 458-1004
>aromanucci@rblaw.net
>b.raveendran@rblaw.net
>sharton@rblaw.net
>
>Maria B. Glorioso (#24435), T.A.
>Vincent J. Glorioso, Jr. (#6064)
>THE GLORIOSO LAW FIRM
>2716 Athania Parkway
>Metairie, LA 70002
>Tel: (504) 569-9999
>Fax: (504) 569-9022
>maria@gtorts.com
>
>Devon M. Jacob (*pro hac vice*)
>JACOB LITIGATION, INC.
>P.O. Box 837
>Mechanicsburg, PA 17055-0837
>Tel: (717) 796-7733
>djacob@jacoblitigation.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the eastern District of Louisiana on June 18, 2025, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

>*/s/ Stephen Weil*
>Stephen Weil
>Attorney for Plaintiffs