IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Ahmed Baqer, *et al.*, | * | |
| | * | CASE NO. 20-00980-DJP-DPC |
| Plaintiffs, | * | |
| | * | *Consolidated with* |
| v. | * | CASE NO. 20-01840-WBV-DPC |
| | * | |
| St. Tammany Parish Government, *et al.*, | * | JUDGE PAPILLION |
| | * | |
| Defendants. | * | MAGISTRATE JUDGE PHILLIPS |
| | * | CURRAULT |
| | * | |
| | * | JURY TRIAL DEMANDED |
| | * | |
| | | *This filing applies to ALL CASES* |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANT STPSO'S MOTION FOR RECONSIDERATION

For the third time since the beginning of summary judgment briefing, defendants have sought an unfair advantage by untimely raising new arguments or evidence. *See* ECF 331 (Pl's Mot. to Strike Undisclosed Exhibit); ECF 394 (Pl's Mot. to Strike Defs' Mot. for Summary Judgment). This time, in defendant St. Tammany Parish Sheriff's Office's ("STPSO") 23-page reply brief in support of its motion for reconsideration, ECF 493, STPSO has raised at least three entirely new arguments that appear nowhere in its summary judgment briefing or opening brief on reconsideration. For the first time on reply, STPSO argues that: (1) Louisiana Revised Statute § 15:824—a statute STPSO has never previously raised—compels STPSO to house state prisoners, absolving STPSO of responsibility for ensuring humane conditions for pretrial detainees; (2) certain Plaintiffs' allegations regarding recreation and exercise should be ignored because they were included in the wrong section of each complaint; (3) the Court improperly

1

relied on *Scott v. Moore*, 114 F.3d 51 (5th Cir. 1997) in its summary judgment ruling because *Scott* is inconsistent with 42 U.S.C. § 1997e(e), another statute STPSO never raised in its opening briefing.

Plaintiffs request the opportunity to file a short surreply responding to these three discrete arguments that they had no prior occasion to address. Plaintiffs' proposed surreply is attached as Exhibit A to this motion. Without a chance to address STPSO's new arguments, Plaintiffs are at risk of being significantly prejudiced, given that STPSO is asking the Court to reverse course on a dispositive motion. And Plaintiffs' proposed surreply is narrow in scope, addressing only STPSO's arguments that are entirely new on reply. While Plaintiffs recognize that more than three weeks have passed since STPSO filed its reply brief, STPSO will suffer no prejudice from Plaintiffs' surreply, and the Court will benefit from a complete briefing of the identified issues.

Plaintiffs therefore request that the Court grant them leave to file the surreply attached as Exhibit A. Plaintiffs have conferred with defendants' counsel, who indicate that they oppose this motion.

**Dated:** June 24, 2025

Respectfully submitted,

*/s/ Sam Harton*
Attorney for Plaintiffs

Antonio M. Romanucci*
Sam Harton*
Josh Levin*
Stephen H. Weil*
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
aromanucci@rblaw.net

2

sharton@rblaw.net
jlevin@rblaw.net
sweil@rblaw.net

Devon M. Jacob* (PA89182)
JACOB LITIGATION, INC.
P.O. Box 837
Mechanicsburg, PA 17055-0837
Tel: (717) 796-7733
djacob@jacoblitigation.com

Maria B. Glorioso (#24435)
T.A. Vincent J. Glorioso, Jr. (#6064) THE GLORIOSO LAW FIRM
2716 Athania Parkway
Metairie, LA 70002
Tel: (504) 569-9999
Fax: (504) 569-9022
maria@gtorts.com

* *Admitted pro hac vice*
*Attorneys for Plaintiffs*