UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AHMED BAQER, ET AL.** | **CIVIL ACTION** |
| VERSUS | NO. 20-980 |
| | (c/w 20-cv-1840-DJP-EJD) |
| | REF: ALL CASES |
| **ST. TAMMANY PARISH GOVERNMENT, ET AL.** | SECTION: "P" (3) |

### ORDER & REASONS

Before the Court is Defendant's Motion to Stay (R. Doc. 474). Defendant, Sheriff Randy Smith, in his official capacity, seeks to stay these proceedings pending the Court's decision on the Motion for Reconsideration, as well as any subsequent interlocutory appeal.[1] For the reasons that follow, Defendant's Motion to Stay (R. Doc. 474) is **GRANTED IN PART** and **DENIED IN PART**, staying this action pending resolution of Defendant's Motion for Reconsideration (R. Doc. 464).

### I.   BACKGROUND

Shortly after this Court's order granting in part and denying in part Defendants' Motion for Summary Judgment,[2] Plaintiffs moved for leave to amend their complaints and re-urge their previously-denied motion for class certification.[3] The Clerk of Court rejected that motion as deficient, and rejected Plaintiffs' next attempt, too.[4] Sheriff Smith then filed his Motion for Reconsideration, before Plaintiffs filed two separate motions for leave to file a renewed motion for class certification and an amended complaint.[5] Again, both of Plaintiffs' motions were rejected as deficient by the Clerk of Court.

---

[1] *See* R. Doc. 474-1 at 4.
[2] R. Doc. 457.
[3] *See* R. Doc. 458; *see also* R. Doc. 171.
[4] *See* R. Docs. 458, 460.
[5] *See* R. Docs. 466, 467.

On April 28, 2025, Sheriff Smith filed the instant Motion to Stay.[6] In his motion, Sheriff Smith argues that this Court should pause the proceedings pending resolution of his Motion for Reconsideration and a possible future interlocutory appeal.[7] On June 29, 2025, Plaintiffs again moved for leave to file a renewed motion for class certification, but the Clerk of Court has once more rejected Plaintiffs' filing as deficient.[8]

## II.   LAW & ANALYSIS

In their opposition to the Motion to Stay, Plaintiffs urge this Court to evaluate Defendant's Motion to Stay under the demanding four-factor test laid out in *Nken v. Holder*.[9] The *Nken* test requires courts to consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[10]

But *Nken* and its progeny address the factors courts should consider when determining whether a party should be granted relief from a court order or judgment while an appeal of that order or judgment is pending.[11] Though Sheriff Smith has signaled his intent to seek an interlocutory appeal if this Court denies his pending Motion for Reconsideration, no appeal is yet pending, and application of the *Nken* factors is, therefore, premature.

Sheriff Smith's Motion to Stay is ripe only insofar as it seeks to pause the proceedings while his Motion for Reconsideration remains pending. That leaves the instant motion within the

---

[6] R. Doc. 474.
[7] *Id.*
[8] R. Doc. 499.
[9] 556 U.S. 418, 433 (2009).
[10] *Id.* at 434.
[11] *See Plaquemines Par. v. Chevron, USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023) ("We now consider whether a stay pending appeal in this case is justified under *Nken v. Holder*.") (internal citation omitted).

Court's broad discretion to manage its docket.[12] "How to best manage the court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"[13] The Court finds that it is in the best interests of all parties for any re-urged motion for class certification to be considered only after the Court has issued a ruling on Defendant's Motion for Reconsideration so as to avoid any further efforts that may prove unnecessary or premature. The Court makes this finding without regard to the merits of the Motion for Reconsideration or the possibility of a future interlocutory appeal.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay (R. Doc. 474) is **GRANTED IN PART**, and this action is hereby **STAYED** until resolution of Defendant's Motion for Reconsideration (R. Doc. 464). Defendant's Motion to Stay (R. Doc. 474) is **DENIED IN PART** to the extent Defendant's Motion prematurely requests a stay pending an interlocutory appeal.

New Orleans, Louisiana, this 30th day of June 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").
[13] *Gonzalez v. Infostream Grp., Inc.*, No. 2:14-CV-906-JRG-RSP, 2015 WL 12910770, at *1 (E.D. Tex. Mar. 3, 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).