**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | **NO. 2020-CV-00980** |
| **Plaintiffs** | * | **JUDGE PAPILLION** |
| **VERSUS** | * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual and individual capacity, and LACEY KELLY, in her official and individual capacity** | * | **MAGISTRATE CURRAULT**<br>**JURY DEMAND**<br>**COMBINED WITH *Louviere v. St. Tammany Parish Government No. 2:20-cv-01840-WBV-DPC***<br>**ALL CASES** |
| **Defendants** | * | |

*****************************************************************************

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT STPSO'S MOTION FOR RECONSIDERATION**

**MAY IT PLEASE THE COURT:**

**NOW COMES**, through undersigned counsel, Defendant, St. Tammany Parish Sheriff Randy, in his official capacity, who respectfully requests that this Honorable Court deny Plaintiffs' *Motion for Leave to File Sur-Reply in Opposition to Defendant STPSO's Motion for Reconsideration*.[1] For the reasons set forth more fully below, Plaintiffs' motion is untimely, frivolous and should be denied by this Honorable Court.

[1] See R. Docs. 496 & 496-1.

**1. Plaintiffs' motion for leave to file sur-reply is untimely.**

On April 10, 2025 Defendant filed his *Motion for Reconsideration*.[2] On April 21, 2025 Plaintiffs filed their *Consent Motion to Extend Time to File Response and Opposition Memorandum to Defendant's Motion for Reconsideration*.[3] Plaintiffs motion requested that the Court extend the deadline for Plaintiffs to file their opposition to May 6, 2025, and further requested that the Defendant's deadline to file a reply memorandum be extended until May 23, 2025.[4] The Court granted Plaintiffs' motion on April 22, 2025.[5] Thereafter, Plaintiffs filed their opposition on May 6, 2025,[6] and Defendant filed his reply memorandum on May 23, 2025.[7]

On June 24, 2025, over a month, (thirty-three (33) days), after the Defendant filed his reply memorandum in support of his *Motion for Reconsideration*, thereby effectively closing briefing on the motion, Plaintiffs filed the foregoing *Motion for Leave to File Sur-Reply in Opposition to Defendant STPSO's Motion for Reconsideration*.[8]

Courts in this Circuit consistently deny untimely motions for leave to file sur-replies. For example, in *Robledo v. Yardi Systems, Inc.*, the court denied the plaintiff's motion for leave to file a sur-reply on the basis that the motion was filed twenty-five (25) days after the defendant had filed its reply memorandum.[9] In *McClure v. Greater San Antonio Transportation Co.*, the court denied the plaintiff's motion for leave to file a sur-reply on the basis that the motion was filed seventeen (17) days after the defendant had filed its reply memorandum.[10]

Here, as previously noted above, Plaintiffs filed their motion for leave to file sur-reply on June 24, 2025, over a month after the Defendant filed his reply memorandum in support of his

---

[2] See R. Doc. 464.
[3] See R. Doc. 469.
[4] *Id.*
[5] See R. Doc. 472.
[6] See R. Doc. 481.
[7] See R. Doc. 493.
[8] See R. Docs. 496 & 496-1.
[9] *Robledo v. Yardi Systems, Inc.*, 2024 WL 3635551 (W.D. Tx. 2024).
[10] *McClure v. Greater San Antonio Transportation Co.*, 2008 WL 11335001 (W.D. Tx. 2008).

*Motion for Reconsideration*.[11] Accordingly, Plaintiffs' motion is clearly untimely and should be denied.

**2. Plaintiffs' Motion for Leave Fails to Identify Any New Issues, Theories, or Arguments Raised by Defendants for the First Time in Their Reply Brief**

FRCP Rule 7 "contemplates only the filing of: 1) a motion; 2) a response; and 3) a reply (also referred to as a 'rebuttal')."[12] Similarly, Local Rule 7.5 does not permit a non-movant to file an additional brief after the nonmovant files its initial response, but instead only contemplates the filing of an opposition and reply memorandum by the movant.[13] "Leave of court is required to file an additional brief because, inter alia, the movant is generally entitled to file the last pleading."[14] The Fifth Circuit has consistently held that sur-replies are heavily disfavored.[15] The reason why sur-replies are disfavored is due to the fact that they are usually ***used as a strategic effort by the nonmovant to have the last word on the matter***.[16]

When a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence.[17] Accordingly, it is proper to deny a motion for leave to file a sur-reply where the party fails to demonstrate exceptional or extraordinary circumstances warranting the

[11] See R. Docs. 496 & 496-1.
[12] *Andrews v. 1788 Chicken, LLC*, 2023 WL 5418777 (S.D. Ms. 2023), citing *Brown v. Wiggins*, 2019 WL 3723628 (S.D. Miss. 2019).
[13] See Local Rule 7.5; *Stewart v. Treasure Bay Casino*, 2015 U.S. Dist. LEXIS 179699 (S.D. Ms. 2015).
[14] *Andrews*, 2023 WL 5418777, citing *Kennedy v. Jefferson Cty. Miss. by and through Bd. of Supervisors*, 2014 WL 12773803 (S.D. Ms. 2014) (citing *Pierce v. The Clarion Ledger*, 433 F. Supp. 2d 754, 760 n.7 (S.D. Ms. 2006); *Mims v. Gen. Motors*, 2011 U.S. Dist. LEXIS 109501 (S.D. Ms. 2011).
[15] *Ga. Firefighters' Pension Fund v. Anadarko Petro.*, 99 F.4th 770 (5th Cir. 2024), citing *Butler v. S. Porter*, 999 F.3d 287 (5th Cir. 2021); *Warrior Energy Servs. v. ATP Titan M/V*, 551 Fed. Appx. 749, 751 n.2 (5th Cir. 2014).
[16] *Andrews*, 2023 WL 5418777, citing *Rigsby*, 2014 WL 12713070 (S.D. Ms. 2014) (emphasis added); *Ward v. Am. Red Cross*, 2013 WL 2916519 (N.D. Tx. 2013); *Weems v. Hodnett*, 2011 WL 2731263 (W.D. La. 2011).
[17] *Ga. Firefighters' Pension*, 99 F.4th 770, citing *Residents of Gordon Plaza. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022); *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) (Providing that a district court may consider arguments and evidence raised for the first time in a reply brief as long as it gives the non-movant an adequate opportunity to respond prior to a ruling.).

relief sought.[18] ***In other words, in seeking leave to file a sur-reply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief.***[19]

This Court, in *Gamboa v. Occidental Fire & Cas. Co. of N.C.*, recently denied a Defendant's Motion for Leave to file a sur-reply memorandum, noting that the Defendant had failed to identify any new issues, theories, or arguments which the movant raised for the first time in its reply brief, and therefore the Defendant had failed to demonstrate exceptional or extraordinary circumstances warranting the relief sought.[20]

Here, as clearly provided below, contrary to Plaintiffs' assertion, there are no "new arguments," as Defendant has already asserted these arguments in his *Motion for Reconsideration*.

**a. Plaintiffs' failure to properly plead *Monell* claims for lack of exercise/recreation**

Plaintiffs' motion for leave incorrectly claims that Defendant never raised the issue that Mr. Baqer, Mr. Guillot and Mr. Williams failed to raise *Monell* claims for lack of exercise/recreation in their Complaints.[21] Plaintiffs' assertion, however, is provably false, as this very issue was raised in Defendant's *Motion for Reconsideration* in the section titled "*The Court erred in allowing claims not asserted by plaintiffs to continue to trial*."[22]

---

[18] *Weems*, 2011 WL 2731263, citing *Starr v. Cox*, 2008 WL 1914286 (D. N.H. 2008); *Lacher v. West*, 147 F.Supp. 2d 538 (N.D. Tx. 2001); *Gamboa v. Occidental Fire & Cas. Co. of N.C.*, 2024 WL 147852 (E.D. La. 2024).
[19] *Weems*, 2011 WL 2731263, citing *Harwood v. U.S.*, 2009 WL 2215080 (S.D. W.Va. 2009).
[20] *Gamboa*, 2024 WL 147852.
[21] See R. Doc. 496-1.
[22] See R. Doc. 464-1, pgs. 28 – 29.

**D. The Court erred in allowing claims not asserted by plaintiffs to continue to trial.**

Sheriff Smith notes that Court's Order potentially allows Mr. Baqer, Mr. Guillot and Mr. Williams to move forward with *Monell* claims as to lack of exercise/recreation, despite all three (3) of these Plaintiffs failing to assert such a causes of action in their Complaints.[142] Indeed, a review of the allegations contained within the Complaints clearly indicates that Mr. Baqer,[143] Mr. Guillot[144] and Mr. Williams[145] **never** asserted a cause of action for lack of

[138] See R. Doc. 457, pg. 15.
[139] *Bell*, 441 U.S. 520 at fn 28; See also *Block*, 468 U.S. 576 at 587.
[140] *Cupit*, 835 F.2d 82.
[141] *Mayfield v. Ellett*, 102 F.3d 549 (5th Cir.1996)
[142] See R. Doc. 457.
[143] See R. Doc. 1, ¶¶ 84 – 93.
[144] See R. Doc. 1, ¶¶ 108 – 116.
[145] See 2:20-cv-01840-LMA-MBN, R. Doc. 1, ¶¶ 129 – 152.





exercise/recreation. Indeed, the only Plaintiffs who have specifically asserted claims for lack of exercise/recreation are Mr. Hall[146] and Mr. Louviere.[147] Therefore, because Mr. Baqer, Mr. Guillot and Mr. Williams have never asserted conditions of confinement claims and/or *Monell* claims as to lack of exercise/recreation, those claims have never been before this Court and can therefore not be allowed to proceed to trial in this matter.[148] [23]

Defendant notes that Plaintiffs seem to take issue with the fact that Defendant's reply memorandum responded to Plaintiffs' citation to their previously dismissed general class allegations as support for their claim that they properly asserted a *Monell* claim for lack of exercise/recreation.[24] Essentially, Plaintiffs have taken issue with the fact that Defendant filed a reply memorandum for the very purpose of using the reply memorandum as it is intended to be used, *i.e.*, **replying** to Plaintiffs' incorrect argument as to their previously dismissed general class allegations. Indeed, a reply is used to address the arguments raised by the memorandum in

[23] *Id.*
[24] See R. Doc. 481, pg. 23; See R. Doc. 493, pgs. 14 – 15; See R. Doc. 496-1.

opposition.[25] Accordingly, there is no "new" argument, and Plaintiffs assertion is contrary to the clear arguments contained in the motions themselves.[26]

Defendant notes that it is evident on the face of the pleadings that while Mr. Hall and Mr. Louviere alleged *Monell* claims for lack of recreation/exercise, Plaintiffs, Mr. Baqer, Mr. Guillot and Mr. Williams, ***failed*** to raise those same claims. Plaintiffs now ask that this Honorable Court overlook this fact and disregard their failure to bring forward these claims and instead allow them to proceed with claims which they did not assert in their own individual capacities. However, as this Court is well-aware, the law mandates that such claims be properly pled and asserted by the Plaintiffs, individually, in their Complaint. Reliance on ***dismissed class allegations*** do not and cannot suffice.

Finally, Defendant notes that Plaintiffs assertion that Defendant's argument in its reply memorandum should be struck because it is longer than the same argument raised in Defendant's *Motion for Reconsideration* cannot be taken seriously. Defendant again notes that his reply memorandum was used to reply to the arguments Plaintiffs raised in opposition to Defendant's motion. There is no rule, nor have Plaintiffs cited any authority, requiring a reply argument to be shorter than either an initial or opposition argument. Common sense dictates that the argument would obviously be longer in the reply, as Defendant was forced to address Plaintiffs' incorrect arguments asserting that the claims were properly alleged because they were asserted in Plaintiffs dismissed class allegations. Accordingly, Plaintiffs' argument has no merit and should be disregarded.

**b. Improper reliance on *Scott v. Moore***

Plaintiffs' motion for leave incorrectly claims that Defendant never raised the issue of the Court's improper reliance on *Scott v. Moore*. Indeed, Defendant's *Motion for Reconsideration*

---

[25] *Cole v. Oceaneering Int'l, Inc.*, 2023 WL 4459899 (E.D. La. 2023), citing *Weems*, 2011 WL 2731263, at *1.
[26] See R. Doc. 464-1, pgs. 28 – 29; See R. Doc. 481, pg. 23; See R. Doc. 493, pgs. 14 – 15; See R. Doc. 496-1.

raises these exact arguments in pages 24 – 26, as it relates to *Scott* being: (1) factually distinguishable; (2) not being a conditions of confinement case; and (3) dicta and not binding law.[27] Accordingly, there is no "new" argument, and Plaintiffs assertion is contrary to the clear arguments contained in the motions themselves.

**3. Defendant is entitled to respond to the arguments in Plaintiffs' opposition**

As previously noted above, a reply is used to address the arguments raised by the memorandum in opposition.[28] Indeed, "[p]arties are permitted to submit evidence and arguments in a reply brief 'to rebut a new argument raised by the opposing party in a response.'"[29] This is precisely what Defendant's reply memorandum was used for, addressing the arguments contained within Plaintiffs' opposition.

For example, Plaintiffs' opposition asserted that Defendant's arguments regarding the fact that it is obligated by state law to house federal detainees/inmates has no impact on Plaintiffs' claims because the St. Tammany Parish Jail ("STPJ") also housed detainees/inmates of the Louisiana Department of Corrections & Public Safety ("LDOC").[30] In response to this argument, Defendants first noted that the STPJ is obligated to house sentenced prisoners in accordance with the foundational purpose and design of the STPJ, as provided by the United Sates Department of Justice.[31] This was not asserted as some "new argument," but was based on the record and the evidence ***cited to and provided by the Plaintiffs in their Oppositions to Summary Judgment***. Indeed, each Plaintiff attached a copy of the 2012 Department of Justice letter as an exhibit to their opposition to summary judgment,[32] and further cited this letter in

---

[27] See R. Doc. 464-1, pgs. 24 – 26.
[28] *Cole*, 2023 WL 4459899, citing *Weems*, 2011 WL 2731263, at *1.
[29] *Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, 2024 U.S. Dist. LEXIS 166872 (W.D. Tx. 2024), citing *C&M Oilfield Rentals LLC v. Location Illuminator Techs. LLC*, 2020 U.S. Dist. LEXIS 148248 (W.D. Tx. 2020).
[30] See R. Doc. 481, pgs. 5 – 6.
[31] See R. Doc. 493, pg. 7.
[32] See R. Docs. 409-4, 410-7, 411-5, 412-4 & 413-4.

those very oppositions.[33] Defendant finds it difficult to reconcile Plaintiffs' claim that he has presented a "new argument" when he has simply responded directly to Plaintiffs' opposition by citing to information ***provided by Plaintiffs*** in their oppositions to summary judgment.

In further responding to Plaintiffs' opposition Defendant noted that the STPJ is also obligated to house DOC detainees/inmates pursuant to the 1996 federal settlement agreement entered into by the DOC an LSA.[34] This 1996 federal settlement agreement is not some "new argument," but was ***cited and discussed by Plaintiffs in their Oppositions to Summary Judgment***[35] ***and Statements of Additional Facts***.[36]

> As part of the Settlement, the State established a formal partnership with the Louisiana Sheriffs' Association (LSA) for the housing of DPS&C offenders. Pl's SOF No. 235. The DPS&C has the authority to establish minimum standards that each parish jail must follow in order to be permitted to house people in DPS&C's custody. Pl's SOF No. 236. The partners – DPS&C and LSA – established Basic Jail Guidelines, which became effective on April 1, 1997. Pl's SOF No. 237. The Basic Jail Guidelines are "a comprehensive and meaningful set of provisions that must be adhered to by any parish prison or local jail facility as a condition of housing state inmates." Pl's SOF No. 238. The Basic Jail Guidelines "were designed to assure that the fundamental constitutional rights of DPS&C offenders housed in local jails would not be jeopardized by such housing arrangements." Pl's SOF No. 239. [37]

[33] See R. Docs. 409, 410, 411, 412 & 413.
[34] See R. Doc. 493, pg. 7.
[35] For example, See R. Doc. 411, pgs. 16 – 17.
[36] For example, See R. Doc. 409-2, pg. 37, ¶¶ 267-271.
[37] See R. Doc. 411, pgs. 16 – 17.

**H. <u>1996 the U.S. District Court M.D.La. Settlement Agreement</u>**

267. In 1996, the United States District Court for the Middle District of Louisiana approved a Settlement Agreement that ended over 20 years of Court supervision and consent decrees in almost all of Louisiana's jails and prisons.[2]

268. The Louisiana Department of Public Safety and Corrections (DPS&C) and local public entities are authorized by law to execute Cooperative Endeavor Agreements, whereby local entities agree to provide jail space **in excess of local needs** in exchange for the State's commitment to utilize a fixed percentage of the space.[3]

269. "This facilitates financing of new jail space when other options are not available and allows expansion of the number of beds **for local as well as state use**."[4]

270. As part of the Settlement, the State established a formal partnership with the Louisiana Sheriffs' Association (LSA) for the housing of DPS&C offenders.[5]

271. The DPS&C has the authority to establish minimum standards that each parish jail must follow in order to be permitted to house people in DPS&C's custody.[6] [38]

Plaintiffs, however, attempt to mislead this Court by claiming Defendant has asserted new arguments, despite the fact that Defendant is ***citing to information and arguments asserted by Plaintiffs in opposition to summary judgment***. Indeed, it is clear that Plaintiffs are not concerned with Defendant asserting a "new argument," but that they are instead concerned that Defendant, by law, was allowed an opportunity to address their arguments in a reply memorandum.[39]

Additionally, Defendant's reply briefly pointed to La. R.S. 15:824(b)(1)(a) and 15:566(A) & (B) which provide a list of the categories of state prisoners that the STPJ is obligated to take. Plaintiffs, however, seem to object to Defendant citing these mandatory state laws, and would rather have the Court issue a ruling in this matter that is contrary to Louisiana law. However, as this Court is aware, the purpose of a reply memorandum is for the movant to respond to the non-movant's arguments. For example, if the non-movant opposition asserts that murder is not a crime, then the movant can cite to law establishing that murder is a crime in his

---

[38] See R. Doc. 409-2, pg. 37, ¶¶ 267-271.
[39] See R. Doc. 496-2, pg. 5.

reply. While this example may seem extreme it is the most accurate depiction of the situation at issue herein as Defendant has simply cited Plaintiffs' own prior arguments and evidence submitted in opposition to summary judgment, as well as two (2) Louisiana state statutes which provide the categories of state prisoners the STPJ is obligated, by law, to take, in direct response to Plaintiffs inaccurate statements of law. Defendant has therefore not improperly used the reply memorandum to raise new arguments but has simply used it to respond to Plaintiffs' opposition.

Finally, with regard to Plaintiffs' bizarre claim that Defendant has been provided some "unfair advantage," Defendant again notes that FRCP Rule 7 and the local rules of this Court allow the Defendant, as the movant, to file a reply memorandum wherein the Defendant is allowed to respond to Plaintiffs' arguments, which is precisely what Defendant has done. Plaintiffs' attempted claim of some "unfair advantage" is therefore without merit and should be disregarded. The only 'unfair' advantage in this matter would be in entertaining Plaintiffs extremely untimely sur-reply, filed over a month, (thirty-three (33) days), after Defendant filed his reply memorandum.

**4. Plaintiffs' seek to have the last word.**

As previously noted above, FRCP Rule 7 "contemplates only the filing of: 1) a motion; 2) a response; and 3) a reply,"[40] while Local Rule 7.5 does not permit a non-movant to file an additional brief after the nonmovant files its initial response, but instead only contemplates the filing of an opposition and reply memorandum by the movant.[41] Indeed, the movant is generally entitled to file the last pleading,[42] and the Fifth Circuit has consistently held that sur-replies are

[40] *Andrews*, 2023 WL 5418777, citing *Brown*, 2019 WL 3723628.
[41] See Local Rule 7.5; *Stewart*, 2015 U.S. Dist. LEXIS 179699.
[42] *Andrews*, 2023 WL 5418777, citing *Kennedy*, 2014 WL 12773803 (citing *Pierce*, 433 F. Supp. 2d 754, 760 n.7); *Patton*, 2014 U.S. Dist. LEXIS 900; *Mims*, 2011 U.S. Dist. LEXIS 109501.

heavily disfavored,[43] due to the fact that they are usually ***used as a strategic effort by the nonmovant to have the last word on the matter***.[44]

In this case, Plaintiffs seek to abuse the use of a reply memorandum in order to have the last word in this matter by falsely claiming that Defendant has raised new arguments in his reply. Indeed, as clearly provided above, there are no "new arguments," as these arguments have already been raised by the Defendant in his *Motion for Reconsideration*, and by the Plaintiffs, themselves in their oppositions to summary judgments and attachments thereto. Additionally, Defendant is allowed to rebut the arguments contained in Plaintiffs' opposition, especially those that are legally incorrect.

Defendant, therefore, avers that the Plaintiffs should not be allowed to have the last word in this matter, especially considering the fact that Plaintiffs have waited over a month to do so. For this additional reason Plaintiffs' motion for leave should be denied.

**5. If Plaintiffs' motion for leave is granted, Defendant requests an opportunity to respond to Plaintiffs' sur-reply**

Defendant respectfully requests that if this Honorable Court issues an Order granting Plaintiffs' motion for leave to file a sur-reply, which was filed over a month after Defendant filed his reply memorandum, that Defendant be allowed an opportunity to file a brief response to the arguments contained within Plaintiffs' motion.

**6. Plaintiffs continued false claims of waiver of 'affirmative defenses'**

Defendant again notes that Plaintiffs continue to assert that various Louisiana Revised Statutes and state law constitute so-called "affirmative defenses." As noted in Defendant's reply memorandum, Plaintiffs have provided ***no case law*** establishing that these Louisiana Revised Statutes constitute affirmative defenses. Indeed, Plaintiffs argument essentially claims that a

[43] *Ga. Firefighters' Pension Fund*, 99 F.4th 770, citing *Butler*, 999 F.3d 287, 297; *Warrior Energy Servs.*, 551 Fed. Appx. 749, 751 n.2.
[44] *Andrews*, citing *Rigsby*, 2014 WL 12713070; *Ward*, 2013 WL 2916519; *Weems*, 2011 WL 2731263.

Defendant cannot cite any revised statute or raise any argument supported by case law unless he has recited all statutes within his Answer to the Complaint.[45] As this Court is well-aware, statements of law are not affirmative defenses. Accordingly, Plaintiffs' unsupported claim that state laws asserted by Defendant constitute affirmative defenses must be disregarded.

**7. CONCLUSION**

For the reasons stated herein, Defendant, St. Tammany Parish Sheriff Randy Smith, respectfully request that this Honorable Court issue an Order denying Plaintiffs' *Motion for Leave to File Sur-Reply in Opposition to Defendant STPSO's Motion for Reconsideration*. Alternatively, Defendant respectfully requests that this Honorable Court issue an Order granting Defendant an opportunity to file a response to the arguments contained within Plaintiffs' motion.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

s/ Andrew R. Capitelli
**ANDREW R. CAPITELLI # 31649**
**BRUCE A. CRANNER # 1796**
**KENNETH R. WHITTLE # 38640**
**SARAH A. FISHER # 39881**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**acapitelli@millinglaw.com**
**bcranner@millinglaw.com**
**kwhittle@millinglaw.com**
**sfisher@millinglaw.com**
***Counsel for Defendants***

[45] This would essentially require the Defendant, at the initial pleading stage, to anticipate every possible argument that the Plaintiff could raise throughout the course of litigation, as well as require the Defendant to have the foresight as to what a court's possible reasons for denying a Defendant's future dispositive motion may be. Such a standard is clearly impractical, which is why no such standard exists.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on Tuesday, July 01, 2025, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

__s/ Andrew R. Capitelli__
**Andrew R. Capitelli**