**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **AHMED BAQER, KLABERT JOSEPH GUILLOT, JR., and KLABERT JOSEPH GUILLOT, SR.** | * | **NO. 2020-CV-980** |
| **Plaintiffs** | * | |
| **VERSUS** | * | **JUDGE PAPILLION** |
| | * | |
| **ST. TAMMANY PARISH GOVERNMENT, a/k/a ST. TAMMANY PARISH COUNCIL, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, in his official and individual capacity, RODNEY J. STRAIN, in his official and individual capacity, GREG LONGINO, in his official and individual capacity, and LACEY KELLY, in her official and individual capacity** | * | **MAGISTRATE CURRAULT** |
| | * | **JURY DEMAND** |
| **Defendants** | * | |

**************************************************************************

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION**

**MAY IT PLEASE THE COURT:**

**NOW COMES,** through undersigned counsel, Defendant, Sheriff Randy Smith, in his official capacity, who respectfully submits this Supplemental Memorandum in support of his Motion for Reconsideration (hereinafter "Motion"),[1] which is set for oral argument on December 8, 2026.

On March 28, 2025, this Court entered Order and Reasons (hereinafter "Order")[2] adjudicating fewer than all claims among the parties. Because the Order is interlocutory, Rule

[1] R. Doc. 464.
[2] R. Doc. 457.

54(b), ***not*** Rule 59(e), controls.[3] Under Rule 54(b), the Court is free to reconsider and reverse its decision for any reason it deems sufficient, including manifest error of law or fact.[4] The Court is not constrained by "the heightened standards"[5] that govern reconsideration of final judgments, and applying such a heightened standard to Defendant's Motion would be an error.[6] Granting a motion for reconsideration provides the trial court an opportunity to correct errors of law or fact and to avoid committing an abuse of discretion.

As set forth in the Motion and Reply,[7] which are adopted and incorporated herein in their entirety, and as distilled below for argument, the Order is based on two manifest errors: **(1)** a factual finding as to the foundational purpose of the St. Tammany Parish Jail that is contradicted by the only record evidence before the Court, and **(2)** a legal conclusion allowing *Monell* claims to proceed despite the Court's own finding that a reasonable jury could conclude Defendants' policies were related to a legitimate governmental objective and that no clearly established constitutional violation occurred.

**1. Manifest Error of Fact: The STPJ's Foundational Purpose**

The Court ruled that the St. Tammany Parish Jail's ("STPJ's") "foundational purpose" is only to house pre-trial detainees, and that STPJ "voluntarily" entered into contracts with the federal government and DOC to house federal and state prisoners, which the Court found "uses up

---

[3] *Gulf Island Shipyards, LLC v. LaShip, LLC*, CV 22-154, 2024 WL 1794361, at *3 (E.D. La. 2024), citing *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D. La. 2022).
[4] *Austin v. Kroger Texas, L.P.*, 864 F.3d at. 336–37. (emphasis added.)
[5] *Austin*, 864 F.3d at. 337.
[6] Defendants respectfully submit that none of the cases Plaintiffs rely on addresses a motion for reconsideration under Rule 54(b). Instead, *Rackley v. Louisiana*, 2007 WL 3407418, at 1 (E.D. La. 2007), *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004), *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at 3 (E.D. La. 2010), *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003), and *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005), all address motions to alter or amend final judgments under Rule 59(e).
[7] R. Doc. 493.

considerable bed space."[8] That ruling is clearly erroneous because the STPJ, like all parish jails, is ***required*** under Louisiana law to house not only pretrial detainees but also convicted state[9] and federal inmates.[10]

**A. The STPJ is required by law to house convicted state inmates that are in the DOC's legal custody.**

The Fifth Circuit has long recognized that, in an effort to reduce overcrowding and pursuant to a 1996 settlement agreement between the DOC and Louisiana Sheriff's Association,[11] parish jails house DOC inmates who are in the custody of the DOC but whose sentence is not greater than 20 years.[12] In opposition, Plaintiffs' incorrectly characterize the housing of these state inmates as a "rental contract," as though the STPJ is voluntarily renting out jail space to offset costs. The STPJ is statutorily obligated to house state inmates whose intake or transfer to DOC is delayed, refused, or stayed by court order, for reasons including lack of DOC facilities, pending appeal or rehearing, and court-ordered program participation.[13] Accordingly, the STPJ's contract with the DOC to receive funds for performing this statutory duty is clearly not a "rental contract," but it is instead in place to ensure the STPJ receives the funding it needs to comply with this duty.

---

[8] R. Doc. 457, at 19.
[9] See La. R.S. 15:824, La. R.S. 15:566, *Ware v. La. Dep't of Corr.*, 866 F.3d 263 (5th Cir. 2017), and argument below.
[10] See La. R.S. 15:707 and the argument made in Memorandum in Support of Defendant's Motion for Reconsideration, R. Doc. 464-1, pgs. 5-9
[11] See *Ware*, 866 F.3d 263; See also, R. Doc. 411-2, pg. 34, no. 232.
[12] Defendant notes that Plaintiffs previously discussed this 1996 settlement agreement in their oppositions to summary judgment, (See R. Doc. 411, pgs. 3-4), but suddenly act as though this settlement agreement does not exist, and that the terms of this settlement agreement were instead a voluntary obligation created pursuant to a separate contract with the STPJ and DOC. (See R. Doc. 481).
[13] La. R.S. 15:824(B)(1)(a); La. R.S. 15:566(A), (B); *Ware v. La. Dep't of Corr.*, 866 F.3d 263, 268 (5th Cir. 2017).

### B. The STPJ is required by law to house federal inmates.

Louisiana law clearly mandates that the STPJ take federal inmates.[14] In fact, if the Sheriff were to refuse to house federal detainees at the STPJ, he would be subject to suit by the state of Louisiana for violating mandatory state law.[15] The statute further provides that sheriffs may contract with the United States Marshal for payment,[16] as the STPJ has done here. However, even if the sheriff had never entered into such a contract, he would still be obligated to house federal inmates, but he would be forced to do so without receiving any compensation.

Accordingly, STPJ contracts with DOC and the U.S. Marshals Service do not create the duty to house state and federal inmates; they merely provide reimbursement for inmates the law already requires the STPJ to house. The Court's contrary finding that STPJ "voluntarily" dedicated bed space away from its "foundational purpose" of housing pretrial detainees is not supported by any record evidence, and this error is the basis for the Court's denial of summary judgment as to Plaintiff's *Monell* claims.

### 2. Manifest Error of Law: Monell Liability Cannot Attach for Following Mandatory State and Federal Law

The Court denied summary judgment on Plaintiffs' § 1983 claims with regard to two conditions, namely exercise and sleep,[17] and ruled that Plaintiffs' *Monell* claims for those two conditions survive against Sheriff Smith in his official capacity because Sheriff Smith had knowledge of the conditions.[18] As discussed, the primary basis for this ruling is the Court's manifest error of fact, by finding that STPJ's overcrowding and no-mattress and no-exercise

---

[14] La. R.S. 15:707.
[15] *Id.* § 15:707(B).
[16] *Id.* § 15:707(C).
[17] R. Doc. 457 at 14-19.
[18] *Id*. at 22.

conditions were caused by STPJ's "decision to dedicate a significant portion of its facilities to housing federal and state convicted inmates".[19]

It is well settled that municipal liability, that is, liability of Sheriff Smith in his official capacity, cannot attach when the municipality is simply following the mandatory dictates of state law. [20] As shown above, the STPJ is ***required by law*** to house federal and state inmates, liability cannot attach to Sheriff Smith for the housing of state and/or federal inmates in accordance with the law as he has no choice in the matter.[21]

Plaintiffs' *Monell* claims also fail for second, and third, independent reasons. The Order finds that while a jury could find a violation as to sleep and exercise, a jury could also find Defendants' explanations were related to a legitimate governmental objective and that Defendants are entitled to qualified immunity because the law was not clearly established.[22] First, as there is no identified constitutional violation, the *Monell* claims fails. Second, where a policy is reasonably related to a legitimate objective, such as security, staffing, and preventing commingling of pretrial detainees with more dangerous convicted federal and state inmates,[23] and the individual officers receive qualified immunity, there can be no municipal liability.[24] The Court cannot hold that Defendants' conduct was tied to legitimate objectives and did not violate clearly established law,

---

[19] *Id*. at 17-19.

[20] *West v. Congemi*, 28 F.Supp. 2d 385, 394-95 (E.D. La. 1998), citing *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir.1988); *id*. At (lowercase a) 395 (citing *Bethesda Lutheran Homes* and *Svcs. Inc. v. Leean*, 154 F.3d 716, 718–719 (7th Cir. 1998) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)) ("[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives.")). citing *Bethesda Lutheran Homes* and *Svcs. Inc. v. Leean*, 154 F.3d 716, 718–719 (7th Cir. 1998) ("'[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives.'") (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

[21] See *Pembaur*, 475 U.S. 469, 483 (1986) ("municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives")

[22] R. Doc. 457 at 22-23.

[23] *Id*. at 18, n.134.

[24] *City of Los Angeles v. Heller*, 475 U.S. 796 (1986); *Rusanowsky v. City of Dallas*, 2025 WL 855317 (5th Cir. Mar. 19, 2025).

and still keep Plaintiffs' *Monell* claims alive. Because the Court's finding that STPJ "voluntarily" dedicated bed space away from its foundational purpose is not supported by any record evidence and is the basis for denying summary judgment on Plaintiffs' *Monell* claims, correction of that error is dispositive and the remaining *Monell* claims must be dismissed.

**3. Manifest Error of Law: No Underlying Constitutional Violation**

As noted, even if the Court were to find STPJ voluntarily housed federal and state inmates, Plaintiffs' *Monell* claims fail for a second, independent reason that has nothing to do with the foundational purpose finding: ***there is no underlying constitutional violation***.

In order to assert a 1983 claim, Plaintiffs must point to a constitutional violation, and specifically to a case with similar facts that is deemed to give Defendants notice that the conduct was unlawful. That is the clearly established law prong of qualified immunity for individual-capacity claims.[25]

This Court correctly applied that rule and dismissed all individual-capacity claims, holding:

> the lack of clear authority from the Supreme Court or Fifth Circuit mandates the application of qualified immunity. The Fifth Circuit in Mayfield and Hebert recognized pretrial detainees need sleep and recreation, like any person. But neither of those cases, nor any Fifth Circuit case since, provide sufficient guidance for a jail official to recognize the constitutional boundaries of those rights.[26]

The Court therefore found no clearly established constitutional violation as to sleep/mattress or exercise.

Without that predicate constitutional violation, there can be no *Monell* liability against Sheriff Smith in his official capacity. Section 1983 is the vehicle, *Monell* is simply the theory for holding a municipality liable under Section 1983. *Monell* requires Plaintiff to prove **(1)** an official

[25] *Whitney v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).
[26] R. Doc. 457 at 23.

policy, **(2)** policymaker knowledge, and **(3)** a constitutional violation whose moving force is that policy.[27]

While a municipality does not receive qualified immunity, the requirement of an underlying constitutional violation remains. "Without a predicate constitutional violation, there can be no *Monell* liability."[28] The Fifth Circuit has consistently held that when qualified immunity is granted because no clearly established violation exists, the Monell claim must also be dismissed.[29]

The substantive law confirms no constitutional violation exists here:

### A. Sleep/Mattresses – No Constitutional Violation

Overcrowding itself is not per se unconstitutional absent punitive intent.[30] This Court already found no punitive intent when it denied Plaintiffs' Motion for Preliminary Injunction[31] and reaffirmed that finding in the Order.[32] Provision of bedding is within the sound discretion of jail administrators and failure to provide a mattress in a temporary holding cell is not a constitutional violation.[33] Just ten days before this Court's Order, another Section of this Court dismissed an identical claim with prejudice, holding a pretrial detainee's lack of mattress in STPJ holding cells failed to assert a viable constitutional claim.[34]

---

[27] *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010).
[28] *Rusanowsky v. City of Dallas*, 2025 WL 855317 (5th Cir. 2025).
[29] *Id*.
[30] *Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981); *Castillo v. Cameron County*, 238 F.3d 339, 354 (5th Cir. 2001).
[31] R. Doc. 40 at 31-32.
[32] R. Doc. 457 at 15.
[33] *McAllister v. Strain*, 2009 WL 500560 (E.D. La. 2009); *Desroche v. Strain*, 507 F. Supp. 2d 571 (E.D. La. 2007).
[34] *Beckendorf v. Fleischman*, 2025 WL 842970, at *3 (E.D. La. Mar. 18, 2025) (citing *Hill v. Strain*, 2020 WL 2226316; *Terry v. Strain*, 2020 WL 13788378; *Allen v. Strain*, 2018 WL 558503).

**B. Exercise/Recreation – No Constitutional Violation; No Injury**

The Fifth Circuit has consistently dismissed pretrial detainee recreation claims as de minimis under *Bell v. Wolfish*, 441 U.S. 520, requiring a showing of serious physical injury.[35] Plaintiffs presented no evidence of such injury. The Court's reliance on *Scott v. Moore*, 114 F.3d 51 (5th Cir. 1997) for "conditions themselves constitute the harm" is misplaced. Scott involved sexual assault and the Court expressly held it "does not fit well within the conditions-of-confinement category."[36]

Because Plaintiffs cannot point to a constitutional violation with similar facts giving Defendants notice, as required for any 1983 claim, and as this Court found the same, the *Monell* claims for sleep and exercise must be dismissed with prejudice. The Court's holding that a jury could find Defendants' explanations related to a legitimate governmental objective, R. Doc. 457 at 23, further confirms no punishment under *Bell*.

**4. Manifest Error of Law: The Court Allowed Claims That Were Never Plead to Proceed to Trial**

The Order allows *Monell* claims for lack of exercise/recreation to proceed as to all Plaintiffs, despite those claims never being asserted by certain Plaintiffs in their operative Complaints. A claim not raised in the complaint but raised only in response to summary judgment is not properly before the court.[37]

[35] *Hamilton v. Lyons*, 74 F.3d 99, 106 (5th Cir. 1996); *Mahmoud v. Bowie*, 234 F.3d 29 (5th Cir. 2000); *Beckendorf*, 2025 WL 842970, at *3; 42 U.S.C. § 1997e(e).
[36] *Id*. at 54.
[37] *Cutrera v. Board of Supervisors of LSU*, 429 F.3d 108 (5th Cir. 2005).

Review of the operative pleadings shows:

- Ahmed Baqer – Asserts sanitation, lighting, temperature, blankets, medical, and sleep/mattress. No claim for exercise/recreation.[38]
- Klabert Joseph Guillot, Jr. – Same. No claim for exercise/recreation.[39]
- Klabert Joseph Guillot, Sr. – Same. No claim for exercise/recreation.[40]
- James Williams – Same. No claim for exercise/recreation.[41]

Only Plaintiffs Damon Hall[42] and Donnie Louviere[43] specifically pled lack of exercise/recreation.

Despite this, the Order groups all Plaintiffs together and allows "Plaintiffs' remaining federal claims as it relates to Monell liability for sleep and exercise" to survive.[44]

This is manifest error. Plaintiffs' counsel cannot bring new claims forward for certain plaintiffs at summary judgment that were never previously asserted as to those plaintiffs. Because Mr. Baqer, Mr. Guillot Jr., Mr. Guillot Sr., and Mr. Williams never asserted a "conditions of confinement" or *Monell* claim as to exercise/recreation, those claims were never before the Court and cannot proceed to trial as to them. At a minimum, any *Monell* claim for exercise as to those four Plaintiffs must be dismissed with prejudice.

### 5. Manifest Error of Law: Punitive Damages Are Unavailable Against Sheriff Smith in His Official Capacity

The Court's Order does not address Plaintiffs' claim for punitive damages against Sheriff Smith in his official capacity. That claim is barred as a matter of law and must be dismissed. An

[38] R. Doc. 1, ¶¶ 84-93
[39] *Id.*, ¶¶ 108-116
[40] *Id.*
[41] *Id.*, ¶¶ 129-152
[42] *Id.*, ¶ 126
[43] *Id.*, ¶ 110
[44] R. Doc. 457 at 2, 15-16, 23.

official-capacity suit is not a suit against the person; it is a suit against the office, the municipality itself.[45] The Supreme Court has held that a municipality is immune from punitive damages under 42 U.S.C. §1983 because punitive damages punish taxpayers, not the wrongdoer.[46] The Fifth Circuit consistently applies *Newport* to dismiss punitive damages claims against sheriffs sued in their official capacity.[47]

Plaintiffs have sued Sheriff Smith only in his official capacity for purposes of *Monell*.[48] Punitive damages are unavailable as a matter of law. Even if an individual-capacity claim remained, qualified immunity, which this Court granted,[49] would bar punitive damages where the Court found no violation of clearly established law.

**6. Conclusion**

For these reasons, as more fully set forth in Defendant's Motion and Reply, the Court's ruling is based on (1) manifest errors of fact, in finding that STPJ "foundational purpose" is only to house pretrial detainees and that it "voluntarily" dedicated bed space to federal and state inmates, and (2) manifest errors of law, allowing Plaintiff's *Monell* claims concerning sleep and exercise to proceed, even though: **(1)** STPJ was complying with mandatory state law, which as a matter of law cannot be a deliberate municipal policy or the moving force for *Monell*, and **(2)** the Court itself found that Defendants' policies were reasonably related to legitimate governmental objectives and did not violate clearly established law.

---

[45] *Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).*
[46] *City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)*
[47] See *Howell v. Town of Ball*, No. 92-4547, 1994 WL 904933, at *9 (5th Cir. Jan. 26, 1994); *Wade v. City of Houston*, 871 F.2d 1117 (5th Cir. 1989); *Smith v. St. Tammany Par. Sheriff's Office*, No. 23-30664, 2024 WL 3083505, at *3 n.4 (5th Cir. June 21, 2024).*
[48] R. Doc. 457 at 21 n.153.
[49] *Id*. at 23

**WHEREFORE**, Defendant, Sheriff Randy Smith, in his official capacity, respectfully requests that this Court grant his Motion for Reconsideration, correct the manifest errors identified herein, and:

**a)** Enter summary judgment dismissing with prejudice Plaintiffs' remaining *Monell* claims for sleep and exercise against Sheriff Smith in his official capacity;

**b)** Enter summary judgment dismissing with prejudice Plaintiffs' claim for punitive damages against Sheriff Smith in his official capacity; and

**c)** Grant all other relief requested in Defendant's original Motions for Summary Judgment, R. Docs. 387, 388, 390, 391, 392, which Defendant preserves and incorporates by reference as if fully set forth herein, including that punitive damages are unavailable, that Guillot Sr. failed to exhaust under 42 U.S.C. §1997e, and that Plaintiffs Baqer, Guillot Jr., and Williams never pled exercise claims, and any other relief the Court deems just and proper.

**Respectfully submitted,**

**CAPITELLI LAW FIRM LLC**

s/ *Andrew R. Capitelli*____________
Andrew R. Capitelli (#31649)
Sarah F. Constantine (#39881)
220 Girod St.
Mandeville, LA 70448
Telephone: (985) 338-4172
Fax: (985) 338-4121
arc@cap-lawfirm.com
sfc@cap-lawfirm.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on October 9, 2026, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Andrew R. Capitelli*
Andrew R. Capitelli